FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, SGI TRUST, TOSHIKI (TODD) MITSUISHI, JAMES PACK and JOHN DOES 1-10,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**REQUEST FOR JUDICIAL NOTICE AND NOTICE OF DOCUMENT INCORPORATED BY REFERENCE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT** |

1

Dr. Tetsuya Nakamura ("Plaintiff") hereby requests that the Court take judicial notice of or otherwise consider the documents attached as Exhibits A and B to the accompanying Declaration of Felix S. Lee in Opposition to Defendants' Motion to Dismiss the Complaint (the "Lee Declaration"), pursuant to Federal Rule of Evidence 201.  The documents to be considered are as follows:

1. A certified English translation of the Japanese-language Memorandum of Understanding to Participate in Private Sale dated November 28, 2017 (the "Mobby MOU"), entered into by Plaintiff and Defendant Sunday Group Incorporated ("Sunday Group"), a true and correct copy of which is attached as **Exhibit A** to the Lee Declaration.

2. A copy of the Series AA Preferred Stock Subscription Agreement dated April 19, 2015, entered into by Plaintiff and Sunday Group, a true and correct copy of which is attached as **Exhibit B** to the Lee Declaration.

## I. A CERTIFIED ENGLISH TRANSLATION OF A FOREIGN LANGUAGE DOCUMENT IS JUDICIALLY NOTICEABLE

Federal Rule of Evidence 201(b) permits a court to take judicial notice of any fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Courts within the Ninth Circuit, and elsewhere, routinely take judicial notice of certified English translations of foreign-language documents. *See, e.g.*, *GeoVector Corp. v. Samsung Elec. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. 2017) (taking judicial notice of certified translation of patent application); *Garcia v. Guo*, 2016 WL 102213, at *11 (C.D. Cal. Jan. 7, 2016) ("In general, courts have taken judicial notice of certified translations of material relied upon by the Complaint . . . in situations where the authenticity of the document is not at issue.") (internal quotation marks and citation omitted); *Grolsche Bierbrouwerij Nederland, B.V. v. DoveBid, Inc.*, 2011 WL 3359913, at *2 n.3 (N.D. Cal. Aug. 2, 2011) (taking judicial notice of certified translation of contract).

Exhibit A to the Lee Declaration is an English translation of the Mobby MOU, which provided for the private sale of cryptocurrency tokens associated with the "Mobby Project" that

Sunday Group claimed to be developing, and which Plaintiff and Sunday Group entered based on Sunday Group's misrepresentations about the project. Complaint ¶¶ 25-28. Exhibit A includes a notarized certification from a Japanese translator affiliated with the well-known and widely-used translation company, TransPerfect Legal Solutions. Unlike the uncertified translation Defendants have submitted, which includes no information about who translated the document and under what circumstances, Plaintiff's certified translation is properly the subject of judicial notice under the aforementioned authorities. At a very minimum, Plaintiff's certified translation creates an evidentiary issue regarding the forum selection clause in the Mobby MOU which is unfit for resolution on a motion to dismiss.

## II.  THE SERIES AA AGREEMENT IS INCORPORATED BY REFERENCE IN THE COMPLAINT

A court evaluating a motion to dismiss also may consider documents incorporated by reference in the complaint whose authenticity no party questions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Under the incorporation by reference doctrine, we may consider documents whose contents are alleged in a complaint and whose authenticity no party questions . . . .") (internal quotation marks and citation omitted). Plaintiff references the Subscription Agreement and its contents throughout the Complaint. Defendants do the same in briefing concerning the timeliness of claims arising from the Subscription Agreement, demonstrating that the authenticity of the agreement is not in dispute. As such, the Court can consider the Subscription Agreement to be incorporated by reference within the Complaint, and the Court should consider its contents in evaluating the instant motion.

For the reasons set forth above, Plaintiff respectfully requests that the Court consider **Exhibits A and B** to the Lee Declaration.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated:   December 2, 2022 | FENWICK & WEST LLP |
|   | By: /s/ *Felix S. lee* <br> Felix S. Lee <br> Christopher J. Steskal <br> Casey T. O'Neill <br> Claire Mena |
|   | *and* |
| Dated:  December 2, 2022 | FENNEMORE CRAIG, P.C. |
|   | By: /s/ *John D. Tennert* <br> John D. Tennert III (Nevada Bar No. 11728) <br> Wade Beavers (Nevada Bar No. 13451) |
|   | Attorneys for Plaintiff <br> TETSUYA NAKAMURA |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2022, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which provided electronic service to all counsel of record.

/s/ *John D. Tennert*
John D. Tennert III