Mark L. Smith (NV Bar #14762)
 msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
 jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701
Facsimile: (725) 666-8710

Thomas A. Brady (UT Bar # 12454)
tab@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
Keith M. Woodwell (UT Bar # 7253)
kmw@clydesnow.com
**CLYDE SNOW & SESSIONS PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516
Facsimile: (801) 322-2516

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Pursuant to Rule 19(a) and 12(b)(7) of the Federal Rules of Civil Procedure, Defendants Sunday Group Incorporated, SGI Trust, Toshiki (Todd) Mitsuishi, and James (collectively,

"Defendants") hereby submit this Reply In Support of the Motion to Dismiss the Complaint filed by Plaintiff Tetsuya Nakamura ("Nakamura").

## ARGUMENT

### I. NAKAMURA'S CLAIMS WERE NOT TIMELY FILED

To support his argument that his claims were timely filed, Nakamura claims that Defendants have incorrectly identified when the initial injury occurred and ignore the "discovery rule." *See* Opposition to Defendants' Motion to Dismiss (hereinafter, "Opp.") at p. 10:20–26. Specifically, Nakamura argues that he did not discover Defendants' misconduct until late 2019 at the earliest, and that it is Defendants' burden to argue facts that would demonstrate that the statute of limitations has expired and the delayed discovery rule should not apply, and Defendants have failed their burden. *See* Opp. at 11:19–22; 13:12–16. This is incorrect. To the contrary, it is the plaintiff—not the defendant—who bears the burden to plead facts sufficient to justify the application of the delayed discovery rule. *See Prescott v. United States*, 523 F. Supp. 918, 940 (D. Nev. 1981), aff'd, 731 F.2d 1388 (9th Cir. 1984). Indeed, "[a]s noted by the United States Supreme Court in *Jones v. Bock*, if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Campos v. New Direction Equip. Co.*, No. 2:08-CV-00286-LRH-RJ, 2009 WL 114193, at *4 (D. Nev. Jan 16, 2009). As such, this Court has recognized that:

> A plaintiff who relies upon this "delayed discovery" rule must plead facts justifying delayed accrual of his action. The complaint must allege: (1) the time and manner of discovery, and (2) the circumstances excusing delayed discovery.

*Prescott*, 523 F. Supp. at 940. Here, the Complaint fails to identify when the injury occurred, and is devoid of any allegations to support the conclusion that the statute of limitations has not expired or that the delayed discovery rule should apply. As such, Counts 1 through 6 should be

dismissed because they are time-barred based on the allegations asserted by Nakamura in the Complaint.

### A.   Breach of Contract – Failure to Deliver Share Certificates

As stated in the Defendants' Motion to Dismiss (the "Motion"), the Complaint alleges that, under the Subscription Agreement, Sunday Group was required to deliver one or more share certificates to Nakamura, which it failed to do. The Subscription Agreement does not specify and—even more importantly, the Complaint does not allege—when the share certificates would be delivered. Under the allegations actually stated in the Complaint, the Subscription Agreement was dated April 19, 2015 and, thus, the statute of limitations expired on April 19, 2021.

In the Opposition, Nakamura argues, for the first time, that that statute of limitations did not begin to run until the "Closing Date," but fails to identify when the "Closing Date" occurred. It is Nakamura's burden, as the plaintiff, to plead facts sufficient to show that the claim is not barred by the applicable statute of limitations or that the discovery rule should apply. *Prescott*, 523 F. Supp. at 940. As such, this cannot form the basis for the Court's analysis of when the statute of limitations began to accrue. Therefore, Nakamura's First Cause of Action for Breach of Contract should be dismissed.

### B.   Fraud, Misrepresentation, and Breach of Fiduciary Duty

In regards to Counts 2 through 4, Nakamura again seeks application of the delayed discovery rule to toll the applicable statute of limitations for his claims of fraud, misrepresentation, and breach of fiduciary duty. Similar to Nakamura's claim for breach of contract, the Complaint does not specify when the share certificates should have been delivered. In addition, the Complaint does not include any facts justifying the delayed accrual for these causes of action, such as when Nakamura discovered the alleged fraud, misrepresentation, and

breach of fiduciary duty, or what circumstances excused Nakamura's delayed discovery. Therefore, the Complaint is deficient and subject to dismissal for failure to state a claim.

