FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY T. O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, <br><br> Plaintiff, <br><br> v. <br><br> SUNDAY GROUP INCORPORATED, *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-01324-MMD-EJY <br><br> STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI <br><br> Counterclaimants, <br> v. <br><br> TETSUYA NAKAMURA, <br><br> Counterdefendant. | |

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER                                          Case No.: 2:22-cv-01324-MMD-EJY

Plaintiff Tetsuya Nakamura ("Dr. Nakamura") and Defendants Sunday Group Incorporated ("Sunday Group"), SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack (collectively, the "Defendants" and together with Dr. Nakamura, the "Parties") hereby enter into this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 29.

Whereas the Parties desire to produce certain documents or other material which may contain proprietary and/or confidential information, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel of record, that:

**1.    Applicability of this Protective Order:** Subject to Section 2 below, this Protective Order does not and will not govern any trial proceedings in this action but will otherwise be applicable to and govern the handling and production of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery ("Discovery Material") obtained pursuant to Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a Party or witness (the "Producing Party" or "Disclosing Party") in connection with this action to the Parties in this action who receive such information (the "Receiving Party").

**2.    No Waiver:** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony, or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose production of any information on the ground of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

**3.    Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" under the terms of this Protective Order, but only if the Producing Party in good

faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 5 and 6 below.

**4.     Exercise of Restraint and Care in Designating Material for Protection:** Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Indiscriminate designations are prohibited.

**5.     Confidential Information:** For purposes of this Protective Order, "Confidential Information" means all information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and nonpublic designs), the disclosure of which the Producing Party believes in good faith might reasonably result in economic, competitive, or business injury to the Producing Party (or its affiliates, personnel, or clients) and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. "Confidential Information" shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; social security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; court documents sealed by another court or designated Confidential by agreement of the Parties in another matter; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information.  A Party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form and the disclosure of which the Producing Party believes in good faith might reasonably result in economic, competitive, or business injury to the Producing Party.

**6.     Designating Confidential Information:** If any Party in this action determines in good faith that any information, documents, things, or responses produced in the course of discovery in this action should be designated as Confidential Information (the "Designating Party"), it shall advise any Party receiving such material of this fact, and all copies of such

documents, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Designating Party and treated as such by all Parties. A Designating Party may inform another Party that a document is Confidential by providing the Bates number of the document in writing. If Confidential Information is produced via an electronic form on a computer readable medium (*e.g.*, CD-ROM), other digital storage medium, or via Internet transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION." Nothing in this Section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" as defined in Sections 5 and 6 herein.

**7.     Redaction Allowed:** Any Producing Party may redact from the documents or things it produces matter that the Producing Party reasonably claims in good faith is subject to the attorney-client privilege or the work product doctrine. A Producing Party may not withhold nonprivileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. The Producing Party shall mark each redaction with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (e.g., "REDACTED—Work Product"). All documents redacted based on attorney client privilege or work product immunity shall be listed in an appropriate log in conformity with federal law and Federal Rule of Civil Procedure 26(b)(5). Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

**8.     Use of Confidential Information:** Except as provided herein, Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of this action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons identified herein in Sections 12 and 13, and shall be handled in such manner until such designation is removed by the Designating Party or by order of the Court. Confidential Information produced by another Party shall not be used by any Receiving Party for

any commercial, competitive or personal purpose. Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential Information in any way.

9. **Designations Upon Entry of this Protective Order:** Once the Court enters this Protective Order, a party shall have forty-five (45) calendar days to designate as Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" on the document, or informing the other Parties of the Bates-numbers of the documents so designated.

10. **Use of Confidential Information in Depositions:** Counsel for any Party shall have the right to disclose Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order, including Sections 12 and 13. Any counsel of record may request that all persons not entitled under Sections 12 or 13 of this Protective Order to have access to Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information. Additionally, at any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL;" (2) whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information; and/or (3) whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information, counsel to any Party may designate those portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information in accordance with this Protective Order either by placing a statement on the record during the deposition or by notifying all other Parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the

Confidential Information. If no confidentiality designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information. All originals and copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" within thirty (30) calendar days of receiving the transcript. Any DVD or other digital storage medium containing Confidential deposition testimony shall be labeled in accordance with the provisions of Section 7.

**11.    Persons Authorized to Receive Confidential Information:** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court, and to the persons below (the "Authorized Recipient"):

(a) A Party, or officers, directors, employees, and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for a Party (including in house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

(c) Persons retained by a Party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

(d) Consultants or expert witnesses (together with their support staff) retained by a Party or its counsel for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a Party named in this action,[1]

(e) Court reporter(s) and videographers(s) employed in this action;

(f) Any authors or recipients of the Confidential Information;

---

[1]  A party may seek leave of court to provide information to a consultant employed by a competitor.

(g) A witness at any deposition or other proceeding in this action, who shall sign the Confidentiality Agreement attached as "Exhibit A" to this Protective Order before being shown a confidential document; and

(h) Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (h) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g), or (h) of this section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No Party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

**12.** **Filing of Confidential Information With Court:** Any Party seeking to file or disclose materials designated as Confidential Information with the Court in this action must seek to file such Confidential Information under seal pursuant to LR IA 10-5 of the U.S. District Court Rules for the District of Nevada for Sealing Court Records. The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential Information.

**13.    Notice to Nonparties:** Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Protective Order as Confidential Information should the nonparty producing party wish to do so. This Protective Order shall be binding in favor of nonparty designating parties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order. Any documents received by a Party in response to a subpoena or other legal process served on a nonparty shall, within fourteen (14) calendar days of receipt of the documents from the nonparty, be produced to all the Parties to this action. The Parties may then designate all or some of the documents produced by the nonparty as Confidential Information in accordance with this Protective Order.

