# EXHIBIT A

## ORIGINAL

FILED

2009 AUG -6 P 4: 45

1 **ACOMP**
Aaron D. Ford
2 Nevada Bar No. 7704
Jared Richards
3 Nevada Bar No. 11254
SNELL & WILMER L.L.P.
4 3883 Howard Hughes Parkway
Suite 1100
5 Las Vegas, NV 89169
Telephone (702) 784-5200
6 Facsimile (702) 784-5252
Email: aford@swlaw.com
7 Email: jrichards@swlaw.com

8 *Attorneys for Plaintiffs*

9                       **DISTRICT COURT**

10                  **CLARK COUNTY, NEVADA**

11 BEYOND COMMERCE, INC, a Nevada          Case No. A09596326-c
corporation; LOCAL AD LINK, INC, a
12 Nevada corporation; and Robert McNulty, an    Dept. No. XX
individual,
13
14                       Plaintiffs,
15 vs.                                        **FIRST AMENDED COMPLAINT**
16
17 ADZZOO, LLC, a Delaware limited liability   **ARBITRATION EXEMPTION: ACTION**
company; KEVIN ANDERTON, an individual;   **FOR AN AMOUNT EXCEEDING**
18 SCOTT ANDERTON, and individual; ERIC      **$50,000.00**
RODIN, and individual; MIKE IPPOLITO, an
19 individual; TERRY CURTIN, an individual;
and DON RUTT, an individual; JOSH
20 DOBRICHOVSKY, an individual; and Daniel
Hockenberger,
21
22                       Defendants.
23        Plaintiffs Local Ad Link, Inc. ("LocalAdLink") and Robert McNulty ("McNulty") file this

24 First Amended Complaint and complain and allege as follows:

25 ///

26 ///

27 ///

28

10398718.1

COMPLAINT

22

**PARTIES**

1.     Local Ad Link, Inc. is and was at all times relevant hereto a Nevada corporation operating in the state of Nevada.

2.     Robert McNulty is and was at all times relevant hereto a resident of Nevada.

3.     Beyond Commerce, Inc. is and was at all times relevant hereto a Nevada corporation operating in the state of Nevada.

4.     AdzZoo, LLC ("AdzZoo") is and was at all times relevant hereto a Delaware limited liability company operating in the state of Georgia.

5.     Kevin Anderton, an individual, is and was at all times relevant hereto a resident of Mississippi.

6.     Scott Anderton, an individual, is and was at all times relevant hereto a resident of Tennessee.

7.     Eric Rodin ("Rodin"), an individual, is and was at all times relevant hereto a resident of North Carolina.

8.     Mike Ippolito ("Ippolito"), an individual, is and was at all times relevant hereto a resident of New York.

9.     Terry Curtin ("Curtin"), an individual, is and was at all times relevant hereto a resident of Arizona.

10.     Don Rutt ("Rutt"), an individual, is and was at all times relevant hereto a resident of Georgia.

11.     Josh Dobrichovsky ("Dobrichovsky"), an individual, is and was at all times relevant hereto a resident of Arizona.

12.     Daniel Hockenberger ("Hockenberger"), an individual.

**JURISDICTION AND VENUE**

13.     Plaintiffs repeat and reallege all allegations hitherto made as if fully set forth herein.

14.     The Eighth Judicial District Court has subject matter jurisdiction over this action pursuant to Article 6, Section 6, of the Nevada State Constitution.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

10398718.1

AMENDED COMPLAINT

1    15.    Upon information or belief, AdzZoo has systematic and continuous contacts with

2    the state of Nevada as to make AdzZoo subject to the general jurisdiction of Nevada Courts.

3    16.    Additionally, this Court has specific jurisdiction over all Defendants for matters

4    relevant to this lawsuit because Defendants intentionally directed tortious acts towards residents

5    of Nevada in such a way that Defendants should have reasonably anticipated being haled into the

6    Nevada courts.

7    17.    This Court also has specific jurisdiction over Kevin Anderton, Scott Anderton,

8    Rutt, Rodin, Ippolito, Dobrichovsky and Curtin because each of them have contractually agreed

9    to submit themselves to the jurisdiction of the Nevada courts for all matters related to their

10    business relations with LocalAdLink.

