FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TETSUYA NAKAMURA,

Plaintiff,

v.

SUNDAY GROUP INCORPORATED, *et al.*,

Defendants.

SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI

Counterclaimants,

v.

TETSUYA NAKAMURA,

Counterdefendant.

Case No.: 2:22-cv-01324-MMD-EJY

**ANSWER TO SECOND AMENDED COUNTERCLAIM**

JURY DEMAND

Dr. Tetsuya Nakamura, the plaintiff and counterdefendant in this action, by and through his undersigned counsel hereby answers the Second Amended Counterclaim ("SAC") asserted by Sunday Group Inc. ("Sunday Group") and Toshiki (Todd) Mitsuishi (together, "Counterclaimants," and collectively with SGI Trust and James Pack, "Defendants") (ECF No. 84).

Except as expressly admitted herein, Dr. Nakamura denies the allegations set forth in the SAC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the SAC. To the extent the paragraphs in the SAC are grouped under headings and sub-headings, Dr. Nakamura responds generally that such headings and sub-headings (which are repeated below) state non-factual allegations or unsupported legal conclusions to which no response is required. To the extent a response is necessary, Dr. Nakamura denies each heading and sub-heading in the SAC and incorporates by reference this response in each paragraph below as if fully set forth therein. To the extent Dr. Nakamura responds that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are truthful, accurate or complete. Any allegations contained in the SAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied. Dr. Nakamura generally denies any averments in the SAC's unnumbered paragraphs, footnotes, and prayer for relief. Dr. Nakamura denies any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context.

Subject to the foregoing, Dr. Nakamura answers as follows:

1. Dr. Nakamura admits that Sunday Group and Mr. Mitsuishi have asserted counterclaims against him. Dr. Nakamura denies the rest of Paragraph 1 of the SAC.

**PARTIES, JURISDICTION, AND VENUE**

2. Dr. Nakamura admits the allegations in Paragraph 2 of the SAC.

3. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the SAC, and on that basis denies the allegations.

4. Dr. Nakamura admits the allegations in Paragraph 4 of the SAC.

5. The allegation in Paragraph 5 of the SAC as to whether this Court has subject matter jurisdiction is a legal conclusion to which no response is required. To the extent there are any factual allegations in Paragraph 5 to which a response is required, Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations, such as those concerning Mr. Mitsuishi's status as a citizen of Nevada, and on that basis denies the allegations.

6. The allegation in Paragraph 6 of the SAC as to whether this Court has supplemental subject matter jurisdiction is a legal conclusion to which no response is required.

7. The allegation in Paragraph 7 that venue lies in the District of Nevada is a legal conclusion to which no response is required. Dr. Nakamura admits, however, that a substantial part of the events giving rise to Dr. Nakamura's claims occurred in the District of Nevada and that Defendants are subject to personal jurisdiction in the District of Nevada.

## GENERAL ALLEGATIONS

### Sunday Group and its Mobby Project

8. Dr. Nakamura admits that Sunday Group and its representatives have represented that Sunday Group's operations include development of the so-called Mobby Project. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation that Sunday Group is in fact working to develop and/or complete the Mobby Project, and on that basis denies that allegation. Dr. Nakamura denies the remainder of the allegations.

9. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the SAC, and on that basis denies the allegations.

10. Dr. Nakamura admits the allegations in Paragraph 10 of the SAC.

11. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the SAC, and on that basis denies the allegations.

### Nakamura and Tsuneyasu Takeda

12. Dr. Nakamura admits the allegations in Paragraph 12 of the SAC alleging that Dr. Nakamura and Ryu Imachi were shareholders with ownership interests in UPUB Co., Ltd. until at

least early 2018; Dr. Nakamura is no longer a shareholder of UPUB Co., Ltd., however. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of other allegations in Paragraph 12 of the SAC, and on that basis denies the remainder of the allegations.

13. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the SAC, and on that basis denies the allegations.

14. Dr. Nakamura admits the allegations in Paragraph 14 of the SAC alleging that Dr. Nakamura invested in a cryptocurrency project called xcoin operated by Mr. Tsuneyasu Takeda. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 14 of the SAC, and on that basis denies the remainder of the allegations.

15. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the SAC, and on that basis denies the allegations.

**The Mobby Project**

16. Dr. Nakamura admits the allegations in Paragraph 16 of the SAC alleging that Sunday Group worked with Mr. Imachi to contact potential investors regarding investment in Sunday Group. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the SAC regarding Mr. Imachi's relationship to an entity called Sundale, and on that basis denies the allegations. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the SAC regarding the purpose of Sunday Group's efforts to contact potential investors, and on that basis denies the remainder of the allegations.

