| | |
|---|---|
| Mark L. Smith (NV Bar #14762) <br> msmith@sffirm.com <br> Jacob L. Fonnesbeck (NV Bar #11961) <br> jfonnesbeck@sffirm.com <br> **SF FIRM, LLP** <br> 6345 South Pecos Road, Suite 202 <br> Las Vegas, NV 89120 <br> Telephone:  (725) 666-8701 <br> Facsimile:   (725) 666-8710 | Aaron D. Lebenta (UT Bar # 10180) <br> adl@clydesnow.com <br> Timothy R. Pack (UT Bar # 12193) <br> trp@clydesnow.com <br> **CLYDE SNOW & SESSIONS PC** <br> 201 South Main Street, Suite 2200 <br> Salt Lake City, UT 84111 <br> Telephone: (801) 322-2516 |

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SUNDAY GROUP INCORPORATED, a Nevada corporation, *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-01324-MMD-EJY <br><br><br> **DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' APPEARANCE AT A DEPOSITION** |

Pursuant to Local Rule 26-6, Defendants file this Motion to Compel Plaintiff Tetsuya Nakamura's Appearance at a Deposition.

## THE DISCOVERY DISPUTE

Plaintiff Tetsuya Nakamura is a citizen of Japan and elected to initiate this action in Nevada. Defendants have made repeated requests to take the Plaintiff's in-person deposition in either Nevada, or at any one of his attorneys' offices in California. Plaintiff has refused to agree to appear in person in the United States for his deposition. Therefore, Defendants request an order compelling Plaintiff to appear in person in either Nevada or California.

## BACKGROUND FACTS

1. According to his Complaint, the Plaintiff is "a prominent Japanese medical industry professional and executive." [Complaint, ¶ 2 (Dkt. 1).]

2. Plaintiff alleges that in 2015 he became a shareholder in Defendant Sunday Group, Inc., a Nevada corporation. [*Id*. at ¶ 20.]

3. Plaintiff alleges that in 2017 he entered into a contract with Sunday Group, referred to in the Complaint as the "Mobby MOU", wherein Sunday Group agreed to develop and create a digital currency known as "Mobby Tokens" and thereafter deliver a certain amount of Mobby Tokens to Nakamura. [*Id*. at ¶¶ 25-27.]

4. Plaintiff alleges that in 2018, Defendant Todd Mitsuishi, a resident of Nevada, assisted Plaintiff to invest in a U.S. cryptocurrency mining company named BitClub Network. [*Id*. at ¶ 29.]

5. Nakamura seeks monetary damages against Defendants in excess of $43 million. [Plaintiff's Initial Disclosures, p. 8, attached as Exhibit 1.][1]

6. Plaintiffs' Complaint alleges that "[a] substantial part of the events giving rise to Dr. Nakamura's claims occurred in this district [i.e., Nevada]." [Complaint at ¶ 16.]

7. On September 12, 2023, Defendants made their first request to Plaintiff to take his in-person deposition in the United States. [Declaration of Timothy R. Pack, ¶ 1, attached as Exhibit 2; September 12, 2023 Email Between Counsel, attached as Exhibit 3.]

---

[1] Plaintiff seeks damages equal to 4,228.14 Ethereum valued at approximately $2,652, and 545.455 Bitcoin valued at approximately $59,538.

8. On October 23, 2023, Defendants made their second request to take Plaintiff's in-person deposition in the United States. [T. Pack Decl., ¶ 2; October 23, 2023 Email Between Counsel, attached as Exhibit 4.]

9. On November 29, 2023, counsel for the parties met and conferred by phone regarding Plaintiff's deposition. During that call, Defendants offered to take Plaintiff's deposition in Las Vegas or any of Plaintiff's counsel's offices in California. Plaintiff's counsel did not object to Plaintiff appearing in person for his deposition in either Nevada or California. The parties agreed to revisit the issue after additional discovery and document production had taken place. [T. Pack Decl., ¶ 3.]

10. On July 25, 2024, Defendants made their third request to take Plaintiff's in-person deposition in Nevada or California. [*Id*. at ¶ 4; July 25, 2024 Email Between Counsel, attached as Exhibit 5.]

11. On July 30, 2024, counsel for the parties held a second meet and confer phone call regarding Plaintiff's deposition. [T. Pack Decl., ¶5.] Plaintiff's counsel represented they have never objected to Plaintiff appearing in the United States for his deposition, but would nevertheless discuss the issue with Plaintiff and then confirm whether he would in fact appear for his deposition. *Id*.

12. About twenty days later on August 20, 2024, Plaintiff's counsel finally responded, but unfortunately did not confirm that Plaintiff would appear for his deposition. *Id*. at ¶ 6.

13. Because Nakamura is Japanese, a professional interpreter will be required to interpret the examination questions and Nakamura's responses. *Id*. at ¶ 7.

## ARGUMENT

**I.  NAKAMURA SHOULD BE ORDERED TO PRESENT HIMSELF FOR AN IN-PERSON DEPOSITION IN NEVADA OR CALIFORNIA.**

Under Fed. R. Civ. P. 30(b)(1), an "examining party may unilaterally choose a deposition's location." *S.E.C. v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014). "As a normal rule plaintiff will be required to make himself or herself available for examination <u>in the district in which suit was brought</u>. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) (emphasis added) (*quoting* Wright, Miller, & Marcus, Federal Practice and Procedure: Civil Section 2112); *Bayer Schering Pharma AG v. Watson Pharms., Inc.*, No. 207CV01472KJDGWF, 2009 WL 10692949, at *4 (D. Nev. Dec. 8, 2009) ("the Court starts with the presumption that Plaintiffs should be required to produce its managing agents for deposition in the forum district.)

