# EXHIBIT 1

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TETSUYA NAKAMURA, | Case No.: 2:22-cv-01324-MMD-EJY |
|---|---|
| Plaintiff, | **PLAINTIFF TETSUYA NAKAMURA'S INITIAL DISCLOSURES** |
| v. | |
| SUNDAY GROUP INCORPORATION, SGI TRUST, TOSHIKI (TODD) MITSUISHI, JAMES PACK and KARL ROLLER, | |
| Defendant. | |

PLAINTIFF TETSUYA NAKAMURA'S
INITIAL DISCLOSURES             1              Case No.: 2:22-cv-01324-MMD-EJY

Pursuant to Fed. R. Civ. P. Rule 26(a)(1), Plaintiff Tetsuya Nakamura, by his attorneys, hereby provides the following initial disclosures. Plaintiff makes these disclosures to the best of his knowledge and belief, based on information reasonably available to him at this stage of the proceedings, or in his possession as of this date, following a good-faith inquiry in accordance with Rule 26. Plaintiff's investigation is ongoing. Plaintiff reserves the right to supplement or correct these disclosures in accordance with Rule 26(e) and as otherwise allowed by the Court or applicable rules, to produce additional information acquired during the course of discovery, and to rely on such additional information as evidence in this action.

Plaintiff makes these disclosures without waiver of, or prejudice to, any and all objections that Plaintiff may have regarding the subject matter of these disclosures, persons identified, or any documents or information identified, including but not limited to: (1) relevance; (2) any applicable privilege, including but not limited to attorney-client privilege; (3) work product protection; (4) the admissibility in evidence of these disclosures and any information disclosed herein; or (5) objections regarding the use at trial of any of the information disclosed in this document or any document or thing produced pursuant to Rule 26. Dr. Nakamura reserves all objections. The inclusion of any individual's identity or the identification or production of any document or document category does not constitute an agreement or concession that the individual will be produced or that the documents still exist or are discoverable. In addition to the disclosures expressly set forth below, Plaintiff incorporates by reference the individuals, entities, documents, and/or categories of documents identified in defendants' initial disclosures (including any supplementations), and reserves the right to use, rely upon, seek discovery from, and/or call as witnesses those individuals, entities, documents, and/or categories of documents as if they were expressly identified herein.

## I. PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS OR DEFENSES

Pursuant to Rule 26(a)(1)(A)(i), Plaintiff hereby identifies the following individuals likely to have discoverable information that Plaintiff may use to support his claims and defenses, and he also identifies the subjects of that information. Plaintiff also incorporates by reference the

individuals and entities with relevant knowledge listed in defendants' initial disclosures (including any supplementations), to the extent they disclose individuals and entities with relevant knowledge. Plaintiff's investigation, research, and analysis of the issues in this case are ongoing. Plaintiff expressly reserves the right to supplement his identification of individuals pursuant to Fed. R. Civ. P. 26(e) as his investigation continues.

Plaintiff believes that current and former officers, directors, employees, or agents of Sunday Group and SGI Trust may have information concerning the matters alleged in the Plaintiff's Complaint (ECF Dkt. No. 1, the "Complaint") and Defendants' Counterclaim (ECF Dkt. No. 47, the "Counterclaim"). Defendants are in the best position to identify current and former officers, directors, employees, or agents of Sunday Group and SGI Trust with discoverable information relevant to Plaintiff's claims. Defendants also are in the best position to know the current addresses and telephone numbers of such former and current Sunday Group and SGI Trust employees and agents. Plaintiff has, however, identified certain current and former Sunday Group and SGI Trust employees or agents (including the individual defendants) who may have discoverable information that Plaintiff may use to support his claims, other than information to be used solely for impeachment, as set forth below.

| Name/Contact Information | Subject Areas |
|---|---|
| Plaintiff Tetsuya Nakamura<br>c/o Fenwick & West LLP<br>801 California Street<br>Mountain View, CA  94041<br>(650) 988-8500 | This individual may have discoverable information relating to:<br>• Certain matters alleged in the Complaint and the Counterclaim<br>• The Series AA Preferred Stock Subscription Agreement ("Subscription Agreement") and Plaintiff's Sunday Group equity investment<br>• The Memorandum of Understanding to Participate in Private Sale ("Mobby MOU") and Plaintiff's investment in the Mobby Project<br>• The Cloud Mining Agreement with SGI Trust and Plaintiff's BitClub Network investment |

