FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>    Defendants.<br><br>SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>    Counterclaimants,<br><br>v.<br><br>TETSUYA NAKAMURA,<br><br>    Counterdefendant. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL APPEARANCE AT A DEPOSITION |

Plaintiff Tetsuya Nakamura ("Dr. Nakamura") respectfully submits this memorandum in opposition to the August 21, 2024 motion to compel Dr. Nakamura's appearance at a deposition filed by defendants Sunday Group Incorporated ("Sunday Group"), SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack (collectively, "Defendants"). ECF No. 88.

## I. INTRODUCTION

Dr. Nakamura commenced this action to recover the value of certain investments he made in and through Defendants. Dr. Nakamura is a Japanese citizen residing in Japan. Sunday Group is a purported blockchain industry startup formed and operating in Nevada. Dr. Nakamura alleges that Defendants induced his investments with false representations and breached fiduciary, contractual and other legal duties owed Dr. Nakamura.

Beginning in late 2023, and continuing into 2024, Defendants have sought confirmation that Dr. Nakamura will appear in person, in the United States, for a deposition. As the plaintiff in this matter, who appropriately chose the District of Nevada as the venue, Dr. Nakamura intends to appear in the United States for a deposition at the appropriate time. He has never indicated otherwise. Document discovery must be complete before depositions are scheduled, however. Defendants have only recently produced a meaningful volume of documents in response to Dr. Nakamura's requests for production, doing so on June 14, 2024, and supplementing their production on July 29 and August 15 to address technical issues with the documents they produced. Unfortunately, the recent productions appear to be deficient in several ways. Missing Slack and other message communications, for example, are likely to shed significant light on the merits of the case. Likewise, missing financial records are central to the merits and must be produced. Until these deficiencies are addressed, depositions are premature, and the motion to compel should be denied.

Additionally, although Defendants submitted no proposed order to this effect, Defendants have stated an intention to take Dr. Nakamura's deposition before any other depositions occur in the case. *See* ECF No. 88-5. That sequencing is inappropriate given the time, travel, and effort involved in coordinating Dr. Nakamura's deposition. Insofar as Defendants seek an order requiring that Dr. Nakamura testify first, their motion should be denied in that additional respect.

## II. FACTS AND PROCEDURAL HISTORY

Dr. Nakamura commenced this action on August 16, 2022. ECF No. 1. He alleges that Defendants solicited three investments from him over a course of several years, which are worth millions of dollars: (1) an initial equity investment in Sunday Group; (2) a digital currency-based investment whereby Dr. Nakamura purchased the right to receive "M-Tokens" from a "Mobby Project" Sunday Group claimed to be developing; and (3) another digital currency-based investment in which defendants Todd Mitsuishi and SGI Trust promised to place funds with a third-party digital currency "mining" operation, BitClub Network ("BCN"), that turned out to be a Ponzi scheme. *Id.* ¶¶ 3-5, 20-33. Dr. Nakamura alleges that Defendants induced these investments with false representations and omissions, such as false statements regarding timely issuance of stock certificates and appropriate use of capital contributed, false statements regarding a renowned professor's involvement with the Mobby Project, and the failure to disclose that BCN was a Ponzi scheme. *See id.* Dr. Nakamura has asserted claims including fraud, negligent misrepresentation, breach of fiduciary duty, and breach of contract, as well as claims for rescission and damages under Japanese law which governs the Mobby Project investment. *Id.* ¶ 36 *et seq.*

Defendants filed a motion to dismiss on November 1, 2022 (ECF No. 27), which the Court denied on April 10, 2023 (ECF No. 44). Defendants filed an initial answer and counterclaims on May 8, 2023 (ECF No. 47), and then amended the answer and counterclaims on August 10, 2023 (ECF No. 59). Dr. Nakamura moved to dismiss certain counterclaims on October 5, 2023 (ECF No. 68), and the Court granted that motion in part, and denied the motion in part, on June 12, 2024 (ECF No. 79). Defendants filed a second amended answer and counterclaims on July 12, 2024 (ECF No. 84), and Dr. Nakamura answered the amended counterclaims on August 2, 2024 (ECF No. 87).

In parallel to the summarized motion practice, the parties have proceeded with document discovery. Dr. Nakamura served requests for production ("RFPs") on all Defendants on September 8, 2023. *See* Declaration of Casey O'Neill ("O'Neill Decl.") ¶ 3. Defendants served responses and objections to the RFPs on October 23, 2023. *Id.* ¶ 4. Counsel for the parties met

and conferred regarding the RFPs on November 29, 2023. *Id.* ¶ 5. Defendants produced 364 pages of documents in response to the RFPs on April 15, 2024. *Id.* ¶ 6. Defendants produced 1024 pages of documents in response to the RFPs on May 14, 2024. *Id.* Defendants produced 21,938 pages of documents in response to the RFPs—the bulk of their production to date—on June 14, 2024. *Id.* A portion of the June 14 production was defective, in that counsel for Dr. Nakamura was not able to view apparently responsive documents therein. *Id.* ¶ 7. Defendants had inserted slip sheets in place of at least some responsive documents. *Id.* Counsel for the parties discussed this issue, and to address it, Defendants made supplemental productions on July 29, 2024 and August 15, 2024. *Id.*

On July 30, 2024, the parties met and conferred regarding the status of document discovery and regarding prospective deposition practice. *Id.* ¶ 8. In that discussion, counsel for Dr. Nakamura identified certain apparently missing document sources in Defendants' productions (e.g., Slack messages, WhatsApp messages). *Id.* In the same discussion, Defendants' counsel confirmed their intention to take Dr. Nakamura's deposition before any other depositions occur in the case. *Id.*; *see also* ECF No. 88-5 ("We requested to take Nakamura's deposition first and therefore will take his deposition before any other depositions occur in this case.").

