Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701
Facsimile:  (725) 666-8710

Aaron D. Lebenta (UT Bar # 10180)
adl@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS, PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone/Facsimile: (801) 322-2516

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**AMENDED STIPULATION AND [PROPOSED] SCHEDULING ORDER (Fourth Request)** |

Plaintiff Tetsuya Nakamura and Defendants Sunday Group Incorporated, SGI Trust, Toshiki (Todd) Mitsuishi and James Pack (collectively, "Defendants") (collectively sometimes the "Parties"), by and through counsel, hereby submit this amended stipulation and proposed scheduling order ("Amended Stipulation") seeking a fourth extension to the discovery deadlines. This Amended Stipulation and proposed scheduling order is being submitted to supplement the Parties' stipulation and proposed scheduling order submitted December 2, 2024 (ECF No. 93), and to provide additional information in response to the Court's minute order entry on December 2, 2024 (ECF No. 94), denying without prejudice the Parties' initial stipulation and proposed scheduling order (ECF No. 93), on the basis that it failed to satisfy the good cause standard of LR 26-3 or clearly identify the discovery that has been completed and remains to be completed.

1

WHEREAS, as it stands, fact discovery must be completed by December 2, 2024, initial expert disclosures are due by December 30, 2024, rebuttal expert disclosures are due by January 30, 2025, the last day for filing dispositive motions is March 3, 2025, and a joint pretrial order is due by March 31, 2025, unless dispositive motions are pending (ECF No. 78).

WHEREAS, the Parties have been diligently engaged in fact discovery. However, discovery in this matter has been complicated by a number of factors, including: (1) the scope of the claims and counterclaims, several of which are subject to Japanese law, which has added to the complexity of the matter and to discovery in regards to determining which documents and other information are or may be relevant to the elements of the claims and defenses under Japanese law; (2) the number of potentially responsive documents,; (3) the existence of a number of documents, including communications, in a foreign language (Japanese); and (4) because several potential witnesses are located in Japan, which has presented logistical challenges for determining how to contact potential witnesses and how to secure their participation.

WHEREAS, to date, the Parties have engaged in and completed the following discovery tasks:

- The Parties have each served initial disclosures and initial disclosure documents.
- The Parties have served written discovery requests, consisting of interrogatories and requests for production of documents.
- Subject to their objections, the Parties' have responded to interrogatories, and have searched for and provided responsive documents. Thus far, Plaintiff has produced approximately 1,550 pages of documents in response to Defendants' requests for production, and Defendants have produced approximately 32,000 pages of documents in response to Plaintiff's requests for production.
- No party has conducted any depositions, as the Parties previously stipulated to complete the production of documents prior to scheduling depositions. (ECF Nos. 91-92).

1        WHEREAS, Plaintiff represents that he has completed his document production in response to existing discovery requests by Defendants, subject to any and all objections and Plaintiff's right to supplement under the Federal Rules of Civil Procedure.

       WHEREAS, Defendants are continuing to review their records to search for documents that are responsive to existing discovery requests by Plaintiff, and Defendants' document production continues to progress on a rolling basis, but has been delayed in part due to Defendants' need to work with a document processing vendor, and in part due to the need to canvass multiple possible document custodians and data sources (e.g., emails, home drives, messaging applications), and translate hundreds of documents that are in Japanese to determine their relevance. Through this process, Defendants have identified and are in the process of reviewing an additional approximately 7,000 pages of documents that are potentially responsive to Plaintiff's discovery requests. Defendants plan to complete that review and their existing document production in response to existing discovery requests by Plaintiff, subject to any and all objections and Defendants' right to supplement under the Federal Rules of Civil Procedure, by no later than January 15, 2025.

       WHEREAS, Plaintiff maintains that he has identified several gaps in Defendants' productions including the following categories that may contain additional responsive materials: (1) custodians other than the Defendants; (2) additional accounts held by Defendants', including email accounts; (3) certain Google Drive materials; (4) SMS, Whatsapp, Chatwork, and other text messages; (5) certain financial statements; and (6) further documents or communications that may be relevant to Bitclub network claims. While Defendants maintain that the breadth of the information and search parameters that Plaintiff seeks is extensive, time consuming and costly for Defendants to search for relevant information, Defendants have agreed to search these sources subject to all objections, with the Parties reserving all rights.

       WHEREAS, the parties have engaged in several meet and confer conferences in recent weeks to discuss the scope of discovery and to try to resolve discovery disputes without court involvement. It is the Parties hope that they can continue to be effective in resolving further

4914-1049-1651, v. 1

discovery disputes without court involvement.

WHEREAS, the remaining discovery that remains to be completed consists primarily of:

- Scheduling a number of depositions once the current document production is complete, at least one of which involves a foreign national residing abroad that will present logistical hurdles such as arranging for travel and translators.
- Evaluating a need for, and conducting, any additional document discovery from third parties, either through informal request or subpoenas. The Parties are in the process of evaluating the scope of documents and other information obtained thus far to determine whether any further third party discovery will be necessary.
- Evaluating the need for any motions to compel.
- Further evaluating which topics may benefit from expert discovery – a process that will be more efficient and certain once fact discovery is completed – and retaining experts and preparing initial expert disclosures.

WHEREAS, and for the foregoing reasons, the Parties believe that this case involves a number of complex and complicating factors that have impacted the progress of the case and discovery thus far, and which warrant an additional extension of the current discovery deadlines. Additionally, allowing the Parties more time to complete fact discovery – including depositions – and expert discovery will help facilitate settlement discussions by allowing the parties to better assess the relative strengths and weaknesses of their respective positions. The Parties have already engaged in preliminary discussions about engaging in mediation.

IT IS ACCORDINGLY STIPULATED, pursuant to Civil Local Rule 6-1 and 6-2, that:

1. Fact discovery shall be completed by April 2, 2025;
2. Initial expert disclosures shall be made no later than April 30, 2025. Rebuttal expert disclosures shall be made no later than May 30, 2025;
3. The last day for filing dispositive motions shall be July 3, 2025;
4. The joint pretrial order shall be due no later than July 30, 2025, unless dispositive motions are pending on that date in which case the due date for the joint pretrial order

4

4914-1049-1651, v. 1

is automatically extended to 30 days after a decision is issued on such motions.

DATED: December 2, 2024        **CLYDE SNOW & SESSIONS**

By: */s/Timothy R. Pack*
    Timothy R. Pack

Attorneys for Defendants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
AND JAMES PACK

DATED: December 2, 2024        **FENWICK & WEST**

By: */s/Casey O'Neil*
    Casey O'Neill
    (*electronically signed with permission*)

Attorneys for Plaintiff
TETSUYA NAKAMURA

**ORDER**

IT IS SO ORDERED:

_____
THE HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

DATED: _____

5

4914-1049-1651, v. 1