FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

*Attorneys for Plaintiff and Counterdefendant*
*Tetsuya Nakamura*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, | Case No.: 2:22-cv-01324-MMD-EJY |
| Plaintiff, | |
| v. | |
| SUNDAY GROUP INCORPORATED, *et al.*, | |
| Defendants. | |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI, | |
| Counterclaimants, | |
| v. | |
| TETSUYA NAKAMURA, | |
| Counterdefendant. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

**DECLARATION OF CLAIRE MENA IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DOCUMENTS RESPONSIVE TO DISCOVERY REQUESTS**

I, Claire Mena, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.    I am admitted *pro hac vice* to this Court, and am an associate at Fenwick & West LLP, counsel for Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura").

2.    I submit this declaration in support of Dr. Nakamura's memorandum in support of Plaintiff's Motion to Compel Documents Responsive to Discovery Requests.

3.    Dr. Nakamura commenced this action by complaint filed August 16, 2022. ECF No. 1.

4.    Dr. Nakamura served requests for production ("RFPs") on each of the named defendants, Sunday Group Incorporated ("Sunday Group"), SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack (collectively, "Defendants"), on September 8, 2023. Defendants served responses and objections to the RFPs on October 23, 2023.

5.    Counsel for the parties met and conferred regarding the RFPs on November 29, 2023.

6.    Defendants produced 364 pages of documents in response to the RFPs on April 15, 2024. Defendants produced 1,024 pages of documents in response to the RFPs on May 14, 2024. Defendants produced 21,938 pages of documents in response to the RFPs on June 14, 2024.

7.    A portion of Defendants' June 14, 2024 production was defective, in that apparently responsive documents therein were not viewable. Defendants had inserted slip sheets in place of at least some responsive documents. Counsel for the parties discussed this issue, and to address it, Defendants made supplemental productions on July 29, 2024 and August 15, 2024.

8.    On July 30, 2024, counsel for the parties met and conferred regarding the status of document discovery. In that discussion, Casey O'Neill, counsel for Dr. Nakamura, identified certain apparently missing document sources in Defendants' productions (e.g., Slack messages, text messages, WhatsApp messages).

9.      Mr. O'Neill summarized the July 30, 2024 meet-and-confer discussion by letter to Defendants' counsel dated August 20, 2024. A true and correct copy of that August 20, 2024 letter is attached as **Exhibit A**. Defendants did not respond to the letter with the requested confirmation that Defendants have preserved, collected, and will produce all responsive messaging application communications. Further, Defendants did not respond with the confirmation that they preserved all responsive Slack communications.

10.      Mr. O'Neill sent an additional letter to Defendants' counsel on September 3, 2024, following up regarding missing document sources and other perceived deficiencies (e.g., missing financial statements) in Defendants' productions. A true and correct copy of the September 3, 2024 letter is attached as **Exhibit B**. Defendants did not respond to the letter with the requested confirmation that Defendants have preserved, collected, and will produce all responsive messaging application communications. Further, Defendants did not respond with the confirmation that they preserved all responsive Slack communications.

11.      Mr. O'Neill sent an additional letter to Defendants on September 27, 2024, reiterating the same document deficiency concerns. A true and correct copy of the September 27, 2024 letter is attached as **Exhibit C**.

12.      On October 4 and October 7, 2024, counsel for the parties met and conferred regarding the status of document discovery. In that discussion, counsel for Dr. Nakamura, Felix Lee, identified apparently missing document sources in Defendants' productions (e.g., documents and communications from custodians other than Defendants James Pack and Todd Mitsuishi). When Mr. Lee inquired about the delays in document collection, counsel for Defendants explained that counsel had not been "focusing" on this case and had been focusing on other cases. Mr. Lee summarized the October 4 and October 7, 2024 meet-and-confer discussion by letter to Defendants' counsel dated October 10, 2024. A true and correct copy of the October 10, 2024 letter is attached as **Exhibit D**. Defendants have yet to complete productions of responsive communications within all messaging applications, as requested in the letter. Further, Defendants did not confirm that all responsive message traffic was preserved, as well as the preservation period for Slack and that Slack channels were preserved.

FENWICK & WEST LLP
ATTORNEYS AT LAW

13.     On November 5, 2024, counsel for the parties met and conferred regarding the status of document discovery. Counsel for Defendants estimated that a text message production would occur before Thanksgiving. On November 27, 2024, counsel for Defendants emailed counsel for Dr. Nakamura and wrote that they "hope to produce these by December 13, but December 20 is more realistic." A true and correct copy of that November 27, 2024 email is attached as **Exhibit E**. On December 26, counsel for Defendants emailed counsel for Dr. Nakamura and wrote that the production of text messages was delayed. A true and correct copy of that December 26, 2024 email is attached as **Exhibit F**.

