# EXHIBIT L

Defendants' Initial Disclosures

Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701
Facsimile:  (725) 666-8710

Thomas A. Brady (UT Bar # 12454)
tab@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
Keith M. Woodwell (UT Bar # 7253)
kmw@clydesnow.com
**CLYDE SNOW & SESSIONS PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**DEFENDANTS' INITIAL DISCLOSURES** |

Defendants Sunday Group Incorporated ("Sunday Group"), James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants"), submit the following initial disclosures:

**PRELIMINARY STATEMENT**

Defendants have made a reasonable and good faith effort to comply with the initial disclosure requirements set forth in Rule 26(a)(1). Defendants continue to collect documents related to this action and may interview potential witnesses who also may have information relevant to this action. Each of the following disclosures, therefore, is based upon information presently known and available to Defendants. Defendants reserve the right to identify additional witnesses or documents that become known through their continuing investigation of this matter

and/or that may pertain to claims and/or defenses that are hereafter asserted in this matter. In all other ways, Defendants reserve the right to amend or supplement these disclosures.

## INITIAL DISCLOSURES

**1. Rule 26(a)(1)(A)(i): The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses unless the use would be solely for impeachment:**

a. <u>Todd Mitsuishi</u>. Contact Defendants' counsel. This individual has information and knowledge regarding the following subjects: (1) Defendants' communications with Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (2) representations made to Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (3) Plaintiff's threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (4) the operation and development of Sunday Group and the Mobby Project; (5) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (6) damages suffered as a result of such interference; (7) Defendants' interactions with Sundale and Mr. Imachi; and (8) the allegations in the Complaint and Counterclaim.

b. <u>James Pack</u>. Contact Defendants' counsel. This individual has information and knowledge regarding the following subjects: (1) Plaintiffs' threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (2) the development of the Mobby Project; (3) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (4) damages suffered as a result of such interference; (5) Defendants' interactions with Sundale and Mr. Imachi; and (7) the allegations in the Complaint and Counterclaim.

c. <u>Karl Roller</u>. Contact Defendants' counsel. This individual has information and knowledge regarding the following subjects: (1) Communications related to Plaintiff's transaction with BitClub; and (2) transfer of funds to BitClub and adminstrative work related to creating BitClub accounts for Plaintiff.

d. <u>Crystal Lilly</u>. Contact Defendants' counsel. This individual has information and knowledge regarding the following subjects: (1) Communications related to Plaintiff's transaction with BitClub; and (2) transfer of funds to BitClub and adminstrative work related to creating BitClub accounts for Plaintiff.

e. <u>Joseph Abel</u>. Contact information unknown. This individual has information and knowledge regarding the following subjects: (1) Communications related to Plaintiff's transaction with BitClub; and (2) transfer of funds to BitClub and adminstrative work related to creating BitClub accounts for Plaintiff.

f. <u>Tetsuya Nakamura</u>. Contact through Plaintiff's counsel. This individual has information and knowledge regarding the following subjects: (1) Defendants' communications with Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (2) representations made to Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (3) Plaintiff's threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (4) the operation and development of Sunday Group and the Mobby Project; (5) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (6) damages suffered as a result of such interference; (7) Defendants' interactions with Sundale and Mr. Imachi; and (8) the allegations in the Complaint and Counterclaim.

    g. <u>Tsuneyasu Takeda</u>. Contact information unknown. This individual has information and knowledge regarding the following subjects: (1) Defendants' communications with Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (2) representations made to Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (3) Plaintiff's threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (4) the operation and development of Sunday Group and the Mobby Project; (5) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (6) damages suffered as a result of such interference; (7) Defendants' interactions with Sundale and Mr. Imachi; and (8) the allegations in the Complaint and Counterclaim.

    h. <u>Tomoko Takahashi</u>. Contact information unknown. This individual has information and knowledge regarding the following subjects: (1) Defendants' communications with Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (2) representations made to Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (3) Plaintiff's threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (4) the operation and development of Sunday Group and the Mobby Project; (5) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (6) damages suffered as a result of such interference; (7) Defendants' interactions with Sundale and Mr. Imachi; and (8) the allegations in the Complaint and Counterclaim.

    i.   <u>Ryu Imachi</u>. Contact information unknown. This individual has information and knowledge regarding the following subjects: (1) Defendants' communications with Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (2) representations made to Plaintiff regarding Sunday Group, the Mobby Project, and the transaction with BitClub; (3) Plaintiff's threats against Mr. Mitsuishi as detailed in the Counterclaim and the resulting actual and emotional damages suffered; (4) the operation and development of Sunday Group and the Mobby Project; (5) Plaintiff's interference with Mobby and Sunday Group Investors and Plaintiff's attempts to damage Defendants' reputations; (6) damages suffered as a result of such interference; (7) Defendants' interactions with Sundale and Mr. Imachi; (8) any misrepresentations Mr. Imachi made to Plaintiff; and (9) the allegations in the Complaint and Counterclaim.

Defendants reserve the right to call any witnesses identified by the other parties to this action and to supplement this list at any time.

    **2.**    **Rule 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

See DEF 000001-000200.

Defendants reserve the right to use any documents produced or identified by any other party to this action.

    **3.**    **Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party, who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

    a.   <u>Defendants' First, Third and Fourth Causes of Action</u>. Damages caused by Plaintiff's untruthful statements and unlawful interference which damaged Defendants' reputation to

its investors and in the eyes of the public, and which caused Sunday Group and Mobby offer token and stock buy backs. Such damages are no less than $2,000,000.

b. <u>Defendants' First, Second, Third, and Fourth Causes of Action</u>. Emotional distress, pain and suffering, and general damages no less than $15,000,000.

**4.   Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

DATED: July 18, 2023                **CLYDE SNOW & SESSIONS, P.C.**

By: */s/Timothy R. Pack*
Timothy R. Pack (UT Bar 12193)

Attorneys for Defendants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
AND JAMES PACK

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2023, the foregoing Initial Disclosures was served on the person(s) named below via electronic mail.

                                               */s/ Brian Joyce*
                                               Brian Joyce

| | |
|---|---|
| **FENNEMORE CRAIG, P.C.**<br>John D. Tennert III (NV Bar 11728)<br>jtennert@Fennemorelaw.com<br>Wade Beavers (NV Bar 13451)<br>wbeavers@fennemorelaw.com | **FENWICK & WEST LLP**<br>Felix S. Lee (CA Bar 197084)<br>flee@fenwick.com<br>Christopher J. Steskal (CA Bar 212297)<br>csteskal@fenwick.com<br>Casey O'Neill (CA Bar 264406)<br>coneill@fenwick.com<br>Claire Mena (CA Bar 339324)<br>cmena@fenwick.com |

{02158823-1}

7    Case No: 2:22-cv-01324-MMD-EJY
**DEFENDANTS' INITIAL DISCLOSURES**