# EXHIBIT A

C. O'Neill August 20, 2024 Letter to T. Pack



555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Casey T. O'Neill
coneill@fenwick.com  |  415.875.2027

August 20, 2024

**VIA EMAIL**

Timothy R. Pack, Esq.
Aaron D. Lebenta, Esq.
Clyde Snow & Sessions, PC
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

Re:  <u>Tetsuya Nakamura v. Sunday Group Inc. et al</u>., No. 22-cv-01324-MMD-EJY

Dear Tim and Aaron:

We write to summarize our telephonic meet-and-confer discussion of July 31, 2024, and to address a number of other outstanding discovery and other case related issues.

**Document Discovery**

*Document Irregularities.*  We received your clients' July 29, 2024 and August 15, 2024 supplemental document productions, which we understand attempt to correct data format or visibility issues we identified in your prior productions. We are evaluating the materials produced, and to the extent that we continue to be unable to view data which appears to be substantive and responsive, we will identify examples for you and can confer further as needed to address those issues.

*Potentially Unproduced Document Sources.*  As discussed on our meet-and-confer call, we have identified the following email domains and addresses for your clients James Pack and Todd Mitsuishi which appear to have been used for responsive communications. Please confirm that you and your clients have preserved, collected, and produced all responsive documents from each of these email accounts.

Timothy R. Pack, Esq.
August 20, 2024
Page 2

1. James Pack

    1. jpack29@gmail.com
    2. jpack29@yahoo.com
    3. jpack29@protonmail.com
    4. jp@mobby.ai
    5. jpack29@outlook.com
    6. jp@dagtech.info
    7. jpack29@me.com
    8. jpack@iorthopedicsinc.com
    9. jp@sundaygroupinc.com
    10. jp@mobby.ai

2. Todd Mitsuishi

    1. toddmits@gmail.com
    2. toddmits@protonmail.com
    3. tm@sundaygroupinc.com
    4. tm@sundayholdings.com
    5. tm@mobby.ai

We also have identified correspondence referring to Slack workspaces, channels, and messaging apparently containing responsive communications. For example, DEF 006698 refers to the following Slack channels: mobbyoffice.slack.com; mobbiai.slack.com; sundaygrouphq.slack.com; and mobbyai.slack.com. Additional references to Slack communications can be found in DEF 017397, DEF 004458, and DEF 006671. Please confirm that you and your clients have preserved, collected, and produced all responsive documents from Slack.

We also have identified evidence that texts messages and WhatsApp appear to have been used for responsive communications. Please confirm that you and your clients have preserved, collected, and produced all responsive text and messaging application communications.

We have yet to identify in your clients' productions any materials which appear to have resided on home drives (e.g., Google Drive), as opposed to communications exchanged by email. Please confirm that you and your clients have preserved, collected, and produced all responsive materials from home drives or similar sources.

*Medical Records.* Finally, you indicated that your clients' most recent document productions include certain responsive medical records, but that Mr. Mitsuishi is in the process of obtaining

Timothy R. Pack, Esq.
August 20, 2024
Page 3

additional responsive medical records. Please confirm once all responsive medical records are produced.

**Defendants' Potential Production of Privileged Material**

In addition, in reviewing your clients' productions, we have identified a number of documents that may reference privileged communications between your clients and their counsel. Accordingly, we are writing to notify you of the possibly inadvertent disclosure of privileged communications and to give you the opportunity to review your clients' productions and seek the return of any privileged documents. The three documents identified below are examples for your reference, however, there may be more documents that disclose privileged communications or attorney work product.

- DEF 003035: "I was informed of from our attorneys…"
- DEF 013123: "…after discussing with our attorneys…"
- DEF 013124: "So attorney's viewpoint is…"

Please let us know as soon as possible if your clients seek to claw back any documents on the grounds that they contain or disclose privileged communications or attorney work product.

**Deposition Discovery**

On our call, we also discussed the timing and sequence of any depositions to be taken in this matter. You requested that our client, Dr. Nakamura, appear in person in the United States (in either Nevada or California) for a deposition and stated a preference that Dr. Nakamura's deposition precede depositions of your clients. We are discussing this request with our client and will respond under separate cover in due course. In the interim, our position is that resolution of the above issues and completion of document discovery must precede any depositions in the case, and that depositions of your clients should take place before Dr. Nakamura's deposition given the necessary travel involved for Dr. Nakamura. We are amenable to a further meet-and-confer on deposition issues once document discovery is complete.

**Mediation**

Finally, we discussed the possibility of pre-deposition mediation. You indicated potential willingness to engage in that process. We will discuss it with our client and let you know if he is amenable.

Timothy R. Pack, Esq.
August 20, 2024
Page 4

Sincerely,

FENWICK & WEST LLP

/s/ *Casey O'Neill*

Casey O'Neill