UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, et al.,<br><br>Defendants. | Case No. 2:22-cv-01324-MMD-EJY<br><br>**ORDER** |
| SUNDAY GROUP INCORPORATED and TOSHIKI (TODD) MITSUISHI,<br><br>Counter-Claimants,<br><br>v.<br><br>TETSUYA NAKAMURA,<br><br>Counter-Defendant. | |

Pending before the Court is Plaintiff's Motion to Seal (ECF No. 101) certain documents and to redact his Motion to Compel (ECF No. 99) as well as a declaration in support thereof. The only basis provided to support sealing and redacting documents is a protective order that is not, in and of itself, sufficient basis to seal or redact documents. "[A] party "may not simply rely on the Stipulated Protective Order ... to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at \*1 (D. Nev. Apr. 17, 2019), *citing Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Indeed, while Plaintiff cites the *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), standard in the Motion to Seal, Plaintiff does not apply this standard in support of sealing or redacting documents.

1  Accordingly, IT IS HEREBY ORDERED that the Motion to Seal (ECF No. 101) is DENIED
2  without prejudice.
3  IT IS FURTHER ORDERED that the presently provisionally sealed documents filed at ECF
4  No. 100 shall remain sealed pending the outcome of a revised motion to seal.
5  Dated this 24th day of February, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2