EXHIBIT 1

EXHIBIT 1

Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701
Facsimile: (725) 666-8710

*Attorneys for Defendants*

Keith M. Woodwell (UT Bar # 7253)
kmw@clydesnow.com
Aaron D. Lebenta (UT Bar # 10180)
adl@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
Thomas A. Brady (UT Bar # 12454)
tab@clydesnow.com
**CLYDE SNOW & SESSIONS PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual, | Case No.: 2:22-cv-01324-MMD-EJY |
| Plaintiff, | |
| v. | **DEFENDANT SUNDAY GROUP INC.'S RESPONSES TO PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*, | |
| Defendants. | |

**PROPOUNDING PARTIES:**     Tetsuya Nakamura

**RESPONDING PARTY:**     Sunday Group Incorporated

**SET:**     ONE

Defendant Sunday Group Incorporated ("Defendant"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds and objects to Plaintiff Tetsuya Nakamura's ("Nakamura" or "Plaintiff") First Set of Requests for Production (the "Requests") as follows:

**GENERAL STATEMENT**

Defendant has not yet completed discovery or his investigation in this case but has made diligent and good faith effort to obtain answers responsive to the Requests. All the responses contained herein are based only upon the information and documents that are presently available and specifically known to Defendant, anticipates that further discovery and independent investigation will provide additional facts and meaning to the known facts, which made lead to changes in the response set forth herein. Accordingly, the following answers are given without prejudice to Defendant's right to produce evidence and subsequently discovered facts and/or documents.

Defendant also generally objects to these Requests to the extent the Requests are not directed at a claim, defense or allegation made by Defendant and to the extent Plaintiff has sent duplicative Requests to the other Defendants/Counterclaimants, on the basis that the Requests are thereby overbroad and not proportional within the meaning of F.R.C.P. 26(b).

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** All DOCUMENTS referred to or referenced in DEFENDANTS' Initial Disclosures dated July 18, 2023, to the extent not already produced.

**RESPONSE TO REQUEST NO. 1:** See all documents produced with the referenced Initial Disclosures.

**REQUEST NO. 2:** All COMMUNICATIONS to or from any of the individuals listed in DEFENDANTS' Initial Disclosures dated July 18, 2023, related to DR. NAKAMURA, the SUBSCRIPTION AGREEMENT, MOBBY, the MOBBY MOU, BCN, the CLOUD MINING AGREEMENT, or otherwise relating to the allegations in the Complaint or the allegations in DEFENDANTS' amended answer and counterclaims (ECF No. 59).

**RESPONSE TO REQUEST NO. 2:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on

the grounds that it is overbroad and unduly burdensome because Plaintiff requests communications between any party, for any time period, and related to no less than nine (9) topics, including related to all allegations in the Complaint. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests, in that Plaintiff seeks production of virtually "all" DOCUMENTS, not only relating to the entire case, but which collectively exceed the scope of the case. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden.").

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 3:** All DOCUMENTS relating to DR. NAKAMURA'S investment made pursuant to the SUBSCRIPTION AGREEMENT, including without limitation all DOCUMENTS concerning any share issuance thereunder.

**RESPONSE TO REQUEST NO. 3:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests DOCUMENTS between any party, for any time period. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden."). Read literally, this could include every document regarding company operations from all time.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendants are aware of the following documents: DEF0001-188 and 195-202. Defendants are

also willing to meet and confer with Plaintiff to discuss a reasonable scope of production of additional possible documents that may be responsive to this Request.

**REQUEST NO. 4:** All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to Sunday Group, including without limitation representations made to solicit DR. NAKAMURA'S investment made pursuant to the SUBSCRIPTION AGREEMENT.

**RESPONSE TO REQUEST NO. 4:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests DOCUMENTS between any party, for any time period. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden.")

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections,

Defendants are aware of the following documents: DEF0001-188 and 195-202. Defendants are also willing to meet and confer with Plaintiff to discuss a reasonable scope of production of additional possible documents that may be responsive to this Request.

