FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

*Attorneys for Plaintiff and Counterdefendant Tetsuya Nakamura*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>    Defendants.<br><br>SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>    Counterclaimants,<br><br>    v.<br><br>TETSUYA NAKAMURA,<br><br>    Counterdefendant. | Case No.: 2:22-cv-01324-MMD-EJY |

# SUPPLEMENTAL DECLARATION OF CLAIRE MENA IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO DISCOVERY REQUESTS

I, Claire Mena, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am admitted *pro hac vice* to this Court, and am an associate at Fenwick & West LLP, counsel for Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura").

2. I submit this declaration in support of Dr. Nakamura's reply memorandum in support of Plaintiff's Motion to Compel Documents Responsive to Discovery Requests.

3. On February 18, 2022, Dr. Nakamura sent a demand letter and notice of recission to Defendants. The letter explained that it was "a formal demand by [Dr.] Nakamura for contractual rescission and immediate return of capital he invested in multiple investment vehicles[.]" The letter provided notice that "Sunday Group and its affiliates (including SGI) must preserve potentially relevant evidence . . .". A true and correct copy of that letter is attached to this supplemental declaration as **Exhibit A**.

4. Dr. Nakamura commenced this action by complaint filed August 16, 2022. ECF No. 1.

5. Dr. Nakamura served requests for production ("RFPs") on each of the named defendants, Sunday Group Incorporated ("Sunday Group"), SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack (collectively, "Defendants"), on September 8, 2023. Dr. Nakamura's RFPs include the following definition for "Documents": "the original, or absent any original a copy, of intra-office or inter-office memoranda, COMMUNICATIONS, letters, emails, text or other messages, written materials . . .". A true and correct copy of Dr. Nakamura's RFPs served to Sunday Group are attached to this supplemental declaration as **Exhibit B**.

6. On November 29, 2023, counsel for the parties met and conferred regarding the RFPs. Counsel for Dr. Nakamura, Casey O'Neill, summarized the November 29, 2023 meet-and-confer discussion by letter to Defendants' counsel dated January 8, 2024. Mr. O'Neill did not memorialize any agreement limiting discovery to two custodians, Mr. Mitsuishi and Mr. Pack. A true and correct copy of this January 8, 2024 letter is attached to this supplemental declaration as **Exhibit C**. Counsel for Defendants responded to this January 8, 2024 letter by letter dated

1    January 18, 2024. Counsel for Defendants did not indicate that they intended to only produce
2    emails from Mr. Mitsuishi and Mr. Pack. A true and correct copy of this January 18, 2024 letter
3    is attached to this supplemental declaration as **Exhibit D**.

4    7.    On October 4 and October 7, 2024, counsel for the parties met and conferred
5    regarding the status of document discovery. In that discussion, counsel for Dr. Nakamura, Felix
6    Lee, raised the issue that only communications from Mr. Pack and Mr. Mitsuishi were produced
7    and reminded counsel of the obligation to identify, collect, and produce from all custodians
8    reasonably likely to have responsive documents and communications.

9    8.    In that discussion, counsel for Dr. Nakamura, Joshua Parr, discussed an email
10   from Ken Hashimoto to Mr. Mitsuishi (*see* Mena Decl. at Ex. D) dated August 16, 2017 in which
11   Mr. Hashimoto sends a screenshot of spreadsheets to Mr. Mitsuishi and writes, "deposit from
12   investor, Tetsuya Nakamura, temporary deposit for bitcoin mining, the money sen[t] to Genesis
13   mining." At the meet and confer, counsel for Defendants first took the position that
14   Mr. Hashimoto, the sender of the Google document, is not an employee of Sunday Group and
15   that Sunday Group does not have access to his files. Mr. Parr responded that Mr. Hashimoto's
16   email address, KH@sundaygroupinc.com, appears to be a Sunday Group domain address.
17   Counsel for Defendants explained that to the extent that an individual has a Sunday Group-
18   owned email address, Defendants were instructed to pull data and run search terms. Mr. Parr
19   reiterated that the communication appeared to be within Sunday Group's control. Counsel for
20   Defendants responded, "if it is, and it is in their Google drive it will be produced, and we will
21   make sure that is produced." A true and correct copy of Mr. Hashimoto's email is attached to this
22   supplemental declaration as **Exhibit E**.

