# EXHIBIT B

September 8, 2023 Plaintiff's RFPs, Set One to Sunday Group

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>            Plaintiff,<br><br>      v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>            Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SUNDAY GROUP INCORPORATED |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>            Counterclaimants,<br>      v.<br><br>TETSUYA NAKAMURA,<br><br>            Counterdefendant. | |

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

**PROPOUNDING PARTY:**     Tetsuya Nakamura

**RESPONDING PARTY:**     Sunday Group Incorporated

**SET:**     One

Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura") hereby requests that Defendant and Counterclaimant Sunday Group Incorporated ("Sunday Group") respond to the following Requests for Production of Documents (the "Requests") within thirty (30) days of the date indicated on the certificate of service attached hereto.

## DEFINITIONS AND INSTRUCTIONS

1. The term "DR. NAKAMURA" shall mean Plaintiff Tetsuya Nakamura.

2. The term "DEFENDANTS" shall mean, collectively, Sunday Group, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust.

3. The term "DEFENDANT," "YOU," OR "YOUR" shall mean Sunday Group.

4. The term "COUNTERCLAIMANTS" shall mean Sunday Group and Toshiki (Todd) Mitsuishi.

5. The term "COUNTERCLAIM" shall mean the Counterclaim asserted by COUNTERCLAIMANTS within the First Amended Answer and Counter Claim filed by DEFENDANTS (ECF No. 59).

6. The term "DIGITAL CURRENCY" shall have the same meaning ascribed to the term in Paragraphs 17-19 of Dr. Nakamura's complaint in this action (ECF No. 1) (the "Complaint").

7. The term "SUBSCRIPTION AGREEMENT" shall mean the Series AA Preferred Stock Subscription Agreement dated April 19, 2015, described at Paragraph 21 *et seq.* of the Complaint.

8. The term "MOBBY" shall mean the "Mobby Project" and/or "M-Tokens" described at Paragraph 25 *et seq.* of the Complaint.

9. The term "MOBBY MOU" shall mean the Memorandum of Understanding to Participate in Private Sale dated November 28, 2017, described at Paragraph 27 *et seq.* of the Complaint.

10.     The term "BCN" shall mean the mining company BitClub Network described at Paragraph 29 *et seq.* of the Complaint.

11.     The term "CLOUD MINING AGREEMENT" shall mean the Cloud Mining Agreement dated March 1, 2018, described at Paragraph 30 *et seq.* of the Complaint.

12.     The term "PERSON" OR "PERSONS" shall mean, without limitation, natural persons, firms, partnerships, corporations, limited liability companies, joint ventures, or any other such individual or form of business or legal entity.

13.     The term "DOCUMENT" shall include, without limitation, the original, or absent any original a copy, of intra-office or inter-office memoranda, COMMUNICATIONS, letters, emails, text or other messages, written materials, reports, records, personal calendars and diaries, minutes, contracts, memoranda or electronic records of telephonic or personal communications, tape recordings, films, negatives, stenographic notes, computer-stored data or databases, other data or information compilations from which information can be obtained, and any written, printed, recorded, or tangible matter of any character in the possession custody, or control of YOU or YOUR attorneys, agents, or other PERSONS under YOUR control.  It shall also include non-identical copies (whether different from the originals because of any alterations, notes, comments or other material contained therein or attached thereto or otherwise), and drafts of all written, printed, recorded or graphic matter of every kind and description, together with any attachment thereto or enclosure within in any way relating to or referring to or concerning the subject matter of the request, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, as well as phonic or visual reproductions.

14.     The term "COMMUNICATIONS" shall mean every exchange of information of any nature, whether oral or written, from one PERSON to another, and any evidence of such exchange, including, but not limited to, any telephone calls, discussions, conferences, correspondence, memoranda, electronic mail, messages, notes or logs of meetings, diaries, daily calendars, or other records of exchanges between or among any PERSONS.

15.     All other terms used herein are to be construed and used as defined as set forth in the Complaint, or if not used or defined therein, such terms shall be given their ordinary usage.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION 1**

All DOCUMENTS referred to or referenced in DEFENDANTS' Initial Disclosures dated July 18, 2023, to the extent not already produced.

**REQUEST FOR PRODUCTION 2**

All COMMUNICATIONS to or from any of the individuals listed in DEFENDANTS' Initial Disclosures dated July 18, 2023, related to DR. NAKAMURA, the SUBSCRIPTION AGREEMENT, MOBBY, the MOBBY MOU, BCN, the CLOUD MINING AGREEMENT, or otherwise relating to the allegations in the Complaint or the allegations in DEFENDANTS' amended answer and counterclaims (ECF No. 59).

**REQUEST FOR PRODUCTION 3**

All DOCUMENTS relating to DR. NAKAMURA'S investment made pursuant to the SUBSCRIPTION AGREEMENT, including without limitation DOCUMENTS concerning any share issuance thereunder.

