# EXHIBIT C

January 8, 2024 C. O'Neill Letter to T. Pack re
November 29, 2023 Meet-and-Confer

# FENWICK

555 California Street
12th Floor
San Francisco, CA 94104

415.875.2300
Fenwick.com

Casey O'Neill
coneill@fenwick.com  |  415.875.2027

January 8, 2024

Timothy R. Pack
Clyde Snow & Sessions, PC
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, UT 84111

Re:     <u>Tetsuya Nakamura v. Sunday Group Inc. et al., No. 22-cv-01324-MMD-EJY</u>

Dear Mr. Pack:

We write to memorialize and follow-up on our November 29, 2023 meet-and-confer regarding Plaintiff's First Set of Requests for Production (the "Requests") served September 8, 2023 on Sunday Group Incorporated ("Sunday Group"), Toshiki (Todd) Mitsuishi, James Pack, and SGI Trust (collectively, "Defendants" or "You," or alternatively, "Counterclaimants" when referring to Sunday Group and Mr. Mitsuishi in the context of their counterclaims and associated discovery). We note at the outset that Defendants indicated at the meet-and-confer that Dr. Nakamura would receive an initial, and possibly full, production of documents in mid-December 2023. Thus far, Dr. Nakamura has not received that production. Please let us know when you anticipate making the production.

**Diligence Regarding the Existence of Documents**

With respect to all Requests, Defendants agreed to undertake the appropriate diligence to ensure that documents that Defendants claim to not be aware of do not exist.

**Search Terms**

With respect to the Requests in which Defendants intend to use search terms to find responsive documents, we discussed Defendants proposing a list of search terms for Dr. Nakamura's review. Thus far, Dr. Nakamura has not received a proposed list of search terms.

**Request No. 1**

Request 1 seeks documents referred to or referenced in Defendants' initial disclosures.[1] You confirmed that we have already received a full response by way of documents enclosed with Defendants' initial disclosures and supplemental initial disclosures.

---

[1] Nothing in this letter is intended to or has the effect of limiting the scope of the actual Requests served.

Timothy R. Pack
January 8, 2024
Page 2

**Request No. 2**

Request 2 seeks communications to or from individuals listed in Defendants' initial disclosures. We understand from our discussion that you are preparing proposed search terms for Dr. Nakamura's review aimed at locating such documents.

**Request No. 3**

Request 3 seeks documents relating to Dr. Nakamura's subscription agreement investment. We discussed the fact that the Request relates to documents concerning both the issuance of shares and the use of Dr. Nakamura's invested capital. You noted Defendants may take the position that share issuance is a separate obligation from share delivery.

**Request No. 4**

Request 4 seeks documents reflecting or relating to representations made to Dr. Nakamura regarding Sunday Group. You confirmed your intent to search for documents with the search term "Nakamura," without limitation to other documents that may relate to the Request.

**Request No. 5**

Request 5 seeks documents reflecting or relating to Sunday Group's financial status. You agreed to provide responsive financial documents.

**Request No. 6**

Request 6 seeks documents reflecting or relating to Sunday Group's development of a viable product. You agreed to provide information and documents to demonstrate the development and progress of the Mobby project, and you noted that it is in Defendants' best interest to disclose those documents.

**Request No. 7**

Request 7 seeks documents reflecting or relating to Defendants' use of Dr. Nakamura's capital invested pursuant to the subscription agreement. You agreed to produce anything regarding the use of Dr. Nakamura's capital from the time of the subscription agreement to the present.

**Request No. 8**

Request 8 seeks documents relating to Dr. Nakamura's investment in the Mobby project. You agreed to provide documents relating to Defendants' progress or attempts to issue M-Tokens

Page 3 of 5

Timothy R. Pack
January 8, 2024
Page 3

or to list M-Tokens on an exchange, including any internal communications or communications with exchanges.

**Request No. 9**

Request 9 seeks documents reflecting or relating to representations made to Dr. Nakamura regarding the Mobby project. You agreed to produce such documents, whether text messages, emails, or otherwise.

