# EXHIBIT D

January 18, 2024 T. Pack Letter to F. Lee and C. O'Neill



ATTORNEYS AT LAW
CLYDE SNOW & SESSIONS
A PROFESSIONAL CORPORATION

ONE UTAH CENTER
201 SOUTH MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84111-2216
TEL & FAX 801.322.2516
www.clydesnow.com

TIMOTHY R. PACK
DIR 801.433.2447
trp@clydesnow.com

January 18, 2024

**VIA EMAIL**

Casey O'Neill
Fenwick & West LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041
coneill@fenwick.com
flee@fenwick.com

     Re:    *Tetsuya Nakamura v. Sunday Group Incorporated, et al.*
           USDC District of Nevada, Case No. 2:22-cv-01324-MMD-EJY

Casey,

I am in receipt of your letter dated January 8, 2024. The following is an update on our progress to supplement responses to Plaintiff's First Set of Requests for Production (the "Requests").

First, thank you for your patience. We have been diligently working to supplement Defendants' responses to the Requests but have hit a few roadblocks. Our client contact, Todd Mitsuishi, has been extremely busy with Mobby Project business, including overseas travel for that business, which complicated and delayed the ability to search for provide information over the last two months. This has been exacerbated by health issues Mr. Mitsuishi has been dealing with.

Second, we are currently working with our e-discovery vendor (Consilio) to complete data collection. Once that process is finished, we will begin to our search and review of documents in accordance with the agreed upon search terms. To that end, here is list of proposed search terms:

| | | |
|---|---|---|
| Nakamura | Subscription Agreement | Exchange |
| Kleinrock | Value | SEC |
| Takeda | BitClub | Securities and Exchange Commission |
| Ryu | Joel Abel | Exchange |



January 18, 2024
Page 2

We are willing to consider any additional reasonable search terms.

Third, notwithstanding our ongoing efforts to collect data and communications, we intend to make a supplemental production responsive to Requests Nos. 1-2 by January 23, 2024.

Fourth, I anticipate that a report related to BCN transfers (*see* Requests Nos. 22-23) will be completed by the first or second week of February 2024.

Fifth, with respect to Request No. 38, regarding the documents relating to Mr. Mitsuishi's counterclaim damages, please note that we dispute the characterization of the meet and confer discussion on this topic, and object to your demand that we must detail the factual basis for these claimed damages and how the number was derived in response to Request No. 38. Request No. 38 is a request for production of documents under Rule 34, not an interrogatory for which a narrative response would be required. That said, and without waiving any objections, this number largely represents general non-economic and intangible damages, such as pain and suffering, emotional distress, and loss of enjoyment of life, as well as some special damages, such medical related costs. The non-economic damages are not, as you claim, "formulated" by counsel. Rather, they are, by their nature, subjective and do not readily lend themselves to computation; they will largely be determined by the trier of fact based on testimony.[1] Additionally, given the nature of these damages, there are not likely many relevant documents. However, we are in the process of searching for any that exist and will provide them. We are also in the process of searching for and gathering any documents related to special damages on these counterclaims and will provide them in due course.

Finally, our willingness to cooperate and search for and produce relevant and discoverable information should in no way be interpreted as a waiver of our written objections to the Requests. If you have any questions, please do not hesitate to contact me.

Cordially,

CLYDE SNOW & SESSIONS

Timothy R. Pack

---

[1] *See, e.g., Burnett v. U.S.,* 2016 WL 8732344, *4 (C.D. Cal., August 17, 2016) ("[I]ntangible damages such as pain and suffering, mental anguish, and lowered quality of life, are generally based on a plaintiff's testimony…. Defendant may argue Plaintiff has not suffered $700,000 worth of such damages, but more specific analysis is not required …." (citing *Estate of Gonzalez v. Hickman,* 2007 WL 3237635, *4 (C.D. Cal., June 28, 2007) (finding plaintiffs' disclosures regarding mental anguish and pain and suffering were sufficient where plaintiffs identified the type of damages sought because their losses would "be proved predominately (if not exclusively) through testimony they offer regarding the emotional suffering they have experienced")).