# EXHIBIT F

March 6, 2025 C. Mena Email re M. Hashimoto's Account

| | |
|---|---|
| **From:** | Claire Mena |
| **Sent:** | Thursday, March 6, 2025 5:28 PM |
| **To:** | James E. Magleby; Casey O'Neill; Tim Pack; Aaron Lebenta; Felix Lee; Joshua Parr |
| **Cc:** | Nakamura Litigation |
| **Subject:** | RE: Nakamura v. Sunday Group Incorporated, et al.: Follow Up Request for Extension |
| **Attachments:** | RE: Nakamura; RE: Nakamura |

Tim, Aaron, James,

We are following up on the review of Mr. Hashimoto's account. With regard to the search terms, it is difficult for us to discuss limiting the search terms in the abstract without knowing the number of hits the search terms bring back. As you may recall, we had agreed to a certain set of search terms to apply to the documents you collected. Please see the attached correspondence. Thus, the next step would be to start with these agreed upon search terms to understand the universe of documents. We are open to discussing limitation of the search terms, if necessary, once you have prepared a hit report.

Additionally, we understand that your current discovery platform cannot search documents by Japanese characters. In a litigation like this, it is typical to prepare search terms in the language of the communications, as the translations on review platforms are imperfect at best. This is a review where a large portion of communications are conducted in Japanese. Thus, your choice of a review platform that may not be suitable for this type of litigation should not be a barrier to Dr. Nakamura receiving responsive communications. We are open to discussing that issue as needed.

Claire Mena
Fenwick | Associate | +1 415-875-2046 | cmena@fenwick.com | Admitted in California only. Practicing under the supervision of D.C. Bar members.

---

**From:** James E. Magleby <magleby@mcpc.law>
**Sent:** Wednesday, March 5, 2025 7:37 PM
**To:** Casey O'Neill <coneill@fenwick.com>; Tim Pack <TRP@clydesnow.com>; Aaron Lebenta <ADL@clydesnow.com>; Felix Lee <FLee@Fenwick.com>; Claire Mena <CMena@fenwick.com>; Joshua Parr <JParr@fenwick.com>; James E. Magleby <magleby@mcpc.law>
**Subject:** RE: Nakamura v. Sunday Group Incorporated, et al.: Follow Up Request for Extension

**\*\* EXTERNAL EMAIL \*\***

Casey,

Your insistence on extracting conditions before you will grant a simple one-week extension is disappointing. You and your colleagues have requested numerous extensions on a variety of matters and our side has, without exception, always granted those requests unconditionally. The most recent example being your request for a two-week extension to serve responses to our discovery requests.

Speaking for myself only, I believe conditioning professional courtesies upon substantive concessions is unseemly at best, not to mention counter-productive.

We will ask you one final time: will you grant us a one-week extension to file our opposition to the motion? It hardly need be said, but of course if you would like a reciprocal extension to file your reply,

1

then you have it.   And as we said below, an extension will help all parties narrow the issues that are the subject of your motion.

As for Ms. Vaughan's emails, we expect to produce her sundaygroupinc.com emails tomorrow and her mobby.ai email sometime next week.  We still have not received the Signal messages from the vendor, but hope to receive those soon and will make the production as soon as possible.  We note that our side is highly motivated to make this production as soon as possible, as it will moot areas of contention.  As to Hashimoto's emails, we still do not understand what specific emails you are seeking and you have not proposed any narrowing of search terms.  So we are not in position to provide a deadline on when any additional emails from Hashimoto will be produced, if we agree to produce them in light of your positions below; that is, the Hashimoto emails may just have to be an issue we present to the Court.

Thanks.


James E. Magleby
MAGLEBY CATAXINOS, PC
141 W. Pierpont Ave.
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

magleby@mcpc.law
www.mcg.law

PRIVILEGE AND CONFIDENTIALITY NOTICE: This e-mail message, including attachments, is intended exclusively for the individual(s) to whom it is addressed and may contain information that is proprietary, privileged, confidential, or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. This message may be subject to the attorney-client privilege, work product protection, common-interest rule, or other privileges, protections, or immunities and is strictly confidential.

