# EXHIBIT 1

# EXHIBIT 1

| | |
|---|---|
| 1 | FELIX S. LEE (CSB No. 197084) |
|   | flee@fenwick.com |
| 2 | CHRISTOPHER J. STESKAL (CSB No. 212297) |
|   | csteskal@fenwick.com |
| 3 | CASEY T. O'NEILL (CSB No. 264406) |
|   | coneill@fenwick.com |
| 4 | CLAIRE MENA (CSB No. 339324) |
|   | cmena@fenwick.com |
| 5 | FENWICK & WEST LLP |
|   | Silicon Valley Center |
| 6 | 801 California Street |
|   | Mountain View, CA 94041 |
| 7 | Telephone:    650.988.8500 |
|   | Facsimile:    650.938.5200 |
| 8 | |
| 9 | JOHN D. TENNERT III (Nevada Bar No. 11728) |
|   | jtennert@fennemorelaw.com |
| 10 | WADE BEAVERS (Nevada Bar No. 13451) |
|   | wbeavers@fennemorelaw.com |
| 11 | FENNEMORE CRAIG, P.C. |
|   | 7800 Rancharrah Parkway |
| 12 | Reno, NV 89511 |
|   | Telephone: 775.788.2212 |
|   | Facsimile: 775.786.1172 |
| 13 | |
| 14 | Attorneys for Plaintiff and Counterdefendant |
|   | TETSUYA NAKAMURA |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, | Case No.: 2:22-cv-01324-MMD-EJY |
| Plaintiff, | PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| v. | |
| SUNDAY GROUP INCORPORATED, *et al.*, | |
| Defendants. | |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI | |
| Counterclaimants, | |
| v. | |
| TETSUYA NAKAMURA, | |
| Counterdefendant. | |

PLAINTIFF'S R&OS TO DEFS.' FIRST SET OF RFPS

Case No.: 2:22-cv-01324-MMD-EJY

Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura") hereby responds and objects to the Requests for Production of Documents (the "Requests"), Set One, served July 7, 2023 by Defendants Sunday Group Incorporated, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants").

## GENERAL OBJECTIONS

Dr. Nakamura makes the following General Objections, which apply to each and every Request and are incorporated by reference in each and every response below as if fully set forth therein. Dr. Nakamura's responses to specific Requests are subject to, and without waiving, these General Objections, even if not reiterated below.

1. Dr. Nakamura objects to all Definitions, Instructions and Requests to the extent that they seek to impose obligations on Dr. Nakamura in excess of those permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence or other applicable law. Among other excesses, certain materials sought by the Requests are not relevant to the claims or defenses in this action or proportional to the needs of the case, as is required by Federal Rule of Civil Procedure 26(b)(1).

2. Dr. Nakamura objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

3. Dr. Nakamura objects to the extent that the Requests seek production of materials which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

4. Dr. Nakamura objections to the extent that the Requests seek materials protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

5. Dr. Nakamura objects to the extent that the Requests seek to impose an obligation on Dr. Nakamura to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found. Any Request that purports to require a

search for materials beyond readily accessible and centrally located files believed to contain responsive documents is overbroad and unduly burdensome.

6. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

7. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to seek materials in the possession, custody or control of persons or entities other than Dr. Nakamura.

8. Dr. Nakamura objects to the extent that the Requests are not limited to a reasonable time period.

9. Dr. Nakamura's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, or is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Similarly, no response herein should be deemed or construed as a representation that Dr. Nakamura agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Requests. Dr. Nakamura's responses and objections are not intended to be deemed, and shall not be deemed, an admission of the matters stated, implied or assumed by the Requests.

10. Dr. Nakamura's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

11. Dr. Nakamura reserves his right to amend, supplement, correct, clarify or add to his responses and objections at any time. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

In addition to the General Objections set forth above, Dr. Nakamura makes the following objections to specific Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION 1**

All COMMUNICATIONS and DOCUMENTS to or from any state or federal governmental agency, including, but not limited to, the Nevada Office of the Secretary of State Securities Division and the United States Securities and Exchange Commission, related to any of the DEFENDANTS, MOBBY, the SUBSCIRPTION AGREEMENT, Dr. Leonard Kleinrock, and/or the MOBBY MOU.

**RESPONSE TO REQUEST FOR PRODUCTION 1**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Dr. Nakamura further objects to this Request to the extent that it seeks materials not within Dr. Nakamura's custody or control.  Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 2**

All COMMUNICATIONS and DOCUMENTS to or from any individual related to any of the DEFENDANTS, MOBBY, the SUBSCIRPTION AGREEMENT, Dr. Leonard Kleinrock, and/or the MOBBY MOU. Such individuals include, but are not limited to, any individual listed on any complaints or COMMUNICATIONS to or from the Nevada Office of the Secretary of State Securities Division or other state or federal governmental agency, Dr. Leonard Kleinrock, Tsuneyasu Takeda, Ryu Imachi, and any personal assistant, agent, or representatives of Nakamura.

