EXHIBIT 2

EXHIBIT 2

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>        Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>        Counterclaimants,<br><br>    v.<br><br>TETSUYA NAKAMURA,<br><br>        Counterdefendant. | |

Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura") hereby responds and objects to the Requests for Production of Documents (the "Requests"), Set Two, served July 21, 2023 by Defendants Sunday Group Incorporated, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants").

## GENERAL OBJECTIONS

Dr. Nakamura makes the following General Objections, which apply to each and every Request and are incorporated by reference in each and every response below as if fully set forth therein. Dr. Nakamura's responses to specific Requests are subject to, and without waiving, these General Objections, even if not reiterated below.

1. Dr. Nakamura objects to all Definitions, Instructions and Requests to the extent that they seek to impose obligations on Dr. Nakamura in excess of those permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence or other applicable law. Among other excesses, certain materials sought by the Requests are not relevant to the claims or defenses in this action or proportional to the needs of the case, as is required by Federal Rule of Civil Procedure 26(b)(1).

2. Dr. Nakamura objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

3. Dr. Nakamura objects to the extent that the Requests seek production of materials which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

4. Dr. Nakamura objections to the extent that the Requests seek materials protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

5. Dr. Nakamura objects to the extent that the Requests seek to impose an obligation on Dr. Nakamura to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found. Any Request that purports to require a

search for materials beyond readily accessible and centrally located files believed to contain responsive documents is overbroad and unduly burdensome.

6. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

7. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to seek materials in the possession, custody or control of persons or entities other than Dr. Nakamura.

8. Dr. Nakamura objects to the extent that the Requests are not limited to a reasonable time period.

9. Dr. Nakamura's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, or is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Similarly, no response herein should be deemed or construed as a representation that Dr. Nakamura agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Requests. Dr. Nakamura's responses and objections are not intended to be deemed, and shall not be deemed, an admission of the matters stated, implied or assumed by the Requests.

10. Dr. Nakamura's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

11. Dr. Nakamura reserves his right to amend, supplement, correct, clarify or add to his responses and objections at any time. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

In addition to the General Objections set forth above, Dr. Nakamura makes the following objections to specific Requests.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST FOR PRODUCTION 12**

All DOCUMENTS referred to or referenced in Plaintiff's Initial Disclosures dated July 18, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION 12**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects to this Request to the extent that it seeks materials not within Dr. Nakamura's custody or control. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST FOR PRODUCTION 13**

All COMMUNICATIONS to or from any of the individuals listed in Section II of Plaintiff's Initial Disclosures dated July 18, 2023 related to the DEFENDANTS, the SUBSCIPTION AGREEMENT, MOBBY, the MOBBY MOU, BCN, UPUB Co., Ltd., and/or any entity that contains the word "Sundale" in its name.

**RESPONSE TO REQUEST FOR PRODUCTION 13**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine or protection. Dr. Nakamura further objects to this Request to the extent it seeks materials not within Dr. Nakamura's custody or control. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request

Dated: August 21, 2023

**FENWICK & WEST LLP**

By: /s/ *Felix S. Lee*
Felix S. Lee

*and*

**FENNEMORE CRAIG, P.C.**

By: /s/ *John D. Tennert III*
John D. Tennert III (Nevada Bar No. 11728)

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA