EXHIBIT 4

EXHIBIT 4

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:   650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>                    Plaintiff,<br><br>         v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>                    Defendants.<br><br>SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>                    Counterclaimants,<br><br>         v.<br><br>TETSUYA NAKAMURA,<br><br>                    Counterdefendant. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES |

| | |
|---|---|
| **PROPOUNDING PARTY:** | Defendants |
| **RESPONDING PARTY:** | Tetsuya Nakamura |
| **SET:** | Two (Nos. 9-17) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura"), hereby objects and responds to Defendants and Counterclaimants Sunday Group Incorporated ("Sunday Group"), James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust's (collectively, "Defendants"), Second Set of Interrogatories (the "Interrogatories").

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

Dr. Nakamura makes the following General Objections, which apply to each and every Interrogatory and are incorporated by reference in each and every response below as if fully set forth therein. Dr. Nakamura's responses to specific Interrogatories are subject to, and without waiving, these General Objections, even if not reiterated below.

1. Dr. Nakamura objects to each Interrogatory on the grounds that, taken as a whole and as written, the Interrogatories are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

2. Dr. Nakamura objects to the extent that the Interrogatories seek disclosure of materials or information which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

3. Dr. Nakamura objects to the extent that the Interrogatories seek disclosure of materials or information protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

4. Dr. Nakamura objects to the extent that the Interrogatories purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

5. Dr. Nakamura objects to the extent that the Interrogatories purport to require Dr. Nakamura to respond based on materials or information in the possession, custody or control of persons or entities other than Dr. Nakamura.

6. Dr. Nakamura's responses are based on such information presently known to him and are not intended to, and should not be deemed to, waive any objection Dr. Nakamura may have to the Interrogatories. Such responses are made without prejudice to Dr. Nakamura's right to alter, amend, or otherwise supplement his objections and responses as discovery proceeds. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

7. Any response by Dr. Nakamura to an Interrogatory, notwithstanding any objection, is not a concession, and shall not be construed as an admission, that the Interrogatory or information provided in response thereto is relevant. Further, in responding to any Interrogatory, Dr. Nakamura does not thereby waive, and intends to preserve, the following: all evidentiary objections; all objections to form; all objections based on burden; all objections Dr. Nakamura may have to the use of information at trial; the right to supplement Dr. Nakamura's objections and responses; the right to object on any applicable ground at any time to any demand for further responses to any Interrogatory or to any other discovery procedures involving or relating to the subject matter of any Interrogatory; or all other applicable objections, rights, privileges and protections afforded to Dr. Nakamura under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws.

8. Dr. Nakamura objects to the extent that the Interrogatories are not limited to a reasonable time period.

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' SECOND SET OF
INTERROGATORIES    2    Case No.: 2:22-cv-01324-MMD-EJY

9.  Dr. Nakamura's failure to object to any Interrogatory on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Dr. Nakamura objects to each Definition and each Instruction to the extent that it is overbroad and unduly burdensome or encompasses irrelevant information or materials. Dr. Nakamura further objects to each Definition and Instruction to the extent that it seeks to impose burdens on Dr. Nakamura which are disproportionate to Defendants' need for the information and the needs of this case. Dr. Nakamura also objects to each Definition and Instruction to the extent that it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules or Evidence, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other appliable rules, statutes, or laws.

2.  Dr. Nakamura objects to the definition of the terms "NAKAMURA" "PLAINTIFF," "YOU" and "YOUR" on the ground that the inclusion of the terms "present and former employees," "agents," "representatives," "attorneys," and "any other PERSONS acting on his behalf" renders the definition overbroad and unduly burdensome, vague, and ambiguous. Dr. Nakamura further objects to the definition to the extent that it seeks to discover information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, or immunity, as provided by any applicable law. Dr. Nakamura further objects to the definition to the extent that it purports to impute to him any knowledge of persons or entities falling within the scope of the terms as Defendants have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.

3.  Dr. Nakamura objects to the terms "PERSON" and "PERSONS" as vague and ambiguous and seeking to impose obligations on Dr. Nakamura which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the United States District

Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws. To the extent possible, Dr. Nakamura will construe the terms in this definition in accordance with their ordinary and accepted meanings.

In addition to the General Objections and Objection to Definitions and Instructions set forth above, Dr. Nakamura makes the following objections to specific Interrogatories:

## RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 9:**

Identify the "digital wallet address" from where the 4,228.14 ether was transferred as alleged in paragraph 27 of the Complaint (Dkt. 1).

**RESPONSE TO INTERROGATORY NO. 9:**

**Objections**: Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer**: Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Upon reasonable inquiry, Dr. Nakamura believes the "hot" digital wallet address used to transmit the 4,228.14 ether as alleged in paragraph 27 of the Complaint (ECF No. 1) is: 0x303E33b483B5df3148CB2eaa1C17C486531DDf31. Upon reasonable inquiry, Dr. Nakamura believes the "cold" digital wallet address used for the same transaction is: 0xd95e8f26920fa43a7700f35b3903181ebd18d77f.

**INTERROGATORY NO. 10:**

Identify the owner(s) of the "digital wallet address" from where the 4,228.14 ether was transferred as alleged in paragraph 27 of the Complaint (Dkt. 1).

**RESPONSE TO INTERROGATORY NO. 10:**

**Objections**: Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as vague and

FENWICK & WEST LLP
ATTORNEYS AT LAW

ambiguous through the use of the term "owner(s)." Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura owns, and did own at the time of transfer, the above-identified digital wallet address used to transfer the 4,228.14 ether as alleged in paragraph 27 of the Complaint (ECF No. 1).

**INTERROGATORY NO. 11:**

Identify each DOCUMENT that supports your allegation that you owned the 4,228.14 ether referenced in paragraph 27 of the Complaint (Dkt. 1).

