EXHIBIT 9

EXHIBIT 9

**Consumer Contract Act (Table of Contents and Articles 1-4)**

**Act No. 61 of May 12, 2000**

<u>**Table of Contents**</u>

Chapter I General Provisions(Articles 1 through 3)

Chapter II Consumer Contracts

Section 1 Rescinding the Manifestation of an Intention to Be Bound by the Offer of a Consumer Contract or by the Acceptance of an Offer for Such a Contract (Articles 4 through 7)

Section 2 Nullity of Consumer Contract Clauses(Articles 8 through 10)

Section 3 Auxiliary Provisions(Article 11)

Chapter III Demand for Injunction

Section 1 Right to Demand an Injunction(Articles 12 and 12-2)

Section 2 Qualified Consumer Organizations

Subsection 1 Certification of Qualified Consumer Organizations(Articles 13 through 22)

Subsection 2 Services Related to the Right to Demand an Injunction(Articles 23 through 29)

Subsection 3 Supervision(Articles 30 through 35)

Subsection 4 Auxiliary Provisions(Articles 36 through 40)

Section 3 Special Provisions on Court Proceedings(Articles 41 through 47)

Chapter IV Miscellaneous Provisions(Articles 48 and 48-2)

Chapter V Penal Provisions(Articles 49 through 53)

Supplementary Provisions

Chapter I General Provisions

(Purpose)

**Article 1** The purpose of this Act is to protect the interests of consumers and thereby contribute to the stabilization and improvement of the general welfare and lives of the

[Consumer Contract Act - English - Japanese Law Translation](https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2)
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2

people and to the sound development of the national economy, in consideration of the disparity in the quality and quantity of information and negotiating power between consumers and traders, by permitting a consumer to rescind the manifestation of an intention to be bound by the offer of a contract or by the acceptance of an offer for such a contract in situations such as when the consumer has misunderstood or was distressed by certain actions by the trader, and by fully or partially nullifying any clauses that exempt a trader from liability for damages or otherwise unfairly harm the interests of consumers, beyond providing qualified consumer organizations with the ability to demand an injunction against a trader, entrusted party, or agent for the purpose of preventing the occurrence of, or the spreading of damage to, other consumers.

(Definitions)

**Article 2** (1)The term "consumer" as used in this Act means an individual (excluding one who becomes a party to a contract as a business or for business purposes).

(2)The term "trader" as used in this Act (excluding Article 43, paragraph (2), item (ii)) means a corporation or association, or an individual who becomes a party to a contract as a business or for business purposes.

(3)The term "consumer contract" as used in this Act means a contract entered into between a consumer and a trader.

(4)The term "qualified consumer organization" as used in this Act means a corporation certified by the Prime Minister pursuant to Article 13 as a consumer organization (meaning a consumer organization as referred to in Article 8 of the Basic Consumer Act (Act No. 78 of 1968); the same applies hereinafter), which has the qualifications necessary to exercise the right to demand an injunction as governed by this Act in the interest of a large, non-exclusive group of consumers.

(Efforts of Traders and Consumers)

**Article 3** (1)Traders must endeavor to take the following measures.

(i)When drafting the clauses of consumer contracts, traders are to give consideration so that consumers' rights and obligations and other content in their contracts are clear and plain for the consumers, and that leaves no doubt about their interpretation;

(ii)When soliciting consumers to enter into a consumer contract, in order to deepen the consumer's understanding of the contract, traders provide necessary information regarding consumer rights and obligations while also taking account the knowledge and experience

Consumer Contract Act - English - Japanese Law Translation
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2

of each individual consumer in accordance with the nature of the goods, rights, services and any other things for the purpose of the consumer contract.

(2)When entering into a consumer contract, a consumer is to endeavor to make use of the information provided by the trader and to understand the consumer rights and obligations and other contents of the contract.

Chapter II Consumer Contracts

Section 1 Rescinding the Manifestation of an Intention to Be Bound by the Offer of a Consumer Contract or by the Acceptance of Such an Offer

(Rescinding the Manifestation of an Intention to Be Bound by the Offer of a Consumer Contract or by the Acceptance of Such an Offer)

**Article 4** (1)A consumer may rescind the manifestation of an intention to be bound by the offer of a consumer contract or by the acceptance of such an offer if either of the acts set forth in the following items taken by the trader in soliciting the consumer to enter into the consumer contract caused the consumer to be under the mistaken belief prescribed in the items, and manifested the intention to be bound by the offer of that consumer contract or by the acceptance of such an offer:

(i)conveying something that diverges from the truth with regard to an important matter: a mistaken belief that what has been conveyed is true;

(ii)providing a conclusive assessment of future prices, amount of money that a consumer will receive in the future, or any other matters whose changes in the future is uncertain, in connection with goods, rights, services or other things for the purpose of a consumer contract: a mistaken belief that the content of the conclusive assessment provided is certain.

(2)A consumer may rescind the manifestation of an intention to be bound by the offer of a consumer contract or by the acceptance of such an offer if a trader in soliciting the consumer to enter into the contract, conveys to the consumer that an important matter or matters related to the important matter would be advantageous to the consumer, and also fails to convey a fact regarding that important matter that would be disadvantageous to the consumer intentionally or with gross negligence, (limited to a fact that a consumer would normally think to be non-existent based on what has been conveyed), causing the consumer to mistakenly believe that the fact in question does not exist, and therefore the consumer has manifested the intention to be bound by the offer of the consumer contract or by the acceptance of the offer; provided, however, that this does not apply if the trader

Consumer Contract Act - English - Japanese Law Translation
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2

has attempted to convey the relevant fact to the consumer and the consumer has rejected the attempt.

