EXHIBIT 10a

EXHIBIT 10a

第1章　総則（第1条－第3条）

第1条（目的）

> **（目的）**
> **第1条**　この法律は、消費者と事業者との間の情報の質及び量並びに交渉力の格差に鑑み、事業者の一定の行為により消費者が誤認し、又は困惑した場合等について契約の申込み又はその承諾の意思表示を取り消すことができることとするとともに、事業者の損害賠償の責任を免除する条項その他の消費者の利益を不当に害することとなる条項の全部又は一部を無効とするほか、消費者の被害の発生又は拡大を防止するため適格消費者団体が事業者等に対し差止請求をすることができることとすることにより、消費者の利益の擁護を図り、もって国民生活の安定向上と国民経済の健全な発展に寄与することを目的とする。

### 1　趣旨

　本法においては、消費者と事業者との間に存在する、契約の締結、取引に関する構造的な「情報の質及び量並びに交渉力の格差」に着目し、消費者に自己責任を求めることが適切でない場合のうち、契約締結過程及び契約条項に関して、消費者が契約の全部又は一部の効力を否定することができるようにすることによって、消費者契約（消費者と事業者との間で締結される契約。第2条で詳しく解説する。）に関するトラブルの公正かつ円滑な解決に資するとともに、事業者等が不特定かつ多数の消費者に対して消費者契約法に規定する不当な勧誘行為又は不当な契約条項を含む消費者契約の申込み又はその承諾の意思表示を現に行い又は行うおそれがある場合に、適格消費者団体が当該事業者等に対しその差止請求をすることができることとすることによって、消費者の被害の発生又は拡大の防止に資すると考えられる。

### 2　条文の解釈

#### （1）「消費者と事業者との間の情報の質及び量並びに交渉力の格差」

　消費者契約については、トラブルが生じたものにつきその原因を探ってみると、消費者契約における両当事者の間で意思表示（申込み、承諾）が形式的に合致していても、それらの表示から客観的に推断される意思の内容が、消費者の真意と必ずしも同じでない場合が多い。具体的には次のとおりである。
①　契約締結過程においては、事業者の不適切な動機付けや影響力の行使によって、意思形成が正当になされないままに消費者が契約の申込み又は承諾を行うことにより契約が締結される。
②　契約条項については、消費者の意思表示に瑕疵がない場合であっても、消費

1

者に著しく不利な内容の契約が締結されて、消費者が著しく重い義務を負ったり本来有する権利を奪われたりする。

上記の問題が生じる原因としては、消費者契約の特性ともいえる、消費者と事業者との間に存在する契約の締結、取引に関する構造的な「情報の質及び量並びに交渉力の格差」(注) が挙げられる。

### ア　契約締結過程

（ア）事業者は扱っている商品・権利・役務に関する内容や取引条件についての情報を、消費者よりも多く持っている（情報の量の格差）。

（イ）事業者は当該事業に関し、消費者よりも交渉のノウハウがある（交渉力の格差）。

### イ　契約条項

（ア）事業者は、当該業に関連する法律、商慣習について、一般的に消費者よりも詳しい情報を持っている（情報の質及び量の格差）。

（イ）また、当該契約条項についても自らが作成したものであることが通常であるため、ひとつひとつの契約条項の意義についての知識を持っている(情報の質及び量の格差)。

（ウ）同種の取引を大量に処理するために、事業者によってあらかじめ設定された契約条項を消費者が変更してもらうことはほとんど現実的にあり得ない（交渉力の格差）。

（注）情報の質：入手される情報の詳しさ、入手される情報の正確性、
　　　　　　　　入手される情報の整理の度合い
　　　情報の量：入手される情報量

したがって、本法においては、消費者と事業者との間に存在する、契約の締結、取引に関する構造的な「情報の質及び量並びに交渉力の格差」（以下、便宜の観点から「情報・交渉力の格差」とする。）に着目し、消費者に自己責任を求めることが適切でない場合のうち、契約締結過程及び契約条項に関して、消費者が契約の全部又は一部の効力を否定することができるようにする場合を、新たに定めることとした。

**（２）「事業者の一定の行為により消費者が誤認し、又は困惑した場合について契約の申込み又はその承諾の意思表示を取り消すことができることとする」**

この意味内容については、第２条以下の解説において詳述する。

**（３）「事業者の損害賠償の責任を免除する条項その他の消費者の利益を不当に害することとなる条項の全部又は一部を無効とする」**

この意味内容については、第２条以下の解説において詳述する。

### （４）「消費者の被害の発生又は拡大を防止するため適格消費者団体が事業者等に対し差止請求をすることができることとする」

この意味内容については、第 12 条以下の解説において詳述する。

### （５）「消費者の利益の擁護」

消費者をめぐる環境が急速に多様化、複雑化する中で、消費者と事業者双方が自己責任に基づいて行動できる環境整備が不可欠である。

すなわち、本法においては、消費者をめぐる契約に関してトラブルが生じた際に、消費者自らによる救済を行いやすくすることを通じて「消費者の利益の擁護」を図ることを直接の目的とする。

これに加え、消費者契約の特性・実態等に鑑みると、被害を受けた個々の消費者に、その救済に向けた積極的な権利行使を期待することには限界があるとともに、同種の消費者被害の発生又は拡大を効果的に阻止することにも限界があることを踏まえ、本法においては、適格消費者団体が事業者等に対し差止請求をすることができるようにすることにより、消費者の被害の発生又は拡大を防止して「消費者の利益の擁護」を図ることをも目的としている。

### （６）「もって国民生活の安定向上と国民経済の健全な発展に寄与すること」

本法の直接の目的は、消費者をめぐる契約に関してトラブルが生じた際に、消費者自らによる救済を行いやすくすること及び消費者の被害の発生又は拡大を防止するため適格消費者団体が事業者等に対し差止請求をすることができることとすることを通じて「消費者の利益の擁護」を図ることであり、「もって」以下にある「国民生活の安定向上と国民経済の健全な発展」は、「消費者の利益の擁護」を図ることによって達成することが期待されている目的を示すものである。

現代においては、事業が多様化・複雑化・専門分化し、また社会が高度情報化しているため、消費者と事業者との間に、契約の締結、取引に関する構造的な「情報・交渉力の格差」が生じている。かかる状況を踏まえて、消費者契約の分野で、契約の締結、取引の実情やトラブルの実態に鑑み、消費者に自己責任を求めることが不適切な場合のうち、消費者が契約の全部又は一部の効力を否定することができるように法律によって定めることにより、裁判規範（紛争解決の具体的指針）として機能することを通じた消費者の事後救済の容易化・迅速化、法的安定性の向上、争点の単純化・明確化、審理の拡散の防止等といった裁判における影響はもとより、裁判外紛争処理の円滑化・迅速化・低コスト化、消費者と事業者双方の契約に関する意識の変化、健全な国民のモラルの向上といった効果も期待される。

また、事業者にとっても、事業活動に即してどのような行為をするとどのような効果が生じるのかということについて予見可能性の高いルールが策定されることにより、消費者と事業者双方の契約当事者としての責任に基づいた行動が促され、紛

3

争の発生防止にも寄与することが期待される。さらには、取引に当たっての消費者と事業者双方の信頼感が醸成されることにより、経済活動の活性化に資することも期待できる。

このように、本法を定めることにより、「国民生活の安定向上と国民経済の健全な発展」に資することが期待される。

### ア　消費者側の権利の濫用について

個々の裁判において、目的規定に鑑み、情報の質及び量並びに交渉力の格差に比して消費者の主張が民法第1条第3項に規定する権利の濫用に当たるのであれば、当該消費者の当該主張が退けられるものと考える。

### イ　消費者が事業者に対して不当に有利な内容の契約を締結したとき

本法制定の理念である、「消費者と事業者との間に存在する、契約の締結、取引に関する構造的な『情報・交渉力の格差』に着目し、民法等の規定によって救済されるもの以外について、契約の締結、取引の実情やトラブルの実態に鑑み消費者に自己責任を求めることが適切でない場合を法律によって定めることとする」ことから考えると、消費者が事業者に対して不当に有利な内容の契約を締結したときは、本法制定の理念から外れるために、本法で救済することは考えていない。

### 3　適用範囲の考え方

本法は、あらゆる取引分野における消費者契約について、幅広く適用される民事ルールであり、契約の締結、取引に関する構造的な「情報・交渉力の格差」が存在する場合が現実的にみて一般的であることに着目したものである。

また、このような一般的な傾向に鑑みた上で、本法の適用範囲を決めるに当たっては、次のような考え方に基づいている。

本法で取り扱う消費者契約（消費者と事業者との間の契約）の適用範囲を決めるに当たっては、前述したように、取引に関する「情報・交渉力の格差」を念頭に置きつつ消費者と事業者の範囲を決める必要がある。

本法における「消費者」と「事業者」とを区別する観点は、取引に関する「情報・交渉力の格差」であり、その格差が生じる要因は、基本的には「①同種の行為（契約の締結、取引）を反復継続しているかどうか」であるが、要因はそれのみにとどまらず「②社会から要請されている事業者の責任」という視点も必要であると考えられた。

例えば、事業者は、当該業において事業そのものとして扱っているもの以外にも、当該業を運営していくために必要な商品・権利・役務に関する内容や取引条件、さらには法律や商慣習について消費者よりも詳しい情報を持っているが、この部分については単に「同種の行為（契約の締結、取引）の反復継続」のみによって全てが説明されるわけではない。

それは通常、「同種の行為（契約の締結、取引）の反復継続」である事業というも

のを行うために、反復継続という回数とは関係なく、事業者が事業を行う際には最低限知っているべきとされているもの、いわば事業者に求められる「事業者が取引をするためのインフラ（情報ネットワーク、法律知識、商慣習など）」ともいえるものである。これを換言するならば、通常、経済社会の取引の安全性を確保するために、社会が事業を行う者に対して求めている負担（＝「社会から要請されている事業者の責任」）（注）といえるであろう。

