EXHIBIT 11a

EXHIBIT 11a

Westlaw Japan

**裁判年月日**　令和 3年 3月30日　**裁判所名**　東京地裁　**裁判区分**　判決
**事件番号**　平３０（ワ）２８２７５号
**事件名**　不当利得返還請求事件
**裁判結果**　主位的請求棄却、予備的請求棄却　**文献番号**　2021WLJPCA03308012

**要旨**
◆被告会社との間で賃貸併用住宅サポート契約（本件契約）を締結した原告が、被告会社に対し、主位的かつ選択的請求として、不当勧誘（不実告知、断定的判断の提供又は不利益事実の告知）を理由とする契約取消し、又は動機の錯誤による無効を理由とする既払金相当額の不当利得返還又は不法行為による損害賠償を求め、予備的請求として、被告会社は本件契約に基づき原告が提示した条件を満たしつつ収益性が確保された賃貸併用住宅の建設を行うため、実現可能なプランを提示する義務を履行しなかったとして、債務不履行解除による原状回復請求権に基づき、既払金相当額の支払を求めた事案において、継続的に営利目的の賃貸業を営むものとして原告の消費者性を否定した上、被告会社の不実告知等の行為は認められず、原告による動機の表示も認められないなどとして、主位的請求をいずれも棄却し、原告が主張する本件契約上の義務がそもそも認められないとして、予備的請求も棄却した事例

**出典**
ウエストロー・ジャパン

**参照条文**
民法９５条
民法５４５条
民法７０３条
民法７０９条
消費者契約法２条１項
消費者契約法２条３項
消費者契約法４条１項
消費者契約法４条２項

裁判年月日　令和 3年 3月30日　裁判所名　東京地裁　裁判区分　判決
事件番号　平３０（ワ）２８２７５号
事件名　不当利得返還請求事件
裁判結果　主位的請求棄却、予備的請求棄却　文献番号　2021WLJPCA03308012


東京都練馬区〈以下省略〉
原告　　　　　　　　　　　　　　　　　X
同訴訟代理人弁護士　　　　　　　　　　郡司理
仙台市〈以下省略〉
被告　　　　　　　　　　　　　　　　　株式会社ピエロ
同代表者代表清算人　　　　　　　　　　A
同訴訟代理人弁護士　　　　　　　　　　中村仁恒


## 主文

　1　原告の主位的請求及び予備的請求をいずれも棄却する。
　2　訴訟費用は原告の負担とする。


## 事実及び理由

第1　請求
　1　主位的請求
　被告は，原告に対し，１６２万円及びこれに対する平成３０年６月２８日から支払済みまで年５分の割合による金員を支払え。
　2　予備的請求
　被告は，原告に対し，１６２万円及びこれに対する令和元年６月１４日から支払済みまで年５分の割合による金員を支払え。
第2　事案の概要
　本件は，原告が，被告と締結した賃貸併用住宅サポート契約（以下「本件契約」という。）について，①被告から不実告知，断定的判断の提供又は不利益事実の告知があったから，本件契約は，消費者契約法４条１項又は２項に基づき，平成３０年６月２７日に申込みの意思表示が取り消されたもので，原告に対する不法行為となるし，錯誤により無効でもある旨を主張して，主位的かつ選択的に，被告に対し，不当利得に基づく返還請求権又は不法行為

© 2025 Thomson Reuters KK all rights reserved

による損害賠償請求権に基づき，既払料金に相当する１６２万円及びこれに対する上記取消日の翌日である同月２８日から支払済みまで民法（平成２９年法律第４４号による改正前のもの。以下同じ。）所定の年５分の割合による遅延損害金を支払うことを求め，②被告において，本件契約に基づく，原告が提示した条件を満たしつつ収益性が確保された賃貸併用住宅の建設を行うため，実現可能なプランを提示する義務を履行しなかったから，債務不履行により本件契約を解除した旨を主張して，予備的に，被告に対し，解除による原状回復請求権に基づき，１６２万円及び上記の解除日の翌日であるとする令和元年６月１４日から支払済みまで民法所定の年５分の割合による遅延損害金を支払うことを求める事案である。

