# EXHIBIT 12a

# EXHIBIT 12a

Westlaw Japan

裁判年月日　令和 4年 6月24日　裁判所名　東京地裁　裁判区分　判決
事件番号　令元（ワ）２７７２３号
事件名　不当利得返還請求事件
文献番号　2022WLJPCA06248002

出典
ウエストロー・ジャパン

---

東京都世田谷区〈以下省略〉
原告　　　　　　　　　　　　　　　　　　X
同訴訟代理人弁護士　　　　　　　　　　　小野薫
東京都千代田区〈以下省略〉
被告　　　　　　　　　　　　　　　　　　株式会社ジュエリー秋
同代表者代表取締役　　　　　　　　　　　A
同訴訟代理人弁護士　　　　　　　　　　　戸塚敬介

主文

　　1　原告の請求を棄却する。
　　2　訴訟費用は原告の負担とする。

事実及び理由

第1　請求
　被告は、原告に対し、５０００万円及びこれに対する令和元年１０月２９日から支払済みまで年６分の割合による金員を支払え。
第2　事案の概要
　本件は、原告が被告に対し、原・被告間の匿名組合契約に係る出資金についてされた返還

合意（以下「本件合意」という。）に基づき、出資金５０００万円及びこれに対する催告後（訴状送達日の翌日）である令和元年１０月２９日から支払済みまで平成２９年法律第４５号による削除前の商事法定利率年６分の割合による遅延損害金の支払を求める事案である。

本件合意では、出資金の現金による返還に代えて、未上場の暗号資産の譲渡による代物弁済の合意（以下「本件代物弁済合意」という。）がされたが、原告は、①本件合意のうち本件代物弁済合意の部分につき、錯誤及び公序良俗違反（暴利行為）に基づく無効、消費者契約法違反に基づく取消し及び瑕疵担保責任に基づく解除、②本件代物弁済合意に基づく暗号資産の引渡義務の不履行を理由とする同合意の失効を主張して、現金による出資金の返還を求めている。

1 前提事実
 (1) 当事者等
　ア　原告は、平成５年にインターネット事業等を営む株式会社ａを設立し、同社の代表取締役に就任したが、平成１２年の同社の解散後は、個人で株式投資等を継続的に行っている。（甲８、弁論の全趣旨）
　イ　被告は、宝石、時計及び貴金属の輸出入及び製造販売等のほか、暗号通貨の発行、販売及び取引に関するコンサルティングを目的とする株式会社である。（弁論の全趣旨）
 (2) 原告と被告との間の匿名組合契約について
　ア　原告及び被告は、平成２９年１１月３０日、原告を組合員、被告を営業者とし、組合員が金銭を出資して、これを原資として営業者が宝飾品の仕入れ販売事業を推進し、組合員に対して収益の一部を分配することを内容とする匿名組合契約（以下「本件匿名組合契約」という。）を締結した。（甲１、弁論の全趣旨）
　イ　原告は、平成２９年１２月１５日、被告に対し、本件匿名組合契約に基づき５０００万円を出資した（以下、この５０００万円を「本件出資金」という。）。（甲２、弁論の全趣旨）
 (3) 本件合意について
原告及び被告は、平成３０年７月１８日、本件出資金の返還に関して、大要次の内容の合意（本件合意）をした。（甲３）
　ア　原告及び被告は、同日、本件匿名組合契約を合意解除する。
　イ　被告は、原告に対し、本件匿名組合契約に基づき原告から受領した出資金５０００万円（本件出資金）の返還義務があることを認める。
　ウ　被告は、原告に対し、上記イの債務全額の代物弁済として、下記の暗号通貨を、本件合意日の翌営業日までに、原告の指定する下記のWallet（以下「本件ウォレット」という。）宛てに送付する方法によって譲渡する（本件代物弁済合意）。
なお、送付がなされない場合は、被告は、原告に対し、現金にて出資金５０００万円を平成３０年７月３０日までに返還する。
　　　記
暗号資産　AKI COIN　５７，５００個
Wallet　〈省略〉

