EXHIBIT 15b

EXHIBIT 15b

The details are explained below.

## 1. Fraud (Article 1)

### (1) Fraud by the other party himself

For example, when X demands Y to perform a contract, the burden of asserting and proving the fraudulent rescission of the contract rests on Y, the person who denies the validity of the contract by asserting fraudulent rescission (Supreme Court decision of April 18, 1928, Minshu 7.283 [27510626] holds that "where a legal act is established due to fraud, the person who asserts that it is invalid due to fraudulent rescission...has the responsibility to assert the existence of that fact, and in the event of a dispute, it goes without saying that he or she also has the burden of proving it").

The specific facts to be asserted and proven are: (1) X committed a fraudulent act against Y; (2) Y was led astray by (1); (3) Y made a contractual offer or acceptance based on the mistake; and (4) Y expressed to X his intention to revoke said offer or acceptance. (The Shiken Civil Litigation Law, p. 13 further requires that (5) X had the intention to cause Y to make a mistake through the above deception and thereby have him make an acceptance; the facts that support the illegality of the fraud are required as essential facts.) Of these essential facts, with regard to requirements (1) to (3), Hideo Hatoyama, Legal Acts or Prescriptions, p. 175, states that "The existence of fraud and other errors must of course be proven by the person who seeks to revoke his/her expression of intention on that ground, and the fact that an error was the cause of the decision to act is also a fact that requires proof; however, where the error is so serious that it would normally be the cause of the decision to act, no special proof is required."

It has been pointed out that a fraudulent manifestation of intention involves a mistake in motive and in some cases may result in a mistake in an element, and therefore the person making the manifestation can prove a mistake in an element and claim that the manifestation is invalid by mistake, or can prove a fraudulent act and claim that the manifestation is set aside by fraud (Ka Shusho, "The Function of Essential Facts," Judicial Training and Research Institute Review No. 90 (1994), p. 59).

In such cases, it is important to note that the specific essential facts for annulment due to fraud may be a+b, depending on the case, compared to those for annulment due to mistake.

 litigation matter

X's claim for payment of the price based on the sales contract with Y

*This case involved X demanding payment from Y for some fabric, but Y deceived Y into believing that X was high-quality fabric and sold it to him. When Y realized this, he claimed to have rescinded the contract, but the issue in question was whether he exercised his right to rescind the contract within five years of realizing that he had been deceived.

● Reason for claim

1. X and Y concluded a contract to purchase the fabric for 300,000 yen.

(Cancellation based on fraud)

defense
1. When X entered into the contract in Claim 1, Y was informed that the fabric in question was made in England and was worth 500,000 yen.
2. Y believed that the fabric in question was worth more than 500,000 yen.
3. As a result of defense 2, Y expressed its intention in cause 1.
4. The fabric in question was worth 10,000 yen.
5. Y expresses its intention to cancel the contract under Claim 1 to X.

That thing

(Extinction statute of limitations)

Re-defense 1   Y learned that X had deceived Y and that more than five years had passed since the date of the second defense.

3. Y expressed its intention to X to invoke the statute of limitations regarding X's right to rescind the contract prior to defense 5.

*The above-mentioned rejoinder is based on Article 126. According to the view that recognizes the permanence of a right of defense (the principle that a right of substantive law is not subject to time limitations when it appears in a lawsuit in the form of a defensive assertion to maintain the status quo against someone else's claim (i.e., a right of defense)), the above-mentioned rejoinder is an invalid assertion.

### (2) Fraud by the opposing party's agent

In the case of a declaration of intent by the other party, if the other party's agent commits fraud, the declaration of intent may be revoked regardless of whether the other party himself acted in bad faith (Minroku 12.492 [27520947], March 31, 1891). The same applies if a person entrusted by the other party to act as an intermediary in the conclusion of a contract commits fraud. The reason why rescission is allowed without the requirement of bad faith in the case of a person entrusted by the other party to act as an intermediary commits fraud is because, as in the case of an agent, the other party is a person used by the other party in concluding the contract, and it would be unfair to prevent the other party from exercising the right to rescind the contract because they were unaware of the fraud.

640

| | | |
|---|---|---|
| Heisei 20-2-28 | Tokyo High School | Judgment evening 1266.226 (28141155)271 |
| April 6, 2009 | Yokohama-Odawara Decision | Judgment 2044.111 (28152303). ·············· 69 |
| July 17, 2009 | Supreme judgment | Judicial Review 231.419 (28152186) 23, 24, 25 |
| August 31, 2010 | Tokyo District Court | Judgment date 2008.10 (28162424)66 |

Author introduction

## Tadashi Oe

Born in Hiroshima in 1944

1967 Graduated from the Faculty of Law, University of Tokyo

Currently a lawyer (affiliated with the Daini Tokyo Bar Association)

### Service information

— Free calls —

① Product inquiries and application requests

TEL 0120 (203) 694 / FAX 0120 (302) 640

② Notification of changes to address, name, etc.

TEL 0120 (203) 696 / FAX 0120 (202) 974

③ Inquiries and requests regarding billing and payment

TEL 0120 (203) 695 / FAX 0120 (202) 973

● The toll-free number (TEL) is open from 9:00 to 17:30, excluding Saturdays, Sundays, and holidays.

*Faxes are accepted 24 hours a day, so please feel free to use them.

4th Edition: Civil Law of Essential Facts (1)

First edition, first printing published on July 6, 1995
May 20, 2002, 2nd edition, 1st printing
November 15, 2005: 3rd edition, 1st printing
July 30, 2016, 4th edition, 1st printing

Author Tadashi Oe

Publisher   Hideya Tanaka

Publisher   Daiichi Hoki Co., Ltd.
2-11-17 Minamiaoyama, Minato-ku, Tokyo
107-8560 Website http://www.daiichihoki.co.jp/

Requirements Civil Code 4(1) ISBN978-4-474-05460-8 C3332 (1)

©2016 by Tadashi Ohe. Printed in Japan.