# EXHIBIT 16a

# EXHIBIT 16a

**裁判年月日**　平成23年 9月16日　**裁判所名**　東京地裁　**裁判区分**　判決
**事件番号**　平２１（ワ）３７９６９号
**事件名**　不当利得返還請求事件
**裁判結果**　請求棄却　**文献番号**　2011WLJPCA09168012


**要旨**
◆原告が、被告の訴外従業員から、訴外会社が近日中に上場予定であり、同社の未公開株式を買い受ければ他社に対して３億３０００万円で転売できるなどと虚偽の説明を受けてその旨信じ、被告との間で本件株式に係る売買契約を締結し代金３億円を支払ったなどとして、被告に対し、選択的に、本件売買契約の詐欺取消し、錯誤無効及び債務不履行解除を主張するとともに、不当利得返還請求権に基づき、上記売買代金の返還を求めるなどした事案において、原告は株取引に相当精通していたと推認でき、訴外従業員が転売につき虚偽の説明をしたとの証拠も認められないなどとして、原告の詐欺の主張を否定し、また、錯誤の主張も理由がなく、さらに、被告に本件売買契約上の義務違反はないなどとして、請求を棄却した事例

**出典**
ウエストロー・ジャパン

**参照条文**
民法９５条
民法９６条
民法４１５条
民法５４５条
民法７０３条
民法７０４条前段
消費者契約法１０条

© 2025 Thomson Reuters KK all rights reserved                    1

裁判年月日　平成23年 9月16日　裁判所名　東京地裁　裁判区分　判決
事件番号　平２１（ワ）３７９６９号
事件名　不当利得返還請求事件
裁判結果　請求棄却　文献番号　2011WLJPCA09168012


東京都世田谷区〈以下省略〉
原告　　　　　　　　　　　　　　　　　　　　Ｘ
同訴訟代理人弁護士　　　　　　　　　　　　　林正紀
東京都中央区〈以下省略〉
被告　　　　　　　　　　　　　　　　　　　　Ｙ証券株式会社
同代表者代表取締役　　　　　　　　　　　　　Ａ
同訴訟代理人弁護士　　　　　　　　　　　　　矢田次男
同　　　　　　　　　　　　　　　　　　　　　渡邉誠
同　　　　　　　　　　　　　　　　　　　　　野村裕
同　　　　　　　　　　　　　　　　　　　　　狛文夫
同訴訟復代理人弁護士　　　　　　　　　　　　小松正道


主文

  1　原告の請求を棄却する。
  2　訴訟費用は原告の負担とする。


事実及び理由

第１　請求
　被告は，原告に対し，３億円及びこれに対する平成１６年１０月２６日から支払済みまで年６分の割合による金員を支払え。
第２　事案の概要
　本件は，原告が，被告の従業員Ｂ（以下「Ｂ」という。）から，未上場会社である株式会社コトヴェール（以下「コトヴェール」という。）が近日中に上場する予定であって，同社の未公開株式を買い受ければ他社に対して３億３０００万円で転売できるなどと虚偽の説明を受けてその旨信じ，被告との間でコトヴェールの株式について売買契約を締結し，被告に対してその売買代金３億円を支払ったなどとして，選択的に，上記売買契約の詐欺取消し，

© 2025 Thomson Reuters KK all rights reserved

錯誤無効及び債務不履行解除を主張するとともに，被告は悪意の受益者であると主張して，被告に対し，不当利得返還請求権（民法７０３条，７０４条前段）又は解除に基づく原状回復請求権（民法５４５条１項本文，２項）に基づき，売買代金３億円の返還及びこれに対する利息又は遅延損害金の支払を求める事案である。

１　争いのない事実等

当事者間に争いのない事実並びに掲記の証拠及び弁論の全趣旨により認定できる事実は，次のとおりである。

(1)　当事者等

ア　被告は，日本証券業協会に加入し，金融商品取引業者で株式会社である。

イ　Ｂは，平成１５年１０月２０日新聞広告の募集に応じて被告に入社し，平成１６年４月には営業成績不振で解雇され，歩合制営業契約社員となり，その後営業成績をあげて同年７月２９日に再雇用され，同年８月１日から被告の株式本部副本部長となったが，同年１１月ころ，被告から懲戒解雇された（乙７の１，２５，証人Ｂ，被告代表者，弁論の全趣旨）。

