| | |
|---|---|
| Felix S. Lee (CA Bar 197084)<br>flee@fenwick.com<br>Christopher J. Steskal (CA Bar 212297)<br>csteskal@fenwick.com<br>Casey O'Neill (CA Bar 264406)<br>coneill@fenwick.com<br>Claire Mena (CA Bar 339324)<br>cmena@fenwick.com<br>**FENWICK & WEST LLP**<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br><br>John D. Tennert III (NV Bar 11728)<br>jtennert@Fennemorelaw.com<br>Wade Beavers (NV Bar 13451)<br>wbeavers@fennemorelaw.com<br>**FENNEMORE CRAIG, P.C**<br>7800 Rancharrah Parkway<br>Reno, NV 89511<br><br>*Attorneys for Plaintiff and Counterdefendant* | Aaron D. Lebenta (UT Bar # 10180)<br>adl@clydesnow.com<br>Timothy R. Pack (UT Bar # 12193)<br>trp@clydesnow.com<br>**CLYDE SNOW & SESSIONS PC**<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT 84111<br>Telephone: (801) 322-2516<br><br>James E. Magleby (UT Bar # 7247)<br>magleby@mcpc.law<br>**MAGLEBY CATAXINOS PC**<br>141 W. Pierpont Avenue<br>Salt Lake City, Utah 84101-3605<br>Telephone: 801.359.9000<br><br>*Attorneys for Defendant and Counter-Complainant* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>    Defendants.<br><br>SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>    Counterclaimants,<br><br>v.<br><br>TETSUYA NAKAMURA,<br><br>    Counterdefendant. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**JOINT MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES AND/OR REQUEST FOR A STATUS CONFERENCE**<br>**(Fifth Request)** |

Pursuant to D. Nevada LR IA 6-1 and Civ LR 26-3, Plaintiff Tetsuya Nakamura ("Dr. Nakamura") and Defendants Sunday Group Incorporated, SGI Trust, Toshiki (Todd) Mitsuishi and James Pack (collectively, "Defendants," and together with Dr. Nakamura, the "Parties"), by and through counsel, jointly move the Court to enter an scheduling order granting a fifth extension of discovery deadlines in this action, to permit sufficient time for adjudication of Dr. Nakamura's pending motion to compel (ECF No. 99) and any motion to compel that may be filed by Defendants, to account for delays in producing responsive documents, and to provide sufficient time for any final written discovery requests and for the scheduling of depositions and other discovery.

## I.     Introduction

As it stands, fact discovery must be completed by April 2, 2024, initial expert disclosures are due by April 30, 2024, rebuttal expert disclosures are due by May 30, 2025, the last day for filing dispositive motions is July 3, 2025, and a joint pretrial order is due by July 30, 2025, unless dispositive motions are pending (ECF No. 96).  The Parties are in agreement that good cause exists to extend these deadlines, as detailed further below, and as to the length and proposed schedule for the requested extension:

- Fact discovery deadline: August 1, 2025, without pre-set limits on any third-party discovery, subject to their respective rights to object to, or otherwise challenge, any such third-party discovery under Rules 26(b) and 45 of the Federal Rules of Civil Procedure.

- Initial expert disclosures deadline: August 29, 2025

- Rebuttal expert disclosure deadline:  September 30, 2025

- Dispositive motion deadline:  October 31, 2025

- Joint pretrial order deadline:  November 28, 2025, unless dispositive motions are pending on that date in which case the due date for the joint pretrial order is automatically extended to 30 days after a decision is issued on such motions.

However, despite good faith efforts to meet and confer, the Parties have been unable to come to an agreement on the scope of any additional fact discovery between the Parties and the timing of depositions in relation thereto. As detailed more specifically in the position statements of

the Parties below, they have differing views on need for, and/or appropriate limits of, additional written discovery between the Parties under Rules 33, 34 and 36, and whether depositions can be conducted irrespective of whether written discovery requests are pending. The Parties therefore jointly request that the Court extend the deadlines as set forth above, and respectfully request that the Court set a status conference or enter an order that resolves the disputed discovery procedures issues.

