FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

*Attorneys for Plaintiff and Counterdefendant
Tetsuya Nakamura*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>              Plaintiff,<br><br>     v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>              Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**PLAINTIFF'S RESPONSE TO MINUTE ORDER RE DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO COMPEL AND SUPPORTING EXHIBIT UNDER SEAL** |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>              Counterclaimants,<br><br>     v.<br><br>TETSUYA NAKAMURA,<br><br>              Counterdefendant. | |

Plaintiff Tetsuya Nakamura ("Dr. Nakamura"), by and through counsel of record, submits this Response to the Court's Minute Order (ECF No. 113) in relation to Defendants' Motion for Leave to File Motion to Compel Documents From Plaintiff, Declaration, and Exhibit Obtained From Plaintiff Under Seal (ECF No. 111). After careful review of Exhibit 6, Dr. Nakamura submits that the Court should redact and maintain under seal a portion of the document but unseal the document as a whole.[1]

### A. Legal Standard

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents;" however, that right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n. 7 (1978). Unless the document sought to be sealed is one "traditionally kept secret," i.e., a grand jury transcript or warrant materials, a strong presumption exists in favor of public access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). This presumption of public access does not apply with equal force, however, to non-dispositive motions and related materials filed therewith because "the public has less need for access to court records attached only to non-dispositive motions because these documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.* at 1179 (citation and further quotations omitted). When a district court enters a protective order containing express provisions allowing documents produced during discovery to be filed under seal, the court has already determined that good cause could exist to protect information from being publicly disclosed once the need for public access is balanced against the need for confidentiality. *Id.* at 1180 (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Thus, for non-dispositive motions, such as the discovery motion filed here, a "good cause"

---

[1] The Court's directive that counsel provide a basis, if any, in support of sealing other than production under the Protective Order is well received. In this instance, counsel for Dr. Nakamura received an email from Defendants' counsel at 11:31 a.m. PT on March 31 demanding a response regarding sealing by 2 p.m. PT that day, which did not provide counsel for Dr. Nakamura sufficient time to assess Japanese privacy law or similar concerns potentially implicated by the content of Exhibit 6 or to discuss the same with Dr. Nakamura. In an abundance of caution, counsel responded that Exhibit 6, designated confidential, should be filed under seal.

FENWICK & WEST LLP

standard applies, rather than a "compelling reasons" standard. *Id.* at 1180. In determining whether to seal a requested document, the court must balance competing interests. *See id.* at 1179.

### B. Good Cause Exists to Redact a Portion of Exhibit 6

Good cause exists to redact and maintain under seal a portion of Exhibit 6, a document produced from Dr. Nakamura's files, and specifically the portion that identifies seventeen individuals who are non-parties to this action and are known to be Japanese nationals. Those individuals were co-investors in the Mobby project alleged to have been a fraud and which gives rise to various claims in this case. After consultation with Japanese co-counsel, it is Plaintiff's understanding that Japanese law contains various privacy protections which protect against the public disclosure of information, including the identities of individuals who invested in Mobby (the bulk of whom were also Japanese citizens). This would place an onus on Dr. Nakamura, a Japanese citizen subject to Japanese law, to make efforts to keep such information confidential by redacting investor names from the public version of the document at issue. In addition, for personal privacy reasons, we request the Court also redact Dr. Nakamura's email address. *See generally* Act on the Protection of Personal Information of Japan, translation available at: https://www.japaneselawtranslation.go.jp/ja/laws/view/4241. This fact, along with the generalized motivation to protect the identities of non-parties and their personal investment decisions, provides good cause to allow the redaction of public version of Exhibit 6.

Dated: April 8, 2025

**FENWICK & WEST LLP**

By: /s/ *Felix S. Lee*
    Felix S. Lee

*Attorneys for Plaintiff and Counterdefendant Tetsuya Nakamura*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2025, a true and correct copy of the foregoing **Plaintiff's Notice of Position in Response to Court's Minute Order re Defendants' Motion for Leave to File Motion to Compel Documents from Plaintiff Under Seal** was served on the parties by the Court's electronic filing system, via CM/ECF.

*/s/ Felix S. Lee*
Felix S. Lee