FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>        Defendants. | Case No.: 2:22-cv-01324-MMD-EJY |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>        Counterclaimants,<br><br>    v.<br><br>TETSUYA NAKAMURA,<br><br>        Counterdefendant. | |

# DECLARATION OF CASEY O'NEILL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DOCUMENTS

I, Casey O'Neill, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am admitted *pro hac vice* to this Court, and am Of Counsel at Fenwick & West LLP, counsel for Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura").

2. I submit this declaration in support of Plaintiff's Opposition to Defendants' Sunday Group Incorporated, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants," and together with Dr. Nakamura, the "Parties") Motion to Compel Documents from Plaintiff (ECF No. 110) (the "Motion").

3. From the fall of 2023 through 2024, Dr. Nakamura and Defendants served requests for production ("RFPs") and interrogatories and responded and objected to the same.

4. Certain of Defendants' RFPs and interrogatories sought documents and information regarding Dr. Nakamura's investment history as well as documents related to Dr. Nakamura's tax returns. Those discovery requests include the five placed at issue in the Motion on these topics, which are:

   a. RFP No. 10 (a true and correct copy of which was filed by Defendants in Exhibit 1 to the Declaration of Aaron D. Lebenta Supporting Defendants' Motion to Compel Documents from Plaintiff ("Lebenta Declaration"), ECF No. 110-2);

   b. RFP Nos. 19 and 20 (these requests and Dr. Nakamura's responses and objections thereto are included in Dr. Nakamura's Responses and Objections to Defendants' Third Set of Requests for Production of Documents, true and correct copies of which are attached hereto as **Exhibit A**[1]);

   c. Interrogatory No. 6 (a true and correct copy of which was filed by Defendants in Exhibit 3 to the Lebenta Declaration, ECF No. 110-4); and

---

[1] In their papers, Defendants mistakenly state that RFP Nos. 19 and 20 (and Dr. Nakamura's responses and objections thereto) were filed in Exhibit 2 to the Lebenta Declaration, ECF No. 110-3. Defendants' Exhibit 2 instead contains RFP Nos. 12 and 13, which are not at issue.

        d.   Interrogatory No.12 (a true and correct copy of which was filed by Defendants in Exhibit 4 to the Lebenta Declaration, ECF No. 110-5).

    5.     In addition to the five discovery requests that are subjects of the Motion, Defendants propounded other discovery requests seeking documents and information regarding Dr. Nakamura's investment history. Those requests and Dr. Nakamura's responses and objections thereto are listed below:

**RFP No. 21:**

All DOCUMENTS related to the formation and/or organization of the businesses, ventures, partnerships, entities, and/or opportunities identified in response to Interrogatory No. 10.[2]

Dr. Nakamura's Objections to RFP No. 21:

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through use of the phrase "related to the formation and/or organization of" and the word "opportunities." Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that Interrogatory No. 10 does not seek information regarding "the formation and/or organization of the businesses, ventures, partnerships, entities, and/or opportunities," such that it is impossible to respond to this Request.

Exhibit A.

**Interrogatory No. 17:**

Identify the CRYPTOCURRENCY transactions that you have engaged in since January 1, 2015.

Dr. Nakamura's Objections to Integratory No. 17:

Objections: Dr. Nakamura incorporates by reference each of the general

---

[2] As set forth in Dr. Nakamura's objections to RFP No. 21, this RFP refers to Interrogatory No. 10, which seeks disclosure of the identities of the owners of a digital wallet address and does not seek information related to the Dr. Nakamura's investments. *See* Exhibit 4 to the Lebenta Decl. Nevertheless, RFP No. 21 appears to seek production of documents related to Dr. Nakamura's investment history.

objections set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through the use of the term "engaged in." Dr. Nakamura further objects to this Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Interrogatory to the extent it seeks information that is equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of response to this Interrogatory.

Exhibit 4 to the Lebenta Declaration, ECF No. 110-5.

### Interrogatory No. 21:

Identify each start-up business or venture in which you invested from January 1, 2013 through January 1, 2018, including the name(s) of each such the company/entity, the nature of such business or venture, the amount of your investment, the amount of ownership, and the amount of any return on your investment.

Dr. Nakamura's Objections to Integratory No. 21:

Objections: Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as overbroad and unduly burdensome, including with respect to the responsive time period. Dr. Nakamura further objects to this Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, not least because the Interrogatory seeks information concerning business or ventures wholly unrelated to the cryptocurrency industry or the subject matter of this action. Dr. Nakamura further objects to this Interrogatory as vague and ambiguous in its use of the terms "start-up," "business," "venture," and "return."

A true and correct copy of Interrogatory No. 21 and Dr. Nakamura's objections thereto is included in Dr. Nakamura's Responses and Objections to Defendants' Third Set of Interrogatories, attached as **Exhibit B** hereto.

### RFP No. 30:

Produce documents sufficient to verify the information provided in response to Defendants' Interrogatory No. 21.

Dr. Nakamura's Objections to RFP No. 30:

Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura also incorporates by reference his contemporaneously served objections to Interrogatory No. 21. Dr. Nakamura objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period. Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, not least because the Request and Interrogatory No. 21 seek documents and information concerning business or ventures wholly unrelated to the cryptocurrency industry or the subject matter of this action. Dr. Nakamura further objects to this Request as vague and ambiguous insofar as it incorporates Interrogatory No. 21's use of the terms "start-up," "business," "venture," and "return."

A true and correct copy of RFP No. 30 and Dr. Nakamura's objections thereto is included in Dr. Nakamura's Responses and Objections to Defendants' Fourth Set of Requests for Production of Documents, attached as **Exhibit C** hereto.

6. On February 28, 2025, the Parties met and conferred regarding Defendants' prior discovery letters which flagged some of the issues raised in the Motion. In that discussion, counsel for Dr. Nakamura communicated, in sum and substance, that Dr. Nakamura does not object to collection and production of responsive communications with other investors in the so-called Mobby Project, subject to analysis of privilege and similar issues, and promised to revisit collection issues and supplement Dr. Nakamura's production as appropriate.

7. On April 28, 2024, Dr. Nakamura supplemented his document production with responsive communications with other persons known to have invested in the Mobby Project. That production encompassed messages with the investor identified by Defendants in their discovery letters and the Motion and additional communications.

8. Dr. Nakamura's collection and production efforts in this action have been handled in collaboration with Dr. Nakamura's local Japanese counsel, a team which includes the law firm Nagashima Ohno & Tsunematsu.

9. On March 31, 2025, Dr. Nakamura served responses to supplemental interrogatories from Defendants, which responses identified to the best of Dr. Nakamura's

knowledge the speakers in certain chat communications identified by Defendants. *See* Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of April 2024, at Sausalito, California.

          */s/Casey O'Neill*
          Casey O'Neill

**EXHIBIT INDEX**

| Exhibit | Description | Pages |
|---|---|---|
| A | Dr. Nakamura's Responses and Objections to Defendants' Third Set of Requests for Production of Documents | 14 |
| B | Dr. Nakamura's Responses and Objections to Defendants' Third Set of Interrogatories | 9 |
| C | Dr. Nakamura's Responses and Objections to Defendants' Fourth Set of Requests for Production of Documents | 6 |