# EXHIBIT A

2025 02 19 Plaintiff's Responses and Objections to Requests for Production of Documents (Set Three)

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>            Plaintiff,<br><br>   v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>            Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>            Counterclaimants,<br><br>   v.<br><br>TETSUYA NAKAMURA,<br><br>            Counterdefendant. | |

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS

Case No.: 2:22-cv-01324-MMD-EJY

Page 1 of 14

| | |
|---|---|
| **PROPOUNDING PARTY:** | Defendants |
| **RESPONDING PARTY:** | Tetsuya Nakamura |
| **SET:** | Third (Nos. 14-29) |

Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura") hereby responds and objects to the Requests for Production of Documents (the "Requests"), Set Three, served January 6, 2025 by Defendants Sunday Group Incorporated, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants").

## GENERAL OBJECTIONS

1.    Dr. Nakamura objects to each Request on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

2.    Dr. Nakamura objects to the extent that the Requests seek production of materials which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

3.    Dr. Nakamura objections to the extent that the Requests seek materials protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

4.    Dr. Nakamura objects to the extent that the Requests seek to impose an obligation on Dr. Nakamura to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found. Any Request that purports to require a search for materials beyond readily accessible and centrally located files believed to contain responsive documents is overbroad and unduly burdensome.

5.    Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

6.    Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to seek materials in the possession, custody or control of persons or entities other than Dr. Nakamura.

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS          1          Case No.: 2:22-cv-01324-MMD-EJY

Page 2 of 14

FENWICK & WEST LLP
ATTORNEYS AT LAW

7. Dr. Nakamura objects to the extent that the Requests are not limited to a reasonable time period.

8. Dr. Nakamura objects to the extent that the Requests are duplicative of prior requests for production served in this action.

9. Dr. Nakamura's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, or is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Similarly, no response herein should be deemed or construed as a representation that Dr. Nakamura agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Requests. Dr. Nakamura's responses and objections are not intended to be deemed, and shall not be deemed, an admission of the matters stated, implied or assumed by the Requests.

10. Dr. Nakamura's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

11. Dr. Nakamura reserves his right to amend, supplement, correct, clarify or add to his responses and objections at any time. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Dr. Nakamura objects to each Definition and each Instruction to the extent that it is overbroad and unduly burdensome or encompasses irrelevant information or materials. Dr. Nakamura further objects to each Definition and Instruction to the extent that it seeks to impose burdens on Dr. Nakamura which are disproportionate to Defendants' need for the information and the needs of this case. Dr. Nakamura also objects to each Definition and Instruction to the extent that it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules or Evidence, the United States District Court for the District of

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS           2           Case No.: 2:22-cv-01324-MMD-EJY

Page 3 of 14

Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other appliable rules, statutes, or laws.

2. Dr. Nakamura objects to the definition of the terms "NAKAMURA" "PLAINTIFF," "YOU" and "YOUR" on the ground that the inclusion of the terms "present and former employees," "agents," "representatives," "attorneys," and "any other PERSONS acting on his behalf" renders the definition overbroad and unduly burdensome, vague, and ambiguous. Dr. Nakamura further objects to the definition to the extent that it seeks to discover information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, or immunity, as provided by any applicable law. Dr. Nakamura further objects to the definition to the extent that it purports to impute to him any knowledge of persons or entities falling within the scope of the terms as Defendants have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.

3. Dr. Nakamura objects to the term "MOBBY PURCHASER" as vague and ambiguous, including insofar as the stated definition references "agreements substantially similar to the MOBBY MOU," and on grounds that the definition seeks to impute to Dr. Nakamura knowledge regarding individuals other than Dr. Nakamura who may have entered into certain investment agreements.

4. Dr. Nakamura objects to the terms "PERSON" and "PERSONS" as vague and ambiguous and seeking to impose obligations on Dr. Nakamura which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws. To the extent possible, Dr. Nakamura will construe the terms in this definition in accordance with their ordinary and accepted meanings.

In addition to the General Objections and Objection to Definitions and Instructions set forth above, Dr. Nakamura makes the following objections to specific Requests:

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS    3    Case No.: 2:22-cv-01324-MMD-EJY

Page 4 of 14

## RESPONSES AND OBJECTIONS

**REQUEST NO. 14:**

All DOCUMENTS relating to whether the 4,228.14 Ether referenced in paragraph 27 of the Complaint (Dkt. 1) were owned by Plaintiff or some other person or entity at the time he allegedly tendered said Ether.

