# EXHIBIT B

2025 03 31 Plaintiff's Responses and Objections to Defendants' Third Set of Interrogatories

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF INTERROGATORIES |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>Counterclaimants,<br><br>v.<br><br>TETSUYA NAKAMURA,<br><br>Counterdefendant. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Defendants |
| RESPONDING PARTY: | Tetsuya Nakamura |
| SET: | Three (Nos. 18-21) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura"), hereby objects and responds to Defendants and Counterclaimants Sunday Group Incorporated ("Sunday Group"), James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust's (collectively, "Defendants"), Third Set of Interrogatories (the "Interrogatories"), served February 28, 2025.

## GENERAL OBJECTIONS

Dr. Nakamura makes the following General Objections, which apply to each and every Interrogatory and are incorporated by reference in each and every response below as if fully set forth therein. Dr. Nakamura's responses to specific Interrogatories are subject to, and without waiving, these General Objections, even if not reiterated below.

1. Dr. Nakamura objects to each Interrogatory on the grounds that, taken as a whole and as written, the Interrogatories are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

2. Dr. Nakamura objects to the extent that the Interrogatories seek disclosure of materials or information which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

3. Dr. Nakamura objects to the extent that the Interrogatories seek disclosure of materials or information protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

4. Dr. Nakamura objects to the extent that the Interrogatories purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

5. Dr. Nakamura objects to the extent that the Interrogatories purport to require Dr. Nakamura to respond based on materials or information in the possession, custody or control

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF
INTERROGATORIES                    1              Case No.: 2:22-cv-01324-MMD-EJY

of persons or entities other than Dr. Nakamura.

6. Dr. Nakamura's responses are based on such information presently known to him and are not intended to, and should not be deemed to, waive any objection Dr. Nakamura may have to the Interrogatories. Such responses are made without prejudice to Dr. Nakamura's right to alter, amend, or otherwise supplement his objections and responses as discovery proceeds. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

7. Any response by Dr. Nakamura to an Interrogatory, notwithstanding any objection, is not a concession, and shall not be construed as an admission, that the Interrogatory or information provided in response thereto is relevant. Further, in responding to any Interrogatory, Dr. Nakamura does not thereby waive, and intends to preserve, the following: all evidentiary objections; all objections to form; all objections based on burden; all objections Dr. Nakamura may have to the use of information at trial; the right to supplement Dr. Nakamura's objections and responses; the right to object on any applicable ground at any time to any demand for further responses to any Interrogatory or to any other discovery procedures involving or relating to the subject matter of any Interrogatory; or all other applicable objections, rights, privileges and protections afforded to Dr. Nakamura under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws.

8. Dr. Nakamura objects to the extent that the Interrogatories are not limited to a reasonable time period.

9. Dr. Nakamura's failure to object to any Interrogatory on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Dr. Nakamura objects to each Definition and each Instruction to the extent that it is overbroad and unduly burdensome or encompasses irrelevant information or materials. Dr. Nakamura further objects to each Definition and Instruction to the extent that it seeks to impose burdens on Dr. Nakamura which are disproportionate to Defendants' need for the information and the needs of this case. Dr. Nakamura also objects to each Definition and Instruction to the extent that it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules or Evidence, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other appliable rules, statutes, or laws.

2.     Dr. Nakamura objects to the definition of the terms "NAKAMURA" "PLAINTIFF," "YOU" and "YOUR" on the ground that the inclusion of the terms "present and former employees," "agents," "representatives," "attorneys," and "any other PERSONS acting on his behalf" renders the definition overbroad and unduly burdensome, vague, and ambiguous. Dr. Nakamura further objects to the definition to the extent that it seeks to discover information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, or immunity, as provided by any applicable law. Dr. Nakamura further objects to the definition to the extent that it purports to impute to him any knowledge of persons or entities falling within the scope of the terms as Defendants have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.

3.     Dr. Nakamura objects to the terms "PERSON" and "PERSONS" as vague and ambiguous and seeking to impose obligations on Dr. Nakamura which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws. To the extent possible, Dr. Nakamura will construe the terms in this definition in accordance with their ordinary and

accepted meanings.

In addition to the General Objections and Objection to Definitions and Instructions set forth above, Dr. Nakamura makes the following objections to specific Interrogatories:

## RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 18:

For each Japanese or foreign citizen you may call at trial, including any listed in your Initial Disclosures dated July 18, 2023 and any supplements thereto, identify the facts and documents you believe they possess relevant to this dispute, including without limitation a description of their communications or interactions with YOU or DEFENDANTS.

### RESPONSE TO INTERROGATORY NO. 18:

**Objections**: Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory on grounds that it exceeds what is required by and therefore violates Federal Rule of Civil Procedure 26(a)(1) and/or seeks information duplicative of what Dr. Nakamura has provided in his initial disclosures. Dr. Nakamura further objects to this Interrogatory on grounds that it calls for speculation and seeks information that is not within Dr. Nakamura's possession, custody, or control. Dr. Nakamura further objects to this Interrogatory on grounds that it calls for legal conclusions and impermissibly seeks to invade the attorney work product privilege. Dr. Nakamura further objects to this Interrogatory to the extent that it seeks information that is equally accessible to Defendants. Dr. Nakamura further objects to this Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as the Interrogatory seeks a description of all communications or interactions with Dr. Nakamura or Defendants regardless of whether those communications or interactions relate to the subject matter of this action.