### C. Unjust Enrichment

For Count 6, Nakamura argues in the Opposition that his claim for unjust enrichment "did not accrue until late 2019 at the earliest," and cites paragraphs 24, 26, and 28 of the Complaint as support for these allegations. *See* Opp. at p. 14:3–4. However, these paragraphs do not identify when or how Nakamura discovered Defendants' alleged unjust enrichment. Similarly, the paragraphs do not provide any circumstances that excuse Nakamura's delayed discovery.

Based on a plain reading of the Complaint, Defendants were allegedly unjustly enriched on or around April 19, 2015, when Nakamura purchased shares of stock of Sunday Group. Therefore, Nakamura's cause of action for unjust enrichment began to accrue on April 19, 2015, and expired on April 19, 2019. As such, Count 6 should be dismissed.

## II. THE ECONOMIC LOSS RULE APPLIES TO NAKAMURA'S TORT CLAIMS

### A. Nakamura Has Conceded That the Economic Loss Rule Bars His Claim for Unjust Enrichment

In the Opposition, Nakamura failed to adequately or sufficiently respond to Defendants' argument that his claim for unjust enrichment should be dismissed pursuant to the economic loss doctrine. *See* Opp. at p. 16 n. 7. Moreover, Nakamura fails to cite to any legal authority that supports this conclusion. As such, Nakamura has conceded this argument, and Count 6 should be dismissed.

### B. Fraud-Based Claims

Contrary to Nakamura's assertions in the Opposition, the Ninth Circuit did not expressly hold that the economic loss rule does not apply to *any* fraud claims. To the contrary, *Giles*

recognizes that a claim for fraud can be a "mere contract claim cloaked in the language of tort[,]" and, therefore, the economic loss rule would still apply to bar the claim. *See Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) ("For example, if the tort alleged is intentional or fraudulent misrepresentation by a seller to a buyer but the misrepresentation only goes to the quality or quantity of the goods promised in the contract, some courts limited the buyer to contract remedies[.]"). In *Giles*, the Ninth Circuit clearly states that: "Nevada law may also bar recovery for other tort claims where the plaintiff's only complaint is that the defendant failed to perform what was promised in the contract." *Giles*, 494 F.3d 865 at 879 ("Unlike a fraud claim that duplicates a contract claim by alleging misrepresentation about the characteristics or quality of goods that are the subject of the contract, Appellants' fraud claim is what the Wisconsin and Michigan courts would call fraud 'extraneous' to the contract.").

Notably, Defendants' interpretation of the Giles holding has been upheld by this court:

> Thus, the economic loss doctrine prevents a plaintiff from asserting contract claims "cloaked in the language of tort." *Giles v. General Motors*, 494 F.3d 865, 872 (9th Cir. 2007).

*First Magnus Financial Corp. v. Rondeau*, 2012 WL 607563, at * 2 (D. Nev. Feb. 24, 2012). Here, Nakamura's fraud claims are based upon an alleged breach of the obligations that arise out of the contracts themselves and are barred by the economic loss doctrine. In support of his claim for fraud/intentional misrepresentation related to the Subscription Agreement, Nakamura identified the following alleged misrepresentations: "that Dr. Nakamura would receive stock certificates reflecting his share ownership, that he would receive contractually obligated financial updates and information upon request, and that the invested capital would be used to develop various cryptocurrency projects." [Compl. at ¶ 41.] Each of these alleged misrepresentations, if true, would also constitute a claim for breach of the Subscription Agreement.

Similarly, in support of his claim for fraud/intentional misrepresentation of the Mining Agreement, Nakamura alleges that Mitsuishi "made representations and omissions to Dr. Nakamura regarding a purported opportunity to invest in a cryptocurrency mining center which culminated in the formation of a valid contract with Dr. Nakamura, the Mining Agreement." [Compl. at ¶ 84.] Nakamura's purely economic interest to this claim is sufficiently covered and protected by the Mining Agreement, and does not demonstrate a breach of an independent duty outside of the Mining Agreement. As such, Counts 2 and 3 should be dismissed pursuant to the economic loss doctrine.