**14.    Knowledge of Unauthorized Use or Possession:** If a Party receiving Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the Party that produced the Confidential Information. The Receiving Party shall promptly furnish the Producing Party with the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the Confidential Information from an unauthorized recipient) and/or by preventing its recurrence.

**15.    Copies, Summaries or Abstracts:** Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" and shall be considered Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information, as permitted by this Protective Order, shall not be subject to this section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

**16.    Information Not Confidential:** The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b) Were obtained without any benefit or use of Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information;

(d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(e) Under law, have been declared to be in the public domain.

**17.     Challenges to Designations:** Any Party may object to the designation of Confidential Information on the ground that such information does not constitute Confidential Information by serving written notice upon counsel for the Producing Party within ninety (90) calendar days of the date the item(s) was designated, specifying the item(s) in question and the ground(s) for the objection. The Producing Party shall have thirty (30) calendar days to respond to the challenge of designation. If a Party objects to the designation of any materials as Confidential Information, the Party challenging the designation shall arrange for meet and confer to be held within ten (10) court days of service of the response to the designation challenge by the Producing Party to attempt to informally resolve the dispute. If the Parties cannot resolve the matter, the Party challenging the designation may file a motion with the Court to resolve the dispute. Such motions must be filed within ten (10) court days following the meet and confer. This Protective Order shall not affect the burden of proof on any such motion, or impose any burdens upon any Party that would not exist had the Protective Order not been entered; as a general matter, the burden shall be on the person making the designation to establish the propriety of the designation. Any contested information shall continue to be treated as Confidential Information and subject to this Protective Order until such time as such motion has been ruled upon.

18. **Use in Court:** If any Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its confidential status through such use, and the Party using such information shall take all reasonable steps consistent with the U.S. District Court Rules for the District of Nevada governing Sealing Court Records and LR IC 6-1 to maintain its confidentiality during such use.

19. **Reservation of Rights:** The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, items which they consider to be attorney's eyes only in nature. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

20. **Inadvertent Failure to Designate:** The inadvertent failure to designate information produced in discovery as Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and shall take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

21. **No Waiver of Privilege:** Disclosure (including production) of information after the entry of this Protective Order that a Party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for

withholding production as to which the Disclosing or Producing Party would be entitled in this action.

22. **Effect of Disclosure of Privileged Information:** The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by a Disclosing or Producing Party upon request by the Disclosing or Producing Party regardless of whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or other protection is resolved. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefor. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within fourteen (14) business days after service of the written objection. In the event that the Parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies within fourteen (14) business days following the meet and confer session, but may only contest the asserted privileges on grounds other than the inadvertent production of such document(s). In making such a motion, the Objecting Party shall not disclose the content of the document(s) at issue, but may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any Party to provide notice or instructions under this section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

23. **Inadvertent Production of Non-Discoverable Documents:** If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party shall return the document. A Producing Party may not request the return of a document

pursuant to this section if the document contains any discoverable information. If a Producing Party inadvertently fails to redact privileged or work product information, the Producing Party may provide the Receiving Party a substitute version of the document that redacts the information, and the Receiving Party shall return the original, unredacted document to the Producing Party.

24. **Return of Information:** Within thirty (30) days after the final disposition of this action, all discovery materials containing Confidential Information produced by an opposing Party or nonparty (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Parties to whom the discovery materials containing Confidential Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such discovery materials containing Confidential Information (including, without limitation, any copies, extracts or summaries thereof) have been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to discovery materials containing Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action. Counsel are not required to destroy or certify destruction of Confidential Information replicated on automatic archival or data backup systems maintained by counsel.

25. **Attorney's Fees:** Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorney's fees incurred related to confidentiality designations or the abuse of the process described herein.

26. **Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information:** The Parties and/or nonparties shall not utilize any Confidential Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the instant litigation. The Parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information beyond this litigation shall subject

the offending Party or nonparty to sanctions contemplated in Fed. R. Civ. P. 37(b)(2)(A), up to and including entry of judgment against the offending Party in circumstances involving willful disobedience with this Protective Order. Further, the Parties and/or nonparties receiving or being given access to Confidential Information acknowledge that monetary remedies would be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information. The availability of injunctive relief to protect against the unauthorized disclosure or use of Confidential Information shall not be exclusive.

**27.** **Other Actions and Proceedings:** If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by electronic transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process, or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. The burden of opposing enforcement of the subpoena shall fall upon the Party or nonparty who produced or designated the Discovery Material as Confidential Information. Unless the Party or nonparty who produced or designated the Confidential Information obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

**28.  Order Survives Termination:** This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO STIPULATED**.

Dated this 21st day of September, 2023

FENWICK & WEST LLP

By: */s/ Felix S. Lee*
    Felix S. Lee
    Christopher J. Steskal
    Casey O'Neill
    Claire Mena

*Attorneys for Plaintiff Tetsuya Nakamura*

Dated this 21st day of September, 2023

CLYDE SNOW & SESSIONS PC

By: */s/ Thomas A. Brady*
    Thomas A. Brady
    Timothy R. Pack
    Keith M. Woodwell

*Attorneys for Defendants Sunday Group Incorporated*

Dated this 21st day of September, 2023

FENNEMORE CRAIG, P.C.

By: */s/ John D. Tennert III*
    John D. Tennert III
    Wade Beavers

*Attorneys for Plaintiff Tetsuya Nakamura*

**ORDER**

IT IS SO ORDERED.

THE HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

DATED: September 21, 2023

# EXHIBIT "A"

# CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") entered in Tetsuya Nakamura v. Sunday Group Incorporated, 2:22-cv-01324-MMD-EJY, on _____, _____, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____        _____
                                       (Signature)

                                       _____
                                       (Printed Name)

                                       _____

                                       _____
                                       (Address)