11    18.    The Eighth Judicial District Court is the proper venue for this matter pursuant to

12    NRS 13.040.

### FACTUAL ALLEGATIONS

14    19.    Plaintiffs repeat and reallege all allegations hitherto made as if fully set forth

15    herein.

16    20.    This Complaint arises from the Defendants' corporate espionage and breach of

17    various non-competition and confidentiality agreements with LocalAdLink. Defendants used

18    LocalAdLink's proprietary information and trade secrets protected by statute and contract to start

19    a virtually-identical company, AdzZoo. The Defendants are currently engaged in tortious and

20    defamatory conduct in a deliberate attempt to destroy LocalAdLink.

21    21.    LocalAdLink is a Nevada corporation which specializes in managing internet

22    advertisement campaigns for local small and medium sized businesses. LocalAdLink finds its

23    customers through direct marketing by using a network, or multi-level, marketing distribution

24    model.

25    22.    Beyond Commerce, Inc. is the holding company for LocalAdLink.

26    23.    McNulty is the founder and chief executive officer of Beyond Commerce and

27    LocalAdLink.

28

*Snell & Wilmer*
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

24. In or around October, 2008, Kevin and Scott Anderton (the "Andertons") joined LocalAdLink as independent sales representatives. The Andertons are experienced multi-level marketers and have had substantial success with the business model. The Andertons were some of LocalAdLink's key sales representatives and network leaders.

25. The Andertons have introduced various people to LocalAdLink, including their co-defendants Rodin, Rutt, Ippolito, Dobrichovsky and Curtin.

26. Upon information or belief, in or around January or February, 2009, the Andertons and Rutt entered into a joint venture to create a company to directly compete with LocalAdLink.

27. In order to obtain secret and proprietary information about LocalAdLink, the Andertons approached McNulty in or around February and informed him that their acquaintance, Rutt was interested in joining LocalAdLink and would be able to bring hundreds, if not thousands, of network marketers with him.

28. Believing that Rutt was genuinely interesting in working for LocalAdLink, McNulty agreed to meet with Rutt and make a similar presentation to Rutt as McNulty would to a potential investor or business partner.

29. The Meeting between Rutt, the Andertons and McNulty took place on or around February 5th or 6th of 2009.

30. At the beginning of the meeting, McNulty informed Rutt and the Andertons that they might learn proprietary information during the meeting, and that a condition of participating in the meeting was to keep any and all proprietary information ("Proprietary Information") confidential.

31. Rutt and the Andertons orally agreed to keep the Proprietary Information confidential and not to disclose the Proprietary Information to anyone or to use it for any reason other than for the furtherance of LocalAdLink. This oral non-disclosure agreement (the "Non-Disclosure Agreement"), was consistent with other LocalAdLink agreements.

32. In addition to the Non-Disclosure Agreement, the Andertons and Rutt each received a copy of and agreed to the Company's Private Placement Memorandum (PPM) in which they agreed to take all steps necessary to maintain confidentiality of LocalAdLink

Proprietary Information, to not use the Proprietary Information for any purpose not allowed under the disclosure rights, and to not disclose LocalAdLink's Proprietary Information to any third party without prior written consent from LocalAdLink.

33. Once Rutt and the Andertons agreed to the Non-Disclosure Agreement and the PPM, McNulty began to explain the LocalAdLink business model and strategy and to answer Rutt's and the Andertons' questions.

34. During the meeting, McNulty disclosed to Rutt and the Andertons Proprietary Information about LocalAdLink. That information included information about LocalAdLink's technology, systems, operations, methods, financials, processes, procedures, future plan, and markets.