17. Dr. Nakamura admits the allegation in Paragraph 17 of the SAC that he is an experienced businessman and admits the allegation that his net worth is in the equivalent of millions of United States dollars. Dr. Nakamura denies the remainder of the allegations.

18. Dr. Nakamura admits the allegations in Paragraph 18 of the SAC.

19. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the SAC regarding what Mr. Mitsuishi told investors other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura denies the

remainder of the allegations.

20. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the SAC regarding what Mr. Mitsuishi told Token Purchasers other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura denies the remainder of the allegations.

21. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the SAC regarding what Mr. Mitsuishi told Token Purchasers other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura admits that he purchased the right to receive M-Tokens. Dr. Nakamura denies the remainder of the allegations.

22. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the SAC regarding what Mr. Mitsuishi told Token Purchasers other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura denies the allegation in Paragraph 22 of the SAC that Mr. Mitsuishi told him he could acquire M-Tokens for $10,000 per unit, as the agreement to acquire M-Tokens was not denominated in United States dollars. Dr. Nakamura denies the remainder of the allegations.

23. Dr. Nakamura admits the allegation in Paragraph 23 of the SAC that he purchased the right to acquire 200 units of M-Tokens, as memorialized in a Memorandum of Understanding to Participate in Private Sale dated November 28, 2017 (the "Mobby MOU"), which speaks for itself. Dr. Nakamura denies the allegation in Paragraph 23 of the SAC that he paid a total price of "$2 million USD" in exchange for the right to acquire 200 units of M-Tokens, as his payment was not denominated in United States dollars and the M-Tokens were never made available to acquire. Dr. Nakamura denies the remainder of the allegations.

24. Dr. Nakamura denies the allegation in Paragraph 24 of the SAC that Sunday Group "received funds equal to the Mobby Payment" [$2 million USD]; Dr. Nakamura states that Sunday Group received consideration from Dr. Nakamura in the form of cyptocurrency, as specified by the Mobby MOU, which speaks for itself. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24

of the SAC, and on that basis denies the allegations.

25. Dr. Nakamura admits the allegation in Paragraph 25 of the SAC that the Mobby Project has been delayed as it has never been completed. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the SAC, and on that basis denies the allegations.

26. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 26 of the SAC that Sunday Group has been "diligently working on and progressing" the Mobby Project, and on that basis denies the allegations.

27. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the SAC that Sunday Group has kept investors other than Dr. Nakamura "reasonably informed" regarding the Mobby Project's status and progress, and on that basis denies the allegations. Dr. Nakamura admits that he received certain communications from Sunday Group and its agents containing representations regarding the Mobby Project. Dr. Nakamura denies the remainder of the allegations.

28. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the SAC regarding the activities of a purported "customer support" team, and on that basis denies the allegations. Dr. Nakamura admits that he has not had contact with any Sunday Group customer support team, but states that he has repeatedly attempted to contact Sunday Group and its agents concerning the Mobby Project. Dr. Nakamura denies the remainder of the allegations.

29. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the SAC, and on that basis denies the allegations.

**Nakamura's Campaign to Extort Sunday Group and Mr. Mitsuishi**

30. Dr. Nakamura denies the allegations in Paragraph 30 of the SAC.

31. Dr. Nakamura denies the allegations in Paragraph 31 of the SAC.

32. Dr. Nakamura denies the allegation in Paragraph 32 of the SAC that he emailed Dr. Leonard Kleinrock on or about March 4, 2021. Dr. Nakamura states that a March 4, 2021 email from Tsuneyasu Takeda to Dr. Kleinrock speaks for itself, and denies the remainder of the

allegations.

33. Dr. Nakamura denies the allegation that he emailed Dr. Leonard Kleinrock on or about March 4, 2021. Dr. Nakamura states that a March 4, 2021 email from Tsuneyasu Takeda to Dr. Kleinrock speaks for itself and denies the allegations in Paragraph 33 of the SAC.

34. Dr. Nakamura denies the allegation that he emailed Dr. Leonard Kleinrock on or about March 4, 2021. Dr. Nakamura states that a March 4, 2021 email from Tsuneyasu Takeda to Dr. Kleinrock speaks for itself and denies the allegations in Paragraph 34 of the SAC.