"The burden is on the Plaintiffs . . . to show good cause for varying from the normal rule. *Rock Springs*, 185 F.R.D. at 604. "[A]bsent extreme hardship, a nonresident plaintiff should appear for his deposition in the chosen forum." *Id.*; *Ross-Nash v. Almond*, No. 219CV00957APGNJK, 2020 WL 11036016, at *2 (D. Nev. Feb. 18, 2020) ("Courts require a strong showing of hardship before departing from that general rule.") "[M]ere inconvenience or expense is not a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for a claim." *Bowden v. Saint Mary's Reg'l Med. Ctr.*, No. 3:11-CV-460-RCJ-WGC, 2012 WL 2789054, at *4 (D. Nev. July 9, 2012) (citations omitted).

In *Rock Springs*, the Defendants sought to take the depositions of the Intervenors in Nevada. *Rock Springs Vista Dev.*, 185 F.R.D. at 603 (D. Nev. 1999). The Court noted that the Intervenors were, "in effect," plaintiffs because the Intervenors were "seeking monetary and other relief." *Id.* The Intervenors objected to the in-person depositions in Nevada, and requested

the depositions be taken by telephone on the grounds that they resided in Michigan and were "wheelchair-users." *Id.* The Court rejected Defendants' request and ordered them to appear in the district of Nevada where they filed their complaint:

> <u>The plaintiff, on the other hand, has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant</u>. A plaintiff, therefore, cannot invoke the mere fact inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim.

*Id.* at 604 (emphasis added).

And other Courts in this district have come to the same conclusion. *See Dieng v. Hilton Grand Vacations Co., LLC*, No. 2:10-CV-01723-LDG, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011) (holding that plaintiff did not show good cause when she alleged she could not travel to Nevada from Massachusetts because she had "limited financial means to cover airfare, hotel, car rental, meals, parking, and other miscellaneous expenses"); *Joseph v. Las Vegas Metro. Police Dep't*, No. 2:09-CV-00966-HDM, 2010 WL 3238992, at *6 (D. Nev. Aug. 13, 2010) (holding that "plaintiffs fail[ed] to make a showing of 'extreme hardship'" when traveling from Louisiana to Las Vegas "would subject them to severe financial hardship" and when one of the plaintiff's "travel is limited by unspecified ailments"); *see also Hutchens v. Hutchens-Collins*, No. CV-04-281-ST, 2005 WL 6073698, at *3 (D. Or. Dec. 15, 2005) (75 year old plaintiff did not show good cause that he could not travel from Florida to Nevada for his deposition despite: (1) his unsworn allegations that "he suffers from heart disease and lung disease, has difficulty walking due to degenerative joint disease, uses a Continuous Positive Air Pressure ("CPAP") machine at night for sleep apnea, and becomes disoriented and confused while traveling" and (2) an unsworn statement from "his cardiologist that 'it would not be advisable for Mr. Hutchens to travel by himself on an airline, well over eleven hours with a lay over in excess of four hours in Arizona.'")

In this case, the Court should order Nakamura to appear for an in-person deposition in Nevada (or California if that is Nakamura's desire). First and foremost, Nakamura chose to file this case in the District of Nevada and he chose to assert damages against the Defendants in excess of $43 million. *See Rock Springs*, 185 F.R.D. at 604 ("The plaintiff . . . has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant.")

Second, Nakamura is a self-proclaimed "prominent Japanese medical industry professional and executive." Thus, Nakamura cannot claim financial hardship. In addition, his recent travel to California on Mobby-related business not only shows there is no hardship, but also confirms that requiring Nakamura to travel to Nevada or California will not be unreasonable.

Third, it would be economically wasteful to require multiple lawyers on both sides to travel to Japan rather than require one wealthy man to travel to Nevada or California.

Fourth, this is a document-intensive case where Nakamura's credibility is central to his allegations that Defendants made misrepresentations to him. Thus, Nakamura's deposition testimony will be *the* critical event in Defendants' discovery efforts. Thus, Defendants must be able to question Nakamura in-person to observe the impact of his verbal as well as his non-verbal reactions. But this will be challenging given that Defendants will need to employ a professional interpreter to interpret the examination questions and Nakamura's responses. But these difficulties will only be compounded if the deposition is conducted through the veil of remote electronic means, such as video conference. Thus, it is vital to Defendants ability to prepare a defense that they be able to question Nakamura face-to-face.

Finally, requiring Nakamura to travel to the forum he chose is proportional to the needs to this case. Again, Nakamura seeks over $43 million in damages. Given the amount in controversy, it is not unreasonable for Nakamura to travel to Nevada or California.

## CONCLUSION

For the foregoing reasons, Defendants request an order compelling Plaintiff to appear in person at his deposition prior to the close of fact discovery in Las Vegas, Nevada, or at one of Plaintiff's counsel's offices in California.

DATED: August, 21 2024  **CLYDE SNOW & SESSIONS, P.C.**

By: */s/Timothy R. Pack*
Timothy R. Pack (UT Bar # 12193)
Aaron D. Lebenta (UT Bar # 10180)

Attorneys for Defendants/Counterclaimants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
and JAMES PACK