| Name/Contact Information | Subject Areas |
|---|---|
| Defendant Toshiki (Todd) Mitsuishi<br>c/o Clyde Snow & Sessions PC<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT  84111<br>(801) 322-2516 | This individual may have discoverable information relating to:<br>• Certain matters alleged in the Complaint and the Counterclaim<br>• The Subscription Agreement and Plaintiff's Sunday Group equity investment, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto<br>• The Mobby MOU and Plaintiff's investment in the Mobby Project, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto<br>• The Cloud Mining Agreement with SGI Trust and Plaintiff's BitClub Network investment, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto |
| Defendant James Pack<br>c/o Clyde Snow & Sessions PC<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT  84111<br>(801) 322-2516 | This individual may have discoverable information relating to:<br>• Certain matters alleged in the Complaint and the Counterclaim<br>• The Subscription Agreement and Plaintiff's Sunday Group equity investment, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto<br>• The Mobby MOU and Plaintiff's investment in the Mobby Project, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto<br>• The Cloud Mining Agreement with SGI Trust and Plaintiff's BitClub Network investment, and Defendants' compliance with their contractual obligations under those agreements, and various misstatements made in relation thereto |

| Name/Contact Information | Subject Areas |
|---|---|
| Leonard Kleinrock<br>UCLA Computer Science Department<br>3732G Boelter Hall<br>Los Angeles, California 90095<br>(310) 825-2543 | This individual may have discoverable information relating to:<br>• Dr. Kleinrock's involvement with Sunday Group and representations made to investors regarding such involvement<br>• The Mobby Project, and Dr. Kleinrock's involvement with the project, and representations made to investors regarding such involvement |
| Ryu Imachi<br>(804) 006-3388 | This individual may have discoverable information relating to:<br>• The Mobby MOU and Plaintiff's investment in the Mobby Project<br>• The Cloud Mining Agreement with SGI Trust and Plaintiff's BitClub Network investment |
| Tsuneyasu Takeda | This individual may have discoverable information relating to:<br>• The Mobby MOU and Plaintiff's investment in the Mobby Project<br>• The Cloud Mining Agreement with SGI Trust and Plaintiff's BitClub Network investment |
| Masaaki Ito<br>(903) 238-8811 | This individual may have discoverable information relating to:<br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Hiroshi Hagiawara | This individual may have discoverable information relating to:<br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Hiromi Takehara | This individual may have discoverable information relating to:<br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |

| Name/Contact Information | Subject Areas |
|---|---|
| Akiyoshi Sanuki | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Hirohisa Uematsu | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Tomoko Takahashi<br>(908) 795-3877 | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Mie Maeda | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Yoko Ogino | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Nakano Nogi | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Kazunori Matsubara | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| Name/Contact Information | Subject Areas |
|---|---|
| Toshiki Tanemura | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Kumiko Uematsu | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Kyoichi Hariu<br>(903) 130-8295 | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Yuji Kuramochi<br>(903) 219-0454 | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Yoshihisa Ishikawa<br>(904) 757-3502 | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Takuho Muramatsu | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |
| Mitsuaki Kanai | This individual may have discoverable information relating to:<br><br>• The Mobby MOU and investment in the Mobby Project, and related statements made to investors |

## II. DOCUMENTS IN PLAINTIFF'S POSSESSION, CUSTODY, OR CONTROL THAT PLAINTIFF MAY USE TO SUPPORT HIS CLAIMS

Pursuant to Rule 26(a)(1)(A)(ii), Plaintiff hereby discloses the following description by category and location of documents, data compilations, and tangible things in Plaintiff's possession, custody, or control that he may use to support his claims or defenses:

- Documents related to Sunday Group, the Subscription Agreement, and the Sunday Group equity investment, including transaction documents
- Documents related to the Mobby Project, Mobby MOU, and investment in the Mobby Project, including the initial Mobby Project White Paper and updates regarding the progress of the Mobby Project
- Documents related to the Cloud Mining Agreement and BitClub Network investment
- Documents related to Sunday Group and SGI Trust investor communications

Plaintiff's investigation, research, and analysis of the issues in this case are ongoing, as is discovery. Plaintiff expressly reserves the right to supplement his identification of categories of documents pursuant to Fed. R. Civ. P. 26(e) as his investigation continues.

## III. COMPUTATION OF DAMAGES

Plaintiff's damages include compensatory, exemplary, and punitive damages. As alleged in the Complaint, Plaintiff seeks the recovery of the 4,228.14 ether and 545.455 bitcoin that he invested in the Mobby and BitClub investments, along with any exemplary, punitive and other damages available at law against Defendants, jointly and severally. Plaintiff also seeks all other remedies available under the applicable statutes, including but not limited to attorney fees and costs. Plaintiff reserves the right to amend this disclosure.

## IV. INSURANCE AGREEMENTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Plaintiff has no applicable insurance agreements to disclose.

## V. GENERAL

Plaintiff reserves the right to supplement these Initial Disclosures as more information becomes available.

Dated: July 18, 2023

**FENWICK & WEST LLP**

By: */s/Felix S. Lee*
Felix S. Lee
Christopher J. Steskal
Casey O'Neill
Claire Mena

*and*

**FENNEMORE CRAIG, P.C.**

By: */s/John D. Tennert*
John D. Tennert III (Nevada Bar No. 11728)
Wade Beavers (Nevada Bar No. 13451)

Attorneys for Plaintiff
TETSUYA NAKAMURA