Dr. Nakamura memorialized the July 30 discussion by letter dated August 20, 2024, requesting confirmation that Defendants had preserved and collected and would produce any missing documents. *Id.* at Ex. A. Defendants have yet to respond to that request or indicate when additional document productions will occur. *Id.* ¶ 9. On September 3, 2024, Dr. Nakamura followed up by letter regarding the missing document sources, and regarding other perceived deficiencies in Defendants' productions (e.g., missing financial statements). *Id.* at Ex. B. Defendants have yet to respond to that correspondence or make any further document productions. *Id.* ¶ 10.

As it stands, fact discovery must be completed by December 2, 2024. ECF No. 78. Defendants filed the instant motion to compel on August 21, 2024, seeking to compel Dr. Nakamura's appearance at a deposition notwithstanding the foregoing document discovery issues. ECF No. 88.

## III.   ARGUMENT

### A.   Deposition Discovery is Premature

Federal Rule of Civil Procedure 26 vests the court with "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court may set the timing and order of the discovery methods used. *Id.* at 599.

In support of their motion, Defendants cite the principle that "absent extreme hardship, a nonresident plaintiff should appear for his deposition in the chosen forum." ECF No. 88 at 4 (quoting *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999)). Dr. Nakamura does not dispute that principle. Defendants contend that Dr. Nakamura has "refused to agree to appear in person in the United States for his deposition" (ECF No. 88 at 1), but that is incorrect. Dr. Nakamura has never indicated intent to refuse a U.S. deposition appearance. Rather, his position, which he has communicated to Defendants (*see* O'Neill Decl. at Ex. A, B), is that completion of document discovery must precede any depositions in this matter. That sequencing is appropriate, given that documentary evidence will inform and refresh the recollections of all prospective deponents, thereby sharpening the expected deposition testimony and providing counsel a full written record against which to compare the testimony.

As described in letter correspondence, there appear to be numerous deficiencies in Defendants' document productions to date:

- The documents produced reflect use of numerous professional and personal email addresses by defendants Todd Mitsuishi and James Pack. Dr. Nakamura has identified these email addresses and sought confirmation that Defendants have collected and produced from all of them. Defendants have not provided that confirmation. *Id.* at Ex. A, B.

- The documents produced indicate that responsive communications were transmitted through the messaging platform Slack. Defendants have not produced any Slack communications. Dr. Nakamura has identified this as a missing document source and sought confirmation that Defendants have collected and will produce all responsive Slack communications. Defendants have not provided that confirmation. *Id.*

- The documents produced, and certain other materials disclosed during meet-and-confer dialogue, indicate that responsive text messages and other messaging application communications exist. Defendants have produced few if any such messages. Dr.

- Nakamura has identified these as other missing document sources and sought confirmation that Defendants have collected and produced all responsive messages. Defendants have not provided that confirmation. *Id.*

- The documents produced appear to include almost no materials from Defendants' home drives (e.g., Google Drive), as opposed to documents transmitted by email. Dr. Nakamura has identified this as another missing document source and sought confirmation that Defendants have collected and produced all responsive home drive materials. Defendants have not provided that confirmation. *Id.*

- Defendants have indicated that defendant Todd Mitsuishi is still in the process of gathering certain responsive medical records. Dr. Nakamura has identified this as an incomplete aspect of Defendants' production and sought clarification as to when a further production of medical records will occur. Defendants have not provided that clarification. *Id.*

- Finally, there appear to be additional substantive deficiencies in Defendants' productions. For one, Dr. Nakamura's has sought documents relating to Sunday Group's and the so-called Mobby Project's financial status, including but not limited to capitalization tables, financial statements, balance sheets, income statements, profit and loss statements, and cashflow statements. These documents are central to the litigation—Dr. Nakamura's breach of contract claims rest in part on Defendants' failure to make required financial statement disclosures, and these documents should reveal the use (or misuse) of capital Dr. Nakamura invested. Dr. Nakamura has raised the issue of these missing documents with Defendants, and, to date, they have not responded with any explanation. *Id.* at Ex. B.

If these deficiencies are not cured, Dr. Nakamura anticipates filing a motion to compel of his own. Regardless, until document discovery is complete, depositions—of Dr. Nakamura and of Defendants—are premature.

### B.     <u>Defendants' Depositions Should Precede Dr. Nakamura's</u>

If for some reason the Court is inclined to grant Defendants' motion to compel, ordering Dr. Nakamura to appear at a deposition, the Court should ensure appropriate sequencing of all party depositions in the case. Dr. Nakamura is a foreign citizen residing abroad who will require a Japanese language translator for his deposition. Defendants, in contrast, including Todd Mitsuishi and James Pack, are U.S. citizens or entities domiciled in or near the state of Nevada. Given the effort and expense required to arrange Dr. Nakamura's deposition, Defendants' stated intention to take Dr. Nakamura's deposition first is inappropriate. Rather, the Court should order that depositions of Defendants occur first.

## IV. CONCLUSION

The Court should deny the motion to compel without prejudice to Defendants' right to refile the motion, as needed, at an appropriate time. In the alternative, the Court should order that Defendants' depositions occur before Dr. Nakamura's.

Dated: September 4, 2024

**FENWICK & WEST LLP**

By: */s/Casey O'Neill*
   Casey O'Neill

**FENNEMORE CRAIG, P.C.**

By: */s/ John D. Tennert III*
   John D. Tennert III (Nevada Bar No. 11728

   Attorneys for Plaintiff and Counterdefendant
   TETSUYA NAKAMURA