14.     On January 10 and 15, 2025, Defendants produced a combined total of 1,525 pages of heavily redacted text messages and other messaging traffic from James Pack and Todd Mitsuishi. The productions include highly relevant text messages including a May 13, 2017 text message conversation between Mr. Pack and Mr. Mitsuishi in which Mr. Pack texts Mr. Mitsuishi about ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ A true and correct copy of this May 13, 2027 text message is attached as **Exhibit G**.

15.     On January 29, 2025, Defendants produced 14,585 pages of emails from additional Sunday Group email domain accounts. Certain Sunday Group email domain accounts containing responsive communications, including accounts for Stephanie Vaughan and Ken Hashimoto, were not produced.

16.     Documents produced by Defendants to date indicate that Stephane Vaughan, a Sunday Group contractor, possessed responsive communications. For example, a true and correct copy of a communication produced by Defendants involving Ms. Vaughan's sv@sundaygroupinc.com email address is attached as **Exhibit H**. A true and correct copy of a communication produced by Defendants with an alternate, sv@mobby.ai, email address is attached as **Exhibit I**, and Defendants have yet to respond to a January 29, 2025 meet-and-confer request for them to clarify actions taken with respect to the @mobby.ai email domain.

17.     Emails from Ken Hashimoto, who is listed on Defendants' initial disclosures as someone who should be contacted through Defendants' counsel and has "information and knowledge about the Mobby Project, including information related to finances and accounting," also were not produced. Defendants' Second Supplemental Initial Disclosures state that Mr. Hashimoto has the following Sunday Group email address: kh@sundaygroupinc.com. A true and correct copy of Defendants' Second Supplemental Initial Disclosures, dated November 25, 2024, is attached as **Exhibit J**.

18.     On January 29, 2025, counsel for the parties met and conferred regarding the status of document discovery. In that discussion, Counsel for Defendants explained that delays in document production were due to international travel, "stuff" with family and a child in boarding school, and issues with document review vendors.

19.     Counsel for Defendants confirmed that they had yet to collect or produce responsive Signal messages. When asked when Signal messages would be produced, counsel for Defendants were unwilling to provide a deadline, but agreed to target three weeks from the date of the meet and confer.

20.     Counsel for Defendants confirmed that they had not, and did not intend to, collect or produce responsive communications from Sunday Group personnel—whether they be co-founders, advisors, or contractors—who did not have Sunday Group domain email addresses but rather used other domain accounts (e.g., @hotmail.com; @cs.ucla.edu) to communicate regarding Sunday Group business.

21.     The evidence produced to date suggests that Sunday Group personnel for whom communications have not been produced include critical witnesses in this case (e.g., Karl Roller (Sunday Group co-founder), Leonard Kleinrock (member and Chairman of Sunday Group's Advisory Board), and other individuals listed on Defendants' initial disclosures as persons with knowledge relevant to Defendants' claims or defenses (including Fred Almeida, Petros Drineas, Michele Ciampi, and Crystal Lilly)). Defendants' initial disclosures indicate that certain Sunday Group personnel, including Leonard Kleinrock, Karl Roller, and Crystal Lily, should be contacted through Defendants' counsel. Certain consulting agreements produced to date state

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   that ███████████████████████████████████████████████ For
2   example, a true and correct copy of a consulting agreement produced by Defendants is attached
3   as **Exhibit K**. A true and correct copy of Defendants' Initial Disclosures, dated July 18, 2023, is
4   attached as **Exhibit L**. A true and correct copy of Defendants' First Supplemental Initial
5   Disclosures, dated November 28, 2023, is attached as **Exhibit M**. A true and correct copy of
6   Defendants' Third Supplemental Initial Disclosures, dated February 5, 2025, is attached as
7   **Exhibit N**.

8       22.     Counsel for Defendants appear to have confirmed that they have not collected,
9   and do not intend to collect, responsive texts or other messaging application communications
10  from any individuals listed on Defendants initial disclosures, or otherwise, other than Todd
11  Mitsuishi and James Pack. Counsel for Defendants stated at the January 29, 2025 meet-and-
12  confer, "Not our devices. We can't get them." Documents produced by Defendants to date
13  indicate that other Sunday Group personnel, including Karl Roller and Leonard Kleinrock,
14  conducted business by text message. True and correct copies of examples of text messages with
15  Leonard Kleinrock produced by Defendants are attached as **Exhibit O**. True and correct copies
16  of examples of text messages with Karl Roller produced by Defendants are attached as **Exhibit
17  P**.