**REQUEST NO. 5:** All DOCUMENTS reflecting or relating to Sunday Group's financial status, including without limitation capitalization tables, financial statements, balance sheets, income statements, profit and loss statements, and cashflow statements, from the date of the SUBSCRIPTION AGREEMENT to the present, including without limitation all COMMUNICATIONS with DR. NAKAMURA or any other investor concerning the same.

**RESPONSE TO REQUEST NO. 5:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests all Sunday Group financial documents and any communications related to such documents. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden.")

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 6:** All DOCUMENTS reflecting or relating to Sunday Group's development of viable product, including without limitation all DOCUMENTS concerning the operation of ATMs that can deposit or withdraw bitcoin.

**RESPONSE TO REQUEST NO. 6:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests that Defendant produce virtually "all" DOCUMENTS related to SUNDAY GROUP and the Mobby Project. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden."). Read literally, this could include every document regarding company operations from all time.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or

protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 7:** All DOCUMENTS reflecting or relating to DEFENDANTS' use of the capital DR. NAKAMURA invested pursuant to the SUBSCRIPTION AGREEMENT.

**RESPONSE TO REQUEST NO. 7:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it purports to require Defendant to re-create and/or trace the use of specific capital from a specific investor over a period of years.  Also, read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden.")

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or

protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 8:** All DOCUMENTS relating to DR. NAKAMURA'S investment in MOBBY, including without limitation DOCUMENTS concerning the issuance or exchange-listing of "M-Tokens."

**RESPONSE TO REQUEST NO. 8:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it would purport to require Defendant to guess at which documents may relate to Plaintiff's decision to invest in MOBBY. Also, read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that would appear to be beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

**SUNDAY GROUP INC.'S RESPONSES TO NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 9:** All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to MOBBY, including without limitation representations made to solicit DR. NAKAMURA'S investment in MOBBY.

**RESPONSE TO REQUEST NO. 9:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom Sys., supra.* Defendant further objects on the basis that this request also requires Defendant to assume facts, which are unproven and disputed to respond, including but not limited to, that there were "representations made to solicit" Plaintiff's investment.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such

documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 10:** All DOCUMENTS reflecting or relating to the current or anticipated value of the MOBBY Project and/or M-Tokens, including without limitation all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**RESPONSE TO REQUEST NO. 10:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests that Defendant produce virtually "all" DOCUMENTS related to SUNDAY GROUP and the Mobby Project, including documents (communications) that are or should be already in Plaintiff's possession. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that exceed the scope of the case. *See In re Datacom Sys., supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest

exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is unaware of any COMMUNICATIONS with Plaintiff related to the value of the MOBBY Project and/or M-Tokens. Further, Defendant is willing to meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 11:** All DOCUMENTS reflecting or relating to MOBBY financial status including without limitation balance sheets, income statements, profit and loss statements, and cashflow statements from January 1, 2017 to the present, including without limitation all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**RESPONSE TO REQUEST NO. 11:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests all financial records related to the Mobby Project. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom Sys., supra.*

Defendant further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 12:** All DOCUMENTS reflecting or relating to progress or lack thereof toward the launch of a viable MOBBY product or prototype thereof.

**RESPONSE TO REQUEST NO. 12:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests that Defendant produce virtually "all" DOCUMENTS related to SUNDAY GROUP and the Mobby Project.  This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case.  *See In re Datacom Sys., supra.* Read literally, this could include every document regarding company operations from all time.

Defendant further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 13:** All DOCUMENTS reflecting or relating to the transfer or use of the DIGITAL CURRENCY or other capital DR. NAKAMURA invested in MOBBY, including without limitation all DOCUMENTS reflecting or relating to DEFENDANTS' Ethereum wallet or other digital wallets which held DR. NAKAMURA'S DIGITAL CURRENCY investment and all DOCUMENTS reflecting or relating to DEFENDANTS' cryptocurrency exchange accounts used to transfer or hold DR. NAKAMURA'S DIGITAL CURRENCY investment.