23   9.    On November 5, 2024, counsel for the parties met and conferred regarding the
24   status of document discovery. Counsel for Defendants agreed to talk with their clients and
25   assemble a list of which custodians have Sunday Group or DAG Technologies email accounts, to
26   assess the volume of materials within the accounts, and to further discuss the possible need to
27   collect from additional custodians. Mena Decl. at Ex. E.

28

Fenwick & West LLP
Attorneys at Law

10. On November 26, 2024, Defendants served their second supplement initial disclosures which included Mr. Hashimoto. The disclosures stated that Mr. Hashimoto has "information and knowledge about the Mobby Project, including information related to finances and accounting." Mena Decl. at Ex. J. Counsel for Defendants explained that the initial disclosures "contain the names of individuals affiliated with the Mobby Project including their Sunday Group email address, if applicable." Mena Decl. at Ex. E.

11. On December 16, 2024, the undersigned emailed counsel for Defendants regarding Defendants' document productions. The undersigned wrote that "Defendants' document productions, containing communications only from James and Todd, likely does not contain all responsive communications" and that "to the extent that the [] custodians [listed within Defendants' second supplemental initial disclosures] contain responsive communications", they should be produced as well. Mena Decl. at Ex. F. The undersigned included the list of custodians from Defendants' second supplemental initial disclosures. Among the custodians listed was Mr. Hashimoto. *Id*. The undersigned explained that the "list is not exhaustive, as Defendants are best positioned to know the realm of custodians and which custodians contain responsive communications." *Id*.

12. On January 29, 2025, the parties met and conferred. Counsel for Dr. Nakamura, Casey O'Neill, asked whether Defendants collected from Sunday Group accounts on their initial disclosures and produced all responsive materials. Counsel for Defendants confirmed: "If on initial disclosures and have an account we produced it."

13. On February 4, 2025, counsel for Defendants emailed a list of custodians to counsel for Dr. Nakamura, omitting Mr. Hashimoto. Lebenta Decl. at Ex. 3.

14. On February 12, 2025, the undersigned emailed counsel for Defendants and explained Dr. Nakamura's intent to file a motion to compel absent production of certain responsive documents, including Mr. Hashimoto's documents. Mena Decl. at Ex. U.

15. On March 3, 2025, after Dr. Nakamura filed this motion, counsel for Defendants emailed counsel for Dr. Nakamura regarding the use of search terms to apply to Mr. Hashimoto's communications and reviewing documents in Japanese. On March 6, 2025, the undersigned

emailed counsel for Defendants and wrote: "With regard to the search terms, it is difficult for us to discuss limiting the search terms in the abstract without knowing the number of hits the search terms bring back . . . the next step would be to start with [the] agreed upon search terms to understand the universe of documents. We are open to discussing limitation of the search terms, if necessary, once you have prepared a hit report. Additionally, we understand that your current discovery platform cannot search documents by Japanese characters. In a litigation like this, it is typical to prepare search terms in the language of the communications, as the translations on review platforms are imperfect at best. This is a review where a large portion of communications are conducted in Japanese. Thus, your choice of a review platform that may not be suitable for this type of litigation should not be a barrier to Dr. Nakamura receiving responsive communications. We are open to discussing that issue as needed." A true and correct copy of that March 3, 2025 and March 6, 2025 correspondence is attached to this supplemental declaration as **Exhibit F**.

    I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

    Executed this 28th day of March 2025, at Washington, District of Columbia.

*/s/ Claire Mena*
Claire Mena

**EXHIBIT INDEX**

| Exhibit | Description | Pages |
|---|---|---|
| A | February 18, 2022 Dr. Nakamura Demand Letter | 6 |
| B | September 8, 2023 Plaintiff's RFPs, Set One to Sunday Group | 11 |
| C | January 8, 2024 C. O'Neill Letter to T. Pack re November 29, 2023 Meet-and-Confer | 5 |
| D | January 18, 2024 T. Pack Letter to F. Lee and C. O'Neill | 2 |
| E | August 16, 2017 K. Hashimoto Email to T. Mitsuishi | 2 |
| F | March 6, 2025 C. Mena Email re M. Hashimoto's Account | 5 |