**REQUEST FOR PRODUCTION 4**

All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to Sunday Group, including without limitation representations made to solicit DR. NAKAMURA'S investment made pursuant to the SUBSCRIPTION AGREEMENT.

**REQUEST FOR PRODUCTION 5**

All DOCUMENTS reflecting or relating to Sunday Group's financial status, including without limitation capitalization tables, financial statements, balance sheets, income statements, profit and loss statements, and cashflow statements, from the date of the SUBSCRIPTION AGREEMENT to the present, including without limitation all COMMUNICATIONS with DR. NAKAMURA or any other investor concerning the same.

**REQUEST FOR PRODUCTION 6**

All DOCUMENTS reflecting or relating to Sunday Group's development of a viable product, including without limitation all DOCUMENTS concerning the operation of ATMs that

FENWICK & WEST LLP
ATTORNEYS AT LAW

can deposit or withdraw bitcoin.

**REQUEST FOR PRODUCTION 7**

All DOCUMENTS reflecting or relating to DEFENDANTS' use of the capital DR. NAKAMURA invested pursuant to the SUBSCRIPTION AGREEMENT.

**REQUEST FOR PRODUCTION 8**

All DOCUMENTS relating to DR. NAKAMURA'S investment in MOBBY, including without limitation DOCUMENTS concerning the issuance or exchange-listing of "M-Tokens."

**REQUEST FOR PRODUCTION 9**

All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to MOBBY, including without limitation representations made to solicit DR. NAKAMURA'S investment in MOBBY.

**REQUEST FOR PRODUCTION 10**

All DOCUMENTS reflecting or relating to the current or anticipated value of the MOBBY Project and/or M-Tokens, including without limitation all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**REQUEST FOR PRODUCTION 11**

All DOCUMENTS reflecting or relating to MOBBY financial status including without limitation balance sheets, income statements, profit and loss statements, and cashflow statements from January 1, 2017 to the present, including without limitation all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**REQUEST FOR PRODUCTION 12**

All DOCUMENTS reflecting or relating to progress or lack thereof toward the launch of a viable MOBBY product or prototype thereof.

**REQUEST FOR PRODUCTION 13**

All DOCUMENTS reflecting or relating to the transfer or use of the DIGITAL CURRENCY or other capital DR. NAKAMURA invested in MOBBY, including without limitation all DOCUMENTS reflecting or relating to DEFENDANTS' Ethereum wallet or other digital wallets which held DR. NAKAMURA'S DIGITAL CURRENCY investment and all

FENWICK & WEST LLP
ATTORNEYS AT LAW

DOCUMENTS reflecting or relating to DEFENDANTS' cryptocurrency exchange accounts used to transfer or hold DR. NAKAMURA'S DIGITAL CURRENCY investment.

**REQUEST FOR PRODUCTION 14**

All DOCUMENTS relating to Professor Leonard Kleinrock's involvement or lack thereof with MOBBY or Sunday Group, including all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**REQUEST FOR PRODUCTION 15**

All DOCUMENTS relating to any non-disclosure agreement any of the DEFENDANTS entered into with the U.S. Securities and Exchange Commission.

**REQUEST FOR PRODUCTION 16**

All DOCUMENTS relating to the relationship between SGI Trust on the one hand and Sunday Group, James Pack, or Todd Mitsuishi on the other hand.

**REQUEST FOR PRODUCTION 17**

All DOCUMENTS relating to DR. NAKAMURA'S investment made pursuant to the CLOUD MINING AGREEMENT.

**REQUEST FOR PRODUCTION 18**

All DOCUMENTS reflecting or relating to representations made to DR. NAKAMURA relating to BCN, including without limitation representations made to solicit DR. NAKAMURA'S investment made pursuant to the CLOUD MINING AGREEMENT.

**REQUEST FOR PRODUCTION 19**

All DOCUMENTS reflecting or relating to the past, current, or anticipated returns generated pursuant to the CLOUD MINING AGREEMENT, including all COMMUNICATIONS with DR. NAKAMURA concerning the same.

**REQUEST FOR PRODUCTION 20**

All DOCUMENTS reflecting or relating to BCN's financial status from the date of the CLOUD MINING AGREEMENT to the present, including all COMMUNICATIONS with DR.

FENWICK & WEST LLP
ATTORNEYS AT LAW

NAKAMURA concerning the same.

**REQUEST FOR PRODUCTION 21**

All DOCUMENTS reflecting or relating to the transfer or use of the DIGITAL CURRENCY or other capital DR. NAKAMURA invested pursuant to the CLOUD MINING AGREEMENT, including all DOCUMENTS reflecting or relating to DEFENDANTS' Bitcoin wallet or other digital wallets which held DR. NAKAMURA'S DIGITAL CURRENCY investment and all DOCUMENTS reflecting or relating to DEFENDANTS' cryptocurrency exchange accounts used to transfer or hold DR. NAKAMURA'S DIGITAL CURRENCY investment.