**Request No. 10**

Request 10 seeks documents reflecting or relating to the current or anticipated value of the Mobby project or M-Tokens. You confirmed your intent to search for and produce such documents.

**Request No. 11**

Request 11 seeks documents reflecting or relating to the Mobby project's financial status. You confirmed your intent to search for and produce such documents.

**Request No. 12**

Request 12 seeks documents reflecting or relating to the progress or lack thereof toward the launch of a viable Mobby product or prototype. You confirmed your intent to search for and produce such documents.

**Request No. 13**

Request 13 seeks documents reflecting or relating to the transfer or use of the digital currency or other capital that Dr. Nakamura invested in Sunday Group. You confirmed your intent to search for and produce such documents.

**Request No. 14**

Request 14 seeks documents relating to Professor Leonard Kleinrock's involvement or lack thereof with Mobby or Sunday Group. You agreed to produce any documents involving Professor Kleinrock's involvement, including any relevant communications.

**Request No. 15**

Request 15 seeks documents relating to any non-disclosure agreement between any Defendant and the U.S. Securities and Exchange Commission ("SEC"). You agreed to confirm that such a

Timothy R. Pack
January 8, 2024
Page 4


non-disclosure agreement does not exist. You noted Defendants' belief that there were discussions of a non-disclosure agreement between Mr. Mitsuishi and certain investors, who ultimately chose not to sign a non-disclosure agreement, and that Defendants are not aware of a non-disclosure agreement between Defendants and the SEC.

**Requests 16-19**

Request 16 and certain subsequent Requests involve SGI Trust. We discussed the relationship, if any, between SGI Trust and other Defendants. You stated a belief that Todd Mitsuishi was trustee of SGI Trust, a private trust. You confirmed your intent to search for and produce any certificate of trust document for SGI Trust, among other such documents (e.g., depicting amendments or beneficiary designations). You agreed that there is no custody or control issue affecting discovery insofar as SGI Trust or Mr. Mitsuishi are responding to Requests pertaining to SGI Trust.

**Request No. 20**

Request 20 seeks documents reflecting or relating to BitClub Network's ("BCN") financial status. You confirmed intent to search for and produce such documents.

**Request No. 21**

Request 21 seeks documents reflecting or relating to the transfer or use of digital currency or other capital Dr. Nakamura invested pursuant to a cloud mining agreement. You confirmed your intent to search for and produce such documents.

**Request No. 22-33**

Request 22 and certain subsequent requests relate to BCN. You noted, albeit without waiver of disclosure rights, that you intend to procure and disclose for Dr. Nakamura's review a detailed, forensic report of financial transfers made. Please let us know when that report is available for Dr. Nakamura's review.

**Counterclaim Damages Generally**

For counterclaims and related Requests, we discussed Dr. Nakamura's right to receive documents reflecting or relating to damages alleged, which could include medical records for Mr. Mitsuishi given his damages claims. You agreed to search for and produce such documents.

Timothy R. Pack
January 8, 2024
Page 5

**Request No. 34**

Request 34 seeks documents relating to Counterclaimants' contention that "Sunday Group had prospective contractual relationships between itself and one or more third-parties regarding future investments in Sunday Group and/or the Mobby Project." You confirmed your intent to search for and produce such documents.

**Request No. 38**

Request 38 seeks documents relating to Counterclaimants' contention that "Mr. Mitsuishi has suffered special and general damages in an amount to be determined a trial, but no less than $10,000,000 USD." You noted that you cannot disclose the basis for that computation without encroaching on attorney-client privilege. We disagree with this assertion. Unless the basis for Counterclaimants' damages claim has been formulated in its entirety by counsel – and if this is your assertion, please state that expressly – we are entitled to know the factual basis for these claimed damages and how the number was derived. Please confirm whether you intend to stand on this objection, and if so, we are prepared to move to compel proper responses.

Sincerely,

FENWICK & WEST LLP

/s/ *Casey O'Neill*

Casey O'Neill