**From:** Casey O'Neill <coneill@fenwick.com>
**Sent:** Tuesday, March 4, 2025 4:21 PM
**To:** Tim Pack <TRP@clydesnow.com>; Aaron Lebenta <ADL@clydesnow.com>; Felix Lee <FLee@Fenwick.com>; Claire Mena <CMena@fenwick.com>; Joshua Parr <JParr@fenwick.com>
**Cc:** James E. Magleby <magleby@mcpc.law>
**Subject:** RE: Nakamura v. Sunday Group Incorporated, et al.

> **Caution:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Tim, Aaron, Jim,

Thanks. We agree to a one-week extension of your current March 7 deadline to oppose the pending motion to compel, provided that: (a) we receive a commensurate one-week extension of our reply brief deadline such that it will be due March 28, (b) by March 5, you will produce all responsive email communications from all Sunday Group or affiliated entity email accounts for Ms. Vaughan (we are aware of sv@sundaygroupinc.com and sv@mobby.ai), (c) by March 14, you will produce all responsive Signal messages from Todd Mitsuishi and James Pack, and (d) you will endeavor to produce by March 14 all responsive email communications from all Sunday Group or affiliated entity email accounts for Mr.

2

Hashimoto. We will be in touch under separate cover with a search terms proposal for Mr. Hashimoto's emails. We do not have authority to agree to cost-sharing for translation of Mr. Hashimoto's emails, but that cost appears to be *de minimis* as compared to other discovery costs such as attorney time and thus we trust this is not an obstacle. Finally, we are working on a draft stipulation concerning the current April 2 fact discovery deadline and will send you a proposal.

Regards

---

**From:** Tim Pack <TRP@clydesnow.com>
**Sent:** Tuesday, March 4, 2025 1:44 PM
**To:** Aaron Lebenta <ADL@clydesnow.com>; Casey O'Neill <coneill@fenwick.com>; Felix Lee <FLee@Fenwick.com>; Claire Mena <CMena@fenwick.com>; Joshua Parr <JParr@fenwick.com>
**Cc:** James E. Magleby <magleby@mcpc.law>
**Subject:** RE: Nakamura v. Sunday Group Incorporated, et al.

**\*\* EXTERNAL EMAIL \*\***

Casey,

Following up on the request for extension below. Let us know asap.

Next, I recall from our last call that you were going to take the first attempt at a new stipulation to extend discovery – please confirm.

Finally, in response to the email yesterday regarding the Vaughn subpoena, we cannot accept service. We are also not available on 3/21 so that date will need to be rescheduled.

Best regards,


Timothy R. Pack | Clyde**Snow**
Direct/Text 801.433.2447

---

**From:** Aaron Lebenta <ADL@clydesnow.com>
**Sent:** Monday, March 3, 2025 4:06 PM
**To:** Casey O'Neill <coneill@fenwick.com>; Tim Pack <TRP@clydesnow.com>; Felix Lee <FLee@Fenwick.com>; Claire Mena <CMena@fenwick.com>; Joshua Parr <JParr@fenwick.com>
**Cc:** James E. Magleby <magleby@mcpc.law>
**Subject:** RE: Nakamura v. Sunday Group Incorporated, et al.

Casey and team,

We wanted to provide you with an update on the document collection on some of the categories that are at issue in your motion to compel, including the Stephanie Vaugh and Ken Hashimoto Sunday Group email addresses, and the Signal Messages.

1. With respect to Ms. Vaughan, we have collected all emails and related documents from her Sunday Group email account, and expect to produce responsive emails by close on business on Wednesday.