**RESPONSE TO REQUEST FOR PRODUCTION 2**

Dr. Nakamura incorporates by reference each of the general objections set forth above as

if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome, in part because it seeks *all* communications and documents to or from *any* individual, including communications to which Dr. Nakamura may not have been a party. Dr. Nakamura objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control. Dr. Nakamura further objects on grounds that this Request is not limited to a reasonable time period. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 3**

All DOCUMENTS and COMMUNICATIONS regarding your allegations in paragraphs 26 and 78 of the Complaint (Dkt. 1) that "Sunday Group representatives" "made a variety of materially false statements about the Mobby Project to Dr. Nakamura and other investors."

**RESPONSE TO REQUEST FOR PRODUCTION 3**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects on grounds that the Request fails to accurately characterize the cited allegations in the Complaint. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with

Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 4**

All DOCUMENTS and COMMUNICATIONS regarding your allegations that Sunday Group, Todd, and/or James made any of the allegedly false statements or representations alleged in paragraph 28 of the Complaint (Dkt. 1).

**RESPONSE TO REQUEST FOR PRODUCTION 4**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 5**

All DOCUMENTS and COMMUNICATIONS regarding your allegations that Todd made any of the representations identified in paragraph 29 of the Complaint (Dkt.1).

**RESPONSE TO REQUEST FOR PRODUCTION 5**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable

scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 6**

All DOCUMENTS and COMMUNICATIONS regarding your allegation in paragraph 31 of the Complaint (Dkt.1) that "Sunday Group, Mr. Mitsuishi, and SGI Trust never transferred Dr. Nakamura's investment to BCN, and (b) Mr. Mitsuishi, and SGI Trust knew of and concealed that BCN was a fraudulent scheme that solicited money from investors in exchange for shares of purported cryptocurrency mining pools and rewarded existing investors for recruiting new investors into the scheme."

**RESPONSE TO REQUEST FOR PRODUCTION 6**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or which can be readily and/or more easily accessed by Defendants, including through public domain sources. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 7**

All DOCUMENTS and COMMUNICATIONS regarding your allegation in paragraph 85 of the Complaint (Dkt.1) that "Those representations and omissions, such as the failure to disclose that BCN was a Ponzi scheme, were both material and false, and were made with the knowledge and belief that they were false as well as without a sufficient foundation."

**RESPONSE TO REQUEST FOR PRODUCTION 7**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks

information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or which can be readily and/or more easily accessed by Defendants, including through public domain sources. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 8**

All DOCUMENTS regarding BCN and all COMMUNICATIONS regarding BCN to or from individual, entity, governmental agency and/or or employee.

**RESPONSE TO REQUEST FOR PRODUCTION 8**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome, in part because it seeks all documents and communications regarding BCN regardless of whether Dr. Nakamura was privy to or a party to those materials. Dr. Nakamura objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control. Dr. Nakamura further objects on grounds that this Request is not limited to a reasonable time period. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 9**

All DOCUMENTS and COMMUNICATIONS that relate to the allegedly "false" "representations and omissions" alleged in paragraphs 65-66 of the Complaint (Dkt. 1).

**RESPONSE TO REQUEST FOR PRODUCTION 9**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 10**

All financial related DOCUMENTS summarizing any and all DIGITAL CURRENCY acquisitions and investments you have made within the last 10 years, including the nature of the investment and the consideration paid for the investment.

**RESPONSE TO REQUEST FOR PRODUCTION 10**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome.  Dr. Nakamura further objects to this Request to the extent that the specified 10-year time period is unreasonably broad.

FENWICK & WEST LLP

**REQUEST FOR PRODUCTION 11**

All DOCUMENTS that establish that "NAKAMURA transferred approximately 545.455 bitcoin" as alleged in paragraph 30 of the Complaint (Dkt. 1) and that 545.455 bitcoin were owned by NAKAMURA.

**RESPONSE TO REQUEST FOR PRODUCTION 11**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein.  Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection.  Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, in particular because there is no dispute that Dr. Nakamura held and transferred such bitcoin, Defendants having admitted as much in their responsive pleading in this action.  Dr. Nakamura further objects to this Request on grounds that the documents and information sought can be readily and/or more easily accessed by Defendants, including through public domain sources.

| | | |
|---|---|---|
| Dated: August 7, 2023 | | **FENWICK & WEST LLP** |
| | | By: /s/ *Felix S. Lee* |
| | | Felix S. Lee |
| | | *and* |
| | | **FENNEMORE CRAIG, P.C.** |
| | | By: /s/ *John D. Tennert III* |
| | | John D. Tennert III (Nevada Bar No. 11728) |
| | | Attorneys for Plaintiff and Counterdefendant TETSUYA NAKAMURA |

PLAINTIFF'S R&OS TO DEFS.' FIRST SET OF RFPS.    1    Case No.: 2:22-cv-01324-MMD-EJY