**RESPONSE TO INTERROGATORY NO. 11:**

**Objections**: Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as vague and ambiguous through the use of the term "owned." Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to Dr. Nakamura's February 19, 2025 response to Defendants' Request No. 14 of Defendants' Third Set of Requests for Production dated January 6, 2025.

**INTERROGATORY NO. 12:**

State each business, venture, partnership, entity, individual and/or opportunity with which, and/or in which, you have invested DIGITAL CURRENCY since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 12:**

**Objections**: Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through the use of the terms "business, venture, partnership, entity, individual and/or opportunity" and "invested." Dr. Nakamura further objects to this Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify each DOCUMENT that contains a false or misleading statement as alleged in paragraphs 26, 28, 29, 65-66, and 78 of the Complaint (Dkt. 1).

**RESPONSE TO INTERROGATORY NO. 13:**

**Objections:** Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as compound and involving multiple subparts. Dr. Nakamura further objects to the extent that this Interrogatory calls for a legal conclusion and impermissibly seeks to invade the attorney work product privilege. Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura directs Defendants to materials already produced by the parties, or still to be produced by Defendants, in this action (e.g., investor newsletters describing the purported status of the Mobby project).

**INTERROGATORY NO. 14:**

Identify each DOCUMENT that supports your allegation in paragraph 31 of the Complaint (Dkt. 1) that "Sunday Group, Mr. Mitsuishi, and SGI Trust never transferred Dr. Nakamura's investment to BCN."

**RESPONSE TO INTERROGATORY NO. 14:**

**Objections:** Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to the extent that this Interrogatory calls for a legal conclusion and impermissibly seeks to invade the attorney work product

Page 8 of 11

privilege. Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura directs Defendants to, among other materials already produced by the parties, or still to be produced by Defendants, in this action, documents accompanying the draft report of Brendan D. Saltaformaggio dated April 8, 2024 and previously disclosed by Defendants, such as screenshots of text messages between Mr. Mitsuishi and Joe Abel which appear to confirm that Mr. Mitsuishi transferred Dr. Nakamura's investment to Mr. Abel and not to BitClub Network.

**INTERROGATORY NO. 15:**

Identify each DOCUMENT that supports your allegation in paragraph 31 of the Complaint (Dkt. 1) that "Mr. Mitsuishi, and SGI Trust knew of and concealed that BCN was a fraudulent scheme."

**RESPONSE TO INTERROGATORY NO. 15:**

**Objections:** Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as compound and involving multiple subparts. Dr. Nakamura further objects to the extent that this Interrogatory calls for a legal conclusion and impermissibly seeks to invade the attorney work product privilege. Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura directs Defendants to materials already produced by the parties, or still to be produced by Defendants, in this action.

TO DEFENDANTS' SECOND SET OF
INTERROGATORIES                    7                    Case No.: 2:22-cv-01324-MMD-EJY

**INTERROGATORY NO. 16:**

Identify each DOCUMENT that supports your allegation that you owned the 545.455 bitcoin referenced in paragraph 30 of the Complaint (Dkt. 1).

**RESPONSE TO INTERROGATORY NO. 16:**

**Objections:** Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as vague and ambiguous through the use of the term "owned." Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura directs Defendants to Dr. Nakamura's February 19, 2025 response to Defendants' Request No. 17 of Defendants' Third Set of Requests for Production dated January 6, 2025. Dr. Nakamura hereby amends, however, his prior response to Defendants' Interrogatory No. 5 (Set One) to state the following: Upon reasonable inquiry, Dr. Nakamura believes the "hot" digital wallet address from which Dr. Nakamura transferred the 545.455 bitcoin is: 1P9RQEr2XeE3PEb44ZE35sfZRRW1JHU8qx. Upon reasonable inquiry, Dr. Nakamura believes the "cold" wallet address used for the same transaction is: 1N4MnkKqLV9CkntmoK8hQp4WVLs35c12yn.

**INTERROGATORY NO. 17[1]:**

Identify the CRYPTOCURRENCY transactions that you have engaged in since January 1, 2015.

**RESPONSE TO INTERROGATORY NO. 17:**

**Objections**: Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through the use of the term "engaged in." Dr. Nakamura further objects to this

---

[1] The Interrogatories contain a typographical error (numbering Interrogatory No. 17 as "xx"), which has been corrected here.

Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of response to this Interrogatory.

Dated:   February 19, 2025           **FENWICK & WEST LLP**

By:  /s/ *Felix S. Lee*
       Felix S. Lee

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

[*Verification to follow*]

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Washington, District of Columbia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On the date set forth below, I served a copy of the following document(s):

**PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Mark L. Smith<br>msmith@sffirm.com<br>Jacob L. Fonnesbeck<br>jfonnesbeck@sffirm.com<br>**SF FIRM, LLP**<br>6345 South Pecos Road, Suite 202<br>Las Vegas, NV 89120<br>Telephone: (725) 666-8701<br>Facsimile: (725) 666-8710 | Thomas A. Brady<br>tab@clydesnow.com<br>Timothy R. Pack<br>trp@clydesnow.com<br>Aaron D. Lebenta<br>adl@clydesnow.com<br>Keith M. Woodwell<br>kmw@clydesnow.com<br>**CLYDE SNOW & SESSIONS PC**<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT 84111<br>Telephone: (801) 322-2516 |
| James E. Magleby<br>magleby@mcpc.law<br>**MAGLEBY CATAXINOS, PC**<br>141 W. Pierpont Ave.,<br>Salt Lake City, UT 84101<br>Telephone: (801) 359-9000 | |

☑  **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: February 19, 2025

_Marti Guidoux_
Marti Guidoux

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES            10            Case No.: 2:22-cv-01324-MMD-EJY