(3)A consumer may rescind the manifestation of an intention to be bound by the offer of a consumer contract or by the acceptance of such an offer if the consumer manifested that intention as a result of being overwhelmed by any of the following acts taken by the trader in soliciting the consumer to enter into the consumer contract:

(i)failing to leave the consumer's residence or place of business, in spite of the consumer's request that the trader leave that place;

(ii)preventing a consumer from leaving the place where the trader is soliciting the consumer to enter into the consumer contract, in spite of the consumer's request to leave.

(iii)while knowing that a consumer who has little social life experience is overly worried about fulfilling the aspirations regarding the following matters, the trader prompts fears of the consumers and conveys that the goods, rights, services and any other things for the purpose of the consumer contracts are necessary to fulfill the consumer's aspirations although there are no reasonable grounds or rational basis supporting that necessity, in matters such as:

(a)education, employment, marriage, livelihood and other important matters of social life;

(b)physical appearance, body type and other important matters related to physical characteristics or conditions;

(iv)a consumer who has little social life experience develops romantic feelings or other favorable feelings toward a trader who solicits consumer contracts and knowing that the consumer may mistakenly believe that the trader has romantic or favorable feelings toward the consumer, the trader takes advantage of this situation, conveys to the consumer that the relationship between them will break down unless the consumer enters into the contract;

(v)while knowing that a consumer is overly worried about maintaining their current life with respect to livelihoods, health and other matters because their decision-making capacity is extremely low due to aging or mental and physical disorders, the trader takes advantage of the situation, prompts their fears and although there are no reasonable grounds for supporting solicitation nor any other rational basis, the trader states that it will be difficult for the consumer to maintain their current life unless the consumer enters into the contract;

[Consumer Contract Act - English - Japanese Law Translation](https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2)
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2

(vi)the trader indicates to the consumer that psychic sense or other special abilities that are difficult to be reasonably verified have shown that a serious disadvantage would occur to the consumer unless the consumer takes certain measures to fuel their fear, and then, the trader informs the consumer that the serious disorders can be completely avoided if the consumer enters into the contract.

(vii)before a consumer makes a manifestation of intention of an offer for a consumer contract or acceptance of such an offer, the trader implements, in whole or in part, the obligations that are supposed to be fulfilled when the consumer enters into the contract, thus making it extremely difficult to restore the situation to the original status before the implementation;

(viii)in addition to what is provided for in the preceding item, when the trader performs investigations, provides information, procures goods, or performs other business activities aiming at concluding a consumer contract before the consumer makes a manifestation of intention of an offer for a consumer contract or acceptance of such an offer, tells the consumer that the business activities have been performed in particular for the consumer, and also requests compensation for losses caused by the implementation of those business activities despite the fact that there was no special request from the consumer for those business activities, nor any reasonable grounds in light of other business social norms.

(4)A consumer may rescind the manifestation of an intention to be bound by the offer of a consumer contract or by the acceptance of such an offer if the trader knew in soliciting the consumer to enter into the consumer contract, that the quantity, the frequency, or the duration (hereinafter referred to in this paragraph as a "quantity, frequency, or duration") of the goods, rights, services or other things for the purpose of the consumer contract greatly exceeded the normal quantity, frequency, or duration for a consumer (meaning the quantity, frequency, or duration that would normally be presumed to be that of the purpose of such a consumer contract in light of the transaction conditions and the content of the purpose of the contract, the consumer's situation in life at the time of the trader's solicitation to enter into the contract, and the consumer's awareness of this; hereinafter the same applies in this paragraph), and if the consumer manifested the intention to be bound based on that solicitation. The same applies if a trader knew in soliciting a consumer to enter into a consumer contract, that the consumer had already entered into another consumer contract whose purpose was of the same type as the purpose of the consumer contract the trader was soliciting (hereinafter referred to in this paragraph as the "contract of the same type") and the total quantity, frequency, or duration of the purpose of the contract of the same type and that of the consumer contract in question greatly

[Consumer Contract Act - English - Japanese Law Translation](https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2)
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2

exceeds the normal quantity, frequency, or duration for a consumer, and the consumer manifested the intention to be bound based on that solicitation.

(5)The term "important matter" as used in paragraph (1), item (i) and paragraph (2) means the following matters (excluding the matters set forth in item (iii) below, in the case provided for in paragraph (2)) regarding a consumer contract:

(i)the quality, purpose of use, and other details of the goods, rights, services, or other things for the purpose of the consumer contract which would normally influence a consumer's decision as to whether to enter into that contract;

(ii)the price and other conditions of a transaction involving the goods, rights, services, or other things for the purpose of the consumer contract which would normally influence a consumer's decision as to whether to enter into that contract;

(iii)circumstances beyond what are provided for in the preceding two items, in which the goods, rights, services, or other things for the purpose of the consumer contract is generally determined to be necessary in order to avoid damage or risk to the consumer's life, person, property, or other important benefits.

(6)The rescission of the manifestation of an intention to be bound by the offer of a consumer contract or by the acceptance of such an offer as provided under paragraphs (1) through (4) may not be asserted against a third party in good faith and without negligence

[Consumer Contract Act - English - Japanese Law Translation](https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2)
https://www.japaneselawtranslation.go.jp/en/laws/view/3578/en#je_ch2sc1at2