　以上の「社会から要請されている事業者の責任」に伴う「事業者が契約を締結し、取引をするためのインフラ」の有無が、消費者契約におけるトラブルを引き起こす取引に関する「情報・交渉力の格差」のもう一つの要因である。

（注）社会が事業を行う者に対して求めている負担について、同様の考え方を採っている例としては、製造物責任法に規定している「製造物責任」の考え方がある。

　　製造物責任法が製造業者等に対し、その製造物が欠陥すなわち通常有すべき安全性を欠いていることにより損害賠償責任を負わせる根拠としては、例えば以下のような理論的根拠が考えられる。

信頼責任：自らの製品に対する消費者の信頼に反して欠陥ある製造物を製造し引き渡したことを根拠として、賠償責任を負うべきである。

報償責任：製造者は利益追及行為を行っており、利益を上げる過程において他人に損害を与えたことを根拠に、賠償責任を負うべきである。

（危険責任：危険を内在した製造物を製造した者がその危険が実現した場合の賠償責任を負うべきである。）

第２条（定義）

> （定義）
> **第２条**　この法律において「消費者」とは、個人（事業として又は事業のために契約の当事者となる場合におけるものを除く。）をいう。
> ２　この法律（第43条第２項第２号を除く。）において「事業者」とは、法人その他の団体及び事業として又は事業のために契約の当事者となる場合における個人をいう。
> ３　この法律において「消費者契約」とは、消費者と事業者との間で締結される契約をいう。
> ４　この法律において「適格消費者団体」とは、不特定かつ多数の消費者の利益のためにこの法律の規定による差止請求権を行使するのに必要な適格性を有する法人である消費者団体（消費者基本法（昭和43年法律第78号）第８条の消費者団体をいう。以下同じ。）として第13条の定めるところにより内閣総理大臣の認定を受けた者をいう。

## Ⅰ　第１項から第３項まで

### １　趣旨

　本法で取り扱う消費者契約（「消費者」と「事業者」との間で締結される契約）の適用範囲を決めるに当たっては、契約の締結、取引に関する「情報・交渉力の格差」を念頭に置きつつ「消費者」と「事業者」の範囲を決める必要がある。

　本法における「消費者」と「事業者」とを区別する観点は、契約の締結、取引に関する「情報・交渉力の格差」である。この格差は、「事業」（一定の目的をもってなされる同種の行為の反復継続的遂行）に由来することから、この概念を定義において用いるものとした。

### ２　条文の解釈

#### （１）「事業として又は事業のために契約の当事者となる」

　本条で定義する「消費者」とは、「事業としてでもなく、事業のためにでもなく」契約の当事者となる主体を意味し、「事業者」とは、「事業として又は事業のために」契約の当事者となる主体を意味する。

　このうち、（４）・（５）に後述する「法人」及び「その他の団体」については、これらの団体が当事者となって締結する契約が「事業者」としてするものであると考えられる。

　しかし、次の（２）に述べるように個人事業者については、「事業者」として「事業として又は事業のために」契約の当事者となる場合もあれば、「消費者」として「事

業としてでもなく、事業のためにでもなく」契約の当事者となる場合もある。したがって、本法においては個人事業者が「事業として又は事業のために」契約の当事者となる場合には「事業者」として取り扱うことが妥当である。

　なお、ここに掲げる「事業として又は事業のために」とは、「契約の当事者となる主体『自らの』事業として、又は『自らの』事業のために」という意味である。

### ア 「事業」

　「事業」とは、「一定の目的をもってなされる同種の行為の反復継続的遂行」であるが、営利の要素は必要でなく、営利の目的をもってなされるかどうかを問わない。また、公益・非公益を問わず反復継続して行われる同種の行為が含まれ、さらには弁護士、税理士等の「自由職業（専門的職業）」の概念も含まれるものと考えられる。

　なお、労働契約（雇用主に対して、従業員が労務の提供に服することを約する契約）に基づく労働は、自己の危険と計算によらず他人の指揮命令に服するものであり、自己の危険と計算とにおいて独立的に行われるものである「事業」という概念には当たらないと考えられる（第48条参照）。

### イ 「事業として」と「事業のために」

　「事業として」とは、同種の行為を反復継続して行うことをいう。角田禮次郎ほか共編『法令用語辞典〔第10次改訂版〕』（学陽書房、2016）によれば、「業とする」とは、「一定の行為の反復的継続的遂行が『業』としてされたかどうかについて判定に困難な場合が少なくないが、結局、社会通念上それが事業の遂行とみられる程度の社会的地位を形成するかどうかによって決定するほかはない」とされている。

　「事業として」については、ある期間継続する意図をもって行われたものであれば、最初の行為も事業として行われたものと解されるし、事業規模や形態のいかんは問わない。

　「事業のために」とは、事業の用に供するために行うものが該当する。

### （2）「個人（事業として又は事業のために契約の当事者となる場合におけるものを除く。）」

　事業を行っていない個人については、本法において当然に「事業としてでもなく、事業のためにでもなく」契約の当事者となる「消費者」と考えられるが、個人事業者については、「事業者」として契約の当事者となる場合も、「消費者」として契約の当事者となる場合もある。

　例えば、個人事業者が当該事業のためにパソコンを購入したが、同時に個人の趣味としてそのパソコンを使用するというように、「事業のために」契約の当事者となるか、それとも「事業のためではない目的のために」契約の当事者となるかの判断を一概に決めることができない場合がある。この場合は、個々の具体的契約に即して、客観的にみて「事業のために」契約の当事者となるかどうかを判断することになる。

その場合の判断をするための考え方としては、
①　まず、契約締結の段階で、該当事項が目的を達成するためになされたものであることの客観的、外形的基準（例：名目等）があるかどうかで判断し、
②　①のみで判断することにつき現実的に困難がある場合は、物理的、実質的（例：時間等）基準に従い、該当事項が主として（例：上記のパソコン購入の例の場合、使用時間のうち、その２分の１以上を事業のために使用しているか等）目的を達成するためになされたものであるかどうかで判断する、
ということが考えられる。

なお、消費者に該当することを前提としたと考えられる裁判例として、事業者から不動産投資を勧められて２件の不動産を購入した個人について、不動産投資をするに当たっての不利益な事情を十分説明されていなかったなどとして、第４条第２項による取消しを認めた裁判例（東京地判平成24年３月27日）が存在する。

**ア　個人が「消費者」か「事業者」かについて判断がつかない場合**

事業者は、個人と契約を締結しようとする際にその相手方である個人が「事業として又は事業のために契約の当事者」となっているかどうかについて判断することが困難である場合がある。

すなわち契約時において、契約相手の個人が「事業として又は事業のために」当該契約を締結することが、契約時の名目や契約相手の個人の言動からは判断できず、また、契約相手の個人の事業についての情報もないような場合には、当該事業者にとって判断することは困難であると思われる。

しかし、本法は直接的には裁判規範となる民事ルールであるため、究極的には裁判所があらゆる客観的事実を勘案して判断することとなるし、当該個人が「消費者」として当該契約を締結したことについても、その立証責任は、民事訴訟法に従い、当該争いにおいて消費者契約法の適用があることを主張する個人が負担することとなる。

このほか、例えば、事業者が本法の適用を免れる意図で、契約相手の個人について法人その他の団体名義での契約書を作成したような場合には、単に契約書面上の記載だけで判断するのではなく、実体として「事業として又は事業のために」契約を締結していないのであれば、当該個人は「消費者」であると考えられるが、最終的には個別具体例に即し、司法の場において判断される。

**イ　用途の変更**

当初、個人利用として締結した契約内容を、ある期間経過後、事業のために利用した場合の本法の適用の有無は、契約内容に連続性があれば、契約当初における利用目的によって判断される。

したがって、具体例に則して考えると、インターネット契約を当初個人が個人利用としてインターネット事業者との間で締結し、当該個人が半年後通信販売事業を開始した場合、通信販売事業を開始した時点において、当該契約の取消しや変更がなく当初の契約が続いていれば、当該契約については消費者契約となる。

（３）「第 43 条第 2 項第 2 号を除く」

　第 43 条第 2 項第 2 号（管轄）では、景品表示法上の不当行為があった地を規定している が、景品表示法上の「事業者」を本法上の「事業者」と区別する観点から、本条第 2 項において、「この法律」とあるところ、その後に「（第 43 条第 2 項第 2 号を除く。）」と明記することとした。

（４）「法人」

　法人とは、自然人以外で、法律上の権利義務の主体となることを認められているものとされている。国・県・市・町・村のような公法人、特別法による特殊法人、一般社団法人又は一般財団法人、株式会社のような営利法人、協同組合のように個別法に根拠をもつ法人、特定非営利活動促進法人等に分類される。宗教法人や労働組合法第 11 条に基づく労働組合もこれに含まれる。
　なお、行政主体が一方当事者となる場合は、行政法学上、下記のような類型の行政においては、「契約」による法律関係が存在すると考えられている。

　ア　調達行政
　行政処分（課税、土地収用等）によることもあるが、土地の任意買収、普通財産の売却の場合等は、民法上の「契約」と解される。

　イ　給付行政
　①　任意の人からの要求に応じて行政主体がサービスを提供する場合（水道利用関係等）は、民法上の「契約」と解される。
　②　行政主体が一定の要件を満たす私人に財やサービスを提供する場合（公立保育所の入所許可等）には、受給資格の認定は行政処分によって行われるが、実際の財やサービスのやり取りは契約に基づいて行われ、特則のない限り、民法上の「契約」であると解することも可能である（注）。

　　（注）行政処分に続けて、あるいは行政処分と同時に、行政主体と受給者との間で契約が締結されるとの考え方（2 段階説）。

　なお、規制行政（運転免許証の交付、旅券の発行等）、公証行政（登記、戸籍、住民票の記載、写しの交付等）については行政庁の公権力の行使、すなわち「行政処分」と考えられている。こうした分野は、行政手続法により規律されるべきものであり、「契約」に基づく法律関係とは考えられていない。
　このほか、行政主体が物を万人の利用できる状態に置き（公用開始）、万人がこの物（公共用物）を利用する場合（公共用物の一般使用）や、公益的観点から、私人がサービスを受ける義務を負い、この義務に基づいて行政主体から給付を受ける場合（公立小中学校の在学関係、下水道の利用等）についても、通常は、「契約」に基