　１　前提事実（当事者間に争いがないか，文中記載の証拠等及び弁論の全趣旨により容易に認定することができる事実）
　　(1)　当事者等
　　　ア　原告は，平成２４年以降，現在に至るまで，原告肩書地に居住している。原告には，妻及び２人の子がおり，全員が同居している。
　　　イ（ア）　被告は，不動産の運用，投資，建築業のコンサルティング業務等を目的とする株式会社である。
　　　（イ）　被告は，平成２年７月１７日，その商号を，「株式会社ＮＳアセットマネジメント」から現商号に変更するとともに，本店所在地を東京都港区〈以下省略〉から被告肩書地に移転し，同年１１月５日，株主総会の決議により解散した。
　　(2)　本件契約の締結に至る経緯等
　　　ア　原告は，平成３０年３月２４日，東京都港区内で開催された，被告が主催する「土地から探す賃貸併用住宅建築プログラム」プレセミナー（以下「本件セミナー」という。）に参加し，その終了後，被告との個別面談を申し込んだ。〔甲１，２４〕
　　　イ　原告は，平成３０年３月２５日，被告代表者に対し，電話で，相談を行った（以下「本件個別相談」という。）。本件個別相談は，おおむね，①個人属性及び資産背景のヒアリング１５分，②概算与信金額及び購入可否等の説明５分，③質疑応答５分，④申込み最終意思確認５分というスケジュールで進行した。〔甲２〕
　　　ウ　原告は，本件個別相談の際，被告代表者に対し，①原告が賃貸併用住宅の建設を希望する地域は，東京都練馬区（以下，区名のみ記載する。）○○１丁目，練馬区△△２丁目及び同４丁目，練馬区□□であること，②賃貸併用住宅の自宅部分は，１２０平方メートル以上であること，③これらの希望を実現するため，融資額として２億円を希望していることを伝えた（以下，①～③の事項を総称して，「本件住宅条件」という。）。
　　　エ　原告は，平成３０年３月２６日，被告との間で，賃貸併用住宅サポート契約（本件契約）を締結するとともに，被告に対し，本件契約の料金として１６２万円（８％の消費税を含む。以下「本件料金」という。）を送金した。本件契約の締結の際，契約書は，作成されなかった。
　　(3)　本件訴訟に至る経緯及び本件訴訟経過
　　　ア　原告は，平成３０年６月２７日，被告に対し，原告訴訟代理人を通じて，同月２５日付け請求書を送付し，消費者契約法４条１項１号又は同条２項に基づき，本件契約の申