© 2025 Thomson Reuters KK all rights reserved

　(4)　「AKI COIN」について
　「AKI COIN」（単位は「AKI」である。以下「本件コイン」という。）は、被告の資金調達を目的として、Orion Way HK.Ltdにより発行された暗号資産である。本件コインは、総発行数が最大２３０万AKIであり、他の暗号資産（ビットコイン又はイーサリアム）と交換する方法で購入するものとされ、平成３０年６月１日から購入の受付が開始されたが、同日時点では暗号資産の取引所に上場されていなかった。
　上記受付開始時点での購入価格は、１AKI当たり約１０００円相当とされている。（以上につき、乙１２の各枝番、弁論の全趣旨）
　(5)　本件代物弁済合意の取消し及び解除の意思表示
　原告は、令和元年７月１０日、被告に対し、本件代物弁済合意について、消費者契約法４条１項１号の重要事項の不実の告知があったことを理由する取消し及び平成２９年法律第４４号による改正前の民法５７０条の瑕疵担保責任に基づく解除の意思表示をした。（甲４、５）
　２　争点
　(1)　本件代物弁済合意についての錯誤無効の成否
　(2)　本件代物弁済合意についての公序良俗違反（暴利行為）の成否
　(3)　本件代物弁済合意についての重要事項の不実の告知の有無
　(4)　本件代物弁済合意についての隠れた瑕疵の有無
　(5)　本件代物弁済合意に基づく本件コインの引渡しの有無
　３　争点に関する当事者の主張
　(1)　争点(1)（錯誤無効の成否）について
　（原告の主張）
　原告は、本件合意に係る合意書（甲３。以下「本件合意書」という。）の作成に先立って、平成３０年７月１７日に被告の会長秘書であるＢ（以下「Ｂ」という。）と新宿の喫茶店で面談した（以下「本件面談」という。）。
　Ｂは、本件面談において、本件コインについてファンドが付いているので上場すれば値上がりが確実・必至である、平成３０年７月下旬、遅くても８月中には取引所に上場し、売買や換金が可能になる等と述べ、本件コインが同月には上場して換金が可能になり、本件出資金５０００万円の回収が確実になると説明した。しかし、実際には、本件コインは、平成３０年８月末までに取引所に上場されるものでなく、換金も事実上不可能なものであった。
　原告は、Ｂの上記説明を信じて本件代物弁済合意をしており、合意の重要部分について錯誤があるから、平成２９年法律第４４号による改正前の民法９５条により、本件合意のうち本件代物弁済合意の部分は無効である。
　（被告の主張）
　原告の主張は、否認ないし争う。Ｂは、本件面談において、原告から本件合意書に署名押印をしてもらった程度であり、原告の主張するような本件コインに関する説明はしていない。むしろ、原告は、本件面談以前に、原・被告間の交渉における原告側仲介者であったＣ（以下「Ｃ」という。）を通じて、本件コインによる代物弁済の提案をし、本件代物弁済合意