(2)　原被告間の株式売買契約と代金の支払

ア　原告は，被告から，平成１６年１０月２１日，コトヴェールの記名式普通株式２００株（以下「本件株式」という。）を代金３億円（１株あたり１５０万円）で買った（以下「本件売買契約」という。）。

本件株式は，譲渡制限株式である。

コトヴェールは，平成１６年１０月当時から現在に至るまで上場しておらず，同月当時は株券を発行する旨の定款の定めを有していた。

イ　原告は，被告の三井住友銀行人形町支店の口座に対し，同月２５日，本件売買契約の代金３億円を振り込み，同支店では翌営業日である同月２６日に同口座に発信した（甲２）。

(3)　原告は，被告に対し，平成１６年１１月３０日到達の内容証明郵便（以下「本件内容証明郵便」という。）をもって，被告の詐欺を理由に本件売買契約を取り消す旨の意思表示をするとともに，代金３億円及びこれに対する本件内容証明郵便到達の日から支払済みまで年６分の割合による遅延損害金の支払を求めた（甲３，５の１）。

(4)　コトヴェールは，平成１９年３月２２日，定時株主総会において，同年４月１３日付けで株券を発行する旨の定款の定めを廃止することを決定し，同日，コトヴェールの株券は無効となった（乙６，弁論の全趣旨）。

(5)　原告は，被告に対し，平成２１年１０月２３日，被告が本件売買契約上の義務を怠ったとして，同契約を解除する旨の意思表示をした。

２　争点

(1)　（不当利得返還請求の成否につき）原告は，被告の詐欺によって本件売買契約を締結したか。

(2)　（不当利得返還請求の成否につき）本件売買契約の締結につき，原告に要素の錯誤があったか。

© 2025 Thomson Reuters KK all rights reserved

　　(3)　（債務不履行解除に基づく原状回復請求の成否につき）被告が本件売買契約上の義務に違反したか。
　　(4)　（争点(2)を前提として）原告が，錯誤に基づき本件売買契約を締結したことについて，重大な過失があったか。
　　(5)　利息又は遅延損害金の発生時期及び利率
　3　争点に対する当事者の主張
　　(1)　原告は，被告の詐欺によって本件売買契約を締結したか。
　（原告の主張）
　　　ア　被告の従業員であったBは，本件売買契約の締結に際し，原告に対し，
　　(ア)　真実はコトヴェールが上場する予定はなく，本件株式を3億3000万円で転売できる予定もなかったにもかかわらず，コトヴェールが近日中に上場する予定であって，本件株式を株式会社GCホールディングス（以下「GC」という。）に対して3億3000万円で転売できる予定であると偽り，
　　(イ)　本件株式が，日本証券業協会の自主規制において証券会社の顧客に対する売買勧誘が認められている未公開株（以下「グリーンシート銘柄」という。）ではなく，自己取引も禁止されているにもかかわらず，グリーンシート銘柄であるかのように偽り，
　　(ウ)　本件株式の代金3億円が，真実は根拠のある適正な価格ではなかったにもかかわらず，適正な価格であるかのように偽り，
　　原告をしてその旨誤信させ，これにより本件売買契約を締結させた。
　　　イ　Bは，本件売買契約締結当時，被告の従業員で未公開株取引の担当者であったから，Bの上記行為は，被告の原告に対する詐欺に当たる。
　（被告の主張）
　原告の主張は否認し，争う。
　　　ア　Bは，原告に対し，コトヴェールが近日中に上場する予定であるとも，本件株式をGCに対して3億3000万円で転売できるとも説明しておらず，本件株式の代金3億円は原告が被告に申し込んできた金額であって，被告代表者も一定の検証を行っており，適正な価格である。
　　一般的に，未上場会社は，上場に向けて準備するに当たり，第三者に情報が漏れないよう情報管理を徹底させるから，Bが，原告に対し，コトヴェールが上場する予定であると説明できるはずがない。
　　また，仮に本件株式をGCに対して3億3000万円で転売することができるのであれば，被告は，本件株式を原告に対して売却するのではなく，直接GCに対して売却するはずであるから，Bが原告に対して3億3000万円で転売できるとの説明をするはずがない。いずれにしろ，GCは，本件売買契約当時，本件株式を3億3000万円で購入する意思を有していたと推測され，GCが何らかの事情によってその後に本件株式を3億3000万円で購入できなくなったとしても，Bの原告に対する欺罔行為があったとはいえない。
　　よって，原告は，Bの欺罔行為によって，本件売買契約を締結したものではない。
　　　イ　仮にBが原告に対して本件株式をGCに3億3000万円で転売できるなどと説