## II.  Good Cause Exists to Extend the Discovery Deadlines

After initial motion practice in this action, fact discovery commenced in earnest in 2023. Discovery has been complicated in part due to: (1) as set forth further below, the Parties' engagement in discovery disputes on certain categories of documents, which has necessitated a motion to compel by Dr. Nakamura, and has necessitated an additional motion to compel filed by Defendants; (2) the scope of the claims and counterclaims, several of which are subject to Japanese law, which has added to the complexity of the matter and to discovery in regards to determining which documents and other information are or may be relevant to the elements of the claims and defenses under Japanese law; (3) the number of potentially responsive documents; (4) the existence of a number of documents, including communications, in a foreign language (Japanese); and (5) the location of several potential witnesses in Japan, which has presented logistical challenges for determining how to contact potential witnesses and how to secure their participation.

To date, the Parties have completed the following discovery tasks:

- The Parties have served initial disclosures and produced initial disclosure documents.

- Dr. Nakamura has served the following written discovery requests to date:

    o 42 requests for production ("RFPs") on James Pack, 42 RFPs on Todd Mitsuishi, 42 RFPs on Sunday Group, and 42 RFPs on SGI Trust;

    o 26 interrogatories ("ROGs") on Mr. Mitsuishi; 19 ROGs on Sunday Group, and 12 ROGs on SGI Trust; and

    o No Requests for Admissions ("RFAs").

- Defendants have served the following written discovery requests to date:

- - 30 RFPs on Dr. Nakamura;
  - 21 ROGs on Dr. Nakamura; and
  - 9 RFAs on Dr. Nakamura.
- Subject to their objections, Dr. Nakamura has responded to ROGs and RFAs and has searched for and provided responsive documents; Defendants have responded to ROGs and searched for and produced responsive documents, Thus far, Dr. Nakamura has produced approximately 1,611 pages of documents in response to Defendants' requests for production, and Defendants have produced over 67,700 pages of documents in response to Dr. Nakamura's requests for production.
- The Parties have met and conferred numerous times regarding discovery scope and status.

No party has conducted any depositions, as the Parties previously stipulated to complete the production of documents before scheduling depositions. ECF No. 92. The parties also anticipate conducting additional third-party discovery through subpoenas, although the ability to do so is complicated by the fact that several third parties who may have relevant information are located outside the United States. As stated above and below in the Parties' Position Statements, the Parties disagree on the scope of any additional written discovery between the Parties under Rule 33, 34 and 36 that may need to be conducted, and the timing of depositions in relation thereto.

As is more fully described in support of Dr. Nakamura's pending motion to compel (*see* Declaration of Claire Mena at ECF No 99-1), Dr. Nakamura submits that Defendants have unduly delayed in producing and/or have inappropriately refused to produce or even confirm preservation of certain categories of documents, such as Signal messaging application communications and emails or other communications for numerous key witnesses in the case. This includes responsive communications from non-Sunday Group domain accounts that are in the possession, custody, or control of Sunday Group under controlling Ninth Circuit law. Defendants disagree with Dr. Nakamura's arguments, in part because Defendants, including Sunday Group, submit that they do not have control over the personal phones/devices of employees who have provided services under controlling Ninth Circuit law on this topic.

These issues will be fully presented to the Court in the near future. Defendants have opposed Dr. Nakamura's pending motion to compel (*see* ECF No. 107), and Dr. Nakamura filed a

**JOINT MOTION FOR AN EXTENSION OF DISCOVERY DEADLINES AND/OR FOR A STATUS CONFERNCE**

reply brief on the motion on March 28, 2025. *See* ECF 109.