**RESPONSE TO REQUEST NO. 14:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents, if any, responsive to this Request.

**REQUEST NO. 15:**

All COMMUNICATIONS to or from any person (including without limitation any MOBBY PURCHASER and any governmental agency (including without limitation the Securities and Exchange Commission and/or the State of Nevada Division of Securities) regarding any statement, allegation, assertion or claim that DEFENDANTS engaged in any of the conduct described in paragraphs 26-28 and/or Counts VII-IX of the Complaint (Dkt. 1).

**RESPONSE TO REQUEST NO. 15:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product immunity or other such privileges or immunities. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that the term "MOBBY

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS       4        Case No.: 2:22-cv-01324-MMD-EJY

Page 5 of 14

Fenwick & West LLP
Attorneys At Law

PURCHASER" is vague and ambiguous and seeks to impute to Dr. Nakamura knowledge regarding individuals other than Dr. Nakamura who may have entered into certain investment agreements. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce.

**REQUEST NO. 16:**

All DOCUMENTS relating to, supporting, or contrary to, the any statement, allegation, assertion or claim that DEFENDANTS engaged in any of the conduct described in paragraphs 26-28 and/or Counts VII-IX of the Complaint (Dkt. 1).

**RESPONSE TO REQUEST NO. 16:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product immunity or other such privileges or immunities. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 17:**

All DOCUMENTS supporting your statement in response to Defendants' Interrogatory No. 5 that the wallet with address "16eTqXadYXqWimC4YPsphvgKsDLnaE8rwG" is owned by Plaintiff.

**RESPONSE TO REQUEST NO. 17:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and

confer with Defendants to discuss a reasonable scope of production of documents, if any, responsive to this Request.

**REQUEST NO. 18:**

All DOCUMENTS showing which individuals or entities own wallet with address "16eTqXadYXqWimC4YPsphvgKsDLnaE8rwG."

**RESPONSE TO REQUEST NO. 18:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents, if any, responsive to this Request.

**REQUEST NO. 19:**

All DOCUMENTS, financial and account statements showing Plaintiff's ownership, control, and disposition of any DIGITAL CURRENCY within the last 10 years, including without limitation the length of time that Plaintiff held or sold such assets.

**RESPONSE TO REQUEST NO. 19:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period. Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents, if any.

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS   6   Case No.: 2:22-cv-01324-MMD-EJY

Page 7 of 14

**REQUEST NO. 20:**

All DOCUMENTS related to taxes and tax returns within the last ten years showing Plaintiff's total assets and investments.

**RESPONSE TO REQUEST NO. 20:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through use of the phrase "[a]ll DOCUMENTS related to taxes and tax returns." Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:**

All DOCUMENTS related to the formation and/or organization of the businesses, ventures, partnerships, entities, and/or opportunities identified in response to Interrogatory No. 10.

**RESPONSE TO REQUEST NO. 21:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period, and as vague and ambiguous through use of the phrase "related to the formation and/or organization of" and the word "opportunities." Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that Interrogatory No. 10 does not seek information regarding "the formation and/or organization of the businesses, ventures, partnerships, entities, and/or opportunities," such that it is impossible to respond to this Request.

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS   7   Case No.: 2:22-cv-01324-MMD-EJY

Page 8 of 14

**REQUEST NO. 22:**

All DOCUMENTS and COMMUNICATIONS related your allegations in paragraphs 66, 72, and 78 of the Complaint that the referenced "representations and omissions" were "both material and false."

**RESPONSE TO REQUEST NO. 22:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product immunity or other such privileges or immunities or which evidence a legal conclusion. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce.

**REQUEST NO. 23:**

All DOCUMENTS and COMMUNICATIONS regarding your allegations in paragraphs 40, 41, 44, 45, 48, and 49 the Complaint (Dkt. 1) that Todd made false representations and omissions to Plaintiff.

**RESPONSE TO REQUEST NO. 23:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to this Request to the extent it seeks documents protected by attorney-client privilege, the work product immunity or other such privileges or immunities or which evidence a legal conclusion. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce.

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS    8    Case No.: 2:22-cv-01324-MMD-EJY

Page 9 of 14

**REQUEST NO. 24:**

All DOCUMENTS and COMMUNICATIONS showing or otherwise regarding any money, in either fiat currency or DIGITAL CURRENCY, YOU have received from Sunday Group, SGI Trust, Todd or James since April 1, 2015.

**RESPONSE TO REQUEST NO. 24:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Subject to and without waiving the foregoing objections, Dr. Nakamura is willing to meet and confer with Defendants to discuss a reasonable scope of production of documents responsive to this Request.