**Answer**: Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura is evaluating expected trial witnesses and will disclose information

related thereto at an appropriate time and to the extent required by Federal Rule of Civil Procedure 26(a)(3) and any applicable local rules.

**INTERROGATORY NO. 19:**

Identify by name all parties or participants in the following DOCUMENTS AND COMMUNICATIONS that YOU produced at Nakamura_00547-00598, and Nakamura_00635, including (a) the identity of the custodian of the DOCUMENT OR COMMUNICATION; and (b) for each separate statement in the DOCUMENT OR COMMUNICATION, the identity of the individual making the statement.

**RESPONSE TO INTERROGATORY NO. 19:**

**Objections**: Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory on grounds that it calls for speculation and seeks information that is not within Dr. Nakamura's possession, custody, or control.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura is the producing custodian for Nakamura_00547-00598 and Nakamura_00635. Upon information and belief, the statements in the communications produced are attributable as follows:

Nakamura_00547-00554

Nakamura_00547-00554 reflects correspondence between Dr. Nakamura and Ryu Imachi. Messages in blue are attributable to Dr. Nakamura. Messages in white are attributable to Ryu Imachi.

Nakamura_00555-00570

Nakamura_00555-00570 reflects correspondence between Dr. Nakamura and Ryu Imachi. Messages in blue and green are attributable to Dr. Nakamura. Messages in white are attributable to Ryu Imachi.

Nakamura_00571-00596

Nakamura_00571-00596 reflects correspondence between Dr. Nakamura and Ryu Imachi.

Messages in blue and green are attributable to Dr. Nakamura. Messages in white are attributable to Ryu Imachi.

Nakamura_00597-00598

Nakamura_00597-00598 reflects correspondence between Dr. Nakamura and Ryu Imachi. Messages in blue are attributable to Dr. Nakamura. Messages in white are attributable to Ryu Imachi.

Nakamura_00635

Nakamura_00635 reflects correspondence between Dr. Nakamura and Hiromi Takekawa. Messages in green are attributable to Dr. Nakamura. Messages in white are attributable to Hiromi Takekawa.

**INTERROGATORY NO. 20:**

Identify by name all parties or participants in the following DOCUMENTS AND COMMUNICATIONS that YOU produced at Nakamura_00636-820, including (a) the identity of the custodian of the DOCUMENT or COMMUNICATION; (b) the actual identity of the person to whom each screenname relates in Nakamura_00636-820, or for each separate statement in the Nakamura_00636-820, the actual identity of each individual making the statement; and (c) the name of the messaging application that is depicted in Nakamura_00636-820.

**RESPONSE TO INTERROGATORY NO. 20:**

**Objections**: Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory on grounds that it calls for speculation and seeks information that is not within Dr. Nakamura's possession, custody, or control.

**Answer:** Subject to and without waiving the foregoing objections, Dr. Nakamura responds as follows: Dr. Nakamura is the producing custodian for Nakamura_00636-820. The messaging application depicted in Nakamura_00636-820 is LINE. Upon information and belief, screennames in the communication produced are attributable as follows:

- "井街龍" – "Ryu Imachi"
- "いむす王" – "Dr. Nakamura"

**INTERROGATORY NO. 21:**

Identify each start-up business or venture in which you invested from January 1, 2013 through January 1, 2018, including the name(s) of each such the company/entity, the nature of such business or venture, the amount of your investment, the amount of ownership, and the amount of any return on your investment.

**RESPONSE TO INTERROGATORY NO. 21:**

**Objections**: Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura objects to this Interrogatory as overbroad and unduly burdensome, including with respect to the responsive time period. Dr. Nakamura further objects to this Interrogatory on grounds that it seeks information that is neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, not least because the Interrogatory seeks information concerning business or ventures wholly unrelated to the cryptocurrency industry or the subject matter of this action. Dr. Nakamura further objects to this Interrogatory as vague and ambiguous in its use of the terms "start-up," "business," "venture," and "return."

Dated:   March 31, 2025

**FENWICK & WEST LLP**

By:   /s/ *Felix S. Lee*
Felix S. Lee

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

[*Verification to follow*]

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' THIRD SET OF
INTERROGATORIES

7

Case No.: 2:22-cv-01324-MMD-EJY

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Washington, District of Columbia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On the date set forth below, I served a copy of the following document(s):

**PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF INTERROGATORIES**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Mark L. Smith<br>msmith@sffirm.com<br>Jacob L. Fonnesbeck<br>jfonnesbeck@sffirm.com<br>**SF FIRM, LLP**<br>6345 South Pecos Road, Suite 202<br>Las Vegas, NV 89120<br>Telephone: (725) 666-8701<br>Facsimile: (725) 666-8710 | Thomas A. Brady<br>tab@clydesnow.com<br>Timothy R. Pack<br>trp@clydesnow.com<br>Aaron D. Lebenta<br>adl@clydesnow.com<br>Keith M. Woodwell<br>kmw@clydesnow.com<br>**CLYDE SNOW & SESSIONS PC**<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT 84111<br>Telephone: (801) 322-2516 |
| James E. Magleby<br>magleby@mcpc.law<br>**MAGLEBY CATAXINOS, PC**<br>141 W. Pierpont Ave.,<br>Salt Lake City, UT 84101<br>Telephone: (801) 359-9000 | |

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: March 31, 2025

_____
Sonja L. Gray