### C.     Negligent Misrepresentation

Nakamura argues that Nevada courts have "left open the door" for exceptions to the economic loss doctrine for certain negligent misrepresentation claims. However, in *Halcrow*, the authority cited by Nakamura, the Supreme Court of Nevada held that the economic loss rule would bar the plaintiff's claim for negligent misrepresentation because "[n]egligent misrepresentation is an unintentional tort and cannot form the basis of liability solely for economic damages" for the plaintiff's claims against commercial construction design professionals. *Halcrow, Inc. v. Eighth Jd. Dist. Ct.*, 302 P.3d 1148, 1154 (Nev. 2013). To the contrary, Nevada courts have only applied an exception to the economic loss doctrine for claims of negligent misrepresentation where "there is significant risk that the law would not exert significant financial pressures to avoid such negligence[,]" such as in cases of "defamation, intentionally caused harm, negligent misstatements about financial matters, and loss of consortium." *Id*. at 1153.

Here, the negligent misrepresentations alleged by Nakamura fall squarely within the context of the applicable agreements and, if true, would support a claim for breach of these

agreements. Therefore, the contracts themselves exert significant financial pressures to avoid such negligence. In addition, Nakamura argues that the alleged negligent misrepresentations related to "financial matters," but, beyond a mere conclusory allegation, fails to identify a single misstatement involving a financial matter. As such, Nakamura's claim for negligent misrepresentation under Count 4 should be dismissed.

**D.    Fiduciary Duty**

In general, the economic loss doctrine does not bar the recovery of purely economic losses when the defendant intentionally breaches a duty that is imposed independently of the obligations arising from contract." *See Davis v. Beling*, 278 P.3d 501, 514 (Nev. 2012). However, "[t]he economic loss doctrine further bars breach of fiduciary duty claims premised on a contractual relationship." *First Magnus Financial Corp. v. Rondeau*, 2012 WL 607563, at * 2 (D. Nev. Feb. 24, 2012). While Nakamura contends that his claim for breach of fiduciary duty is premised upon the independent duty owed by Defendants, majority shareholders, to Nakamura, a minority shareholder, Nakamura's claims are based on and related to a breach of the Subscription Agreements and Mining Agreements. In support of Count 5, Nakamura alleges that Defendants breached their fiduciary duty to Nakamura by "failing to issue to Dr. Nakamura one or more share certificates to which he is entitled and by failing to provide Dr. Nakamura access to financial statements to which he is entitled" under the Subscription Agreement. [*See* Compl. ¶ 57.] Without the Subscription Agreement, these failures would not constitute a breach of any obligations owed to Nakamura by Defendants. Therefore, it is a contract claim cloaked as a breach of fiduciary duty claim.

Nakamura also alleges that Defendants breached their fiduciary duties by "failing to produce a single viable product despite more than five years of Sunday Group's existence and by

failing to account for the Series AA capital raised from Dr. Nakamura." [*See* Compl. ¶ 57.] However, without more, this allegation alone does not support a claim for a breach of fiduciary duty owed by any one Defendant. As such, Count 5 should be dismissed.

### III. DEFENDANTS' CLAIMS FOR IMPROPER VENUE PRESENT A FACTUAL DISPUTE INAPPROPRIATE FOR A 12(b)(6) MOTION

There is a dispute amongst the Parties as to the proper translation of the venue provision in the Mobby MOU. As such, Defendants' arguments related to improper venue for Counts 7, 8, and 9 present a factual dispute that is not appropriate for a 12(b)(6) motion for failure to state a claim.

### CONCLUSION

Based on the foregoing, Defendants respectfully request that Nakamura's first, second, third, fourth, fifth, sixth, eleventh, twelve, thirteenth, and fourteenth causes of action be dismissed.

DATED: December 23, 2022           **CLYDE SNOW & SESSIONS, P.C.**

By: */s/Timothy R. Pack*
   Timothy R. Pack (UT Bar # 12193)

   Attorneys for Defendants
   SUNDAY GROUP INCORPORATED,
   SGI TRUST, TOSHIKI (TODD) MITSUISHI
   AND JAMES PACK