35. All of the Proprietary Information disclosed to Rutt and the Andertons derived independent economic value from not being readily known or discernable by the public or potential competitors.

36. Upon information or belief, Rutt and the Andertons never intended to honor the Non-Disclosure Agreement or the PPM. Instead, they met with McNulty for the sole purpose of learning the Proprietary Information in order to start a "copy-cat" company and directly compete with LocalAdLink.

37. Any information Rutt and the Andertons received from McNulty was the direct result of Rutt's and the Andertons' misrepresentations about their intentions to not compete with LocalAdLink.

38. On February 6, 2009, to further entice and reward Kevin Anderton, Plaintiffs issued Kevin Anderton a stock option for 6,538 shares of Beyond Commerce's (the holding company of LocalAdLink) common stock.

39. Upon information or belief, on February 10, 2009, less than a week after they had learned the Proprietary Information, Rutt and the Andertons purchased the rights to the internet domain name "adzzoo.com" for the sole purpose of establishing a website to directly compete with LocalAdLink.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

40.    Two days later, on February 12, 2009, Plaintiffs issued, and Kevin Anderton accepted, a stock option for 4,358 shares of Beyond Commerce's common stock.

41.    By accepting the stock options, Kevin Anderton agreed that he would not compete with LocalAdLink for ninety days after he ceased being a LocalAdLink sales representative. Upon information or belief, on March 9, 2009, the Andertons and Rutt formed AdzZoo, LLC.

42.    AdzZoo is essentially a clone of LocalAdLink, and is based on trade secrets and Proprietary Information stolen from LocalAdLink by the Defendants.

43.    Immediately after forming AdzZoo, Rutt and the Andertons began a deliberate and methodical campaign of defamation, corporate espionage, and corporate sabotage in an attempt to destroy LocalAdLink and take all of its representatives and customers.

44.    Upon information or belief, between February, 2009 and the present, Rutt and the Andertons recruited Rodin, Ippolito, Dobrichovsky, Hockenberger and Curtin to AdzZoo.

45.    The defendants have each entered an agreement to undermine LocalAdLink by using misappropriated trade secret, fraud, defamation, and other illegal means.

46.    In furtherance of this agreement to use illegal means to undermine LocalAdLink, the defendants have entered into an agency relationship with each other.

47.    As independent representatives of LocalAdLink, Rutt, the Andertons, Rodin, Dobrichovsky, Ippolito, and Curtin agreed to the terms and conditions set forth in the LocalAdLink Representative Bylaws, Policies and Procedures (the "Bylaws").

48.    By agreeing to the Bylaws, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin each agreed that, among other things, while they were LocalAdLink representatives, and for six (6) months after they ceased being LocalAdLink representatives, they would not recruit to any other network marketing business any LocalAdLink representatives or customers other than those they have personally sponsored. They also agreed that, while they were LocalAdLink representatives, they would not sell, or attempt to sell, any competing non-LocalAdLink programs, products or services to LocalAdLink Customers or Representatives.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

49.    Upon information or belief, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin each have misappropriated Proprietary Information from LocalAdLink and have used such information to LocalAdLink's disadvantage.

50.    Upon information or belief, the Andertons, Rodin, Ippolito, Dobrichovsky and Curtin each joined AdzZoo, and thus entered into direct competition with LocalAdLink, before ending their relationship with LocalAdLink as sales representatives, thus violating their contractual obligations.

51.    Upon information or belief, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin, at the direction of Rutt and AdzZoo, have been recruiting LocalAdLink network sales representatives whom they did not personally sponsor, in breach of their contractual obligations.

52.    Upon information or belief, AdzZoo has offered to pay a $10,000.00 bounty to anyone who can recruit a high level LocalAdLink sales representative, in an attempt to disrupt LocalAdLink's current contractual relations.

53.    Upon information or belief, AdzZoo has offered to pay a $500.00 bounty to anyone who can recruit several mid level LocalAdLink representatives, in an attempt to disrupt LocalAdLink's current contractual relations.