35. Dr. Nakamura admits the allegation in Paragraph 35 of the SAC that he understood that Dr. Kleinrock was important to the economic success and credibility of Sunday Group and the Mobby Project. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 35 to the extent Counterclaimants assert that Dr. Kleinrock actually was important to the economic success and credibility of Sunday Group and the Mobby Project, and on that basis denies the allegation. Dr. Nakamura denies the remainder of the allegations.

36. Dr. Nakamura denies the allegations in Paragraph 36 of the SAC.

37. Dr. Nakamura denies the allegation in Paragraph 37 of the SAC that the March 4, 2021 email was "Nakamura's." Dr. Nakamura denies the allegation in Paragraph 37 of the SAC that Sunday Group has suffered any damage to its goodwill or reputation as a result of the March 4, 2021 communication to Dr. Kleinrock or any actions by Dr. Nakamura, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of other allegations in Paragraph 37 of the SAC, and on that basis denies the allegations.

38. Dr. Nakamura denies the allegation in Paragraph 38 of the SAC that he sent an email to Mr. Mitsuishi on August 3, 2021. Dr. Nakamura states that an August 3, 2021 email from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself and denies the remainder of the allegations.

39. Dr. Nakamura denies the allegation in Paragraph 39 of the SAC that he sent an email to Mr. Mitsuishi on August 5, 2021. Dr. Nakamura states that an August 5, 2021 email

from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself and denies the remainder of the allegations.

40. Dr. Nakamura denies the allegation in Paragraph 40 that he sent an email to Mr. Mitsuishi on August 6, 2021. Dr. Nakamura states that an August 6, 2021 email from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself and denies the remainder of the allegations.

41. Dr. Nakamura admits the allegation in Paragraph 41 of the SAC that Mr. Mitsuishi responded to an email (from Tsuneyasu Takeda) on August 8, 2021 and states that the email speaks for itself. Dr. Nakamura denies the remainder of the allegations.

**Nakamura Threatens Mr. Mitsuishi and Dr. Kleinrock**

42. Dr. Nakamura denies the allegation in Paragraph 42 of the SAC alleging that he sent an email to Mr. Mitsuishi on August 8, 2021. Dr. Nakamura states that an August 8, 2021 email from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself and denies the remainder of the allegations.

43. Dr. Nakamura denies the allegations in Paragraph 43 of the SAC that he sent an email to Mr. Mitsuishi on August 8, 2021 and that he "closed his August 8, 2021 email with a threat to the lives of Mr. Mitsuishi and Dr. Kleinrock." Dr. Nakamura states that an August 8, 2021 email from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself. Dr. Nakamura denies the allegation in Paragraph 43 that any portion of the August 8, 2021 email constituted a threat to the lives of Mr. Mitsuishi and Dr. Kleinrock and denies the remainder of the allegations.

44. Dr. Nakamura denies the allegations in Paragraph 44 of the SAC.

**Mr. Mitsuishi Fears for His Life**

45. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the SAC, and on that basis denies the allegations.

46. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the SAC, and on that basis denies the allegations.

47. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the SAC, and on that basis denies the allegations.

48. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the

FENWICK & WEST LLP

truth of the allegations in Paragraph 48 of the SAC, and on that basis denies the allegations.

49. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the SAC regarding what Sunday Group told Token Purchasers other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura admits that he received communications from Sunday Group and its representatives representing that Mr. Mitsuishi was taking a leave of absence as Sunday Group's CEO purportedly due to health issues. Dr. Nakamura denies the remainder of the allegations.

**Nakamura Interferes with Sunday Group's Relationship with Token Purchasers**

50. Dr. Nakamura admits the allegation in Paragraph 50 of the SAC alleging that he contacted other Token Purchasers concerning Sunday Group and its principals, but denies that he did so "in [an] effort to extort Sunday Group and Mr. Mitsuishi," that he conspired with anyone to do so, or that he did so for the purposes alleged in the SAC. Dr. Nakamura denies the remainder of the allegations.

51. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the SAC, and on that basis denies the allegations.

52. Dr. Nakamura denies the allegation in Paragraph 52 of the SAC.

53. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the SAC, and on that basis denies the allegations.

54. Dr. Nakamura admits the allegation in Paragraph 54 of the SAC that he has had business relationships with Ryu Imachi and Tsuneyasu Takeda. Dr. Nakamura denies the remainder of the allegations.

55. Dr. Nakamura admits the allegation in Paragraph 55 of the SAC that he has had business relationships with Ryu Imachi and Tsuneyasu Takeda. Dr. Nakamura denies the remainder of the allegations.