18      23.     Additionally, when the parties met and conferred, counsel for Dr. Nakamura
19  reiterated outstanding concerns regarding preservation and spoliation of communications.
20  Counsel for Defendants declined to state a specific date when Defendants received preservation
21  notices. And counsel for Defendants appeared to indicate that only Todd Mitsuishi and James
22  Pack received preservation notices, explaining that other employees, independent contractors,
23  and advisors were "not [their] clients." Counsel for Defendants communicated that questions
24  regarding preservation should be directed to their clients, presumably in an interrogatory or at a
25  deposition.

26      24.     Text messages produced by Defendants to date suggest that Todd Mitsuishi and
27  James Pack may not have taken steps to preserve all relevant text messages. For example,
28  Defendants produced two different versions of certain text message threads with each other (i.e.,

FENWICK & WEST LLP
ATTORNEYS AT LAW

two versions of Todd Mitsuishi's communications with James Pack and two versions of James Pack's communications with Todd Mitsuishi). In one of Todd Mitsuishi's threads and one of James Pack's threads, certain text messages, including messages relevant to this case, are omitted. A true and correct copy of an excerpt from one of Todd Mitsuishi's text message threads is attached as **Exhibit Q**. A true and correct copy of an excerpt from a different version of the same text message thread with apparently omitted text messages is attached as **Exhibit R**. A true and correct copy of an excerpt from one of James Pack's text message threads is attached as **Exhibit S**. A true and correct copy of an excerpt from a different version of the same text message thread with apparently omitted text messages is attached as **Exhibit T**.

25.    With regard to Slack messages, at the January 29, 2025 meet-and-confer, counsel for Defendants stated that they have no reason to doubt Slack messages were preserved, but counsel did not proffer facts on whether Defendants took the necessary steps to adopt a retention period to comply with a litigation hold (e.g., by suspending any applicable auto-delete functions).

26.    On February 10, 2025, the undersigned emailed counsel for Defendants to provide notice of the intent to file Dr. Nakamura's Motion to Compel Documents Responsive to Discovery Requests absent (1) production of responsive Signal messages and responsive email and text and other messaging application communications from all Sunday Group personnel, and (2) confirmation that Defendants and other Sunday Group personnel have received preservation notices and taken affirmative steps to preserve communications related to this litigation. On February 12, 2025, counsel for Defendants explained that Defendants (1) "hope to have [Signal message collection] completed soon"; (2) "disagree with [Dr. Nakamura's] position that Sunday Group has a duty to collect and produce emails or texts from personal email accounts, personal text messaging accounts, or devices of employees, consultants or advisory board members"; and (3) the "request for preservation communications is subject to the attorney-client privilege." A true and correct copy of the email exchange with Defendants' counsel is attached as **Exhibit U**.

FENWICK & WEST LLP
ATTORNEYS AT LAW

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 21st day of February 2025, at Washington, District of Columbia.


/s/Claire Mena
Claire Mena

**EXHIBIT INDEX**

| Exhibit | Description | Pages |
|---|---|---|
| A. | C. O'Neill August 20, 2024 Letter to T. Pack | 4 |
| B. | C. O'Neill September 3, 2024 Letter to T. Pack | 6 |
| C. | C. O'Neill September 27, 2024 Letter to T. Pack | 2 |
| D. | F. Lee October 10, 2024 Letter to T. Pack | 11 |
| E. | T. Pack November 27, 2024 Email to C. O'Neill | 3 |
| F. | T. Pack Email re Production of Text Messages was Delayed | 6 |
| G. | Messages with J. Pack | 2 |
| H. | Emails with sv@sundaygroupinc.com | 2 |
| I. | Emails with sv@mobby.ai | 1 |
| J. | Defendants' Second Supplemental Initial Disclosures | 5 |
| K. | Consulting Agreement | 2 |
| L. | Defendants' Initial Disclosures | 7 |
| M. | Defendants' First Supplemental Initial Disclosures | 3 |
| N. | Defendants' Third Supplement to Initial Disclosures | 6 |
| O. | Messages with L. Kleinrock | 2 |
| P. | Messages with K. Roller | 1 |
| Q. | Messages with T. Mitsuishi | 2 |
| R. | Messages with T. Mitsuishi with Omissions | 1 |
| S. | Messages with J. Pack | 1 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

T.     Messages with J. Pack with Omissions                    2

U.     Emails between Counsel                                  16