**RESPONSE TO REQUEST NO. 13:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it purports to require Defendant to re-create and/or trace the use of specific capital from a specific investor over a period of years, and because it purports to seek the production of information that is far outside the scope

of this case, including financial information and digital wallets that is not related to Plaintiff. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 14:** All DOCUMENTS relating to Professor Leonard Kleinrock's involvement or lack thereof with MOBBY or Sunday Group, including all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**RESPONSE TO REQUEST NO. 14:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests that Defendant

produce virtually "all" DOCUMENTS and COMMUNICATIONS related to Dr. Kleinrock, as well as documents (including communications) that are or should already be in Plaintiff's possession. Also, read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that would appear to be beyond the scope of the case. *See In re Datacom, supra*.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 15:** All DOCUMENTS relating to any non-disclosure agreement any of the DEFENDANTS entered into with the U.S. Securities and Exchange Commission.

**RESPONSE TO REQUEST NO. 15:** Defendant is unaware of the existence of any DOCUMENTS responsive to this request.

**REQUEST NO. 16:** All DOCUMENTS relating to the relationship between SGI Trust on the one hand and any of Sunday Group, James Pack, or Todd Mitsuishi on the other hand.

**RESPONSE TO REQUEST NO. 16:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because Plaintiff requests that Defendant produce virtually "all" DOCUMENTS and COMMUNICATIONS related to the Defendants. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom Sys., Inc.*, No. 14-11096 ABL, 2014 WL 10077651, at *16 (Bankr. D. Nev. July 25, 2014) ("A party is entitled to reasonable, relevant discovery; however, the use of a blockbuster production request calling for all possible documents relating to the entire case pending before the Court does impose an undue burden.")

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 17:** All DOCUMENTS relating to DR. NAKAMURA'S investment made pursuant to the CLOUD MINING AGREEMENT.

**RESPONSE TO REQUEST NO. 17:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it would require Defendant to guess at which documents may relate to Plaintiff's alleged "investment" decision, and because it seeks documents that are or should be already in Plaintiff's possession. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, and documents that exceed the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 18:** All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to BCN, including without limitation representations made to solicit DR. NAKAMURA'S investment made pursuant to the CLOUD MINING AGREEMENT.

**RESPONSE TO REQUEST NO. 18:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including in that it purports to seek documents (communications) that are or should be already in Plaintiff's possession. Defendant further objects on the basis that this request also requires Defendant to assume facts, which are unproven and disputed to respond, including but not limited to, that there were "representations made to solicit" Plaintiff's investment. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, and documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 19:** All DOCUMENTS reflecting or relating to the past, current, or anticipated returns generated pursuant to the CLOUD MINING AGREEMENT, including all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**RESPONSE TO REQUEST NO. 19:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including in that it purports to seek documents (communications) that are or should be already in Plaintiff's possession. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 20:** All DOCUMENTS reflecting or relating to BCN financial status from the date of the CLOUD MINING AGREEMENT to the present, including all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**RESPONSE TO REQUEST NO. 20:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including in that it purports to seek

documents (communications) that are or should be already in Plaintiff's possession. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is unaware of any responsive documents.

**REQUEST NO. 21:** All DOCUMENTS reflecting or relating to the transfer or use of the DIGITAL CURRENCY or other capital DR. NAKAMURA invested pursuant to the CLOUD MINING AGREEMENT, including all DOCUMENTS reflecting or relating to DEFENDANTS' Bitcoin wallet or other digital wallets which held DR. NAKAMURA'S DIGITAL CURRENCY investment and all DOCUMENTS reflecting or relating to DEFENDANTS' cryptocurrency exchange accounts used to transfer or hold DR. NAKAMURA'S DIGITAL CURRENCY investment.

**RESPONSE TO REQUEST NO. 21:** set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome as it requests all DOCUMENTS related

to Defendant's crypto currency exchange accounts, including because it purports to require Defendant to re-create and/or trace the use of specific capital from a specific investor over a period of years, and because it purports to seek the production of information that is far outside the scope of this case, including financial information and digital wallets that is not related to Plaintiff. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control.  Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 22:** All DOCUMENTS relating to BCN, including without limitation all DOCUMENTS relating to any regulatory action taken, threatened, or considered with respect to BCN and all COMMUNICATIONS with representatives of BCN.