**REQUEST FOR PRODUCTION 22**

All DOCUMENTS relating to BCN, including without limitation all DOCUMENTS relating to any regulatory action taken, threatened, or considered with respect to BCN and all COMMUNICATIONS with representatives of BCN.

**REQUEST FOR PRODUCTION 23**

All DOCUMENTS reflecting or relating to any distributions DR. NAKAMURA received pursuant to the CLOUD MINING AGREEMENT or from BCN.

**REQUEST FOR PRODUCTION 24**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has been diligently working on and progressing the Mobby Project," as alleged in Paragraph 25 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 25**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has kept its investors… reasonably informed of the Mobby Project's status and progress through frequent updates," as alleged in Paragraph 26 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 26**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "[b]eginning in March of 2021, [DR. NAKAMURA] and Takeda begin a campaign of harassment and extortion against Sunday Group and Mr. Mitsuishi," as alleged in Paragraph 29 of the COUNTERCLAIM.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION 27**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that [DR. NAKAMURA] forced and/or coerced Takeda into participating in [DR. NAKAMURA]'s extortion campaign," as alleged in Paragraph 30 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 28**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group has suffered damage to its goodwill and reputation," as alleged in Paragraph 36 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 29**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA threatened the lives of Mr. Mitsuishi and/or Dr. Kleinrock, as alleged in Paragraphs 42 and 43 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 30**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Mr. Mitsuishi suffered severe emotional trauma and health issues," including DOCUMENTS relating to any leave of absence taken by Mr. Mitsuishi, as alleged in Paragraphs 46 and 47 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 31**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA made false statements to any Token Investors about Sunday Group and its principals, as alleged in Paragraph 68 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 32**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "intended to disrupt the contracts by making false and misleading claims" to Token Investors, as alleged in Paragraph 72 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 33**

All "contracts with certain Token Investors" referred to in Paragraphs 71 and 72 of the COUNTERCLAIM.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION 34**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Sunday Group had prospective contractual relationships between itself and one or more third-parties regarding future investments in Sunday Group and/or the Mobby Project," as alleged in Paragraph 80 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 35**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA or any of his agents "intended to disrupt" prospective economic relationships as, as alleged in Paragraph 83 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 36**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "[DR. NAKAMURA] intended to cause Mr. Mitsuishi severe or extreme emotional distress or acted with reckless disregard for causing Mr. Mitsuishi severe or extreme emotional distress," as alleged in Paragraph 91 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 37**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA's alleged conduct "was the actual and proximate cause of Mr. Mitsuishi's severe and extreme emotional distress," as alleged in Paragraph 92 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 38**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that "Mr. Mitsuishi has suffered special and general damages in an amount to be determined a trial, but no less than $10,000,000 USD," as alleged in Paragraph 93 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 39**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "filed claims and made allegations against Sunday Group and Mr. Mitsuishi … for the ulterior purposes of: (1) intimidating and threatening Sunday Group and Mr. Mitsuishi into paying [DR. NAKAMURA] exorbitant sums of money; and (2) to harm the success of the Mobby Project," as alleged in Paragraph 96 of the COUNTERCLAIM.

FENWICK & WEST LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION 40**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA committed any "willful acts … designed to intimate, harass, and extort Sunday Group and its principals," as alleged in Paragraph 97 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 41**

All DOCUMENTS relating to COUNTERCLAIMANTS' contention that DR. NAKAMURA "made false and defamatory statements to third-persons concerning Sunday Group and Mr. Mitsuishi," as alleged in Paragraph 102 of the COUNTERCLAIM.

**REQUEST FOR PRODUCTION 42**

All DOCUMENTS relating to damages suffered by COUNTERCLAIMAINTS, as alleged in the COUNTERCLAIM.


Dated:    September 8, 2023                    **FENWICK & WEST LLP**

                                              By:   /s/ *Felix S. Lee*
                                                    Felix S. Lee

                                              Attorneys for Plaintiff and Counterdefendant
                                              TETSUYA NAKAMURA

FENWICK & WEST LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in San Francisco County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104. On the date set forth below, I served a copy of the following document(s):

**PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SUNDAY GROUP INCORPORATED**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Mark L. Smith | Thomas A. Brady |
| msmith@sffirm.com | tab@clydesnow.com |
| Jacob L. Fonnesbeck | Timothy R. Pack |
| jfonnesbeck@sffirm.com | trp@clydesnow.com |
| **SF FIRM, LLP** | Aaron D. Lebenta |
| 6345South Pecos Road, Suite 202 | adl@clydesnow.com |
| Las Vegas, NV 89120 | Keith M. Woodwell |
| Telephone: (725) 666-8701 | kmw@clydesnow.com |
| Facsimile:  (725) 666-8710 | **CLYDE SNOW & SESSIONS PC** |
| | 201 South Main Street, Suite 2200 |
| | Salt Lake City, UT 84111 |
| | Telephone: (801) 322-2516 |

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: September 8, 2023                    _/s/ Michelle Hernandez_
                                                            Michelle Hernandez

Fenwick & West LLP
Attorneys at Law