2. Mr. Hashimoto is more complicated, however. We have collected all of his emails and related documents from his Sunday Group email account, which range from July of 2017 through February of 2025. There are a substantial number of emails and related documents in his account – over 20,000 emails/docs comprising approximately 64,000 pages. Obviously, it is very likely that the vast majority of these documents are not relevant or probative to the issues in the case. However, there is an additional complication because Mr. Hashimoto is a native Japanese speaker and, from our initial review, it appears that many of the emails in his account are written in Japanese or a mix of Japanese and English (and often, where there is English, there are just a few English words interspersed among text primarily written in Japanese characters). Our discovery platform cannot search documents by Japanese characters, and so to even conduct searches to try to narrow down the universe, we would have to translate each document first. The cost estimates that we've received from our e-discovery vendor for just the translation services necessary to run searches is between $3,500 to $5,000 dollars, given the volume. And, after that, we would need to search and review the documents for relevance and responsiveness prior to production. We do not believe it is proportional or reasonable for our clients to incur all of this cost and burden just to deal with Mr. Hashimoto's Sunday Group email account, particularly given the tens of thousands of pages of documents we have already produced. To try to address these issues, here is what we propose:

    a. Dr. Nakamura agrees to split the cost with our clients for the translation.

    b. We adjust and/or reduce the number the search terms in order to reduce the volume of materials we have to review prior to production. For example, based on our prior productions, we have observed that the term "Mobby" is generating a substantial and outsized number of hits compared to other terms, which is not surprising given that the Mobby Project has been the primary focus of the Sunday Group since 2017. The term is overbroad: just because the term Mobby is mentioned in a communication, does not mean it is relevant to any of the actual issues in the case, and we believe that term is capturing a significant number of irrelevant documents. The term "DAG" is overbroad for similar reasons. When the universe of documents for a particular custodian is relatively small, that is not that big of an issue. However, for a custodian like Mr. Hashimoto, with a large number of documents in his email account, the burden of reviewing what may be many thousands of hits is significant, and unwarranted. Mr. Hashimoto provides accounting services for the Sunday Group and DAG. We therefore propose to reduce the search terms to those that are financially related (e.g., "balance sheet," "financial statement," "cash flow," "cap table," "profit-and-loss," etc.), as well as specific individuals "Nakamura" and other key individuals like "Ryu Imichi," that are likely to yield more relevant documents. We are willing to consider others, but using broader terms like Mobby or DAG on Mr. Hashimoto's Sunday Group email account will almost certainly capture a substantial amount of irrelevant information and result in unjustified burden and lead to further delay.

    c. If we can come to an agreement on the translation costs and search terms, we anticipate being able to produce documents from Mr. Hashimoto's email account relatively quickly – within a week to ten days.

3. Finally, we would like to request a one-week extension to respond to the Motion to Compel. The reasons are that James Magleby was in depositions on other matters most of last week, and much of this week. In addition, we believe that an extra week will allow us to substantially narrow the issues in Motion to Compel. Not only are we hopeful that an extension will give us time to come to an agreement and complete the production from Mr. Hashimoto's Sunday Group email account, we also feel confident that it would allow us to complete the production of the Signal messages from T. Mitsuishi prior to responding to the Motion.

**Aaron D. Lebenta**

Director and Shareholder

Clyde**Snow**

Phone/Text/Fax: 801-433-2404
Mobile:  801-556-4034
201 South Main Street, Suite 2200 SLC, UT 84111
Email: adl@clydesnow.com

CONFIDENTIALITY NOTICE This electronic mail transmission, and any documents, files, or previous e-mail messages attached to it, is intended only for the use of the person or entity to whom it is addressed and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that you must not read this transmission and that any disclosure, copying, printing, distribution, use of any of the information, or the taking of action in reliance on the contents of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving it in any manner.

---

CONFIDENTIALITY NOTICE: This email and its attachments contain information that may be confidential and/or privileged. If you are not the intended recipient you may not copy, disclose or use the contents of this email. If you believe that you have received this email in error, notify the sender or contact Fenwick & West LLP at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.