づくものとは考えられていない。

### （５）「その他の団体」

　「その他の団体」には、民法上の組合（民法第 667 条〜第 688 条）を始め、法人格を有しない社団又は財団が含まれる。各種の親善、社交等を目的とする団体、PTA、学会、同窓会等といった法人となることが可能であるがその手続を経ない各種の団体がこれに含まれる。法人格を有しない場合のマンション管理組合もこれに含まれる。

　なお、親善団体と考えられる大学のラグビークラブチームと事業者との契約において、当該チームが「消費者」に該当するかという問題について、権利能力なき社団のように、一定の構成員により構成される組織であっても、消費者との関係で情報の質及び量並びに交渉力において優位に立っていると評価できないものについては、「消費者」に当たるとした裁判例（東京地判平成 23 年 11 月 17 日判例時報 2150号 49 頁）が存在する。

### （６）「消費者契約」

　民法における「契約」のうち、本条で定義する「消費者」と「事業者」との間で締結される契約のことをいう。

### 3　個別の契約類型例

〔事例２−１〕公益社団法人及び公益財団法人が本業又は副業のために行う取引
　公益社団法人及び公益財団法人は事業者であり、事業者が本業又は副業のために行う取引は事業者として行うものであると判断される。

〔事例２−２〕宗教活動
　宗教法人については、法人に当たるため、事業者となる。また、教祖及び信者が行う宗教活動については、「事業＝一定の目的をもってなされる同種の行為の反復継続的遂行」の概念に当たれば事業となる。その上で、宗教法人等が行う宗教活動については、民法上の「契約」の概念に該当しない宗教活動であれば「消費者契約」には当たらない。

　したがって、宗教活動に伴う喜捨や布施が、宗教法人に対する「贈与」（すなわち、契約）に当たるかどうかは、民法の解釈によって定まるものであって、本条の「消費者契約」の解釈によって定まるものではないし、宗教活動と裁判の関係について、特に変更を加えるものではない。

〔事例２－３〕内職商法

　いわゆる内職商法とは、業者が、例えば簡単な作業で高収入を得られるなど条件の良い内職を、ダイレクトメール等で広告して希望者を集め、内職のための材料や機械を高い金額で購入させる。購入者は、その材料や機械を使って仕事をしても、技術不足等の理由をつけられて、もともと買い取るつもりがない業者に製品の買取りを拒否され、収入を得ることができず、結局損をさせられるという商法であると考えられる。

　まず、内職商法その他における「内職」というシステム自体を考えると、内職の注文者と内職の請負人（注文者から内職を頼まれた個人）との関係は、一般的には労働法上における労働契約ではなく、民法上における請負契約であり、内職商法は労働契約には当たらない（第 48 条を参照）。

　また、内職商法が本法の適用対象となるかどうかについては、内職の請負人が本条に規定する「事業者」となるか、それとも「消費者」となるかが問題になる。

　本法は民事ルールであるため、最終的には個別具体例に即し、司法の場において判断されるものであるが、いわゆる内職商法の中には、内職のために必要な材料や機械を購入させることを主な目的とし、その内職が客観的にみて実体がなく、事業であるとは認められないものがある。

　この場合、内職のための材料や機械を高い金額で購入する契約は「事業のため」の契約ではないこととなるため、本条における「消費者」に該当し、本法の適用範囲に入ると考えられる。

　また、その判断基準は「事業性」があるかどうかであり、また、ここでいう「事業」とは、「一定の目的をもってなされる同種の行為の反復継続的遂行」のことを指すが、「事業性」については、単に内職の回数や利益の存在によって判断するものではなく、それらを始めとして、契約の段階における事業者の意図（本当に内職をさせる意図があったのか、それとも単に内職をさせることを口実にして内職のための材料や機械を高い金額で購入させる意図だったのか。前者であると認められた場合には、本法の問題ではなく債務不履行の問題となる。）等の諸々の要素を含めて、全体として事業とみなすことが適当であるかどうかにより判断されるものと考えられる。

〔事例２－４〕マルチ商法

　いわゆるマルチ商法とは、販売組織の統括者等が他の人を組織に加入させ、さらにその加入した者に別の人を組織に加入させることを次々と行わせることにより組織をピラミッド形に拡大させていく商法であると考えられる。

　加入をしようとする者が商品やサービスの再販売等を行う意思を持たず、自らの消費のためだけに当該商品やサービスの購入契約又は提供契約を締結する場合は、当該商品やサービスの購入契約又は提供契約は「事業としてでもなく、事業のためでもなく」なされる契約となるため、加入者は本条における「消費者」に

該当し、販売組織の統括者等との取引は本法の対象になると考えられる。

　しかし、この取引では、加入をしようとする者が再販売等を行う意思を持って販売組織に加入し、当該商品やサービスの購入契約又は提供契約を締結することが通常であり、他にもあっせん、委託形態もあるが、この場合には当該商品やサービスの購入契約又は提供契約は「事業として」なされる契約になると考えられる。

　したがって、加入者は本条における「事業者」に該当し、販売組織の統括者等との取引は本法の対象にならないこととなるが、最終的には個別具体例に即し、司法の場において判断されるものと考えられる。

〔事例２−５〕フランチャイズ商法

　いわゆるフランチャイズ商法におけるフランチャイズ契約とは、本部と多数のチェーン加盟店からなる事業形態において、本部は加盟店に対して契約期間中、店舗運営に伴う商標使用権の許諾・経営ノウハウ及び経営指導を提供し、加盟店はその対価としてロイヤリティーフィーを支払うという契約であると考えられる。

　本部については、本条における「事業者」に該当し、チェーン加盟店についても「事業のため」の契約であると考えられるため、本条における「事業者」に該当することとなるため、フランチャイズ契約については本法の対象とはならない。

　もっともフランチャイズ契約を装った不当な勧誘行為など、事案によっては、本法の対象となるものもあり得るが、最終的には個別具体例に即し、司法の場において判断されるものと考えられる。

〔事例２−６〕モニター商法

　いわゆるモニター商法とは、一般的にはモニター（商品やサービスを業者から特別の条件で購入する代わりに、商品やサービスを実際に使用した上で得た情報を業者に報告する者）になってもらうことを条件に商品やサービスを特別に提供すると思わせて売りつける商法であると考えられる。

　この場合、モニター商法を行う業者については、一般的に本条の「事業者」に該当するものと考えられる。しかし、モニターについては、客観的にみてモニター自身が行うモニタリング自体に「事業」性がないと考えられる場合には、当該モニタリングのために商品やサービスを購入する契約は「事業のため」の契約ではないと考えられる。

　したがって、そのような場合のモニターは本条における「消費者」に該当し、本法の適用範囲に入ると考えられるが、いずれにしても本法は民事ルールであるため、最終的には個別具体例に即し、司法の場において判断されるものと考えられる。

〔事例２−７〕保証契約等

　個人との保証契約等は、原則として本法の対象となる。ただし、事業者間のリース契約に係る保証契約等においては、保証人等である個人が当該保証契約等を「自らの事業として又は自らの事業のため」に締結していると認められる場合には、本法の適用はないと考えられる。

　以上の見解に基づき、上記取引事例の保証人等である個人の属性別の本法の適用の有無を一般的に判断すると、以下のとおりと考えられる。

⑴　法人の経営者（代表取締役、取締役）や従業員等が、個人として、法人の負っている債務の保証人等となる保証契約等

　法人の経営者や従業員等は自らが事業主体となっているわけではないため、原則として本条における「消費者」に該当すると考えられる。

　したがって、この場合における保証契約等は消費者契約となる。

⑵　個人事業者や共同事業者、従業員等が個人として、個人事業者の負っている債務の保証人等となる保証契約等

　基本的には⑴と同じだが、共同事業者については、当該保証契約等を「自らの事業として又は自らの事業のため」に締結していると認められる場合が多いと考えられるため、一般的には本法の適用はないと考えられる。

⑶　事業者間取引となる主契約（リース契約）に第８条から第10条で無効となる契約条項が含まれており、その保証契約等が消費者契約となる場合

　リース契約（事業者間取引となる主契約）と保証契約等（事業者と個人との間の取引）は別契約であり、保証契約等が消費者契約となる場合、その保証契約等の契約条項に第８条から第10条で無効となる契約条項に該当する契約条項があるかどうかを判断することになる（切り離して考える）。

　すなわち、第８条から第10条で無効となる契約条項が含まれているリース契約（主契約）に係る保証契約等は、当該契約条項がリース契約（主契約）の内容である限り、その保証契約等に本法の適用があっても当該契約条項を理由とする請求は無効と判断されないものと考えられる。ただし、保証契約等を構成する契約条項（保証契約等の内容に係る事業者と保証人個人との間の取決め）が第８条から第10条で無効となる契約条項に該当すれば、その契約条項は無効となる。

〔事例２−８〕介護サービス契約

　本法は民事ルールであるため、民法における契約のうち、本条における「消費者」と「事業者」との間で締結される契約であれば、取引の形態を問わずその対象となる。

　したがって、「要介護認定を受けた介護サービスの利用者」と「介護サービス事業者（注）」との間で締結される介護サービス契約についても、本条における「消

費者」と「事業者」との間で締結される契約であるため、本法の対象となる。

（注）介護サービス事業者
　　　介護サービスを提供する指定居宅サービス事業者等及び介護保険施設

　さらに、介護サービスの利用者とケアプラン作成事業者（指定居宅介護支援事業者）との関係については、要介護認定を受けた介護サービスの利用者が、ケアプラン（介護サービス計画）を作成する契約を、ケアプラン作成事業者と締結した場合についても、本条における「消費者」と「事業者」との間で締結される契約であるため、本法の対象となる。