込みの意思表示を取り消すとともに，７日以内に本件料金を返還することを求めた。〔甲８の１及び２〕
　　　　　イ　原告は，平成３０年９月３日，本件訴えを提起し，その訴状は，同月２８日，被告に送達された。
　　　　　ウ　原告は，令和元年６月１４日の本件第１回弁論準備手続期日において，同月１１日付け準備書面(3)を陳述した。同準備書面の２頁には，「その場合，原告は新たに債務不履行に基づく契約解除を主張する。」との記載がある。
　２　争点
　本件の争点は，①消費者契約法４条の取消事由の存否，②不法行為の成否，③錯誤無効の成否，④被告の債務不履行の有無，⑤不返金の合意の存否及び効力である。
　３　争点１（消費者契約法４条の取消事由の存否）に関する当事者の主張
　　(1)　原告の主張
　　　　ア（ア）　原告は，個人であり，被告は，法人であって事業者であるから，本件契約は，消費者契約に該当する。
　　　（イ）　原告が建設しようとした賃貸併用住宅は，原告が家族と暮らすための居住部分が主であり，賃貸部分を設けるのは，家賃収入を住宅の建設費用に充当するためであったし，そもそも，賃貸併用住宅を建設しようとしたのも，住宅ローンを組むために必要だったからである。原告が賃貸併用住宅を建設しようとしたことをもって，原告の消費者性は，失われない。
　　　（ウ）　投資用不動産を所有することは，株式投資や預貯金と同様に，資産の運用及び管理の一態様にすぎず，原告が投資用不動産を所有することは，事業に該当しない。また，原告が所有する不動産は，３年連続で収益が出ていない上，原告は，不動産の管理業務を全て業者に委託しているから，これらの点でも，原告は，事業者に該当しない。
　　　　イ（ア）　原告は，本件個別相談の際，被告代表者に対し，本件住宅条件を伝えた上，本件契約の締結後，被告担当者に対しても，再び本件住宅条件を伝えた。原告が繰り返し本件住宅条件を伝えたのは，子供の学区の維持や居住空間の確保の観点から，それが原告にとって必須のものだったからである。なお，原告は，融資希望額を２億円と設定するに当たり，連帯保証人を付けること，１００万円の頭金を入れること及び原告が所有する不動産を売却することも，被告代表者に伝えた。
　　　（イ）　本件住宅条件を伝えられた被告代表者は，原告に対し，大手メーカーとは異なり，被告に頼めば坪単価７０〜８０万円で賃貸併用住宅を建設することができる，ゆうちょ銀行のスルガ銀行提携ローンで大きな実績があるため，有利な条件で融資を受けることができるなどと述べ，原告が２億円の融資を受けることは可能であり，本件住宅条件のその余の条件についても，やり方次第で満たすことができる旨を説明した。また，被告は，電子メールを通じて，原告に対し，通常であれば半年間で購入ができないことはあり得ない旨を説明した。
　　　（ウ）　原告は，被告が本件住宅条件を満たす提案をするものと信じたことから，被告との間で本件契約を締結して，１６２万円（消費税等を含む。）という高額の料金を，一括し

© 2025 Thomson Reuters KK all rights reserved　　　　　　　　　　　　　　　　　　　　　　　　4

て先に支払った。

　　ウ（ア）　ところが，被告は，本件契約の締結後，原告に対し，原告が受けることができる融資額は，１億４０００万円以下であり，これによれば，賃貸併用住宅における自宅部分の面積は，７０平方メートル程度となる旨を伝えた。本件住宅条件の実現は，原告の融資可能額や土地の市場等に左右され，本来であればその実現が不可能なものであった。

　　（イ）　被告は，本件住宅条件の実現が不可能であるにもかかわらず，これが可能である旨を原告に告げたものであるから，消費者契約法４条１項１号所定の不実告知又は同条２項所定の不利益事実の不告知をしたものである。

　　（ウ）　また，被告は，本件住宅条件の実現が可能であると断定し，実現ができない可能性についての説明を怠ったものであるから，消費者契約法４所１項２号所定の断定的判断の提供をしたものである。

　　エ　以上のとおり，本件契約は，消費者契約法４条１項又は２項に基づき，申込みの意思表示が取り消されるべきものである。

　(2)　被告の主張

　　ア　個人であっても，事業として又は事業のために契約の当事者となる場合には，消費者契約法が適用される「消費者」に当たらない。原告は，本件契約の締結当時，投資目的で３棟のアパートを所有して，賃料収入を得ており，平成２９年における原告の賃料収入は，その給与収入を上回っていた。このように，原告は，賃料収入が再投資や生計の原資の全部又は重要な一部となっており，不動産賃貸業を営んでいたものである。そのような中，原告は，賃貸併用住宅において更に賃料収入を得るという自らの事業のために，本件契約を締結したものであるから，消費者契約法が適用される「消費者」に当たるものではない。

　　イ（ア）　被告代表者及び被告の担当者は，原告から，本件住宅条件が必須のものであるとは伝えられておらず，被告代表者において，原告に対し，原告の希望する地域において，住宅部分につき原告の希望する広さを確保して，賃貸併用住宅を建設することができる旨や，原告において２億円の融資を受けることが可能である旨を約束し，又は断定的に伝えたことはない。