を含む本件合意に至ったもので、本件コインが上場していないこと及びその損失リスクを認識しており、原告の主張する錯誤があったとはいえない。
　　(2)　争点(2)（公序良俗違反の成否）について
　（原告の主張）
　本件代物弁済合意は、事実上無価値な本件コイン５万７５００個をもって、５０００万円という高額な本件出資金の返済義務を消滅させるもので、対価関係が著しく不均衡であり、暴利行為に該当する。
　（被告の主張）
　原告の主張は、争う。原告は、本件コインが上場していないこと及びその損失リスクを認識しながら、自ら本件コインによる代物弁済を求めたのであるから、本件代物弁済合意は暴利行為には当たらない。
　　(3)　争点(3)（不実の告知の有無）について
　（原告の主張）
　前記(1)（原告の主張）欄のとおり、被告担当者のＢは、本件面談において、原告に対し、ファンドが付いているので上場すれば値上がりが確実・必至である、平成３０年７月下旬、遅くても８月中には取引所に上場し、売買や換金が可能になる等と説明したが、実際には、本件コインは、平成３０年８月末までに取引所に上場されるものではなく、換金も事実上不可能なものであった。
　Ｂの上記説明は、消費者契約法４条１項１号の重要事項についての不実の告知であり、本件合意のうち本件代物弁済合意の部分は取り消し得るものである。
　（被告の主張）
　原告の主張は、否認ないし争う。前記(1)（被告の主張）のとおり、Ｂは、本件面談において、原告に対して本件コインについての説明をしておらず、また、原告は、本件コインが上場していないこと及びその損失リスクを認識しており、Ｂの原告に対する重要事項についての不実の告知はない。
　　(4)　争点(4)（隠れた瑕疵の有無）について
　（原告の主張）
　原告は、Ｂから、本件コインが平成３０年８月中には取引所に上場するとの説明を受けて、本件代物弁済合意をしたものであるが、結局、本件コインは取引所に上場せず、仮に上場していたとしても市場での取引ができず、換金等が事実上不可能であるから、本件代物弁済合意の目的物である本件コインには隠れた瑕疵があったというべきであり、本件合意のうち本件代物弁済合意の部分は解除し得るものである。
　（被告の主張）
　原告の主張は、否認ないし争う。原告は、本件代物弁済合意の当時、本件コインが取引所に未上場であること及びその損失リスクを認識しており、本件コインには隠れた瑕疵はない
　　(5)　争点(5)（本件コインの引渡しの有無）について
　（被告の主張）

© 2025 Thomson Reuters KK all rights reserved

　被告は、本件合意日である平成３０年７月１８日に、原告の指定した本件ウォレット宛に本件コイン５万７５００個を送付した。本件ウォレットは、原告側仲介者であったＣが作成して、被告に対して本件コインの送付先として指定したもので、被告もパスワードを知らない。
　したがって、被告は、原告に対し、本件代物弁済合意に基づき、約定の期限内に本件コインの引渡義務を履行した。
　（原告の主張）
　被告の主張は、否認ないし争う。原告は、本件合意書の作成の際、本件ウォレットを自ら指定したわけではなく、本件ウォレットのパスワードも伝えられていない。Ｃが本件ウォレットを指定したとしても、Ｃは、被告の履行補助者であり、Ｃからパスワードが伝えられていない以上、本件ウォレットに本件コインが送付されたとしても、原告において換金等ができる状態には至っていない。
　したがって、被告は、原告に対し、本件代物弁済合意に基づく本件コインの引渡義務を履行したとはいえない。

**第３　当裁判所の判断**
　１　認定事実
　前記前提事実のほか、当該認定箇所に掲げる証拠及び弁論の全趣旨によれば、次の各事実が認められる。
　（１）　原告は、平成１２年に、代表取締役を務めていた株式会社ａを解散し、手元に残った約１０億円の資産を原資として、資産管理会社を設立して不動産投資を行い、また、個人で信用取引を含めた株式投資等を継続的に行っており、平成３０年当時は、約５億円の資産を有し、投資により得られた利益は年間約１億円に上っていた。（甲８、原告本人、弁論の全趣旨）
　（２）　原告は、被告を含むグループ会社を統括する株式会社ＡＫＩ　ＩＮＴＥＮＡＳＩＯＮＡＬ（以下「ＡＫＩ社」という。）の従業員であったＣと知り合い、平成２９年１１月頃に、５５億円を投資してリクルート社の未公開株を取得することを勧められた。その際、原告は、Ｃから、本件匿名組合契約を締結すれば、ＡＫＩ社の会長であるＤ（以下「Ｄ」という。）から５５億円の融資を受ける等と勧められた。その後、原告は、Ｄ及び被告担当者のＢと面談した際に、５５億円の融資を受ける確約は得られなかったが、更にＣから融資を受けるには本件匿名組合契約を締結する必要があると言われ、同月３０日に同契約を締結して、本件出資金を出資した。また、ＡＫＩ社の総務・法務担当であったＥ（以下「Ｅ」という。）は、平成３０年１月、原告から、上記未公開株の取得費用として１５００万円の預託を受けた。（甲１１ないし１４、１６、乙１、乙１３、原告本人、証人Ｂ、証人Ｃ）
　（３）　原告は、本件匿名組合契約の締結後も、５５億円の融資が実行されないことや、本件出資金の振込先が投資家用口座とは異なる口座に指定されていたこと等から、被告に対する不信感を抱き、原告訴訟代理人弁護士である小野薫弁護士（以下「小野弁護士」という。）に委任して、平成３０年４月１９日に、小野弁護士名義で本件出資金の返還を求める通知を送付した。これを受けて、被告は、被告訴訟代理人弁護士である戸塚敬介弁護士（以下