© 2025 Thomson Reuters KK all rights reserved　　　　　　　　　　　　　　　　　　　　　4

明したとしても，Ｂは，本件株式の仲介又は媒介及び同説明を，被告の従業員の立場で被告の業務としてしたのではなく，Ｂ個人の立場で原告とＢとの間の個人取引としてしたもので，原告もこれを認識していた。

　すなわち，原告は，Ｂ個人の仲介又は媒介により，未公開株の個人取引を複数回行ってＢとの間でその利益を配分し，Ｂが未公開株の売買のために他人から借り入れた３億３０００万円の連帯保証をするなど，密接な個人的関係を有していた。そして，原告は，上記３億３０００万円の債務を弁済するために，被告が本件株式を直接ＧＣに高値で売る利益を害してでも未公開株の売買によって利益を得ることを画策する強い動機を有していた。

　したがって，Ｂの上記説明行為は，本件売買契約の適法性に影響を与えるものではなく，被告の原告に対する詐欺に当たると評価することはできない。

　　(2)　本件売買契約の締結につき，原告に要素の錯誤があったか。
　（原告の主張）
　　ア　原告は，本件売買契約締結に際し，
　（ア）　コトヴェールにつき，真実は上場予定がなかったにもかかわらず，近日中に上場する予定であると誤信し，
　（イ）　本件株式の代金３億円につき，真実は根拠のある適正な価格ではなかったにもかかわらず，適正な価格であると誤信し，
　（ウ）　本件株式につき，真実は日本証券業協会の協会員が顧客に対して販売勧誘できるグリーンシート銘柄ではなかったにもかかわらず，被告が同協会の協会員であることからグリーンシート銘柄であると誤信し，
　（エ）　譲渡制限のある本件株式につき，真実は被告が株主名簿上の名義人ではなかったにもかかわらず，被告が同名義人であって，原告に対する本件株式の名義書換手続に協力する意思も能力もあり，コトヴェールの取締役会の譲渡承認も容易に得ることができると誤信するなど
　錯誤があった。
　　イ　原告は，コトヴェールが上場する予定であって，本件株式の転売によって投下資本を回収できることを前提として，本件売買契約を締結し，被告に対して契約の動機を表示していた。したがって，本件売買契約は，原告の要素の錯誤により無効となる。
　（被告の主張）
　原告の主張は否認し，争う。
　　ア　被告は，原告に対し，本件売買契約に際し，本件売買契約書（甲１）及び「未公開株式買付申込時のご注意」と題する書面（乙５。以下「本件注意書」という。）を交付し，投資額が全額回収できないおそれがあること，未公開株の発行会社は通常株式の譲渡制限会社であり，株式に譲渡制限がある場合にはその譲渡について所定の手続を経る必要があることなど，未公開株取引のリスクを説明した。原告は，このリスクを十分に理解した上で本件売買契約を締結した。

　また，証券業界における規制の有無が原告の意思表示に特段の影響を与えたとは考え難いし，証券会社が未公開株を自己取引することは禁止されていないから，本件株式がグリーン