In parallel to adjudication of the motion to compel, the Parties continue to meet and confer regarding the issues in the pending motion to compel, with Defendants producing some additional documents. To that end, Defendants believe they have resolved at least one issue in the motion to compel by producing additional emails from Sunday Group and certain affiliated domain accounts for Stephanie Vaughan, as custodian.

The Parties have been attempting to resolve disputes regarding the relevance, scope and burdens involved in the production of additional Sunday Group domain emails from Ken Hashimoto. Defendants have indicated that if they agree to produce additional emails involving Mr. Hashimoto, as custodian, review and production thereof will involve translation and volume issues, about which the Parties are continuing to meet and confer.

Notwithstanding the ongoing production of Signal messages, the production of Ms. Vaughan's responsive Sunday Group domain emails, and the Parties' ongoing efforts to meet and confer to try to resolve the issues with Mr. Hashimoto's Sunday Group domain emails, points of contention are likely to remain, necessitating a Court ruling on the pending motion to compel.

There are also pending discovery disputes regarding Dr. Nakamura's responses to certain discovery requests served by Defendants. Defendants maintain that Dr. Nakamura has unduly delayed in providing and/or has inappropriately refused to produce responsive documents or information. The Parties are currently attempting to resolve those disputes. Defendants filed a motion to compel production of responsive information from Dr. Nakamura on March 31, 2025. ECF 110.

While the Parties have received several extensions of the discovery deadlines thus far, doing so has given the Parties an opportunity to meet and confer and to resolve a number of discovery disputes without needing to involve the Court.

The Parties agree that the current April 2 fact discovery deadline does not permit sufficient time for adjudication of the motions to compel, for potential further document production and review thereafter, for any additional discovery-related motion practice by either parties, for any final supplemental discovery responses, and, primarily, for the scheduling and

taking of depositions. At least one such deposition, of Dr. Nakamura, will require travel from Japan and the use of the certified translator, which complicates both scheduling and conducting the deposition.

In sum, the Parties believe that this case involves certain complicating factors which have impacted the progress of the case and discovery thus far, and which warrant an additional extension of the current discovery deadlines as set forth below. Additionally, allowing the Parties more time to complete fact discovery, including depositions and third-party discovery, as well as expert discovery will help facilitate settlement discussions by allowing the Parties to better assess the relative strengths and weaknesses of their respective positions. The Parties have already engaged in preliminary discussions about potential mediation, and it is the Parties' intent to revisit those discussions prior to the close of the extended fact discovery period requested herein.

### III. Areas of Agreement Between the Parties.

For the reasons detailed above, the Parties agree that due to complicating factors, good cause exists to extend the scheduled deadlines in this case as follows:

- Fact discovery deadline: August 1, 2025
- Initial expert disclosures deadline: August 29, 2025
- Rebuttal expert disclosure deadline: September 30, 2025
- Dispositive motion deadline: October 31, 2025
- Joint pretrial order deadline: November 28, 2025, unless dispositive motions are pending on that date, in which case the due date for the joint pretrial order is automatically extended to 30 days after a decision is issued on such motions.

The Parties also agree that there should be no pre-set limits on any third-party discovery, subject to their respective rights to object to, or otherwise challenge, any such third-party discovery under Rules 26(b) and 45 of the Federal Rules of Civil Procedure.

### IV. Areas of Dispute and Position Statements of the Parties.

The Parties agree that fact discovery should be extended. However, the Parties have been unable to agree whether there should be stipulated limits on the number of additional written discovery beyond what is provided in the Federal Rules, and whether depositions should be further

delayed by any written discovery between the parties. The Parties' respective positions are as follows:

1. <u>Dr. Nakamura's Position:</u>

Dr. Nakamura, in agreement with Defendants, seeks an extension to complete fact discovery by August 1, 2025. Dr. Nakamura requests this extension due to Defendants' continual delays in document production. As explained in Dr. Nakamura's Motion to Compel Documents Responsive to Discovery Requests, Defendants have repeatedly set and missed agreed upon deadlines and have still yet to produce (1) all responsive Signal communications including communications from custodians other than Todd Mitsuishi; (2) responsive documents from Ken Hashimoto's account, and (3) responsive documents from non-Sunday Group domain accounts. ECF 100. Even when Defendants' produced Signal messages on March 28, 2025 and April 2, 2025, the productions appeared to include only messages from Mr. Mitsuishi's account, despite the fact that Mr. Mitsuishi communicated over Signal with other Sunday Group custodians including James Pack and Karl Roller.