**REQUEST NO. 25:**

All COMMUNICATIONS with TOKEN PURCHASERS related to the DEFENDANTS or MOBBY.

**RESPONSE TO REQUEST NO. 25:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Dr. Nakamura further objects on grounds that the term "TOKEN PURCHASERS" is not defined in the Requests, making it impossible to respond to this Request.

**REQUEST NO. 26:**

All COMMUNICATIONS with Tsuneyasu Takeda related to the DEFENDANTS or MOBBY.

**RESPONSE TO REQUEST NO. 26:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants.

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS          9          Case No.: 2:22-cv-01324-MMD-EJY

Page 10 of 14

Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome, in part because it seeks *all* communications and documents to or from *any* individual, including communications to which Dr. Nakamura may not have been a party. Dr. Nakamura further objects on grounds that this Request is not limited to a reasonable time period. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce.

**REQUEST NO. 27:**

All COMMUNICATIONS with Ryu Imachi related to the DEFENDANTS or MOBBY.

**RESPONSE TO REQUEST NO. 27:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome, in part because it seeks *all* communications and documents to or from *any* individual, including communications to which Dr. Nakamura may not have been a party. Dr. Nakamura further objects on grounds that this Request is not limited to a reasonable time period. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce.

**REQUEST NO. 28:**

All COMMUNICATIONS with Dr. Leonard Kleinrock related to the DEFENDANTS or MOBBY.

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS                10                Case No.: 2:22-cv-01324-MMD-EJY

Page 11 of 14

**RESPONSE REQUEST NO. 28:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Dr. Nakamura further objects that this Request seeks material that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence. Dr. Nakamura further objects to this Request on grounds that it is overbroad and unduly burdensome, in part because it seeks *all* communications and documents to or from *any* individual, including communications to which Dr. Nakamura may not have been a party. Dr. Nakamura further objects on grounds that this Request is not limited to a reasonable time period. Subject to and without waiving the foregoing objections, Dr. Nakamura directs Defendants to documents the parties have produced in this action or which Defendants have represented they will produce. **REQUEST NO. 29:**

All COMMUNICATIONS relating to whether a TOKEN PURCHASER gave you permission to represent them or speak on their behalf regarding MOBBY or DEFENDANTS.

**RESPONSE TO REQUEST NO. 29:**

Dr. Nakamura incorporates by reference each of the general objections set forth above as if fully set forth herein. Dr. Nakamura further objects to the extent that this Request seeks materials not within Dr. Nakamura's custody or control or equally accessible to Defendants. Dr. Nakamura further objects on grounds that the term "TOKEN PURCHASER" is not defined in the Requests, making it impossible to respond to this Request.

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS — 11 — Case No.: 2:22-cv-01324-MMD-EJY

Page 12 of 14

| | |
|---|---|
| Dated: February 19, 2025 | **FENWICK & WEST LLP** |
| | By: /s/ *Felix S. Lee* |
| | Felix S. Lee |
| | Attorneys for Plaintiff and Counterdefendant TETSUYA NAKAMURA |

FENWICK & WEST LLP
ATTORNEYS AT LAW

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS     12     Case No.: 2:22-cv-01324-MMD-EJY

**Page 13 of 14**

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Washington, District of Columbia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On the date set forth below, I served a copy of the following document(s):

**PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Mark L. Smith<br>msmith@sffirm.com<br>Jacob L. Fonnesbeck<br>jfonnesbeck@sffirm.com<br>**SF Firm, LLP**<br>6345 South Pecos Road, Suite 202<br>Las Vegas, NV 89120<br>Telephone: (725) 666-8701<br>Facsimile: (725) 666-8710 | Thomas A. Brady<br>tab@clydesnow.com<br>Timothy R. Pack<br>trp@clydesnow.com<br>Aaron D. Lebenta<br>adl@clydesnow.com<br>Keith M. Woodwell<br>kmw@clydesnow.com<br>**Clyde Snow & Sessions PC**<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT 84111<br>Telephone: (801) 322-2516 |
| James E. Magleby<br>magleby@mcpc.law<br>**MAGLEBY CATAXINOS, PC**<br>141 W. Pierpont Ave.,<br>Salt Lake City, UT 84101<br>Telephone: (801) 359-9000 | |

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: February 19, 2025

_____
Marti Guidoux

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — 13 — Case No.: 2:22-cv-01324-MMD-EJY

Page 14 of 14