54.    Upon information or belief, as part of their campaign to gut LocalAdLink of network sales representatives and to wrongly tarnish LocalAdLink's reputation, AdzZoo has instructed the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin to make false and damaging statements about LocalAdLink and McNulty.

55.    Specifically, during recruitment presentations and communications occurring between March 2009 and the present, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin have, upon information or belief, been telling current and potential LocalAdLink sales representatives that McNulty is a criminal; that the SEC is currently investigating LocalAdLink and is about to shut LocalAdLink down; that LocalAdLink is being directed by criminals; that McNulty has "lied about everything"; that LocalAdLink does not fulfill its contractual financial obligations to its representatives, and that anyone would be "crazy" not to leave LocalAdLink and join AdzZoo.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5300

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

56.   Curtin perpetuated this comments in telephone calls made or around July 21, 2009.

57.   The Defendants, through their agent Ippolito, have also misappropriated and used McNulty's personal identity to impersonate him.

58.   Specifically, Ippolito has either "cloned" McNulty's cell phone or has used a method to fraudulently "spoof" Ippolito's caller identification information to match McNulty's caller identification information.

59.   Ippolito's unauthorized use of McNulty's personal identity has occurred on at least three occasions.

60.   On June 20 at 1:28 p.m., in or around early July, and on August 3, 2009 at 7:41 p.m. Ippolito called LocalAdLink sales representatives. Using McNulty's identity, Ippolito caused these LocalAdLink sales representative's caller identification systems to show that McNulty was calling. Trusting their caller identification systems, each of these people answered their phones and was subsequently harassed by Ippolito.

61.   Upon information or belief, Ippolito has fraudulently used McNulty's identity many times.

62.   Defendants have also attempted to recruit LocalAdLink employees and sales representatives who are residents of Nevada.

63.   Upon information or belief, Defendants are contacting and attempting to recruit LocalAdLink representatives and customers using proprietary lists stolen from LocalAdLink.

64.   Upon information or belief, Defendants have conspired to gain access to LocalAdLink's computer systems.

65.   Upon information or belief, as a result of Defendants' conspiracy, Defendants have unlawfully accessed LocalAdLink's computer systems and have taken data and documents from those systems.

66.   Upon information or belief, AdzZoo's campaign of fraud, defamation and interference with contractual relations has already frightened hundreds, perhaps thousands, of LocalAdLink representatives and their customers away from LocalAdLink, causing LocalAdLink irreparable harm.

10398718.1

AMENDED COMPLAINT

1                        **CLAIMS FOR RELIEF**

2                  **FIRST CLAIM FOR RELIEF**

3                      **(Injunctive Relief)**

4                  **(Against All Defendants)**

5            67.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto

6  made as if fully set forth below.

7            68.     The Defendants are currently waging a campaign of defamation against Plaintiffs.

8            69.     This defamation is irreparably harming Plaintiffs' reputation and business.

9            70.     Pursuant to NRS 33.010, this Court should enjoin Defendants from defaming

10  Plaintiffs further.

11                **SECOND CLAIM FOR RELIEF**

12                   **(Injunctive Relief)**

13               **(Against All Defendants)**

14            71.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto

15  made as if fully set forth below.

16            72.     The Defendants are currently using LocalAdLink's Proprietary Information

17  protected by contract and the Nevada Uniform Trade Secret Act.

18            73.     This Proprietary Information includes, but is not limited to, lists of LocalAdLink's

19  sales network and customers.

20            74.     Pursuant to NRS 33.010, this Court should enjoin Defendants' further use of the

21  Proprietary information.

22                **THIRD CLAIM FOR RELIEF**

23                   **(Injunctive Relief)**

24               **(Against All Defendants)**

25            75.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto

26  made as if fully set forth below.

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

10398718.1

AMENDED COMPLAINT

76.     Upon information or belief, Defendants are currently accessing LocalAdLink's computer systems and taking data from those systems in violation of NRS 205.4765(1) and NRS 205.477(2).