56. Dr. Nakamura admits the allegation in Paragraph 56 of the SAC that he contacted certain investors regarding their investment in Sunday Group. Dr. Nakamura states that such communications with investors speak for themselves. Dr. Nakamura states that Ryu Imachi prepared a document containing instructions on submitting a tip to the SEC, that the document

speaks for itself, and denies the remainder of the allegations.

57. Dr. Nakamura admits the allegation in Paragraph 57 of the SAC that he contacted certain investors regarding their investment in Sunday Group. Dr. Nakamura states that such communications with investors speak for themselves and denies the remainder of the allegations.

58. Dr. Nakamura denies the allegations in Paragraph 58 of the SAC.

59. Dr. Nakamura denies the allegations in Paragraph 59 of the SAC.

**The M-Token Buyback Offer**

60. Dr. Nakamura denies the allegation in Paragraph 60 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 60 of the SAC, and on that basis denies the allegations.

61. Dr. Nakamura denies the allegation in Paragraph 61 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 61 of the SAC, and on that basis denies the allegations.

62. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the SAC alleging a buy back was offered to Token Purchasers other than Dr. Nakamura, and on that basis denies the allegations. Dr. Nakamura denies the allegation in Paragraph 62 that $10,000 per unit of M-Token was the consideration he paid, as the consideration was not denominated in United States dollars. Dr. Nakamura admits the allegation in Paragraph 62 that Sunday Group offered to buy back his M-Tokens at a price of $10,000 per unit. Dr. Nakamura denies the remainder of the allegations.

63. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the SAC, and on that basis denies the allegations.

64. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the SAC, and on that basis denies the allegations.

65. Dr. Nakamura denies the allegations in Paragraph 65 of the SAC.

66. Dr. Nakamura admits that to date he has not accepted any Sunday Group offer to buy back M-Tokens.

67. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 67 of the SAC that investors other than Dr. Nakamura were offered anything, and on that basis denies them. Dr. Nakamura denies the remainder of the allegations.

68. Dr. Nakamura denies the allegation in Paragraph 68 that he sent an email to Mr. Mitsuishi on August 24, 2021. Dr. Nakamura states that an August 24, 2021 email from Tsuneyasu Takeda to Mr. Mitsuishi speaks for itself and denies the remainder of the allegations.

**Nakamura Files a False Complaint with the Nevada Division of Securities**

69. Dr. Nakamura admits the allegation in Paragraph 69 of the SAC that he contacted the Nevada Secretary of State, Securities Division in or about November of 2021 regarding Sunday Group and Mr. Mitsuishi. Dr. Nakamura denies the remainder of the allegations.

70. Dr. Nakamura admits the allegation in Paragraph 70 of the SAC that he contacted the Nevada Secretary of State, Securities Division in or about November of 2021 regarding Sunday Group and Mr. Mitsuishi. Dr. Nakamura denies the remainder of the allegations.

71. Dr. Nakamura admits the allegations in Paragraph 71 of the SAC.

72. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the SAC, and on that basis denies the allegations.

73. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the SAC, and on that basis denies the allegations.

74. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the SAC, and on that basis denies the allegations.

75. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the SAC alleging what Sunday Group is or is not aware of, and on that basis denies the allegations. Dr. Nakamura denies the remaining allegations in Paragraph 75 of the SAC.

76. Dr. Nakamura denies the allegations in Paragraph 76 of the SAC.

77. Dr. Nakamura denies the allegations in Paragraph 77 of the SAC.

78. Dr. Nakamura denies the allegations in Paragraph 78 of the SAC.

**Nakamura Files a False Complaint with the Securities and Exchange Commission**

79. Dr. Nakamura admits the allegation in Paragraph 79 of the SAC that he contacted the U.S. Securities and Exchange Commission regarding Sunday Group and its principals. Dr. Nakamura denies the remainder of the allegations.

80. Dr. Nakamura admits the allegation in Paragraph 79 of the SAC that he contacted the U.S. Securities and Exchange Commission regarding Sunday Group and its principals. Dr. Nakamura denies the remainder of the allegations.

81. Dr. Nakamura denies the allegations in Paragraph 81 of the SAC.

82. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the SAC alleging what Sunday Group is or is not aware of, and on that basis denies the allegations. Dr. Nakamura denies the remainder of the allegations.