**RESPONSE TO REQUEST NO. 22:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome as it requests all DOCUMENTS related

to BCN. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read cumulatively with Plaintiff's other forty-two requests in that it seeks production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom Sys., supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, Defendant is unaware of any responsive documents.

**REQUEST NO. 23:** All DOCUMENTS reflecting or relating to any distributions DR. NAKAMURA received pursuant to the CLOUD MINING AGREEMENT or from BCN.

**RESPONSE TO REQUEST NO. 23:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including insomuch as it requests documents that should already be in Plaintiff's possession, and when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom Sys., supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control.  Subject to and without waiving the foregoing objections, Defendant is in possession of no DOCUMENTS responsive to this request.

**REQUEST NO. 24:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has been diligently working on and progressing the Mobby Project," as alleged in Paragraph 25 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 24:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome as it requests all DOCUMENTS related to Sunday Group and the Mobby Project.  This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read together with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom Sys., supra.* Read literally, this could include every document regarding company operations from all time.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest

exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 25:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has kept its investors… reasonably informed of the Mobby Project's status and progress through frequent updates," as alleged in Paragraph 26 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 25:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because it seeks virtually all communications with every investor.  This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read together with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case.  *See In re Datacom Sys., supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest

**SUNDAY GROUP INC.'S RESPONSES TO NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION**

exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date.  Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 26:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "[b]eginning in March of 2021, [DR. NAKAMURA] and Takeda begin a campaign of harassment and extortion against Sunday Group and Mr. Mitsuishi," as alleged in Paragraph 29 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 26:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, and states that Defendant believes that many of the documents responsive to this request are in the possession and/or control of Plaintiff or third parties.  Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case.  *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 27:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that [DR. NAKAMURA] forced and/or coerced Takeda into participating in [DR. NAKAMURA]'s extortion campaign," as alleged in Paragraph 30 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 27:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, and states that Defendant believes that many of the documents responsive to this request are in the possession and/or control of Plaintiff or third parties.  Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case.  *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the

attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 28:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has suffered damage to its goodwill and reputation," as alleged in Paragraph 36 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 28:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, and may be the subject of expert opinion. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or

protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 29:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA threatened the lives of Mr. Mitsuishi and/or Dr. Kleinrock, as alleged in Paragraphs 42 and 43 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 29:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, and states that Defendant believes that many of the documents responsive to this request are in the possession and/or control of Plaintiff or third parties. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or

protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 30:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Mr. Mitsuishi suffered severe emotional trauma and health issues," including DOCUMENTS relating to any leave of absence taken by Mr. Mitsuishi, as alleged in Paragraphs 46 and 47 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 30:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including to the extent it seeks protected medical information.  Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that may be beyond the scope of the case.  *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or

protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 31:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA made false statements to any Token Investors about Sunday Group and its principals, as alleged in Paragraph 68 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 31:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 32:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "intended to disrupt the contracts by making false and misleading claims" to Token Investors, as alleged in Paragraph 72 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 32:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome. This is the type of "blockbuster" request that imposes an undue burden on Defendant, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the

subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 33:** All "contracts with certain Token Investors" referred to in Paragraphs 71 and 72 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 33:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome because it seeks copies of contracts to which Plaintiff is not a party and has no entitlement to review.  Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case.  *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 34:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group had prospective contractual relationships between itself and one or more third-parties regarding future investments in Sunday Group and/or the Mobby Project," as alleged in Paragraph 80 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 34:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within

Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 35:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA or any of his agents "intended to disrupt" prospective economic relationships as, as alleged in Paragraph 83 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 35:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it requests documents that are or should already be in Plaintiff's possession.    Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within

Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 36:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "[DR. NAKAMURA] intended to cause Mr. Mitsuishi severe or extreme emotional distress or acted with reckless disregard for causing Mr. Mitsuishi severe or extreme emotional distress," as alleged in Paragraph 91 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 36:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it requests documents that are or should already be in Plaintiff's possession. Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible

evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 37:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA's alleged conduct "was the actual and proximate cause of Mr. Mitsuishi's severe and extreme emotional distress," as alleged in Paragraph 92 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 37:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all

documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 38:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Mr. Mitsuishi has suffered special and general damages in an amount to be determined a trial, but no less than $10,000,000 USD," as alleged in Paragraph 93 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 38:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and

confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 39:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "filed claims and made allegations against Sunday Group and Mr. Mitsuishi…for the ulterior purposes of: (1) intimidating and threatening Sunday Group and Mr. Mitsuishi into paying [DR. NAKAMURA] exorbitant sums of money; and (2) to harm the success of the Mobby Project," as alleged in Paragraph 96 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 39:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it requests documents that are or should already be in Plaintiff's possession.    Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all

documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 40:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA committed any "willful acts … designed to intimate, harass, and extort Sunday Group and its principals," as alleged in Paragraph 97 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 40:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it requests documents that are or should already be in Plaintiff's possession.   Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra*.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all

documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 41:** All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "made false and defamatory statements to third-persons concerning Sunday Group and Mr. Mitsuishi," as alleged in Paragraph 102 of the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 41:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, including because it requests documents that are or should already be in Plaintiff's possession.   Further, when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents that are beyond the scope of the case. *See In re Datacom, supra*.

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all

documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 42:** All DOCUMENTS relating to damages suffered by COUNTERCLAIMAINTS, as alleged in the COUNTERCLAIM.

**RESPONSE TO REQUEST NO. 42:** Defendant incorporates by reference each of the general objections set forth above as if fully set forth herein. Defendant further objects to this request on the grounds that it is overbroad and unduly burdensome, particularly when read collectively with Plaintiff's forty-two other requests, this request demands production of virtually "all" DOCUMENTS relating to the entire case, as well as documents beyond the scope of the case. *See In re Datacom, supra.*

Defendant further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Thus, if any non-privileged responsive documents exists, Defendant will produce such documents pursuant to the controlling protective order.

Defendant further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks materials not within Defendant's custody or control. Subject to and without waiving the foregoing objections, see all documents produced by the parties to date. Defendant is also still in the process of searching for additional documents responsive to this Request, and will produce them following a meet and

confer with Plaintiff to discuss a reasonable scope of production of documents responsive to this Request.

DATED: October 30, 2023                    **CLYDE SNOW & SESSIONS, P.C.**

                                           By: */s/Timothy R. Pack*
                                                Timothy R. Pack (UT Bar 12193)

                                           Attorneys for Defendants
                                           SUNDAY GROUP INCORPORATED,
                                           SGI TRUST, TOSHIKI (TODD) MITSUISHI
                                           AND JAMES PACK

**SUNDAY GROUP INC.'S RESPONSES TO NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION**

1

2

## **CERTIFICATE OF SERVICE**

3

I hereby certify that on this 30th day of October 2023, the foregoing DEFENDANT

4

SUNDAY GROUP, INC.'S RESPONSES TO PLAINTIFF AND COUNTERDEFENDANT

5

TETSUYA NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION was served on

6

the person(s) named below via electronic mail.

7

8                                                            */s/ Sabrina Afridi*
Sabrina Afridi
Legal Assistant

9

10   Felix S. Lee (CA Bar 197084)
flee@fenwick.com

11   Christopher J. Steskal (CA Bar 212297)

12   csteskal@fenwick.com
Casey O'Neill (CA Bar 264406)

13   coneill@fenwick.com
Claire Mena (CA Bar 339324)

14   cmena@fenwick.com

15   **FENWICK & WEST LLP**

16   Silicon Valley Center
801 California Street

17   Mountain View, CA 94041

18

19   John D. Tennert III (NV Bar 11728)
jtennert@Fennemorelaw.com

20   Wade Beavers (NV Bar 13451)
wbeavers@fennemorelaw.com

21   **FENNEMORE CRAIG, P.C**

22   7800 Rancharrah Parkway
Reno, NV 89511

23

24

25

26

27

28