---

〔事例２－９〕医療

　患者が入院等を強制される行政処分のように、医療機関と患者との間に契約が存在していないとされている関係(注)においては本法の適用はないが、契約が成立しているとみられる場合には本法の適用がある。
（注）　医療機関と患者の間に契約が存在していないとされている関係
　　ア　法律上、患者に受診が義務付けられる場合
　　　１）患者が入院等を強制される行政処分の場合
　　　　　根拠法：精神保健及び精神障害者福祉に関する法律（入院措置）
　　　　　　　　　麻薬及び向精神薬取締法（入院措置）
　　　　　　　　　感染症の予防及び感染症の患者に対する医療に関する法律（入院措置）
　　　　　　　　　等
　　　２）あらかじめ法律で受診が義務付けられている場合
　　　　　根拠法：労働安全衛生法（健康診断）
　　イ　救急医療のような事務管理とみなされる場合

---

〔事例２－10〕資格商法

　いわゆる資格商法とは、一般的には「受講するだけで資格が取れる」などと言って、公的資格や民間資格を取得するための講座を受けるよう、強引に勧誘する商法であると考えられる。
　資格商法を行う業者については、本条の「事業者」に該当する。一方、勧誘を受ける側については、客観的に見てその資格が自らの「事業のため」のものである場合は、本条の「事業者」に該当するため、本法の対象とはならない。しかし、その資格が自らの「事業のため」のものでない場合は本条における「消費者」に該当するため、本法の対象となる。
　いずれにしても、本法は民事ルールであるため、最終的には個別具体例に即し、司法の場において判断されるものと考えられる。
＜参考＞　資格商法における取扱い
契約の相手方は事業者とする。また、あくまでも抽象的に試みた仕分けであり、最終的

には個々の具体例に即し、司法の場において判断されるものである。

| | 契約締結の動機 | 主体の取扱い | 消費者契約か |
|---|---|---|---|
| ⑴ | 自分で事業を行っている事業者が、業務上必要な資格を取得するため、自分で受講の申込みをした。<br>→　事業のための契約 | 事業者 | × |
| ⑵ | 従業員が雇用主から業務遂行のため資格をとることを要求されたため、自分で受講の申込みをした。<br>→　労働のための契約（※労働契約の労働は「事業」ではないため、労働のための契約は「事業のため」の契約には当たらない）（第48条参照） | 消費者 | ○ |
| ⑶ | 従業員が業務遂行のために資格をとることが必要と自主的に判断したため、自分で受講の申込みをした。<br>→　労働のための契約（※労働契約の労働は「事業」ではないため、労働のための契約は「事業のため」の契約には当たらない）（第48条参照） | 消費者 | ○ |
| ⑷ | 将来その資格をもって独立開業する意図をもって自分で受講の申込みをした。（例：将来弁護士になろうという者が弁護士資格に関する講座を受講する場合）<br>→　未だ事業を行っていない段階のため、「事業のため」の契約には当たらない。 | 消費者 | ○ |
| ⑸ | 将来その資格をもって独立開業する意図はなく、また業務遂行のため資格をとることが必要と雇用主から要求されたわけでなく、業務遂行のため資格をとることが必要と自主的に判断したわけでもないが、趣味の一環として自分で受講の申込みをした。<br>→　「事業のため」の契約には当たらない。 | 消費者 | ○ |

〔事例２−11〕株の個人投資家

　株の個人投資家についてはまず、株取引の原資の性格や目的を客観的に判断して、個人投資家の行っている「事業として又は事業のため」に行われる取引かどうかによって、本条における「事業者」であるか「消費者」であるかを決めることとなる。

　すなわち、株取引の収益が再投資や生計の原資の全部又は重要な一部分となるような場合は、個人投資家が「事業として」行う取引であると考えられ、したがって、この場合の個人投資家は本条における「事業者」となる。

　また、個人が自ら行っている事業の事業資金の運用手段として株取引を行う場合は、「事業のため」に行う取引であり、この個人は本条における「事業者」となるが、いずれにしても、本法は民事ルールであるため、最終的には個別具体例に

> 即し、司法の場において判断されるものと考えられる。

## Ⅱ　第４項

### 1　趣旨等

　本法では、消費者の被害の発生又は拡大を防止して消費者の利益の擁護を図るため、適格消費者団体が事業者等に対し差止請求をすることができることとしているところ、差止請求をする主体は、不特定かつ多数の消費者の利益を擁護する観点から真摯に差止請求をすることが期待できる者である必要がある。かかる観点から、第 13 条においては、特定非営利活動法人又は一般社団法人若しくは一般財団法人であること、消費生活に関する情報の収集及び提供並びに消費者の被害の防止及び救済のための活動その他の不特定かつ多数の消費者の利益の擁護を図るための活動を行うことを主たる目的とし、現にその活動を相当期間にわたり継続して適正に行っていると認められること、差止請求関係業務を適正に遂行するための体制及び業務規程が適切に整備されていること等の要件の全てに適合する者を内閣総理大臣が認定することしたところであり、また、この主体については、消費者基本法第 8 条に規定する消費者団体としての活動に努めることが期待されるところである。
　以上を踏まえ、不特定かつ多数の消費者の利益のために本法の規定による差止請求権を行使するのに必要な適格性を有する法人である消費者団体として第 13 条の定めるところにより内閣総理大臣の認定を受けた者を「適格消費者団体」とする定義規定を置くこととした。

第３条（事業者及び消費者の努力）

---

（事業者及び消費者の努力）
第３条　事業者は、次に掲げる措置を講ずるよう努めなければならない。
　　一　消費者契約の条項を定めるに当たっては、消費者の権利義務その他の消費者契約の内容が、その解釈について疑義が生じない明確なもので、かつ、消費者にとって平易なものになるよう配慮すること。
　　二　消費者契約の締結について勧誘をするに際しては、消費者の理解を深めるために、物品、権利、役務その他の消費者契約の目的となるものの性質に応じ、事業者が知ることができた個々の消費者の年齢、心身の状態、知識及び経験を総合的に考慮した上で、消費者の権利義務その他の消費者契約の内容についての必要な情報を提供すること。
　　三　民法（明治29年法律第89号）第548条の２第１項に規定する定型取引合意に該当する消費者契約の締結について勧誘をするに際しては、消費者が同項に規定する定型約款の内容を容易に知り得る状態に置く措置を講じているときを除き、消費者が同法第548条の３第１項に規定する請求を行うために必要な情報を提供すること。
　　四　消費者の求めに応じて、消費者契約により定められた当該消費者が有する解除権の行使に関して必要な情報を提供すること。
　２　消費者は、消費者契約を締結するに際しては、事業者から提供された情報を活用し、消費者の権利義務その他の消費者契約の内容について理解するよう努めるものとする。

---

Ⅰ　第１項

1　趣旨等

（１）趣旨

　本項は、第１条の目的に沿って、事業者の努力義務を規定したものである。事業者と消費者との間に情報・交渉力の格差が存在することが、事業者と消費者との間で締結された契約において発生する紛争の背景となることが少なくない。したがって事業者には、消費者の権利義務その他の消費者契約の内容が明確なものでかつ消費者にとって平易なものになるよう配慮すること（契約条項の明確化）が求められるとともに、消費者契約の締結について勧誘をするに際しては、消費者の理解を深めるために、消費者の権利義務その他の消費者契約の内容についての必要な情報を提供すること（情報提供）が求められる。なお、平成30年改正により、契約条項の明確化と情報の提供を第１号と第２号に分けて規定するとともに、それぞれについて改正がされた。また、令和４年通常国会改正により、第２号の勧誘時の情報提供の努力義務について考慮要素として年齢と心身の状態を追加する等の改正がされる

とともに、定型約款の表示請求権に関する情報提供及び解除権行使に必要な情報提供の努力義務も追加する改正がされた。

### （２）事業者の努力義務を本法に規定する意義

　書面交付等も含めて、事業者からの消費者に対する情報提供義務を規定した法律としては、商品先物取引法第 217 条、割賦販売法第 3 条、特定商取引法第 4 条、金融商品取引法第 37 条の 3、旅行業法第 12 条の 4、宅地建物取引業法第 35 条第 1 項及び第 2 項等がある。

　こうした法律に同趣旨の規定が存在するにもかかわらず本項に事業者の努力義務を規定するのは、これらが個別の業種を対象にしたものであるのに対して、消費者契約法は消費者契約全体に関して規定するものだからである。

　一方で、本項に規定するような事業者の努力義務は、消費者基本法に規定すべきものということも考えられる。しかし、消費者基本法は抽象的な義務を規定しているのに対し、消費者契約法では努力義務とはいえ消費者契約という局面における具体化された義務を規定しており、実体規定と一体化して本項が規定されることには意義が存在する。

### （３）努力義務という形式を採る理由

　意思表示に瑕疵があるとして、取消しの効果が認められている場合は詐欺、強迫に限られていることや、消費者契約法が消費者に自己責任を求めることが不適切な場合に限って特別なルールを認めようという考え方からすると、単なる「情報の不提供」で取消しを認めることについては慎重に考える必要があり、真に必要な場合に限定する必要があると考えられる。第 17 次国民生活審議会消費者政策部会消費者契約法検討委員会の場においても、単なる「重要事項」の不提供だけで、取消し等の効果を付与するのは適当でないという見解が示された。したがって、取消しという効果を付与するのにふさわしい類型というのは、積極的にある事実が告知される一方でそれに密接に関連する別の事実が告知されないことによって、消費者が重要事項について誤認してしまうようなケースに限られるのではないかと考えられる。それ以外の情報の不提供の類型については努力義務にとどめることが適当であると考えられる。

　本項は努力義務であるので、本項に規定する義務違反を理由として契約の取消しや損害賠償責任といった私法的効力が直ちに生ずるものではない。

　もっとも、平成 30 年改正前の本項の規定に基づく努力義務を考慮して信義則上の説明義務を導いた上で、当該説明義務に違反したことが不法行為を構成するとして事業者に損害賠償責任を認めた裁判例（名古屋地判平成 28 年 1 月 21 日判例時報 2304 号 83 頁）があるように、本規定の義務違反が他の規定の解釈や適用に影響を与えることはあり得るものと考えられる。