　　（イ）　被告代表者が原告に伝えたのは，融資可能な額として，１億３０００万円～１億５０００万円が目安となる無難なラインであり，２億円の融資を受けることができる可能性もゼロではないが，上記ライン以上は，チャレンジ目標である，ということであった。また，被告は，本件契約に先立ち，原告に対し，電子メールで，「土地探しに関してはベストを尽くしサポートしますが，基本スタンスはご自身の行動力も必要になります。」，「金融機関の融資市況は都度変化致します為，融資可否や条件などをお約束するものではありません」と伝えた。この点に関し，被告は，原告に対し，サポート期間を６か月に区切るため，通常であれば６か月以内に希望する条件の不動産を購入することができる旨を伝えたが，本件においては，上記期間の延長があり得る旨も伝えていた。

　　ウ　本件住宅条件は，当初から実現可能性が全くないものではなく，被告において，実現が不可能であると知りながら，本件契約を締結したものでもない。

　　エ　以上のとおり，本件契約の申込みに消費者契約法４条は適用されない。

© 2025 Thomson Reuters KK all rights reserved                                                                                 5

4　争点2（不法行為の成否）に関する当事者の主張
　　(1)　原告の主張
　前記3(1)で主張したとおり，被告には，不実告知，断定的判断の提供又は不利益事実の不告知があったから，原告に対する不法行為が成立する。原告は，これにより，本件料金相当額の損害を受けた。
　　(2)　被告の主張
　原告の主張は，否認ないし争う。その理由は，前記3(2)で主張したとおりである。
5　争点3（錯誤無効の成否）に関する当事者の主張
　　(1)　原告の主張
　前記3(1)で主張したとおり，本件住宅条件は，原告にとって必須のものであり，これが実現不可能であれば，原告は，本件契約を締結しなかった。本件契約は，錯誤により無効である。
　　(2)　被告の主張
　原告の主張は，争う。原告は，自らの動機を述べているにすぎず，本件契約の締結当時，当該動機は，表示されていなかった。
6　争点4（被告の債務不履行の有無）に関する当事者の主張
　　(1)　原告の主張
　原告は，当初から，被告に対し，賃貸併用住宅で得られた賃料から毎月の住宅ローンを返済した場合に，5万円程度の黒字が出ることを希望する旨を伝えていた。本件契約における被告の義務は，本件住宅条件を満たしつつ，収益性が確保された賃貸併用住宅の建設を行うため，実現可能な建設プランを提示することであった。
　しかし，被告は，本訴に至ってもそうしたプランを提示することができておらず，原告から，提案する土地及び建物の広さと価格のイメージを示すことを求められても，原告にとって無価値な情報を提供したにとどまった。被告は，本件契約の本旨に従った債務の履行をしていない。
　仮に，本件契約の申込みの取消し又は本件契約の錯誤無効が認められないとしても，原告は，被告の債務不履行により，本件契約を解除する。
　　(2)　被告の主張
　本件契約に基づき，被告が提供するサービスの内容は，次のとおりであった。①不動産コンサルティングサービス，すなわち，賃貸併用住宅の建築や土地探しに関する相談，所有不動産の相談，それ以外の不動産投資全般の相談を，電子メールで，原則として無制限に受け付けること。②同様の相談を，ソーシャル・ネットワーキング・サービスのＬＩＮＥで，原則として無制限に受け付けること。③土地購入後に賃貸併用住宅を建築する際に必要な建築士，工務店，土地家屋調査士等につき提携会社を紹介すること。④不動産賃貸の経営につき助言すること。⑤賃貸併用住宅向けの用地の情報が出た際に，優先的に紹介すること。⑥不動産投資戦略の全般につき助言を行うこと。⑦土地探しや，ゆうちょ銀行の紹介をサポートすること。
　また，賃貸併用住宅で収支が赤字となることは，十分にあり得る。それでも，借入元金を