© 2025 Thomson Reuters KK all rights reserved                                                                    5

「戸塚弁護士」という。）に委任して交渉を行った。（甲１４、乙１）

　　(4)　Ｅは、平成３０年７月、原告に対し、本件出資金の返還に代えて本件コインの割当てをすることを勧め、原告もそれを希望するようになった。Ｅは、ＡＫＩ社の元従業員であったＣを通じて、ＡＫＩ社で本件コインに関する事務を担当していたＢに対し、原告が本件出資金の返還に代えて本件コインの割当てを受けることを希望していると伝えた。これを受けて、Ｂは、本件出資金の返還の代物弁済として本件コイン５万７５００個を譲渡する旨の合意書案を作成し、メールでＣに交付し、ＣからＥを経由して原告に対して交付された。

　Ｃは、同月５日、Ｂに対し、本件コインの送付先として、本件ウォレットのＩＤを記載したメールを送信した。（以上につき、乙９の１、１３、証人Ｂ、証人Ｃ）

　　(5)　Ｂは、平成３０年７月６日、Ｄ及び戸塚弁護士の確認を経た上で、本件匿名組合契約が有効であること、本件匿名組合契約を合意解除すること、被告が原告に対し本件出資金５０００万円の返還義務があること、この返還義務の代物弁済として、本件コイン５万７５００個を譲渡すること等を内容とする合意書案を作成し、メールでＣに交付し、ＣからＥを経由して原告に交付された。（乙９の各枝番、１３、証人Ｂ）

　　(6)　Ｃは、平成３０年７月１０日、Ｂに対し、合意書案について、本件コインの返済が履行されない場合は現金で返済する旨の条項を設ける旨の修正意見をメールで伝えた。

　また、原告は、本件匿名組合契約が有効である旨の条項を削除すること、出資金に加えて利息の返還義務があることを認めること、本件コインによる代物弁済の期限を同月２０日とすること、本件コインによる弁済が同日までに履行不能の場合は、同月３１日までに現金にて一括返済すること等を盛り込んだ合意書案の修正版を作成し、同月１１日にＣに対してメールで送付した。このメールには、「きちんと読めば、Ｂさんの作ったものと、かなり違うことが分かります。」との文面がある。（以上につき、甲１３、乙１０、原告本人、証人Ｂ）

　　(7)　原告及びＢは、平成３０年７月１７日、新宿の喫茶店で面談（本件面談）をした。Ｂは、原告に対し、前記(5)の合意書案の条項に加えて、送付がなされない場合は、被告が原告に対して現金にて出資金５０００万円を平成３０年７月３０日までに返還する旨の条項を加えた合意書（本件合意書）２通を提示し、その場で原告の押印を受けた。

　その際、Ｂは、原告から本件コインの上場可能性について尋ねられ、外部の委託会社から聴取していた情報に基づき、早ければ２週間以内に、遅くとも二、三か月内には上場できると思うと聞いていると伝えた。また、Ｂは、原告から本件コインの値上がりについて尋ねられ、当時の市況に基づき、値上がりすると思いますよと伝えた。

　その後、Ｂは、本件合意書２通を持ち帰り、社内稟議を経て、同月１８日の日付けを記入し、被告代表者の押印をして、うち１通を原告に対して送付した。（以上につき、甲３、１３、乙１１の１～２、１３、証人Ｂ、原告本人）