© 2025 Thomson Reuters KK all rights reserved

シート銘柄でなくても問題はない。
　　　イ　原告が主張する錯誤は，いずれも動機の錯誤であるところ，原告は，被告に対し，本件売買契約の締結に際し，意思表示の内容としてこれらの動機を表示しておらず，原告に要素の錯誤はない。
　(3)　被告が本件売買契約上の義務（債務）の履行を怠ったか。
（原告の主張）
　　　ア　被告は，原告に対し，本件売買契約上の義務（債務）として，
　（ア）　日本証券業協会の協会員として，同協会の規制に従い，グリーンシート銘柄以外の未公開株である本件株式を顧客に売却してはならない債務及びこれを説明すべき義務
　（イ）　適正な相場のない本件株式につき，適正な相場があるものと装って高い価格で売却してはならない義務及びこれを説明すべき義務
　（ウ）　譲渡制限のある本件株式の譲渡につき，発行会社であるコトヴェールの取締役会の承認を得て，原告に対して本件株式に係る株券の名義書換を行う義務
　（エ）　コトヴェールが，本件売買契約締結後，原告が本件株式に係る株券の名義書換を受ける前に，株券を発行する旨の定款の定めを廃止したことに対応して，本件株式の名義書換の方法を説明する義務
　を負っていたにもかかわらず，これら義務（債務）の履行を怠った。
　なお，仮に原告と被告が，本件売買契約において，売主である被告が譲渡制限株式の名義書換に協力する義務を負わない旨合意していたとしても，この合意は消費者契約法１０条に違反して無効である。
　　　イ　原告は，被告に対し，平成２１年５月２８日付け，同年６月１７日付け及び同月３０日付けの各内容証明郵便において，本件売買契約上の義務の履行を催告したが，被告は解決済みであるとして履行を拒絶した。原告がその後に解除の意思表示をしたことにより，本件売買契約は解除された。
　（被告の主張）
　原告の主張は否認し，争う。
　証券会社による本件株式の自己取引自体は何ら規制されておらず，被告は前記（原告の主張）ア（ア）の義務を負わない。また，被告は，原告に対し，本件株式が未公開株式であって，発行会社の財政状況及び経営成績によってその価値が大きく変動し，一定の取引市場がないため，取引の当事者の評価等によって同じ株式であっても価格が異なり得ることを説明しており，前記（原告の主張）ア（イ）の義務違反もない。本件売買契約はそもそも名義書換ができないリスクを前提とした取引であり，被告は前記（原告の主張）ア（ウ）及び同ア（エ）の義務も負わない。
　よって，被告には，本件売買契約上の義務違反又は債務不履行はない。
　(4)　原告が，錯誤に基づき本件売買契約を締結したことについて，重大な過失があったか。
（被告の主張）
　被告は，原告に対し，本件売買契約書及び本件注意書を交付し，未公開株取引のリスクを

© 2025 Thomson Reuters KK all rights reserved

説明した。原告が，本件売買契約書の内容を理解せず，また本件売買契約書の第３条１項で引用する本件注意書を読まずに本件売買契約を締結したとは考え難い。したがって，原告が未公開株取引のリスクについて錯誤に陥っていたとしても，原告には，錯誤により本件売買契約を締結したことについて，重大な過失があったというべきである。