Defendants' continued delays throughout this litigation have significantly imperiled the case schedule. Defendants waited until the close of discovery to produce the most sensitive communications, and now attempt to limit Dr. Nakamura's ability to serve discovery requests as facts are learned from their belatedly produced documents. Likewise, Dr. Nakamura has not been able to schedule depositions, absent Defendants' completion of document productions. *See* Dkt. No. 88 ("The parties will meet and confer regarding the scheduling of that deposition upon completion of document discovery (including Defendants' responses to Plaintiff's requests that Defendants supplement their document productions…")).

Despite Defendants' continuous delays, Defendants insist on further imperiling Dr. Nakamura's trial preparation abilities by arbitrarily limiting Dr. Nakamura's right to serve

additional written discovery requests. Dr. Nakamura is entitled to serve written discovery requests in compliance with the Federal Rules of Civil Procedure during the agreed-upon discovery period. There is no reason to require Dr. Nakamura to waive or limit his right to written discovery. Under Rule 34, there are no limits as to the number of RFPs Dr. Nakamura may serve. Likewise, under Rule 36, there are no limits as to the number of RFAs Dr. Nakamura may serve. Finally, under Rule 33, Dr. Nakamura may serve up to 25 ROGs on each party.

To date, Dr. Nakamura has not served RFAs on any party or ROGs on Mr. Pack. Under the Federal Rules, Dr. Nakamura is entitled to, and will likely need to, serve additional ROGs on all parties, additional RFPs on all parties, and RFAs on all parties, as Dr. Nakamura obtains newly provided facts from Defendants' unreasonably delayed document productions. Dr. Nakamura is still in the process of reviewing Defendants' recent document productions, including the March 28, 2025 and April 2, 2025 Signal productions, and expects to review additional documents subject to the court's ruling on the motion to compel. As a result, Dr. Nakamura will need sufficient time to review recently produced documents and any additional document productions and prepare written discovery.

Dr. Nakamura respectfully requests for fact discovery to be extended to August 1, 2025 and that each party is permitted to pursue written discovery as specified in the Federal Rules during the discovery period. Likewise, Defendants should not be permitted to rewrite their prior stipulation regarding the sequencing of depositions in this matter. The Court should require the Defendants to adhere to the agreement between the parties regarding deposition testimony. In the alternative, Dr. Nakamura respectfully requests for the Court set a status conference to discuss fact discovery.

2. Defendants' Position.

Defendants believe that written discovery in this case – particularly responding to requests for production of documents – has already been extensive and burdensome, and they would like to move this case forward into the deposition phase. For example, Dr. Nakamura has already served

FENWICK & WEST LLP

42 requests for production of documents on *each* Defendant, or a total of 168 requests for production of documents. Dr. Nakamura has also already served a total of 57 interrogatories on Defendants (26 on Defendant Todd Mitsuishi; 19 on Defendant Sunday Group, Inc.; and 12 on Defendant SGI Trust).

Defendants have responded to the interrogatories and produced over 67,700 pages of documents in response to Dr. Nakamura's existing document requests, at significant cost for the collection/hosting of documents through an e-discovery vendor, attorney review for responsiveness and relevance, and the ultimate production of documents.[1] It is unclear what additional relevant documents or information Dr. Nakamura is looking for from Defendants through additional written discovery, and if he believes such additional written discovery is warranted, he has had plenty of time to issue it already.