77.     Pursuant to NRS 33.010, this Court should enjoin Defendants' further access of LocalAdLink's computer systems.

### FOURTH CLAIM FOR RELIEF

#### (Misappropriation of Trade Secrets)

#### (Against All Defendants)

78.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

79.     Upon information or belief, Defendants Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky, Curtin, and Hockenberger have misappropriated trade secrets from LocalAdLink as defined in NRS 600A.030(5).

80.     Defendant AdzZoo has acquired misappropriated trade secrets from Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky, Curtin and Hockenberger.

81.     Defendants actually misappropriated LocalAdLink's trade secrets.  Thus, this Court should enjoin Defendants from using the trade secrets, pursuant to NRS 600A.040(1).

82.     As a result of Defendants' theft and use of LocalAdLink's trade secrets, LocalAdLink has been damaged in an amount exceeding $10,000.00.

83.     Defendants have been unjustly enriched from the use of LocalAdLink's trade secrets.  As a direct result of the use of LocalAdLink's trade secrets, Defendants have been able to create a clone company and wrongfully convert much of LocalAdLink's sales network and customer base.  Thus, pursuant to NRS 600A.050(1), LocalAdLink is entitled to reasonable royalties for Defendants' use of LocalAdLink's trade secrets and anything Defendants developed or created from the use of LocalAdLink's trade secrets.

84.     Defendants' theft of LocalAdLink's trade secrets was willful and wanton and in reckless disregard for LocalAdLink's rights.  Thus, LocalAdLink is entitled to exemplary damages pursuant to NRS 600A.050(2).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

85.     Defendants' misappropriation of LocalAdLink's trade secrets was willful and malicious.  Thus, LocalAdLink is entitled to its attorney's fees pursuant to NRS 600A.060(3).

### FIFTH CLAIM FOR RELIEF

### (Civil Conspiracy)

### (Against All Defendants)

86.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

87.     Defendants have acted in concert in an attempt to undermine LocalAdLink.

88.     In furtherance of this goal, Defendants have defamed McNulty and LocalAdLink, misappropriated and used LocalAdLink's Proprietary Information and trade secrets, stolen McNulty's identity, interfered with LocalAdLink's contracts for the purpose of harming LocalAdLink, and committed every other tort, in common law and statute, alleged in this Complaint.

89.     In these actions, Defendants have each acted as agents of each other.

90.     As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

91.     Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### SIXTH CLAIM FOR RELIEF

### (Defamation and Defamation Per Se)

### (Against All Defendants)

92.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

93.     At the direction of AdzZoo, Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky, Hockenberger and Curtin have begun a campaign of defamation against McNulty and LocalAdLink.

94.     Specifically, upon information or belief, between March 2009 and the present, via teleconferences, phone calls, emails, text messages, voice messages and in-person conversations

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

AMENDED COMPLAINT

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1 and presentations, the Andertons, Rodin, Ippolito, Dobrichovsky, Hockenberger and Curtin have

2 attempted to recruit LocalAdLink's sales representatives, employees and customers by defaming

3 McNulty and LocalAdLink.

4       95.     Defendants have stated that McNulty is a criminal; that the SEC is about to shut

5 LocalAdLink down; that McNulty and LocalAdLink are surrounded with criminals; that McNulty

6 has "lied about everything"; that LocalAdLink does not fulfill its contractual financial obligations

7 to its sales representatives; and that anyone would be "crazy" not to leave LocalAdLink and join

8 AdzZoo.

9       96.     Defendants' defamatory comments have accused Plaintiffs of crimes.  Moreover,

10 the defamatory comments injure LocalAdLink's business and McNulty's profession.

11       97.     As a result of Defendants' actions, Plaintiffs have been harmed in an amount

12 exceeding $10,000.00.

13       98.     Plaintiffs have been required to retain the assistance of counsel and are entitled to

14 recover reasonable attorney's fees incurred in the prosecution of this Complaint.