83. Dr. Nakamura denies the allegations in Paragraph 83 of the SAC.

**Nakamura's False Statements and Attempts to Pressure Token Purchasers to Submit False Complaints to Government Regulators**

84. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 84 of the SAC regarding what Sunday Group "discovered" and when, and on that basis denies the allegations. Dr. Nakamura denies the remainder of the allegations.

85. Dr. Nakamura denies the allegations in Paragraph 85 of the SAC.

86. Dr. Nakamura denies the allegations in Paragraph 86 of the SAC.

87. Dr. Nakamura denies the allegation in Paragraph 87 of the SAC that Sunday Group has suffered any damage to its goodwill, reputation, or ability to attract investors as a result of any disclosure of certain Token Purchasers in the Securities Complaint, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or

information sufficient to form a belief about the truth of the other allegations in Paragraph 87 of the SAC, and on that basis denies the remainder of the allegations.

88. Dr. Nakamura denies the allegation in Paragraph 88 of the SAC that any statements made by Dr. Nakamura about Sunday Group and/or its principals were false. Dr. Nakamura denies the allegation in Paragraph 88 of the SAC that Sunday Group has suffered any damage to its goodwill, reputation, or ability to attract investors as a result of Dr. Nakamura's statements, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 88 of the SAC, and on that basis denies the remainder of the allegations.

89. Dr. Nakamura admits the allegation in Paragraph 89 of the SAC alleging that he contacted other Token Purchasers concerning Sunday Group and its principals. Dr. Nakamura denies the remainder of the allegations in Paragraph 89 of the SAC.

90. Nakamura admits the allegation in Paragraph 90 of the SAC alleging that he contacted other Token Purchasers concerning Sunday Group and its principals. Dr. Nakamura denies the remainder of the allegations.

**FIRST CAUSE OF ACTION**

**(Intentional Interference with Contractual Relations - Sunday Group Against Nakamura)**

91. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 1 to 90 of the SAC as if fully set forth herein.

92. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the SAC, and on that basis denies the allegations.

93. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the SAC, and on that basis denies the allegations.

94. Dr. Nakamura denies the allegations in Paragraph 94 of the SAC.

95. Dr. Nakamura denies the allegation in Paragraph 95 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 95 of the SAC, and on that basis

denies the remainder of the allegations.

96. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 96 of the SAC concerning actions Token Purchasers other than Dr. Nakamura supposedly took, and on that basis denies the allegations. Dr. Nakamura denies the allegation in Paragraph 96 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura denies the remainder of the allegations.

97. Dr. Nakamura denies the allegations in Paragraph 97 of the SAC.

98. Dr. Nakamura denies the allegation in Paragraph 98 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 98 of the SAC, and on that basis denies the remainder of the allegations.

99. Dr. Nakamura denies the allegation in Paragraph 99 of the SAC that Sunday Group has suffered any damage as a result of his actions, as any such damage is attributable entirely to Defendants' misconduct. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 99 of the SAC, and on that basis denies the remainder of the allegations.

100. Dr. Nakamura denies the allegations in Paragraph 100 of the SAC.

101. Dr. Nakamura denies the allegations in Paragraph 101 of the SAC.

## SECOND CAUSE OF ACTION

## (RESERVED)

## THIRD CAUSE OF ACTION

## (Intentional Infliction of Emotional Distress – Mr. Mitsuishi Against Nakamura)

102. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 1 to 90 of the SAC as if fully set forth herein.

103. Dr. Nakamura denies the allegations in Paragraph 103 of the SAC.

104. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 104 of the SAC, and on that basis denies the allegations.

105. Dr. Nakamura denies the allegations in Paragraph 105 of the SAC.

106. Dr. Nakamura denies the allegations in Paragraph 106 of the SAC.

107. Dr. Nakamura denies the allegations in Paragraph 107 of the SAC.

108. Dr. Nakamura denies the allegations in Paragraph 108 of the SAC.

**FOURTH CAUSE OF ACTION**

**(RESERVED)**

**FIFTH CAUSE OF ACTION**

**(Defamation – Sunday Group and Mr. Mitsuishi Against Nakamura)**

109. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 1 to 90 of the SAC as if fully set forth herein.