　また、適格消費者団体が、事業者が使用する契約条項が第 8 条第 1 項第 1 号及び

第3号に規定する免責条項に該当するとして差止請求をし、事業者は、当該契約条項は事業者が損害賠償責任を負わない場合を確認的に規定したものにすぎず免責条項ではないと主張した事案において、「事業者は、消費者契約の条項を定めるに当たっては、消費者の権利義務その他の消費者契約の内容が、その解釈について疑義が生じない明確なもので、かつ、消費者にとって平易なものになるよう配慮すべき努力義務を負っているのであって（法3条1項1号）、事業者を救済する（不当条項性を否定する）との方向で、消費者契約の条項に文言を補い限定解釈をすることは、同項の趣旨に照らし、極力控えるのが相当である。」とし、問題となった条項の使用の差し止めを認めた裁判例が存在する（東京高判令和2年11月5日（裁判所ＨＰ参照）。第一審はさいたま地判令和2年2月5日判時2458号84頁。）。

なお、適格消費者団体の差止請求権の性格から、条項を限定解釈することを否定したものとして、最一判令和4年12月12日（本書179頁・最高裁判決【5】）がある。

## 2　条文の解釈等

### （1）契約条項の明確化

#### ア　平成30年改正の趣旨

平成30年改正前の本項は、事業者の努力義務として、事業者が消費者契約の条項を定めるに当たっては消費者契約の内容が明確かつ平易なものになるよう配慮することを定めていた。

しかし、実際に使用されている消費者契約の条項の中には、一見すると明確のようであるものの、真に明確であるとはいえず、その結果、解釈に疑義が生じている条項が散見される。例えば、契約書の条項を単に「Ａ、Ｂ」と記載する場合は、一見すると明確のようであるが、「ＡかつＢ」とも「Ａ又はＢ」とも解釈することが可能となり、解釈について疑義が生じ得る。そのため、平成30年改正によって、「解釈について疑義が生じない」という部分を条文上明示することで、事業者に対して明確な条項を定めるよう、より分かりやすい形で促すこととされた。

また、消費者契約の内容について解釈に疑義が生じない明確なものになるよう配慮する旨を条文上明らかにすることは、条項使用者不利の原則が本項の趣旨から導かれる考え方の一つであることを条文上より明確にするという意味も持つものと考えられる。

#### イ　条文の解釈

#### ①　「権利義務」と「その他の契約の内容」

本項第1号は、事業者に対して、消費者契約の内容が消費者にとって明確かつ平易なものになるよう配慮に努めることを求めている。

「契約の内容」には、商品・権利・役務等の質及び用途、契約の目的物の対価や

取引条件、商品名、事業者の名称等が含まれる。このうち、契約の目的物の対価や取引条件は消費者の「権利義務」に該当する。また商品・権利・役務等の質及び用途は全てではないものの、一部は消費者の「権利義務」に該当し得る。消費者の「権利義務」に該当する部分は「契約の内容」の中でも主要な部分であるので特に例示したものであり、「契約の内容」に含まれる。

② 「解釈について疑義が生じない」

「解釈について疑義が生じない」については、契約の内容が解釈によって確定されることはあり得るものであり、契約の内容について解釈が必要であることをもって、「解釈について疑義が生じ」ていることを意味するものではない。

● 条項使用者不利の原則

契約の条項について、解釈を尽くしてもなお複数の解釈の可能性が残る場合には、条項の使用者に不利な解釈を採用すべきであるという考え方を条項使用者不利の原則という。

この原則の根拠としては、消費者と事業者との間には情報・交渉力の格差があることに鑑みると、条項が不明確であることによって複数の解釈が可能である場合、紛争が生じたときには消費者は事業者から不利な解釈を押し付けられるおそれがあるので、消費者の利益の擁護を図る必要があることが挙げられる。また、条項使用者不利の原則によって、事業者に対して明確な条項を作成するインセンティブを与えることになり、ひいては条項の解釈に関する消費者と事業者との間の紛争を未然に防止することが期待できる。

本法には条項使用者不利の原則を定めた明文の規定はないものの、事業者は「消費者契約の内容が、その解釈について疑義が生じない明確なもので、かつ、消費者にとって平易なものになるよう配慮する」よう努めなければならないという本項第1号の趣旨から導かれる考え方の一つであるということができる（注）。

（注）条項使用者不利の原則を適用することが考えられる具体的な事例としては、例えば、消費者契約の条項において消費者が事業者に対して金銭支払義務を負う要件として「A、B」と定められていたものの、他の条項ではAやBという文言が用いられておらず、AやBの定義を定めた規定もない等により、「A、B」が、AかつBなのか、A又はBなのかを、解釈を尽くしても確定することができない場合が考えられる。この場合、AかつBと解釈する方が、A又はBと解釈するよりも、消費者が金銭支払義務を負う範囲が狭くなる点で事業者に不利であるため、条項使用者不利の原則を適用した場合には、AかつBと解釈することになると考えられる。

③ 「明確なもので、かつ、消費者にとって平易なもの」

　第17次国民生活審議会消費者政策部会消費者契約法検討委員会報告においては、簡易生命保険法第7条第3項（注）（当時のもの）を参考に「……明確にするとともに、分かりやすいものにするよう配慮しなければならない」という表現を用いている。これを条文化したものが平成30年改正前の「明確かつ平易」という表現である。

　平成30年改正によって、「その解釈について疑義が生じない明確なもので、かつ、消費者にとって平易なもの」という表現とされた。

（注）簡易生命保険法は平成19年10月1日廃止された。消費者契約法立案当時の条文は、以下のとおり。

　　　第7条第3項
　　　郵政大臣は、保険約款を定めるに当たつては、簡易生命保険が簡易に利用できる生命保険として国民に提供される制度であることに留意し、簡易生命保険の範囲及び保険契約による権利義務を明確にするとともに、分かりやすいものにするよう配慮しなければならない。

## （２）契約内容に関する情報提供

### ア　平成30年改正の趣旨

　消費者と事業者との間には情報の質及び量について構造的な格差があることから、改正前の本項は、事業者の努力義務として、事業者の消費者に対する契約内容に関する一般的な情報提供を規定していた。

　もっとも、提供された情報をどの程度理解することができるかは個々の消費者の知識及び経験や消費者契約の目的となるものの性質によってそれぞれ異なるものであり、「消費者の理解を深めるために」情報を提供するという当該規定の趣旨に照らすと、事業者は、勧誘に際して、消費者契約の目的となるものの性質に応じ、個々の消費者の知識及び経験を考慮した上で、必要な情報を提供することが望ましいと考えられる。

　そこで、平成30年改正により、情報提供の在り方として、「物品、権利、役務その他の消費者契約の目的となるものの性質に応じ、個々の消費者の知識及び経験を考慮した上で」という文言を追加することとされた。

### イ　令和４年通常国会改正の趣旨

　近年、消費者取引がますます多様化・複雑化していることに照らすと、事業者には個々の消費者の理解に応じた丁寧な情報提供をより積極的に行うことが求められている。ところが、事業者にとって消費者の知識及び経験は分からないことが多く、本号第2号の活用にも限界があった。そこで、考慮すべき消費者の事情として年齢及び心身の状態を追加するとともに、消費者の年齢、心身の状態、知識及び経験を総合的に考慮した上で情報を提供する旨を規定することとされた。

### ウ　条文の解釈

①　「物品、権利、役務その他の消費者契約の目的となるものの性質に応じ」

　本号の「物品、権利、役務その他の消費者契約の目的となるもの」については、第4条第4項参照のこと。

　個々の消費者の知識及び経験の考慮が求められる程度は、消費者契約の目的となるものの性質によって異なるものと考えられる。

　例えば、消費者契約の目的となるものが使用方法の複雑ではない日用品等である場合、こうした性質を踏まえると、売主である事業者が買主である消費者の知識及び経験を考慮すべき程度は必ずしも高くないものと考えられる。

　他方、消費者契約の目的となるものが複雑な仕組みの商品・役務である場合、消費者が十分に理解できないおそれがある等の当該商品・役務の性質を踏まえると、事業者が消費者の知識及び経験を考慮すべき程度は相対的に高いものと考えられる。

②　「事業者が知ることができた個々の消費者の年齢、心身の状態、知識及び経験を総合的に考慮した上で」

　情報を提供するに当たって考慮すべき個々の消費者の事情としては、消費者の理解の不十分さを伺わせる手がかりとなるものという観点から、「年齢」、「心身の状態」、「知識及び経験」を規定している。

　例えば、対面取引等において、若年者である又は高齢者であるという意味で、消費者の「年齢」を知ることができたのであれば、必要に応じ、消費者の「年齢」を考慮して説明することが求められるし、消費者が若年者や高齢者ではなかったとしても、消費者の判断力が低下していることを知ることができたのであれば、必要に応じ、「心身の状態」を考慮して説明することが求められる。また、消費者が若年者や高齢者であって、知識や経験が十分でないようなときには、この点を考慮して、一般的・平均的な消費者のときよりも、より基礎的な内容から説明を始めること等が事業者に求められる。さらに、特定の考慮事情のみで（例えば、消費者の「年齢」だけを基準として）画一的な対応をするようなことは避けるべきである。これらの点を明らかにするため、「事業者が知ることができた」個々の消費者の事情を「総合的に」考慮する旨を定めることとされた。

　もっとも、事業者に期待されるのは、事業者がこれらの消費者の事情を知ることができた場合には、その事情を考慮した上で情報提供を行うことであり、事業者に対し、これらの事情を積極的に調査することまで求めるものではない。

③　「消費者契約の内容についての」

　本項第2号が事業者に消費者へ提供することを要請している情報とは、「消費者の権利義務その他の消費者契約の内容についての」情報のことであり、契約内容以外の周辺的な情報まで含めることを意味するものではない。具体的には、対象となっている商品以外の商品に関する比較情報や、モデルチェンジに関する情報等は「消費者の権利義務その他の消費者契約の内容」には該当せず、事業者が提供するよう努めなければならない情報には当たらない。