© 2025 Thomson Reuters KK all rights reserved

減らしながら好立地の新築住宅に住むことができることから，施工例は数多く存在する。被告が，賃貸併用住宅の収支を黒字にするプランを提示する義務を負う理由はない。

以上のとおり，被告は，原告が主張する義務を負うものではない。

7　争点5（不返金の合意の存否及び効力）に関する当事者の主張

(1)　被告の主張

本件契約には，契約の申込み後に何らかの理由で不動産の購入に至らない場合も返金がない旨の特約（以下「本件特約」という。）があったから，被告は，原告に対し，既に支払われた本件料金の返還義務を負わない。

(2)　原告の主張

本件特約の成立は，否認する。仮に，成立しているとしても，本件特約は，消費者の利益を一方的に害するものであるから，消費者契約法10条により無効である。

**第3　当裁判所の判断**

1　認定事実

前記各前提事実，関係証拠（甲1～7，10，11の1及び2，甲12，18～22，24，25，乙1～5，15，原告本人，被告代表者本人）及び弁論の全趣旨によれば，次の事実が認められる。

(1)ア　原告（昭和52年〇月〇日生）は，平成24年，原告肩書地に戸建ての住宅を新築し，同所において家族と共に居住するようになった。原告は，住宅ローンを利用してこの住宅建物（延べ面積121.02平方メートル）を建てたもので，同建物には，銀行に対する抵当権が設定されている。平成30年3月当時，当該住宅ローンの残高は，3700万円程度であった。

イ　原告は，平成28年3月，福岡市城南区に新築された2階建ての共同住宅の所有権を取得し，同年9月，同市東区の2階建ての共同住宅（既存のもの）を，同年12月，大阪府枚方市の3階建ての共同住宅（既存のもの）を，それぞれ購入して，3棟の共同住宅の所有者となった。原告は，これらの共同住宅を，それぞれ異なる管理会社に管理を委託しつつ，アパートとして賃貸し，賃料収入を得ている。

ウ　原告の平成29年における収入金額は，不動産収入が1190万7987円，給与収入が979万0129円であった。

エ　原告は，平成30年12月末時点で，スルガ銀行から5535万8033円の，オリックス銀行から1億1211万7829円の，それぞれ借入れがあった。

(2)ア　被告代表者は，平成27年末頃，その後の被告の事業を個人事業として開始し，平成28年6月6日，被告を設立し，その代表取締役社長に就任した。

イ　被告は，競合他社よりも料金を下げる代わりに，これを先払いとし，コストを削減するため，契約書を作成せずに顧客と電子メールで成約するなどしていた。平成30年3月当時，被告の従業員は，10名に満たなかった。

ウ　被告のウェブサイトの「土地から探す賃貸併用住宅建築プログラム・プレセミナー」を紹介するページには，平成31年9月2日当時，「短期で堅実に〇千万を獲得し，事業性融資で規模拡大を目指す方へ」，「不動産投資は，不労所得ではありません。不動産賃