　　(8)　被告は、平成３０年７月１８日、本件ウォレットに本件コイン５万７５００個を送付した。（甲１３、乙１１の各枝番）

　　(9)　被告は、平成３０年９月頃、本件コインについて、暗号資産取引所であるＨＩＴＢＴＣへの上場に向けて調整していたが、結局、同取引所には上場できなかった。

© 2025 Thomson Reuters KK all rights reserved

　本件コインは、令和元年８月４日、イギリスを拠点とする暗号資産取引所「P2PB2B」で上場された。もっとも、本件コインは、令和３年１月１５日時点で、所有者が１２名にとどまり、うち１名が本件コインの総発行数のうち約９６．７５％を所有していて、取引が活発にされている状況にはない。（以上につき、甲９の各枝番、１０、乙５ないし７、１２の各枝番、証人Ｂ、弁論の全趣旨）
　２　争点(1)（錯誤無効の成否）について
　　(1)　原告は、平成３０年７月１７日の本件面談において、Ｂから、本件コインについて値上がりが確実であることや、遅くても同年８月中には取引所に上場すること等の虚偽の説明を受け、その旨を信じて本件代物弁済合意をしたとして、同合意の重要な部分について錯誤があったと主張し、これに沿う原告の供述等（甲１４、原告本人）もある。
　　(2)　しかしながら、Ｂは、本件面談において、本件コインの値上がりや上場時期についてやり取りはしているが（認定事実(7)）、これらの事項について断定的な判断を示したとまでは認められない（なお、原告の陳述書〔甲１４〕には、平成３０年７月９日頃に被告側関係者であるＦが来訪してきて、本件コインの上場や値上がりについて聞かされたとする部分もあるが、これを的確に裏付ける証拠もない。）。
　むしろ、前記１の認定事実等によれば、原告は、長年にわたり信用取引を含む株式投資等を継続的に行っており、平成３０年当時の投資収益も１億円程度に上っていて（認定事実(1)）、かなりの規模の投資経験を有していたと認められる。確かに、原告は、ＡＫＩ社の従業員であるＥから本件コインによる代物弁済を勧誘されてはいるが（認定事実(4)）、他方で、本件面談の時点では、本件コインが未上場の暗号資産であることを認識しており（原告本人）、また、上記投資経験に照らせば、上場後の本件コインの価格の騰落可能性があることは認識していたとみるのが自然である。原告は、被告に対して本件匿名組合に関して不信感を抱き、弁護士に委任した上で本件出資金５０００万円の返還を強く求めていたのであるから（認定事実(2)及び(3)）、代物弁済の目的物である本件コインの換金可能性を検討していなかったとはおよそ考え難い。さらに、原告は、本件合意書の修正案を作成して、Ｃに対してメールで送付し、更には同メールでは従前の合意書案よりも条項がかなり相違することを指摘しており（認定事実(6)）、原告において合意書の文案を入念に検討していたことを指摘できるのであって、このような原告が、本件コインが上場しなかったり、上場しても価値が下落したりすることによる損失リスクを認識していなかったとは考え難い。加えて、証拠（原告本人）によれば、原告は、Ｂから本件コインの上場時期として説明を受けたとする平成３０年８月末を経過した時点で、被告側関係者であるＦに対して上場の有無を確認したと述べるが、Ｆからまだ上場していないとの回答を受けて、引き続き上場を待つという姿勢を示すにとどまっており、本件コインを直ちに換金できないことについて明確に苦情を述べた形跡も窺われない。
　　(3)　以上の事情に照らせば、Ｂが原告に対して本件面談において本件コインの値上がりや上場時期について虚偽の説明をし、これにより原告がその旨の錯誤に陥ったとみるには疑問が残り、原告の主張する本件代物弁済合意の錯誤無効は、理由がないというべきである

© 2025 Thomson Reuters KK all rights reserved                                                                7

3　争点(2)（公序良俗違反の成否）について
　(1)　原告は、本件代物弁済合意について、事実上無価値な本件コインをもって、本件出資金５０００万円の返還義務を消滅させるもので、対価関係が著しく不均衡で暴利行為に該当すると主張する。
　(2)　しかしながら、本件出資金は５０００万円であるが、本件代物弁済合意により原告の取得する本件コインの当時の価値は約５７５０万円相当とされており（前提事実(4)参照）、むしろ一定の損失リスクを見越した代物弁済額が定められたとも解し得るのであって、著しい対価的な不均衡があるとは認められない。また、前記２で認定説示したとおり、被告は、本件コインの損失リスクを十分認識して本件代物弁済合意をしたというべきであり、これらの事情に照らせば、本件代物弁済合意について、暴利行為として公序良俗に反するとは認められない。