　よって，原告は，被告に対し，本件売買契約の錯誤無効を主張できない。
　（原告の主張）
　被告の主張は争う。
　　(5)　利息又は遅延損害金の発生時期及び利率
　（原告の主張）
　　ア　詐欺取消し又は錯誤無効による不当利得返還請求権の場合
　被告は，本件売買契約締結当時，①コトヴェールが近日中に上場する予定であるとのＢの説明が虚偽であること，②本件株式の代金３億円は根拠がないこと，③本件株式はグリーンシート銘柄ではないこと，④本件株式には譲渡制限があり，コトヴェールの取締役会の承認がなければ転売することができないことを知っていたから，本件売買契約が詐欺によって取り消され得るものであり，また，原告の錯誤により無効であることを知りながら，原告から，本件株式の代金３億円を受領したというべきである。
　したがって，被告は，悪意の受益者（民法７０４条前段）であるから，本件株式の代金３億円について，受領の日である平成１６年１０月２６日から支払済みまで商事法定利率年６分の割合による利息を付して返還すべき義務を負う。
　仮に，被告が悪意の受益者でないとしても，原告は，被告に対し，平成１６年１１月３０日到達の本件内容証明郵便をもって，被告の詐欺を理由に本件売買契約を取り消す旨の意思表示をして，代金３億円の返還と本件内容証明郵便到達の日から支払済みまで年６分の割合による遅延損害金の支払を求めたから，遅くとも同日から支払済みまで商事法定利率年６分の割合による遅延損害金の支払義務を負う。
　　イ　解除に基づく原状回復請求権の場合
　被告は，民法５４５条２項に基づき，本件売買契約によって原告から受領した代金３億円について，これを受領した日である平成１６年１０月２６日から支払済みまで商事法定利率年６分の割合による利息を付して返還すべき義務を負う。
　　ウ　まとめ
　よって，原告は，被告に対し，解除に基づく原状回復請求権又は不当利得返還請求権に基づき，既払金３億円及びこれに対する受領日である平成１６年１０月２６日から支払済みまで商事法定利率年６分の割合による利息又は遅延損害金の支払を求める。
　（被告の主張）
　原告の主張は争う。
第３　当裁判所の判断
　１　証拠（後記のもののほか，証人Ｂ，原告本人，被告代表者）及び弁論の全趣旨を総合すると，以下の事実が認められる。
　　(1)　被告は，取引所有価証券について，顧客の委託注文を各市場に取り次ぐ業務を主

© 2025 Thomson Reuters KK all rights reserved

体に行う会社であり，Ａ（以下「Ａ」という。）及びＣ（以下「Ｃ」という。）は，平成１５年５月５日，ともに被告の代表取締役となった。

　(2)　被告は，少人数売出しの手続で未公開株式である日本国土開発等の株式を取り扱ったことがあるほか，平成１６年２月ころ，Ｂの紹介により，大塚製薬の未公開株を媒介取引したことがあったが，その後，Ａの指示により未公開株式の取引に関するガイドラインを定め，売り手が株券の名義人であることを条件とした（甲１７，２５，乙２１）。

　(3)　Ｂは，平成１６年３月ころから同年４月ころ，Ｃから，リクルート株購入代金として５０００万円を預かったが，その返還ができずにＣとトラブルになり，その後，リクルート株を売却した代金で購入したボルチモア株の代金１億５６００万円を返還する旨のＣに対する債務負担証書に署名した（甲１７）。

　(4)　ＧＣは，平成１６年８月ころ，被告に対し，特定の未公開株保有者に関する情報の提供，ＧＣの指定する未公開株のＧＣのための取得にかかる斡旋等の業務を委託した（甲２０）。

　(5)　被告は，平成１６年１０月６日，株式自己売買に関するガイドラインを定め，未公開株の自己取引を開始したが，個別取引の最終決定は，代表取締役であるＡ又はＣの面談を通してすることとなっていた（甲２５，２８，乙２２）。

　(6)　原告は，被告に対し，平成１６年１０月８日，未公開株式購入申込書（乙４）に署名押印の上交付した。同申込書には，未公開株取引のリスクが記載された「未公開株式買付申込時のご注意」（乙５）を熟読してその内容を十分理解した上で本件株式の購入を申し込む旨が記載されているほか，コトヴェール２００株を１５０万円以下で原物で買うことなどが原告によって記載されている。同月２１日，原告と被告は，本件売買契約を締結し（甲１，１５），同月２５日ころ，原告は，被告に対し，３億円を振込送金した（甲２）。本件売買契約書には，第３条に譲受人が本件注意書を熟読しその内容を十分理解し，口頭による説明も受けたこと，株式の価値が発行会社の財政状況及び経営成績によって大きく変動することがあること，買受け後の転売が困難な場合があることなどを譲受人が承認，確認した旨不動文字で記載されている。

　(7)　被告は，平成１６年１０月１４日ころ，ＧＣに対し，同月１９日付けで未来証券株式会社の未公開株１００株を１株７０万円の合計７０００万円で譲渡した（甲２１）。また，被告は，同月２９日ころ，ＧＣに対し，同年１１月４日付けで株式会社トリニティーセキュリティーシステムズ（以下「トリニティ」という。）の未公開株１万株を１株４万０５００円の合計４億０５００万円で譲渡した（甲３２）。