Defendants maintain that, given the volume of information they have already provided, no additional written discovery is likely necessary or proportional, and that the burdens of additional written discovery far outweigh any possible probative value. However, in the interests of compromise, and through the meet-and-confer process, Defendants proposed the following limits on additional written discovery to Dr. Nakamura: (a) no more than six (6) additional requests for production of documents per side; (b) no more than six (6) additional interrogatories per side; and (c) no more than twenty (20) additional requests for admission per side. Although potentially burdensome, Defendants would still be willing to offer than compromise.

It is also Defendants' position that depositions should no longer be delayed by written discovery requests. Defendants recognize that the Parties' stipulated to complete document production prior to conducting depositions in this matter. However, Defendants want to take Dr. Nakamura's deposition, and other depositions, and Defendants are concerned that such depositions

---

[1] Dr. Nakamura, by contrast, has produced only 1,611 pages of documents thus far, and Defendants have learned that Dr. Nakamura's search for documents was not through standard e-discovery processes, but instead were through a 'self-collection,' that calls into question the thoroughness of search. Defendants have obtained from a third party some important text message communications that involve Dr. Nakamura that he has not produced, and it appears from the facts and context that there should be many more responsive documents than were produced. As indicated, this will likely result in Defendants needing to file a motion to compel.

will be further delayed as Dr. Nakamura seeks more and more documents, particularly if substantial additional written discovery requests are propounded and asserted to fall under the stipulation. It is illogical for Dr. Nakamura to continue to insist that all document production *from Defendants* must be complete before Defendants can take *his* deposition.

Defendants therefore respectfully request that the Court extend the discovery deadlines, but impose the following limits or conditions:

1. No additional written discovery between the Parties under Rules 33, 34, and 36, or limiting such additional written discovery to (a) no more than six (6) additional requests for production of documents per side; (b) no more than six (6) additional interrogatories per side; and (c) no more than twenty (20) additional requests for admission per side.

2. Depositions can be conducted irrespective of whether written discovery requests are pending.

In the alternative, Defendants request that the Court set a status conference to address these issues.

**V.     Conclusion**

For the foregoing reasons, the Parties' jointly move the Court to enter an Order extending extend the scheduled discovery deadlines in this case as follows:

- Fact discovery deadline: August 1, 2025, without pre-set limits on any third-party discovery, subject to their respective rights to object to, or otherwise challenge, any such third-party discovery under Rules 26(b) and 45 of the Federal Rules of Civil Procedure.

- Initial expert disclosures deadline: August 29, 2025

- Rebuttal expert disclosure deadline:  September 30, 2025

- Dispositive motion deadline:  October 31, 2025

- Joint pretrial order deadline:  November 28, 2025, unless dispositive motions are pending on that date in which case the due date for the joint pretrial order is automatically extended to 30 days after a decision is issued on such motions.

The Parties also respectfully request that the Court set a status conference, or otherwise resolve their dispute, based on their respective positions set forth above, regarding written

discovery between the Parties under Rules 33, 34 and 36, and the timing for scheduling and conducting depositions in relation to written discovery.

JOINTLY SUBMITTED

DATED: April 2, 2025				**CLYDE SNOW & SESSIONS**

						By: /s/James E. Magleby
						    James E. Magleby

						Attorneys for Defendants
						SUNDAY GROUP INCORPORATED,
						SGI TRUST, TOSHIKI (TODD) MITSUISHI
						AND JAMES PACK

DATED: April 2, 2025				**FENWICK & WEST**

						By: /s/Casey O'Neill
						    Casey O'Neill

						Attorneys for Plaintiff and Counterdefendant
						TETSUYA NAKAMURA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the April 2, 2025, he caused a copy of the foregoing Plaintiff's Response to Defendants' Motion to Seal to be served electronically to counsel of record for all parties who have appeared in this action through the Court's CM/ECF system (as all such counsel appear to be registered CM/ECF users).

By: /s/ *Casey O'Neill*
Casey O'Neill