15 **SEVENTH CLAIM FOR RELIEF**

16 **(Fraud)**

17 **(Against Rutt and the Andertons)**

18       99.     Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto

19 made as if fully set forth below.

20       100.    In early February 2009, Rutt and the Andertons represented to McNulty that they

21 wished to become more involved with LocalAdLink.  These Defendants represented that they

22 would not disclose, or use for their own benefit, any information McNulty gave them regarding

23 LocalAdLink's Proprietary Information.

24       101.    These representations made by the Defendants were false because at the time the

25 Defendants made these representations, the Defendants had already begun preparing to form their

26 own competing company.

27       102.    Defendants made these false representations for the purpose of inducing McNulty

28 to disclose the Proprietary Information.

10398718.1

AMENDED COMPLAINT

103.   As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

104.   Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### EIGHTH CLAIM FOR RELIEF

### (Fraud)

### (Against Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky and Curtin)

105.   Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

106.   Between February 10, 2009 and until each of them individually left LocalAdLink, Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky and Curtin continued to represent they were loyal to LocalAdLink and that they would not use Proprietary Information to the disadvantage of LocalAdLink.

107.   This representation was false and was made to give the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin a longer period to access LocalAdLink's Proprietary Information.

108.   Defendants made these false representations for the purpose of inducing LocalAdLink to disclose the Proprietary Information.

109.   As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

110.   Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### NINTH CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relations)

### (Against All Defendants)

111.   Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

112.    Plaintiffs have valid and existing contracts with its sales representatives, employees and customers.

113.    Defendants knew and know about these contracts.

114.    Through the acts alleged in this Complaint, including defaming Plaintiffs and offering up to $10,000.00 bounties for the recruitment of high level LocalAdLink sales representatives, Defendants intentionally and actually disrupted these contracts.

115.    As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

116.    Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### TENTH CLAIM FOR RELIEF

### (Tortious Interference with Prospective Economic Advantage)

### (Against All Defendants)

117.    Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

118.    LocalAdLink has prospective economic relations with the network of sales representatives its current network is recruiting.

119.    LocalAdLink also has prospective economic relations with the customers its network finds.

120.    Defendants know of LocalAdLink's prospective economic relations.

121.    Through the actions alleged in this Complaint, Defendants intentionally prevented those relations with the intent to harm LocalAdLink.

122.    As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

123.    Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

AMENDED COMPLAINT

10398718.1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

**ELEVENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**(Against the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin)**

124. Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

125. The Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin each were subject to LocalAdLink's Bylaws.

126. By agreeing to be LocalAdLink representatives and, thus, subjecting themselves to the Bylaws, the Andertons, Rutt Rodin, Ippolito, Dobrichovsky and Curtin each agreed, among other things, that while they were LocalAdLink representatives, and for six (6) months after they ceased being LocalAdLink representatives, they would not directly or indirectly recruit other LocalAdLink Representatives or Customers other than those they have personally sponsored for any other Network Marketing Business. They also agreed that, while they were LocalAdLink representatives, they would not sell, or attempt to sell, any competing non-LocalAdLink programs, products or services to LocalAdLink Customers or Representatives.

127. Upon information or belief, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin each individually breached the Bylaws while they were LocalAdLink representatives by recruiting or attempting to recruit other LocalAdLink representatives to AdzZoo and selling AdzZoo products to LocalAdLink customers.

128. To the extent that the Andertons, Rodin, Ippolito, Dobrichovsky and Curtin are no longer sales representatives of LocalAdLink, each of them, upon information or belief, has individually breached the Bylaws by directly and indirectly recruiting LocalAdLink representatives and customers whom they did not personally sponsor.

129. As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

130. Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

**TWELFTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**(Against Kevin Anderton)**

131.    Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

132.    On February 6, 2009, Kevin Anderton entered into a Stock Option agreement with Beyond Commerce.

133.    On February 12, 2009, Kevin Anderton entered into an additional Stock Option agreement with Beyond Commerce.

134.    As part of this agreement, Kevin Anderton agreed to not to compete directly or indirectly with Beyond Commerce, or to be part of any entity that competes directly or indirectly with Beyond Commerce.