110. Dr. Nakamura denies the allegations in Paragraph 110 of the SAC.

111. Dr. Nakamura denies the allegations in Paragraph 111 of the SAC.

112. Dr. Nakamura denies the allegations in Paragraph 112 of the SAC.

113. Dr. Nakamura denies the allegations in Paragraph 113 of the SAC.

114. Dr. Nakamura denies the allegations in Paragraph 114 of the SAC.

115. Dr. Nakamura denies the allegations in Paragraph 115 of the SAC.

116. Dr. Nakamura denies the allegations in Paragraph 116 of the SAC.

117. Dr. Nakamura denies the allegations in Paragraph 117 of the SAC.

**SIXTH CAUSE OF ACTION**

**(Business Disparagement – Sunday Group Against Nakamura)**

118. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 1 to 90 of the SAC as if fully set forth herein.

119. Dr. Nakamura denies the allegations in Paragraph 119 of the SAC.

120. Dr. Nakamura denies the allegations in Paragraph 120 of the SAC.

121. Dr. Nakamura denies the allegations in Paragraph 121 of the SAC.

122. Paragraph 122 of the SAC appears to state a legal conclusion to which no response is required. Dr. Nakamura lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in Paragraph 122 of the SAC, and on that basis denies the allegations.

123. Dr. Nakamura denies the allegations in Paragraph 123 of the SAC.

124. Dr. Nakamura denies the allegations in Paragraph 124 of the SAC.

125. Dr. Nakamura denies the allegations in Paragraph 125 of the SAC.

126. Dr. Nakamura denies the allegations in Paragraph 126 of the SAC.

127. Dr. Nakamura denies the allegations in Paragraph 127 of the SAC.

128. Dr. Nakamura denies the allegations in Paragraph 128 of the SAC.

129. Dr. Nakamura denies the allegations in Paragraph 129 of the SAC.

**SEVENTH CAUSE OF ACTION**

**(Civil Conspiracy – Sunday Group and Mr. Mitsuishi Against Nakamura)**

130. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 1 to 90 of the SAC as if fully set forth herein.

131. Dr. Nakamura incorporates by reference his responses to the allegations in Paragraphs 30, 38-44, 50-59, 61, 68, 75 and 82 of the SAC as if fully set forth herein. Dr. Nakamura denies the allegations in Paragraph 131 of the SAC.

132. Dr. Nakamura denies the allegations in Paragraph 132 of the SAC.

133. Dr. Nakamura denies the allegations in Paragraph 133 of the SAC.

134. Dr. Nakamura denies the allegations in Paragraph 134 of the SAC.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Counterclaimants have failed to state a claim against Dr. Nakamura upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations and Repose)**

The claims alleged in the SAC are barred, in whole or in part, to the extent that they are untimely under the applicable statute of limitations and/or the applicable statute of repose.

**THIRD AFFIRMATIVE DEFENSE**

**(Privilege)**

The conduct attributed to Dr. Nakamura in the SAC complaint constitutes a communication made in the course of a judicial or quasi-judicial proceeding, by a participant in the proceeding, for the purpose of achieving the object of the litigation, that had a logical relation to the action.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

The claims alleged in the SAC are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, laches, relinquishment, release, and abandonment.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failures to Mitigate Damages)**

Counterclaimants' claims are barred in whole or in part because Counterclaimants failed to take reasonable efforts to mitigate their alleged injury or damages, which efforts would have prevented all or part of any such alleged injury or damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Loss Causation)**

Counterclaimants' claims against Dr. Nakamura are barred in whole or in part because of the lack of loss causation. Counterclaimants have not suffered any injury or harm as a result of the actions of Dr. Nakamura alleged in the SAC.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Causation)**

Counterclaimants' claims against Dr. Nakamura are barred in whole or in part because of the lack of proximate causation. Counterclaimants have not suffered any injury or harm proximately caused by the actions of Dr. Nakamura alleged in the SAC.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Other Defenses)**

Dr. Nakamura hereby asserts all affirmative defenses available under federal law and under any applicable state law. Dr. Nakamura presently has insufficient knowledge or information upon which to form a belief as to whether he may have other, as yet unstated, affirmative defenses. Dr. Nakamura reserves the right to assert additional affirmative defenses in the event that discovery indicates that it would be appropriate to do so.

**PRAYER**

WHEREFORE, Dr. Nakamura prays for judgment as follows:

1. That Counterclaimants take nothing by reason of the claims stated in the SAC;

2. That judgment be entered in favor of Dr. Nakamura on all claims asserted in the SAC and this Answer;

3. For costs of suit herein; and

4. For such other relief as the Court may deem just and proper.

Dated: August 2, 2024

FENWICK & WEST LLP

By: */s/ Felix S. Lee*
Felix S. Lee

Attorneys for Plaintiff and Counterdefendant
Dr. Tetsuya Nakamura