④　「必要な情報」

　上記のような情報提供努力義務が事業者にあるとしても、消費者契約の内容についての情報を全て提供することまで本法は事業者に対して求めているわけではない。消費者契約の内容についての情報のうち、消費者が当該契約を締結するのに必要なものを提供すれば足りる。その範囲は、第４条第５項第１号及び第２号にいう「消費者の当該消費者契約を締結するか否かについての判断に通常影響を及ぼすべき」重要なものよりは広い概念であるが、消費者が当然に知っているような情報まで提供する努力義務はない。

（３）定型約款の表示請求権に関する情報提供

ア　趣旨

　ある特定の者が不特定多数の者を相手方として行う取引であって、その内容の全部又は一部が画一的であることがその双方にとって合理的なものは、民法上、「定型取引」と定義され、この定型取引において、契約の内容とすることを目的としてその特定の者により準備された条項の総体を「定型約款」という。この定型約款を準備した者は、定型取引を行うことの合意の前又はその合意の後相当の期間内に相手方から請求があった場合には、遅滞なく、相当な理由でその定型約款の内容を示さなければならない（民法第548条の３第１項。以下「定型約款の表示請求権」という。）。

　定型取引の相手方に認められる定型約款の表示請求権は、契約の締結前後に定型約款の内容を知る権利を保障するものであり、重要な権利である。しかし、定型約款準備者の相手方が消費者である場合には、当該消費者は定型約款の表示請求権があることを知らないことも多いと考えられる。そこで、令和４年通常国会改正により、本項第３号において、消費者が定型約款の表示請求権を実際に行使できるようにするため、定型約款準備者である事業者の努力義務として、定型約款の表示請求権についての必要な情報を提供する旨を規定することとされた。

　もっとも、事業者が、消費者が定型約款の内容を容易に知り得る状態に置く措置を講じている場合もあると考えられ、この場合には、別途、定型約款の表示請求権についての情報提供を行う必要はないと考えられることから、事業者は当該情報提供についての努力義務を負わないこととされた（注）。

（注）消費者契約において定型約款が用いられる場合には、情報・交渉力において構造的に劣位にある消費者が、安心して定型約款による取引を行えるようにする必要があり、この観点から、消費者が定型約款の内容を確認したいと考える場合には、定型約款準備者に請求するまでもなく、容易に定型約款の内容を知ることができるようにするのが本来望ましいものと考えられる。

イ　条文の解釈

①　「消費者が…定型約款の内容を容易に知り得る状態に置く措置」

　消費者が定型約款の内容を容易に知り得る状態に置く措置としては、定型約款を記載した書面を交付することや、定型約款を記録したＣＤ、ＤＶＤなどの電磁的記録を提供することが考えられる（民法第548条の３第１項ただし書参照）。また、定型約款を契約の内容とするためには、定型約款準備者（事業者）は、定型約款を契約の内容とする旨の合意をするか、又は、あらかじめ定型約款を契約の内容とする旨を相手方（消費者）に表示する必要があるので（民法第548条の２第１項各号）、この合意又は表示と連携する形で、契約を締結しようとしている消費者が定型約款の内容を確認したいと考えたときに、容易に定型約款の内容に辿り着く（アクセスする）ことができるようにすることも、消費者が定型約款の内容を容易に知り得る状態に置く措置であると考えられる。

　例えば、①店舗における取引であれば、消費者が契約を締結するまでに目に入る場所に、「当店では〇〇約款（定型約款）を使用しています。詳細は当社ウェブサイトをご覧ください」と記載した紙を貼り、店舗のウェブサイトの分かりやすいところに定型約款を掲載すること、②駐車場やコインロッカーの利用契約であれば、消費者が契約をする際に目につく場所に、定型約款の内容を記載した札を立てたり、定型約款の内容を記載したシールを貼ったりしておくこと、③オンライン取引であれば、契約締結画面までの間に画面上で認識可能な形で定型約款のリンクを表示し、そのリンクをクリックすると定型約款の内容が表示されるようにすることが考えられる。

②　「請求を行うために必要な情報」

　定型約款の表示請求権に係る「請求を行うために必要な情報」には、定型約款の表示請求権の存在のみならず、消費者が請求をする場合の事業者の連絡先（住所やメールアドレス）、事業者が表示請求に関して書式を用意しているのであればその書式等が含まれる。

（４）消費者の解除権の行使に関する情報提供

ア　趣旨

　消費者契約において任意解除権が設定されていても、その存在や行使の方法が、消費者にとって分かりにくい等の理由により、消費者による契約の任意解除が困難となる事例が見られる。任意解除権に係る事項は、本項第２号によって勧誘時の情報提供の努力義務の対象とされているものの、実際に消費者が任意解除について関心を抱くのは、解除しようと考えた段階であることが多いと考えられるから、勧誘時のみの情報提供では実効性が低い。

　また、任意解除の方法を消費者が知らないために任意解除ができない事態も消費者と事業者との間の情報・交渉力の格差に起因する消費者被害である。

　そこで、令和４年通常国会改正により、本項第４号において、消費者の理解を深

め、消費者被害の発生を防止するため、消費者の求めに応じて当該消費者が有する解除権の行使に関して必要な情報を提供する努力義務が定められた。

　なお、本項第４号は全ての消費者契約を対象とするものであり、オンライン、非オンラインの消費者契約のいずれであるかを問わない。また、いわゆるサブスクリプション契約も含まれる。

　本法に規定される事業者の努力義務は、従前は契約締結時までのものであったが、令和４年通常国会改正によって、契約締結後の契約からの離脱の場面等にまで射程が広げられた。

### イ　条文の解釈

#### ①　「消費者の求めに応じて」

本項第４号の努力義務は、解除権行使を考えようとする場面で消費者の理解を深めるという趣旨に基づくことから、消費者が解除権の行使に関する情報の提供を求めたときに事業者に課せられるものとされている。

#### ②　「消費者契約により定められた当該消費者が有する解除権」

　「消費者契約により定められた当該消費者が有する解除権」とは、消費者と事業者の解除についての合意によって発生する解除権（約定解除権）を指す（注）。そのため、民法第541条等の法律の規定による法定解除権と同一の内容の解除権を消費者契約で合意した場合は含まれないが、例えば、事業者の債務不履行を理由として消費者が消費者契約を解除するための要件を加重するように、消費者契約で法定解除権の条件を変更する合意をする場合は含まれる。

（注）民法第540条第１項で「契約……により当事者の一方が解除権を有するとき」と規定される解除権である。

#### ③　「解除権の行使に関して必要な情報」

　「解除権の行使に関して必要な情報」とは、消費者契約を消費者が解除する際に必要な具体的な手順等の情報を指す。

　例えば、消費者契約の締結後に事業者のウェブサイト上で解除の手続をしようとしてもどの画面にアクセスすれば良いのか分かりにくい、手続が複雑・煩雑である等の事例では、任意解除権を行使するために具体的にどのような手順を踏めば解除できるのか等の情報が該当する。

　仮にウェブサイト上に解除の手続の方法が表示されているが、その具体的な手順が消費者にとって分かりにくい場合には、事業者は、単に当該ウェブサイトの存在を消費者に伝えたのみでは消費者に必要な情報を提供したこととならない場合もあると考えられる。一方で、ウェブサイト上に解除の手続が消費者にとって分かりやすく表示されており、具体的な手順も分かりやすい場合には、事業者は、当該ウェブサイトの存在を消費者に伝えるだけで、具体的な手順の詳細まで伝えないことでも、消費者に必要な情報を提供したこととなる場合もあると考えられる。

## Ⅱ　第２項

### 1　趣旨

　本項は、第１条の目的に沿って、消費者の努力義務を規定したものである。規制緩和・撤廃後の自己責任に基づく市民社会においては、消費者も契約の当事者としての責任を自覚し、その責任を果たさなければならないことから、消費者には、消費者契約を締結するに際しては、事業者から提供された情報を活用し、消費者の権利義務その他の消費者契約の内容について理解することが求められることとなる。

　消費者の内容理解義務を規定した法律としては、食料・農業・農村基本法第12条や消費者基本法第７条などがある。こうした法律に同趣旨の規定が存在するにもかかわらず本項に事業者及び消費者の努力義務を規定するのは、こうした法律が消費者基本法を除いて個別の業種を対象にしたものであるのに対して、消費者契約法は消費者契約全体に関して規定するものだからである。

　一方で、本項に規定するような消費者の努力義務は、消費者基本法に規定すべきものということも考えられる。しかし、消費者基本法は抽象的な義務を規定しているのに対し、消費者契約法では努力義務とはいえ消費者契約という局面における具体化された義務を規定しており、実体規定と一体化して本項が規定されることには意義が存在する。

### 2　条文の解釈

#### ①「提供された情報を活用」

　本項では消費者に対して、事業者から提供された情報を活用することを要請しているが、この背景には消費者が自ら収集した情報も活用することが当然に存在する。しかし、事業者と消費者との間には情報・交渉力の格差が存在することから、消費者には自ら情報を収集する努力までも求めるものではない。事業者から情報が提供されることを前提として、少なくとも提供された情報は活用することを消費者に求めるものである。

#### ②「理解するよう努める」

　消費者は、事業者から提供された情報を活用して契約の内容を理解することが求められるとしても、当該契約の内容を全て理解することはおよそ不可能である。消費者に求められているのは契約内容を完全に理解することではなく、自己責任を問い得る程度のレベルまで契約内容を理解し、本法で取消しとされるようなトラブルに至らないようにすることである。

3 　「努めなければならない」（第１項）と「努めるものとする」（第２項）との差異

　法制執務研究会編『新訂ワークブック法制執務第２版』（ぎょうせい、2018）によると、「『……するものとする』は、『……しなければならない』がある一定の義務付けを意味するのに対して、通常は、それより若干弱いニュアンスを表し、一般的な原則あるいは方針を示す規定の述語として用いられる」とされている。自己責任に基づき、消費者も契約の当事者としての責任を自覚し、その責任を果たさなければならないことを前提としつつ、消費者と事業者との間の情報・交渉力の格差に鑑みて消費者に求められる努力のニュアンスを若干弱めたものである。