© 2025 Thomson Reuters KK all rights reserved　　　　　　　　　　　　　　　　　　　　7

貸業という立派な事業です。」などと記載されていた。
　　(3)ア　原告は，前記(1)アの住宅建物に不満を覚え，その建替えを検討したが，既に借入れがあるため，住宅ローンの審査が通らない可能性があると考え，賃貸併用住宅を建設して，その賃料収入を融資の返済に充てることを計画した。
　　　イ　原告は，旭化成ホームズ株式会社（以下「旭化成ホームズ社」という。）に対し，前記前提事実(2)ウ①及び②の両条件を満たし，かつ賃貸部分の賃料収益によって毎月の融資返済金額の大部分を賄うことができる賃貸併用住宅を建設することにつき助言を求めた
　　　ウ　旭化成ホームズ社は，平成３０年２月１７日頃，原告に対し，「（仮称）Ｘ経営計画書」と題する書面を提出した。同書面は，建築計画，概算見積書，賃料設定条件，資金計画表，収支計算書等を含むもので，うち概算見積書には，総事業費が２億２１２１万９１６０円となる旨の記載が，うち収支計算書には，賃貸部分の収益が毎月十数万円の赤字になる旨の記載が，それぞれあった。
　　(4)　原告は，旭化成ホームズ社の上記計画書を見て，賃貸併用住宅を建設するために多額の費用を要することを知り，より安価にこれを建設する方法がないかを探すようになった。そして，原告は，インターネット上で，被告が本件セミナーを主催していることを知った。
　　(5)　原告は，平成３０年３月２４日，おおむね３時間半にわたる本件セミナーに参加し（その参加費用は，懇親会に参加しない場合，１０００円であった。），本件セミナーの終了後，被告との個別面談を申し込んだ。被告は，本件セミナーにおいて，原告その他の参加者に対し，ゆうちょ銀行のスルガ銀行提携ローンで大きな実績がある，被告が提携するハウスメーカーを利用することで坪単価を安くすることができるなどと説明した。
　　(6)　原告は，平成３０年３月２５日，被告代表者と約３０分の本件個別相談を行い，その際，被告代表者に対し，本件住宅条件を伝えた。
　　(7)ア　被告は，平成３０年３月２５日頃，原告に対し，「本メールにて【正式にお申込みの旨】ご返信（※本文を残して返信下さい）」などと記載された電子メール（以下「本件メール」という。）を送信した。
　　　イ　本件メールには，「不動産投資コンサルティングサービス」の項目に，次の記載がある。
　「土地から探す賃貸併用住宅建築：土地探しアドバイスから融資サポート（オーバーローン），着工〜建物完成までのバックアップサポート」
　　　ウ　本件メールには，「料金」の項目に，次の記載がある。
　「登録時１５０万（税抜）＋建築総額（建築請負契約の金額）×１．５％（税抜）（土地決済時支払い）＝合計金額（税抜）」
　　　エ　本件メールには，「サポート期限」の項目に，次の記載がある。
　「サポート期限を６ヶ月と致します。購入には強い意志とその方自身の行動が必要不可欠です。決済できた際は竣工までサポート致します。」，「通常ですと半年間で購入できないという事はあり得ませんので期限を６ヶ月と致します。但し，止むを得ない事情がある方は

© 2025 Thomson Reuters KK all rights reserved　　　　　　　　　　　　　　　　　　　　　　　　　　　　8

考慮させていただくことがありますので，ご相談ください。」，「※今回は学区のエリア縛りがあることもあり，６ヶ月経過後も継続的に土地探しの意志がある場合は，期間延長に対し柔軟に対応させて頂きます。」。

　　オ　本件メールには，「含まれているもの」の項目に，次の記載がある。

「１，メール相談（制限なし。但し常識の範囲内とさせて頂きます）」，「２，ＬＩＮＥでの相談（制限なし。起きている時間帯であれば出来るだけすぐ対応します。）」，「３，各種業者紹介（仲介業者，銀行，リフォーム，管理会社，ガス会社，保険，※物件エリアにより）」，「４，賃貸経営相談（不動産投資に関連するアドバイス）」，「５，非公開物件が出てきた場合，ご希望にあった物件をご紹介（基本は自主的に探していただきます）」，「６，不動産投資全般アドバイス（目標設定，投資スタンスの明確化，融資情報，物件市況情報，付随するもの全て）」，「７，土地探しのサポート，建築士，仲介業者紹介，銀行ご紹介，オーバーローン購入のサポート（賃貸併用住宅の場合）」。

　　カ　本件メールには，「同意事項」の項目に，次の記載がある。

「あくまで投資に関しては自己責任となります。」，「土地探しに関してはベストを尽くしサポートしますが，基本スタンスはご自身の行動力も必要になります。」，「最大限の努力を致しますが，申し込み後に何らかの理由で購入に至らない場合でもご返金できませんのでご了承ください。」，「建物竣工時にて，コンサルティングサポートは終了しますことご承知おきください。」，「金融機関の融資市況は都度変化致します為，融資可否や条件などをお約束するものではありませんのでご理解ください。」。