4　争点(3)（不実の告知の有無）について
　(1)　原告は、本件代物弁済合意について、本件コインの値上がりや上場時期について不実の告知がされたと主張する。
　(2)　しかしながら、前記２で認定説示したとおり、Ｂが原告に対して本件面談において本件コインの値上がりや上場時期について虚偽の説明をしたとまでは認められない。
　したがって、原告の上記主張は、理由がない。

5　争点(4)（隠れた瑕疵の有無）について
　(1)　原告は、本件コインが取引所に上場せず、仮に上場していたとしても市場での取引ができず、換金等が事実上不可能であったとして、本件代物弁済合意の目的物である本件コインには隠れた瑕疵があったと主張する。
　(2)　しかしながら、原告は、本件代物弁済合意の時点において、本件コインが上場していないことを認識しており、その後に取引所に上場するか否かは、合意後の事情であって、これをもって本件代物弁済合意の時点における本件コインの隠れた瑕疵の有無を論ずることはできない。
　また、確かに、本件コインが取引所に上場したのは、本件代物弁済合意から約１年後であり、更には本件コインの取引が活発ではなく、換金が事実上困難とはいえるが（認定事実(9)）、前記２で認定説示したとおり、原告は、本件コインの損失リスクを認識した上で、本件代物弁済合意をしたと認められ、本件コインの上場時期が遅滞しており、換金が事実上困難になったりしたことは、本件代物弁済合意の時点で想定されていた損失リスクの範疇にとどまるといえる。
　したがって、本件コインについて、隠れた瑕疵があったとは認められない。

6　争点(5)（本件コインの引渡しの有無）について
　(1)　前記１(8)の認定事実によれば、被告は、本件合意が締結された平成３０年７月１８日に、本件ウォレット宛に本件コイン５万７５００個を送付したと認められ、本件代物弁済合意に基づく本件コインの引渡義務を履行したと認められる。
　(2)　これに対し、被告は、本件ウォレットを指定したのは被告の履行補助者であるＣであり、同人からＩＤやパスワードを伝えられておらず、原告において本件コインを換金で

© 2025 Thomson Reuters KK all rights reserved                                        8

きないから、本件コインの引渡義務が履行されたとは認められないと主張する。
　しかしながら、本件合意では、原告の指定したウォレットとして本件ウォレットが定められたのであるから、被告の原告に対する本件コインの引渡義務としては、本件ウォレットに本件コイン５万７５００個を送付することに尽きるというべきである。
　また、Ｃは、本件ウォレットを開設したことを否定しており（証人Ｃ）、本件全証拠によっても、本件ウォレットがいかなる経緯で開設されたかは判然とせず（なお、原・被告双方とも、現時点において、本件ウォレットの開設経緯を調査することは困難としている〔弁論の全趣旨〕。）、被告の関係者が本件ウォレットを開設したことを前提に、被告が原告に対して本件ウォレットのＩＤ及びパスワードを伝える義務があったとも認められない。前記１の認定事実によれば、原告は、本件ウォレットのアドレスが明記された合意書案を検討し、その修正案を作成する等しており（認定事実(6)）、現在、原告が本件ウォレットにログインできないとしても、それは本件合意の前に本件ウォレットのＩＤやパスワードの確認を怠った結果といわざるを得ず、前記(1)の認定判断を覆すものではない。
　(3)　したがって、被告が原告に対して、本件代物弁済合意に定めた期限内に本件コインの引渡義務を履行しなかったことを前提に、本件出資金について現金による返還義務を負うとは認められない。
**第４　結論**
　以上によれば、原告の本訴請求は、理由がないからこれを棄却することとし、主文のとおり判決する。
　東京地方裁判所民事第１７部
　（裁判官　片山健）

*******

© 2025 Thomson Reuters KK all rights reserved                                    9