　(8)　原告は，平成１６年１０月１９日ころ，被告との間で，被告に対して株式会社リクルートの未公開株１万株を１株１万６７００円の合計１億６７００万円で譲渡するとの契約を締結した（乙２３）。また，原告は，同月２１日ころ，被告との間で，被告に対してトリニティの未公開株１万株を１株４万円の合計４億円で譲渡するとの契約を締結した（乙２４）。

　(9)　Ｂは，日本振興銀行株式会社（以下「日本振興銀行」という。）の未公開株３２００株を１株９万円の合計２億８８００万円で被告に譲渡するとの平成１６年１０月２６日

© 2025 Thomson Reuters KK all rights reserved                                                    8

付け有価証券譲渡契約書を偽造し，原告に示して，日本振興銀行株に関与するよう勧誘した（甲２９，証人Ｂ）。
　(10)　Ｂは，平成１６年１１月１日ころには警察の保護を求め，被告を無断欠勤するようになった（乙１４，１５）。
　(11)　ＧＣの代表者夫妻は，平成１６年１１月１日から４日にかけて被告を訪問し，被告に対し，コトヴェールの株式の購入代金をＢの個人口座に支払ったが株式を受領していないのでどうにかしてほしい，株がないと決済できない，今すぐ金はないが必ず売れたら支払うなどと述べ，同行した原告が，被告に対し，同日には，本件株式を３億円で買い取るよう求め，同月３日には２億円で買い取るよう求めた。しかし，被告は，自己取引の購入枠を超えており，全貌も不明であるとの説明を繰り返してこれに応じなかった（乙９）。
　(12)　Ｂは，平成１６年１１月ころ，所在不明となった後，被告から懲戒解雇された。また，Ｃは，同月３０日，Ｂが惹き起こしたトラブルの責任をとるようＡから求められ，被告の役員を辞任した（甲２４）。
　２　争点(1)（被告の詐欺の成否）について
　(1)　Ｂの原告に対する説明
　原告の陳述書（甲２７），証人Ｂ，原告本人中には，Ｂが，平成１６年１０月２１日，本件売買契約の締結に当たり，原告に対し，コトヴェールが近日中に上場する予定であって，本件株式をＧＣに対して３億３０００万円で転売できると説明して本件株式の購入を勧め，原告はその説明を信じて本件売買契約を締結したとの部分があるので，その信用性につき検討する。
　　　ア　上場予定の説明
　証人Ｂは，未公開株式の取引をする顧客について，未公開株式を抱いて上場まで待って上場益を取ろうという頭の人はだれ一人いなかった，要は転売して利益を取ろうという発想でしか参加してなかったので，譲渡承認ということはほぼ考えていなかった（証人Ｂ１６頁）などと供述している。また，証拠（甲２７，乙２５，３３，証人Ｂ，被告代表者）によれば，原告は，常陽産業株式会社の社長室長，子会社の部長，関連会社の社長の役職を経験し，被告に対する証券総合サービスの申込みに際しては，株式の投資経験が２０年，年収，金融資産各１億円以上と記載するなどしており，証券ブローカーから被告が未公開株式の取扱いを始めたという情報を得て被告と接触するようになった事実が認められるほか，Ｂが個人的に行っていた未公開株の取引に，資金の融通などに関与し，現金でのやり取りをして，利益が出た場合にはそれを受け取っていた事実も認めることができる。そして，本件株式（２００株）の売買代金は３億円であるほか，本件売買契約締結とほぼ同時期の取引として，被告が認める原告に対するリクルート株（１万株）の売却代金が１億６７００万円，トリニティ株（１万株）売却代金が４億円であり（前記１(8)），このほかにも原告は，ＢからＥＬＳ株（５００株）を１億７５００万円で購入し，日本振興銀行株（３２００株）の購入代金として１億６０００万円をＢに支払ったと供述しており，これら取引における株数，金額に照らしても，原告は，本件売買契約の締結以前から株式あるいは未公開株式の取引に相当精通していたと推認することができる。株式の取引経験は大学を出たあとに１回やっただけであ