135.    This Non-Compete Agreement was in force into June 2009.

136.    Kevin Anderton breached the Non-Compete Agreement by founding and recruiting LocalAdLink representatives to AdzZoo.

137.    As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

138.    Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

**THIRTEENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

**(Against Rutt and the Andertons)**

139.    Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set below.

140.    On or around February 5, 2009, Rutt and the Andertons entered into an oral Non-Disclosure Agreement with LocalAdLink, promising not to disclose or use any Proprietary Information disclosed by McNulty.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

141.   In addition, Rutt and the Andertons received a copy of the Private Placement Memorandum and agreed to abide by it.

142.   Rutt and the Andertons breached their agreements by using the Proprietary Information to found and build AdzZoo.

143.   As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

144.   Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### FOURTEENTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

### (Against the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin)

145.   Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

146.   Through the actions alleged herein, the Andertons, Rodin, Ippolito, Dobrichovsky and Curtin have each deliberately contravened the intention and spirit of their contracts with LocalAdLink.

147.   As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

148.   Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

### FIFTEENTH CLAIM FOR RELIEF

### (Civil Racketeering)

### (Against all Defendants)

149.   Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

150.   The association created by Rutt and the Andertons, which subsequently was formed into AdzZoo, is an enterprise ("Enterprise") pursuant to NRS 207.380(1).

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

10398718.1

AMENDED COMPLAINT

151.    Rutt, the Andertons, Rodin, Ippolito, Dobrichovsky, Hockenberger and Curtin are each employed by or associated with the Enterprise.

152.    Upon information or belief, as part of their association with the Enterprise, Defendants have been instructed to misappropriate Proprietary Information valued at over $250.00 through false pretenses in violation of NRS 207.360(26).

153.    Between February 2009 and the present, Rutt and the Andertons specifically, and, upon information or belief, each Defendant generally, have misappropriated Proprietary Information valued at over $250.00. This Proprietary Information included LocalAdLink's technology, systems, operations, methods, financials, processes, procedures, future plan, and markets.

154.    Upon information or belief, as part of their association with the Enterprise, Defendants have been instructed to embezzle lists of sales representatives and customers from LocalAdLink, as defined in NRS 205.300 and prohibited by NRS 207.360(25).

155.    Upon information or belief, the Andertons, Rutt, Rodin, Ippolito, Dobrichovsky and Curtin each embezzled lists of sales representatives and customers from LocalAdLink shortly before each made their association with AdzZoo public.

156.    As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

157.    Plaintiffs are entitled to triple their actual damages, pursuant to NRS 207.470(1).

158.    Plaintiffs are entitled to their attorney's fees, pursuant to NRS 207.470(1).

### SIXTEENTH CLAIM FOR RELIEF

### (Unlawful Access of Computers)

### (Against all Defendants)

159.    Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

160.    Upon information or belief, Defendants have accessed LocalAdLink's computer systems and have taken, transferred, and copied data and documents which existed inside the computer system.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

161. Defendants were not authorized to act in this way and, thus, have violated NRS 205.4765(1) and NRS 205.477(2).

162. As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

163. Plaintiffs are entitled to punitive damages, pursuant to NRS 205.511(b).

164. Plaintiffs are entitled to costs and attorney's fees, pursuant to NRS 205.511(c).

## SEVENTEENTH CLAIM FOR RELIEF

### (Identity Theft)

### (Against All Defendants)

165. Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

166. Defendants, through their agent Ippolito, have circumvented caller ID systems to impersonate McNulty. In doing so, Defendants have repeatedly and intentionally stolen and used McNulty's identity without authorization for the purpose of unlawfully engaging in deceptive trade practices, harming Plaintiffs and gaining access to LocalAdLink sales representatives by impersonating McNulty.