● 　サルベージ条項

　サルベージ条項とは、ある条項が本来は強行法規に反し全部無効となる場合に、その条項の効力を強行法規によって無効とされない範囲に限定する趣旨の条項をいう。例えば、本来であれば無効となるべき条項に「法律で許容される範囲において」という文言を加えたものがこれに当たる。

　サルベージ条項が使用された場合、有効とされる条項の範囲が明示されていないため、消費者が不利益を受けるおそれがあるという問題がある。

　事業者は、消費者にとって「消費者契約の内容について、その解釈について疑義が生じない明確なもので、かつ、消費者にとって平易な」条項を作成するよう配慮する努力義務を負っていることから（第３条第１項第１号）、サルベージ条項を使用せずに具体的に条項を作成するよう努めるべきである。

　令和４年通常国会改正により、サルベージ条項のうち、事業者の損害賠償責任の一部を免除するものについて、事業者の軽過失による場合にのみ適用されることを明らかにしていないものを無効とする規定が設けられた（第８条第３項）。サルベージ条項のうち、事業者の損害賠償責任の一部を免除するものとして、例えば、「賠償額は、法律で許容される範囲内において、10万円を限度とします」という条項があるが、法は事業者の故意又は重過失による損害賠償の一部を免除する条項を無効としていることから（第８条第１項第２号、第４号）、令和４年通常国会改正により追加された第８条第３項により、「賠償額は10万円を限度とします。ただし、事業者の故意又は重過失による場合を除きます」と具体的に書き分けなければ当該条項は無効とされることとなった。第８条第３項の解説を参照。

● 　事業者の情報提供義務及び消費者の内容理解義務に関する立法例

商品先物取引法（昭和 25 年法律第 239 号）
（商品取引契約の締結前の書面の交付）
第 217 条　商品先物取引業者は、商品取引契約を締結しようとするときは、主務省令で定めるところにより、あらかじめ、顧客に対し次に掲げる事項を記載した書面を交付しなければならない。
　一　当該商品取引契約に基づく取引（第 2 条第 3 項第 4 号に掲げる取引にあつては同号の権利を行使することにより成立する同号イからホまでに掲げる取引をいい、同条第 14 項第 4 号に掲げる取引にあつては同号の権利を行使することにより成立する同号イからニまでに掲げる取引をいい、同項第 5 号に掲げる取引にあつては同号の権利を行使することにより成立する同号に規定する金銭を授受することとなる取引をいう。）の額（取引の対価の額又は約定価格若しくは約定数値に、その取引の件数又は数量を乗じて得た額をいう。）が、当該取引について顧客が預託すべき取引証拠金、取次証拠金又は清算取次証拠金その他の保証金その他主務省令で定めるもの（以下この項及び第 220 条の 2 第 1 項において「取引証拠金等」という。）の額を上回る可能性がある場合にあつては、次に掲げる事項
　　イ　当該取引の額が当該取引証拠金等の額を上回る可能性がある旨
　　ロ　当該取引の額の当該取引証拠金等の額に対する比率（当該比率を算出することができない場合にあつては、その旨及びその理由）
　二　商品市場における相場その他の商品の価格又は商品指数に係る変動により当該商品取引契約に基づく取引について当該顧客に損失が生ずることとなるおそれがあり、かつ、当該損失の額が取引証拠金等の額を上回ることとなるおそれがある場合には、その旨
　三　前 2 号に掲げるもののほか、当該商品取引契約に関する事項であつて、顧客の判断に影響を及ぼすこととなる重要なものとして政令で定めるもの
　四　前 3 号に掲げるもののほか、当該商品取引契約の概要その他の主務省令で定める事項
2　商品先物取引業者は、前項の規定による書面の交付に代えて、政令で定めるところにより、当該顧客の承諾を得て、当該書面に記載すべき事項を電子情報処理組織を使用する方法その他の情報通信の技術を利用する方法であつて主務省令で定めるものにより提供することができる。この場合において、当該書面に記載すべき事項を当該方法により提供した商品先物取引業者は、当該書面を交付したものとみなす。


割賦販売法（昭和 36 年法律第 159 号）
（割賦販売条件の表示）
第 3 条　割賦販売を業とする者（以下「割賦販売業者」という。）は、前条第 1 項第 1 号に規定する割賦販売（カード等を利用者に交付し又は付与し、そのカード等の提示若しくは通知を受けて、又はそれと引換えに当該利用者に商品若しくは権利を販売し、又は役務を提供するものを除く。）の方法により、指定商品若しくは指定権利を販売しようとするとき又は指定役務を提供しようとするときは、その相手方に対して、経済産業省令・内閣府令で定めるところにより、当該指定商品、当該指定権利又は当該指定役務に関する次の事項を示さなければならない。
　一　商品若しくは権利の現金販売価格（商品の引渡し又は権利の移転と同時にその代金の全部を受領する場合の価格をいう。以下同じ。）又は役務の現金提供価格（役務を提供する契約の締結と同時にその対価の全額を受領する場合の価格をいう。以下同じ。）
　二　商品若しくは権利の割賦販売価格（割賦販売の方法により商品又は権利を販売する場合の価格をいう。以下同じ。）又は役務の割賦提供価格（割賦販売の方法により役務を提供する場合の価格をいう。以下同じ。）
　三　割賦販売に係る商品若しくは権利の代金又は役務の対価の支払（その支払に充てるための預金の預入れを含む。次項を除き、以下同じ。）の期間及び回数
　四　第 11 条に規定する前払式割賦販売以外の割賦販売の場合には、経済産業省令・内閣府令で定める方法により算定した割賦販売の手数料の料率
　五　第 11 条に規定する前払式割賦販売の場合には、商品の引渡時期

2　割賦販売業者は、前条第1項第1号に規定する割賦販売（カード等を利用者に交付し又は付与し、そのカード等の提示若しくは通知を受けて、又はそれと引換えに当該利用者に商品若しくは権利を販売し、又は役務を提供するものに限る。）の方法により、指定商品若しくは指定権利を販売するため又は指定役務を提供するため、カード等を利用者に交付し又は付与するときは、経済産業省令・内閣府令で定めるところにより、当該割賦販売をする場合における商品若しくは権利の販売条件又は役務の提供条件に関する次の事項を記載した書面を当該利用者に交付しなければならない。

　一　割賦販売に係る商品若しくは権利の代金又は役務の対価の支払の期間及び回数

　二　経済産業省令・内閣府令で定める方法により算定した割賦販売の手数料の料率

　三　前2号に掲げるもののほか、経済産業省令・内閣府令で定める事項

3　割賦販売業者は、前条第1項第2号に規定する割賦販売の方法により、指定商品若しくは指定権利を販売するため又は指定役務を提供するため、カード等を利用者に交付し又は付与するときは、経済産業省令・内閣府令で定めるところにより、当該割賦販売をする場合における商品若しくは権利の販売条件又は役務の提供条件に関する次の事項を記載した書面を当該利用者に交付しなければならない。

　一　利用者が弁済をすべき時期及び当該時期ごとの弁済金の額の算定方法

　二　経済産業省令・内閣府令で定める方法により算定した割賦販売の手数料の料率

　三　前2号に掲げるもののほか、経済産業省令・内閣府令で定める事項

4　割賦販売業者は、第1項、第2項又は前項の割賦販売の方法により指定商品若しくは指定権利を販売する場合の販売条件又は指定役務を提供する場合の提供条件について広告をするときは、経済産業省令・内閣府令で定めるところにより、当該広告に、それぞれ第1項各号、第2項各号又は前項各号の事項を表示しなければならない。

特定商取引法（昭和51年法律第57号）
（訪問販売における書面の交付）
第4条　販売業者又は役務提供事業者は、営業所等以外の場所において商品若しくは特定権利につき売買契約の申込みを受け、若しくは役務につき役務提供契約の申込みを受けたとき又は営業所等において特定顧客から商品若しくは特定権利につき売買契約の申込みを受け、若しくは役務につき役務提供契約の申込みを受けたときは、直ちに、主務省令で定めるところにより、次の事項についてその申込みの内容を記載した書面をその申込みをした者に交付しなければならない。ただし、その申込みを受けた際その売買契約又は役務提供契約を締結した場合においては、この限りでない。

　一　商品若しくは権利又は役務の種類

　二　商品若しくは権利の販売価格又は役務の対価

　三　商品若しくは権利の代金又は役務の対価の支払の時期及び方法

　四　商品の引渡時期若しくは権利の移転時期又は役務の提供時期

　五　第9条第1項の規定による売買契約若しくは役務提供契約の申込みの撤回又は売買契約若しくは役務提供契約の解除に関する事項（同条第2項から第7項までの規定に関する事項（第26条第2項、第4項又は第5項の規定の適用がある場合にあつては、当該各項の規定に関する事項を含む。）を含む。）

　六　前各号に掲げるもののほか、主務省令で定める事項

金融商品取引法（昭和23年法律第25号）
（契約締結前の書面の交付）
第37条の3　金融商品取引業者等は、金融商品取引契約を締結しようとするときは、内閣府令で定めるところにより、あらかじめ、顧客に対し、次に掲げる事項を記載した書面を交付しなければならない。ただし、投資者の保護に支障を生ずることがない場合として内閣府令で定める場合は、この限りでない。