　(8)　原告は，平成３０年３月２６日，被告に対し，本件料金を送金した後，本件メールに返信する形で，正式に申し込む旨を伝え，被告は，この返信された電子メールを受けて，原告に対し，入金が確認できたので申し込みを完了とする旨が記載された電子メールを送信した。これにより，本件契約が成立した。

　(9)　原告は，平成３０年４月１９日以降，被告の担当者との間で，ＬＩＮＥを通じたメッセージのやりとりをするようになった。

　(10)　原告は，平成３０年４月２３日，被告の担当者に対し，ＬＩＮＥのメッセージで，希望する物件の内容を伝えた。同メッセージには，要旨，「目標購入規模（総額）」につき２億円くらい，「希望エリア」につき練馬区○○１丁目，△△２丁目，△△４丁目（練馬区ａ小学校学区希望），「住んだ場合の目標収支」につき５万円くらいの黒字，「現在お住まいの自宅面積」につき１２２平方メートルくらいとの記載があったほか，自宅部分は１２０平方メートルくらいを希望するが，間取りが良ければ１００平方メートル後半でも希望にかなうかもしれない旨の記載もあった。

　(11)　被告の担当者は，平成３０年５月１７日，原告に対し，ＬＩＮＥのメッセージを送信した。同メッセージには，「融資金額イメージ：１．４億円以下」，「購入物件イメージ：現自宅から購入物件へ変わる整合性のある地域かつ自宅使用面積（７０$m^2$以上，３ＬＤＫ）」などと記載されていた。

　(12)　原告は，平成３０年５月３１日，被告の担当者に対し，ＬＩＮＥのメッセージを送信した。同メッセージには，「そもそも自分の状況では購入出来無い結果が予め分かって

© 2025 Thomson Reuters KK all rights reserved

いたにも関わらず，購入可能と虚偽の提案された事になります。」，「支払った金額の全額返金をお願いします。」，「返金の意思表示を２０１８／５／３１の１８時までにお願いします。」，「返金については２０１８／６／１の１８時までにお願いします。」などと記載されていた。

　　（13）　原告は，平成３０年６月２１日，被告の申入れを受け，被告の担当者２名と面談をした。しかし，当該面談は，原告が，被告に対し，本件住宅条件を全て満たす提案を行うことを求める一方，被告の担当者２名は，本件住宅条件の一部を変更することによって賃貸併用住宅を建設することは可能である旨を述べ，議論が平行線を辿った。

　　（14）　原告は，平成３０年６月２７日，同月２５日付け請求書により前記前提事実(3)アの請求をした。

　２　争点１（消費者契約法４条の取消事由の存否）について

　　（1）　消費者契約法４条１項及び２項は，それぞれの要件を満たす場合に，消費者契約の申込みの意思表示を取り消すことができるものと規定している。そして，同法２条３項は，「消費者契約」とは，消費者と事業者との間で締結される契約をいうと規定し，同条１項は，同法における「消費者」から，事業として又は事業のために契約の当事者となる場合における個人を除外している。

　　（2）　これを本件についてみるに，前記１の認定事実のとおり，原告は，本件契約の締結当時，３棟の共同住宅を所有し，それらを賃貸して賃料収入を得ていたもので，その賃料収入の額は，原告の給与収入を上回っていた。原告が，管理会社に業務を委託し，賃貸に係る収支が赤字であったことを考慮しても，原告は，不動産賃貸業を営むものであったと認められる。そして，原告は，３７００万円程度の住宅ローンに加え，不動産賃貸業の初期投資のため，１億５０００万円を優に超える借入れも行っていたことから，新たに住宅ローンを利用して自宅を建て替えることが困難であると考え，金融機関の融資を受けて賃貸併用住宅を建設しようとした。