© 2025 Thomson Reuters KK all rights reserved

るなどとの上記認定に反する原告本人の供述は，上記証拠に照らして採用することができない。このような原告の属性からすれば，原告がＢから本件株式が上場予定であると口頭で説明されたからといって，その説明を原告が鵜呑みにして本件株式の購入の動機としたと認めることはできない。
　　　イ　転売先の説明
　ＧＣに対する３億３０００万円の転売について，証人Ｂは，本件売買契約の締結に当たり，原告に対し，ＧＣが本件株式を購入する内容の先日付で，ＧＣの社判の入った契約書を見せたと証言し，原告本人もＢから買付申込書のようなものを見せられたなどと供述しているが，上記契約書等は証拠として提出されておらず，その存在も記載内容も不明である。
　また，Ｂは，ＧＣが本件株式を３億３０００万円で転売する話は被告の保有する本件株式を原告に購入させるためのＢの創作にすぎないとの陳述書（甲１８，１９）を提出し，証人尋問においても同様の供述をする（証人Ｂ１１頁）。しかし，前記１(11)認定のとおり，平成１６年１１月１日から４日にかけて，ＧＣ代表者夫妻，原告らが被告を訪問し，ＧＣは，被告に対し，コトヴェールの金をＢの個人口座に支払ったにもかかわらず株を受け取っていない，どうにかしてほしいなどと申し入れており，その場には原告も同席し，原告は被告に対し，本件株式を３億円で買って欲しい，同月３日には２億円で買い取って欲しいなどと申し入れているにもかかわらず，原告は，この間，被告との交渉で，ＢからＧＣに本件株式を３億３０００万円で転売できると虚偽の説明を受けたことは話題にしていない。
　また，Ｂは，ＧＣが本件株式を３億３０００万円で購入するとの契約書は，当時のＧＣの代表者であるＤが作成したなどと供述する（証人Ｂ４２頁）から，ＧＣへの転売の話がＢの虚偽の説明であるとの上記Ｂの陳述書（甲１８，１９）の記載を前提とすれば，ＧＣは，Ｂの虚偽の説明に加担していたことになる。そうであるならば，原告が，ＧＣに対し，何らかの責任を追及していて当然であるのに，原告とＧＣは，平成１６年１１月１日には，共同して被告を訪問しており，かかる行動をとることは不合理である。
　そうすると，Ｂが原告に，本件株式をＧＣに対して３億３０００万円で転売できるとＧＣの社判の入った契約書を見せつつ虚偽の説明をしたとの上記陳述書の記載，証人Ｂの証言，原告本人尋問の結果を直ちに採用することができず，他にＢが原告に対し，本件株式をＧＣに対して３億３０００万円で転売できると虚偽の説明をしたとの事実を認めるに足りる証拠はない。
　　(2)　上記説示のとおり，Ｂが，本件売買契約の締結に当たり，原告に対し，コトヴェールが近日中に上場する予定であったと説明したとしても，原告がこれを動機に本件株式を購入したとは認めることができず，Ｂが原告に，ＧＣに対して３億３０００万円で転売することができるとの虚偽の説明をしたことを認めるに足りる証拠はない。仮に，ＢがＧＣに対して本件株式を３億３０００万円で転売することができるとの虚偽の説明をしたとしても，本件売買契約書には，本件株式が組織化された流通市場がないので買受け後の転売が困難な場合があることを原告が承認し，かつ，確認するとの条項があり，本件注意書には，未公開株式においては，買手が見つからない限り保有公開株式の売却による投資回収は困難となることが記載されていたから，未公開株式の買受けに当たって転売が困難となるおそれがある

© 2025 Thomson Reuters KK all rights reserved　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　10

ことは原告において十分予測することが可能であったということができ，Ｂが転売できるとの虚偽の説明をしたからといって，その説明が実現できない危険性は未公開株式の買い手として原告も承知の上であったと認めることができる。また，原告は，本件株式をＧＣだけではなくて，高いところで売れればいいと思って買ったとも供述している（原告本人３３頁）ことからすれば，Ｂの説明によって原告が被告に欺罔されたということはできない。