167. As a result of Ippolito's actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

168. Plaintiffs are entitled to punitive damages, pursuant to statute.

169. Plaintiffs are entitled to costs and attorney's fees, pursuant to statute.

## EIGHTEENTH CLAIM FOR RELIEF

### (Infringement of the Rights of Privacy and Publicity)

### (Against All Defendants)

170. Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

171. McNulty owns an enforceable right in his own identity.

172. LocalAdLink and Beyond Commerce own an enforceable right in the identity of their Chief Executive Officer.

10398718.1

AMENDED COMPLAINT

173.    Ippolito, without permission, has used McNulty's caller identification, which is part of McNulty's identity or persona, in such a way that McNulty, LocalAdLink and Beyond Commerce are identifiable from Ippolito's actions.

174.    Ippolito acted intentionally and maliciously, with full knowledge that he was not authorized to impersonate McNulty's caller identification information.

175.    Ippolito's actions are attributable to all Defendants because he was acting as their agent.

176.    As a result of Ippolito's actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

177.    Plaintiffs are entitled to statutory damages.

178.    Plaintiffs are entitled to statutory punitive damages.

179.    Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

## NINETEENTH CLAIM FOR RELIEF

### (Deceptive Trade Practices)

### (Against All Defendants)

180.    Plaintiffs repeat, reallege and incorporate herein all of the allegations hitherto made as if fully set forth below.

181.    Defendants, through their agent Ippolito, intentionally circumvented a service used to identify the caller when placing an unsolicited telephone call, in violation of NRS 598.0918, which is made enforceable by NRS 41.600.

182.    As a result of Defendants' actions, Plaintiffs have been harmed in an amount exceeding $10,000.00.

183.    Plaintiffs have been required to retain the assistance of counsel and are entitled to recover reasonable attorney's fees incurred in the prosecution of this Complaint.

## PRAYER

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

1.    For damages in excess of $10,000.00.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

2. For injunctive relief prohibiting Defendants from using Plaintiffs' Proprietary Information.

3. For injunctive relief preventing Defendants from using LocalAdLink's trade secrets pursuant to Nevada's Uniform Trade Secret Act.

4. For injunctive relief preventing Defendants from stealing and from using Plaintiffs' identity.

5. For two times actual damages and unjust enrichment for Plaintiffs' Fourth Cause of Action.

6. For disgorgement of profits, products, systems, methods, networks and technologies which were derived from LocalAdLink's misappropriated trade secrets.

7. To the extent that disgorgement is impractical or impossible, for reasonable royalties for the use of LocalAdLink's misappropriated trade secrets.

8. For attorney's fees for Plaintiffs' Fourth Cause of Action.

9. For triple Plaintiffs' actual damages for Plaintiffs Fifteenth Cause of Action.

10. For attorney's fees for Plaintiffs' Fifteenth Cause of Action.

11. For punitive damages for Plaintiffs' Sixteenth Cause of Action.

12. For attorney's fees for Plaintiffs' Sixteenth Cause of Action.

13. For costs and attorney's fees for Plaintiffs' Seventeenth Cause of Action.

14. For punitive damages for Plaintiffs' Seventeenth Cause of Action.

15. For punitive damages for Plaintiffs' Eighteenth Cause of Action.

16. For general punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

17. For attorney's fees according to proof.

18. For costs of suit herein incurred.

///

///

///

Snell & Wilmer
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT

19.    For such other and further relief as the Court may deem just and proper.


Dated: August 6, 2009                    SNELL & WILMER L.L.P.


                                         By: _____
                                             Aaron D. Ford, Esq.
                                             Nevada Bar No. 7704
                                             Jared R. Richards, Esq.
                                             Nevada Bar No. 11254
                                             3883 Howard Hughes Parkway
                                             Suite 1100
                                             Las Vegas, Nevada 89169
                                             Telephone: (702) 784-5200
                                             Facsimile: (702) 784-5252

                                             *Attorneys for Plaintiffs*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

10398718.1

AMENDED COMPLAINT