一　当該金融商品取引業者等の商号、名称又は氏名及び住所

二　金融商品取引業者等である旨及び当該金融商品取引業者等の登録番号

三　当該金融商品取引契約の概要

四　手数料、報酬その他の当該金融商品取引契約に関して顧客が支払うべき対価に関する事項であつて内閣府令で定めるもの

五　顧客が行う金融商品取引行為について金利、通貨の価格、金融商品市場における相場その他の指標に係る変動により損失が生ずることとなるおそれがあるときは、その旨

六　前号の損失の額が顧客が預託すべき委託証拠金その他の保証金その他内閣府令で定めるものの額を上回るおそれがあるときは、その旨

七　前各号に掲げるもののほか、金融商品取引業の内容に関する事項であつて、顧客の判断に影響を及ぼすこととなる重要なものとして内閣府令で定める事項

2　第34条の2第4項の規定は、前項の規定による書面の交付について準用する。

3　金融商品取引業者等は、第2条第2項の規定により有価証券とみなされる同項各号に掲げる権利に係る金融商品取引契約の締結の勧誘（募集若しくは売出し又は募集若しくは売出しの取扱いであつて、政令で定めるものに限る。）を行う場合には、あらかじめ、当該金融商品取引契約に係る第1項の書面の内容を内閣総理大臣に届け出なければならない。ただし、投資者の保護に支障を生ずることがない場合として内閣府令で定める場合は、この限りでない。


旅行業法（昭和27年法律第239号）

（取引条件の説明）

第12条の4　旅行業者等は、旅行者と企画旅行契約、手配旅行契約その他旅行業務に関し契約を締結しようとするときは、旅行者が依頼しようとする旅行業務の内容を確認した上、国土交通省令・内閣府令で定めるところにより、その取引の条件について旅行者に説明しなければならない。

2　旅行業者等は、前項の規定による説明をするときは、国土交通省令・内閣府令で定める場合を除き、旅行者に対し、旅行者が提供を受けることができる旅行に関するサービスの内容、旅行者が旅行業者等に支払うべき対価に関する事項、旅行業務取扱管理者の氏名、通訳案内士法（昭和二十四年法律第二百十号）第二条第一項に規定する全国通訳案内士（以下単に「全国通訳案内士」という。）又は同条第二項に規定する地域通訳案内士（以下単に「地域通訳案内士」という。）の同行の有無その他の国土交通省令・内閣府令で定める事項を記載した書面を交付しなければならない。

3　旅行業者等は、前項の規定による書面の交付に代えて、政令で定めるところにより、旅行者の承諾を得て、当該書面に記載すべき事項を電子情報処理組織を使用する方法その他の情報通信の技術を利用する方法であつて国土交通省令・内閣府令で定めるものにより提供することができる。この場合において、当該旅行業者等は、当該書面を交付したものとみなす。


宅地建物取引業法（昭和27年法律第176号）

（重要事項の説明等）

第35条　宅地建物取引業者は、宅地若しくは建物の売買、交換若しくは貸借の相手方若しくは代理を依頼した者又は宅地建物取引業者が行う媒介に係る売買、交換若しくは貸借の各当事者（以下「宅地建物取引業者の相手方等」という。）に対して、その者が取得し、又は借りようとしている宅地又は建物に関し、その売買、交換又は貸借の契約が成立するまでの間に、宅地建物取引士をして、少なくとも次に掲げる事項について、これらの事項を記載した書面（第5号において図面を必要とするときは、図面）を交付して説明をさせなければならない。

一　当該宅地又は建物の上に存する登記された権利の種類及び内容並びに登記名義人又は登記簿の表題部に記録された所有者の氏名（法人にあつては、その名称）

二　都市計画法、建築基準法その他の法令に基づく制限で契約内容の別（当該契約の目的物が宅地であるか又は建物であるかの別及び当該契約が売買若しくは交換の契約であるか又は

貸借の契約であるかの別をいう。以下この条において同じ。）に応じて政令で定めるものに関する事項の概要

三　当該契約が建物の貸借の契約以外のものであるときは、私道に関する負担に関する事項

四　飲用水、電気及びガスの供給並びに排水のための施設の整備の状況（これらの施設が整備されていない場合においては、その整備の見通し及びその整備についての特別の負担に関する事項）

五　当該宅地又は建物が宅地の造成又は建築に関する工事の完了前のものであるときは、その完了時における形状、構造その他国土交通省令・内閣府令で定める事項

六　当該建物が建物の区分所有等に関する法律（昭和37年法律第69号）第2条第1項に規定する区分所有権の目的であるものであるときは、当該建物を所有するための一棟の建物の敷地に関する権利の種類及び内容、同条第4項に規定する共用部分に関する規約の定めその他の一棟の建物又はその敷地（一団地内に数棟の建物があつて、その団地内の土地又はこれに関する権利がそれらの建物の所有者の共有に属する場合には、その土地を含む。）に関する権利及びこれらの管理又は使用に関する事項で契約内容の別に応じて国土交通省令・内閣府令で定めるもの

六の二　当該建物が既存の建物であるときは、次に掲げる事項

　イ　建物状況調査（実施後国土交通省令で定める期間を経過していないものに限る。）を実施しているかどうか、及びこれを実施している場合におけるその結果の概要

　ロ　設計図書、点検記録その他の建物の建築及び維持保全の状況に関する書類で国土交通省令で定めるものの保存の状況

七　代金、交換差金及び借賃以外に授受される金銭の額及び当該金銭の授受の目的

八　契約の解除に関する事項

九　損害賠償額の予定又は違約金に関する事項

十　第41条第1項に規定する手付金等を受領しようとする場合における同条又は第41条の2の規定による措置の概要

十一　支払金又は預り金（宅地建物取引業者の相手方等からその取引の対象となる宅地又は建物に関し受領する代金、交換差金、借賃その他の金銭（第41条第1項又は第41条の2第1項の規定により保全の措置が講ぜられている手付金等を除く。）であつて国土交通省令・内閣府令で定めるものをいう。以下第64条の3第2項第1号において同じ。）を受領しようとする場合において、同項の規定による保証の措置その他国土交通省令・内閣府令で定める保全措置を講ずるかどうか、及びその措置を講ずる場合におけるその措置の概要

十二　代金又は交換差金に関する金銭の貸借のあつせんの内容及び当該あつせんに係る金銭の貸借が成立しないときの措置

十三　当該宅地又は建物が種類又は品質に関して契約の内容に適合しない場合におけるその不適合を担保すべき責任の履行に関し保証保険契約の締結その他の措置で国土交通省令・内閣府令で定めるものを講ずるかどうか、及びその措置を講ずる場合におけるその措置の概要

十四　その他宅地建物取引業者の相手方等の利益の保護の必要性及び契約内容の別を勘案して、次のイ又はロに掲げる場合の区分に応じ、それぞれ当該イ又はロに定める命令で定める事項

　イ　事業を営む場合以外の場合において宅地又は建物を買い、又は借りようとする個人である宅地建物取引業者の相手方等の利益の保護に資する事項を定める場合　国土交通省令・内閣府令

　ロ　イに規定する事項以外の事項を定める場合　国土交通省令

2　宅地建物取引業者は、宅地又は建物の割賦販売（代金の全部又は一部について、目的物の引渡し後1年以上の期間にわたり、かつ、2回以上に分割して受領することを条件として販売することをいう。以下同じ。）の相手方に対して、その者が取得しようとする宅地又は建物に関し、その割賦販売の契約が成立するまでの間に、宅地建物取引士をして、前項各号に掲げる事項のほか、次に掲げる事項について、これらの事項を記載した書面を交付して説明をさせなければ

ならない。
　一　現金販売価格（宅地又は建物の引渡しまでにその代金の全額を受領する場合の価格をいう。）
　二　割賦販売価格（割賦販売の方法により販売する場合の価格をいう。）
　三　宅地又は建物の引渡しまでに支払う金銭の額及び賦払金（割賦販売の契約に基づく各回ごとの代金の支払分で目的物の引渡し後のものをいう。第42条第1項において同じ。）の額並びにその支払の時期及び方法
3　宅地建物取引業者は、宅地又は建物に係る信託（当該宅地建物取引業者を委託者とするものに限る。）の受益権の売主となる場合における売買の相手方に対して、その者が取得しようとしている信託の受益権に係る信託財産である宅地又は建物に関し、その売買の契約が成立するまでの間に、宅地建物取引士をして、少なくとも次に掲げる事項について、これらの事項を記載した書面（第5号において図面を必要とするときは、図面）を交付して説明をさせなければならない。ただし、その売買の相手方の利益の保護のため支障を生ずることがない場合として国土交通省令で定める場合は、この限りでない。
　一　当該信託財産である宅地又は建物の上に存する登記された権利の種類及び内容並びに登記名義人又は登記簿の表題部に記録された所有者の氏名（法人にあつては、その名称）
　二　当該信託財産である宅地又は建物に係る都市計画法、建築基準法その他の法令に基づく制限で政令で定めるものに関する事項の概要
　三　当該信託財産である宅地又は建物に係る私道に関する負担に関する事項
　四　当該信託財産である宅地又は建物に係る飲用水、電気及びガスの供給並びに排水のための施設の整備の状況（これらの施設が整備されていない場合においては、その整備の見通し及びその整備についての特別の負担に関する事項）
　五　当該信託財産である宅地又は建物が宅地の造成又は建築に関する工事の完了前のものであるときは、その完了時における形状、構造その他国土交通省令で定める事項
　六　当該信託財産である建物が建物の区分所有等に関する法律第2条第1項に規定する区分所有権の目的であるものであるときは、当該建物を所有するための一棟の建物の敷地に関する権利の種類及び内容、同条第4項に規定する共用部分に関する規約の定めその他の一棟の建物又はその敷地（一団地内に数棟の建物があつて、その団地内の土地又はこれに関する権利がそれらの建物の所有者の共有に属する場合には、その土地を含む。）に関する権利及びこれらの管理又は使用に関する事項で国土交通省令で定めるもの
　七　その他当該信託の受益権の売買の相手方の利益の保護の必要性を勘案して国土交通省令で定める事項


　食料・農業・農村基本法（平成11年法律第106号）
　（消費者の役割）
第12条　消費者は、食料、農業及び農村に関する理解を深め、食料の消費生活の向上に積極的な役割を果たすものとする。


　消費者基本法（昭和43年法律第78号）
第7条　消費者は、自ら進んで、その消費生活に関して、必要な知識を修得し、及び必要な情報を収集する等自主的かつ合理的に行動するよう努めなければならない。
2　消費者は、消費生活に関し、環境の保全及び知的財産権等の適正な保護に配慮するよう努めなければならない。