　原告は，上記賃貸併用住宅の賃貸部分について，そこから収益を上げて，長期にわたる融資の返済に充てようとしていたのであるから，当該賃貸部分を単独でみれば，継続的に営利目的の賃貸業を営むものといえる（この点に関し，旭化成ホームズ社は，原告に対し，「経営計画書」を提出している。）。この賃貸部分に原告の自宅部分が併設されたからといって，賃貸部分に係る社会通念上の事業性が失われるものとは考え難い上，原告は，不動産賃貸業を営む過程で，これに自宅の建替えを結び付けることによって，資金調達の問題を解決しようとしたというのである。賃貸併用住宅の建設は，原告の事業であったと認められる。

　このように，原告が，事業として賃貸併用住宅を建設しようとしていたことに鑑みると，そのサポートに係る本件契約について，原告は，事業のために契約の当事者となったものといわざるを得ない。

　　（3）　したがって，その余の点については判断するまでもなく，原告は，消費者契約法４条１項又は２項の適用を受ける消費者ではないから，本件契約の申込みの意思表示を取り消す余地はない。

　３　争点２（不法行為の成否）について

　原告は，被告の原告に対する不実告知，断定的判断の提供又は不利益事実の不告知があり，これが不法行為となる旨を主張する。
　しかし，原告が，本件契約の締結に先立ち，被告に対し，本件住宅条件が，必ず全てを満たす必要のあるもので，一部であっても譲歩することが不可能な条件であることを示したことを認めるに足りる的確な証拠はない。むしろ，前記１の認定事実のとおり，原告は，本件料金を支払って本件契約を締結した後も，被告の担当者に対し，本件住宅条件を自らの希望として伝えていたもので，本件契約の締結前も同様であったことがうかがわれる。また，被告が，原告に対し，本件住宅条件を全て満たす提案を行うことを約束したことを認めるに足りる的確な証拠もない。このように，本件住宅条件が，被告に対し，飽くまで原告の希望する条件として伝わっていたことからすれば，被告が，当該条件を満たす可能性がある旨を述べたことは，重要事項について事実と異なることを告げたことに当たらず，断定的判断を提供したことにもならないし，重要事項について原告の不利益となる事実を故意又は重大な過失によって告げなかったことになるものでもないというべきである。
　したがって，上記不法行為に関する原告の主張は，その前提において採用することができない。
　４　争点３（錯誤無効の成否）について
　前記３で認定説示したとおり，原告は，本件契約の締結に先立ち，被告に対し，本件住宅条件が，必ず全てを満たす必要のあるもので，一部であっても譲歩することが不可能な条件であるという自らの動機を表示していなかったから，本件契約が錯誤により無効になるものとは認められない。
　５　争点４（被告の債務不履行の有無）について
　原告は，本件契約における被告の義務は，本件住宅条件を満たしつつ，収益性が確保された賃貸併用住宅の建設を行うため，実現可能な建設プランを提示することであったところ，被告は，当該義務を履行しなかった旨を主張する。
　しかし，既に認定説示したとおり，原告は，本件契約の締結に先立ち，被告に対し，本件住宅条件が，必ず全てを満たす必要のあるもので，一部であっても譲歩することが不可能な条件であるという自らの動機を表示しておらず，本件メールをみても，原告が主張する義務は記載されていないし，被告が，原告に対し，本件住宅条件を全て満たす提案を行うことを約束したものと認めることもできない。
　したがって，上記債務不履行解除に関する原告の主張は，その前提において採用することができない。
　６　結論
　よって，争点５については判断するまでもなく，原告の主位的請求及び予備的請求はいずれも理由がないから棄却し，訴訟費用の負担につき民訴法６１条を適用して，主文のとおり判決する。
　東京地方裁判所民事第３２部
　　（裁判官　下和弘）

© 2025 Thomson Reuters KK all rights reserved

12

\*\*\*\*\*\*\*

© 2025 Thomson Reuters KK all rights reserved