以上によれば，コトヴェールが近日中に上場する予定であって，本件株式をＧＣに対して３億３０００万円で転売できると説明し，本件株式の購入を勧めたことが，Ｂの原告に対する欺罔行為に当たるとの原告の主張を採用することができない。

　(3)　また，原告は，Ｂが本件株式をグリーンシート銘柄であるかのように偽ったなどと主張するが，これを認めるに足りる証拠はない。

　(4)　さらに，原告は，本件株式の代金３億円が真実は根拠のある適正な価格ではなかったにもかかわらず，適正な価格であるかのように偽ったと主張するので，この点について検討する。

本件株式の価格が３億円であることについて，Ｂは，証人尋問において値段に関する根拠はないと供述し（証人Ｂ９頁），被告代表者は，コトヴェールの新株引受権の価格（平成１４年７月で１株１４０万円）や企業価値を調査分析した結果であるなどと供述し（被告代表者１６頁）ているほか，証拠（甲１，乙５）によれば，未公開株式は，流通市場において取引されるものではなく，証券会社の店頭や相対取引によって売買取引が行われるため取引価格が区々となることが認められるし，証拠（乙４）によれば，本件株式の購入価格は，原告の申し込んだ価格条件に合致するものである。以上を考慮すれば，本件株式の代金３億円が根拠のある適正な価格ではなかったと認めることができない。

したがって，原告の上記主張は採用することができない。

　(5)　以上によれば，争点(1)についての原告の請求には理由がない。

３　争点(2)（要素の錯誤の存否）について

　(1)　上場予定の誤信

原告が，本件売買契約締結に際し，コトヴェールにつき，真実は上場予定がなかったにもかかわらず，近日中に上場する予定であると誤信したと認めることができないことは，上記２(1)及び(2)に説示したとおりである。

　(2)　代金３億円が適正な価格であることの誤信

本件株式の代金３億円が根拠のある適正な価格ではなかったと認めることができないことは，上記２(4)に説示したとおりである。

　(3)　グリーンシート銘柄であることの誤信

本件株式につき，原告がグリーンシート銘柄であることを誤信したことを認めるに足りる証拠はない。

　(4)　譲渡制限があることの誤信

本件株式は，譲渡制限のある株式であるが，証人Ｂは，未公開株式の顧客は株式に譲渡承認が必要であることは知っていて改めて説明したことはなかったなどと供述し（証人Ｂ１６頁），原告は，自ら経営する会社の株式に譲渡制限が付いていることを知っていた（原告本

© 2025 Thomson Reuters KK all rights reserved                                                                                                              11

人１４頁）というのであるから，原告は，株式に譲渡制限が付されていた場合の知識を有していたということができる。原告が本件株式について，コトヴェールの取締役会の譲渡承認を容易に得ることができることなどを誤信したと認めるに足りる証拠はない。
　(5)　したがって，原告の錯誤の主張にはいずれも理由がない。
４　争点(5)（債務不履行の成否）について
　原告は，被告の債務不履行を主張するが，本件売買契約において原告が主張する被告の債務及び義務（上記第２の３(3)ア（ア）ないし（エ））のうち，同（ア）（グリーンシート銘柄以外の未公開株を顧客に売却してはならない債務及びこれを説明すべき義務）については，原告がかかる義務を負う法令上の根拠は見当たらない上，いずれにせよ契約締結上の事情であって，契約上の債務不履行となる余地はない。また，同（ウ）（発行会社の取締役会の承認を得て株券の名義書換を行う義務）及び同（エ）（本件株式の名義書換の方法を説明する義務）についても，原告がそのような義務を負うと認めるに足りる証拠はない。
　さらに，同（イ）（適正価格を装い売却してはならない義務及びこれを説明すべき義務）については，被告が原告に対し，適正な相場があるものと装って高い価格で売却したことを認めるに足りる証拠はない。
５　結論
　以上によれば，原告の請求は，いずれも理由がないから，これを棄却することとして，主文のとおり判決する。
　（裁判長裁判官　小野洋一　裁判官　押野純　裁判官　潮見牧子）

*******

© 2025 Thomson Reuters KK all rights reserved