# EXHIBIT C

2025 03 31 Plaintiff's Responses and Objections to Defendants' Fourth Set of Requests for Production of Documents

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>TETSUYA NAKAMURA,<br><br>　　　　Counterdefendant. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Defendants |
| RESPONDING PARTY: | Tetsuya Nakamura |
| SET: | Four (No. 30) |

Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura") hereby responds and objects to the Requests for Production of Documents (the "Requests"), Set Four, served February 28, 2025 by Defendants Sunday Group Incorporated, James Pack, Toshiki (Todd) Mitsuishi, and SGI Trust (collectively, "Defendants").

**GENERAL OBJECTIONS**

1. Dr. Nakamura objects to the Requests on the grounds that, taken as a whole and as written, the Requests are overbroad, unduly burdensome, vague, oppressive and beyond the scope of proper discovery. Such objection shall be made below in the short form as, "overbroad and unduly burdensome."

2. Dr. Nakamura objects to the extent that the Requests seek production of materials which are protected by, and restricted from disclosure by, foreign privacy, confidentiality, secrecy, blocking or similar legal principles.

3. Dr. Nakamura objections to the extent that the Requests seek materials protected by attorney-client privilege, the work product immunity or other such privileges or immunities.

4. Dr. Nakamura objects to the extent that the Requests seek to impose an obligation on Dr. Nakamura to conduct anything beyond a diligent search of files where responsive documents reasonably would be expected to be found. A Request that purports to require a search for materials beyond readily accessible and centrally located files believed to contain responsive documents is overbroad and unduly burdensome.

5. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to create, generate, compile or develop materials which currently do not exist.

6. Dr. Nakamura objects to the extent that the Requests purport to require Dr. Nakamura to seek materials in the possession, custody or control of persons or entities other than Dr. Nakamura.

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — 1 — Case No.: 2:22-cv-01324-MMD-EJY

Page 2 of 6

7. Dr. Nakamura objects to the extent that the Requests are not limited to a reasonable time period.

8. Dr. Nakamura objects to the extent that the Requests are duplicative of prior requests for production served in this action.

9. Dr. Nakamura's responses and objections shall not be deemed to constitute a representation or admission that any particular document or thing exists, or is relevant, non-privileged, or admissible in evidence; or that any statement or characterization in the Requests is accurate or complete. Similarly, no response herein should be deemed or construed as a representation that Dr. Nakamura agrees with or acquiesces in the characterization of any fact, assumption or conclusion of law contained in or implied by the Requests. Dr. Nakamura's responses and objections are not intended to be deemed, and shall not be deemed, an admission of the matters stated, implied or assumed by the Requests.

10. Dr. Nakamura's failure to object to any Request on a particular ground or grounds shall not be construed as a waiver of Dr. Nakamura's right to object on any additional ground(s) consistent with further investigation and discovery.

11. Dr. Nakamura reserves his right to amend, supplement, correct, clarify or add to his responses and objections at any time. Dr. Nakamura also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these responses and objections as a result of error, oversight or inadvertence.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Dr. Nakamura objects to each Definition and each Instruction to the extent that it is overbroad and unduly burdensome or encompasses irrelevant information or materials. Dr. Nakamura further objects to each Definition and Instruction to the extent that it seeks to impose burdens on Dr. Nakamura which are disproportionate to Defendants' need for the information and the needs of this case. Dr. Nakamura also objects to each Definition and Instruction to the extent that it exceeds the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules or Evidence, the United States District Court for the District of

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FOURTH SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS                2                Case No.: 2:22-cv-01324-MMD-EJY

Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other appliable rules, statutes, or laws.

2. Dr. Nakamura objects to the definition of the terms "NAKAMURA" "PLAINTIFF," "YOU" and "YOUR" on the ground that the inclusion of the terms "present and former employees," "agents," "representatives," "attorneys," and "any other PERSONS acting on his behalf" renders the definition overbroad and unduly burdensome, vague, and ambiguous. Dr. Nakamura further objects to the definition to the extent that it seeks to discover information that is protected by the attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege, or any other applicable privilege, protection, or immunity, as provided by any applicable law. Dr. Nakamura further objects to the definition to the extent that it purports to impute to him any knowledge of persons or entities falling within the scope of the terms as Defendants have defined them, or imposes duties to ascertain the identity, existence, or relationships of or among any of the persons or entities listed or defined.

3. Dr. Nakamura objects to the term "MOBBY PURCHASER" as vague and ambiguous, including insofar as the stated definition references "agreements substantially similar to the MOBBY MOU," and on grounds that the definition seeks to impute to Dr. Nakamura knowledge regarding individuals other than Dr. Nakamura who may have entered into certain investment agreements.

4. Dr. Nakamura objects to the terms "PERSON" and "PERSONS" as vague and ambiguous and seeking to impose obligations on Dr. Nakamura which are broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the United States District Court for the District of Nevada's Local Rules, said Court's or this Court's (Judge's) standing orders or rules, or any other applicable rules, statutes, or laws. To the extent possible, Dr. Nakamura will construe the terms in this definition in accordance with their ordinary and accepted meanings.

In addition to the General Objections and Objection to Definitions and Instructions set forth above, Dr. Nakamura makes the following objections to specific Requests:

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS   3   Case No.: 2:22-cv-01324-MMD-EJY

Page 4 of 6

**RESPONSES AND OBJECTIONS**

**REQUEST NO. 30:**

Produce documents sufficient to verify the information provided in response to Defendants' Interrogatory No. 21.

**RESPONSE TO REQUEST NO. 30:**

Dr. Nakamura incorporates by reference each of the General Objections and Objections to Definitions and Instructions set forth above as if fully set forth herein. Dr. Nakamura also incorporates by reference his contemporaneously served objections to Interrogatory No. 21. Dr. Nakamura objects to this Request as overbroad and unduly burdensome, including with respect to the responsive time period. Dr. Nakamura further objects to this Request on grounds that it seeks documents which are neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence, not least because the Request and Interrogatory No. 21 seek documents and information concerning business or ventures wholly unrelated to the cryptocurrency industry or the subject matter of this action. Dr. Nakamura further objects to this Request as vague and ambiguous insofar as it incorporates Interrogatory No. 21's use of the terms "start-up," "business," "venture," and "return."

Dated:   March 31, 2025

**FENWICK & WEST LLP**

By:  /s/ *Felix S. Lee*
Felix S. Lee

Attorneys for Plaintiff and Counterdefendant
TETSUYA NAKAMURA

PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANTS' FOURTH SET OF
REQUESTS FOR PRODUCTION OF
DOCUMENTS                                                           4                    Case No.: 2:22-cv-01324-MMD-EJY

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in Washington, District of Columbia. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 801 California Street, Mountain View, CA 94041. On the date set forth below, I served a copy of the following document(s):

**PLAINTIFF AND COUNTERDEFENDANT TETSUYA NAKAMURA'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

| | |
|---|---|
| Mark L. Smith<br>msmith@sffirm.com<br>Jacob L. Fonnesbeck<br>jfonnesbeck@sffirm.com<br>**SF Firm, LLP**<br>6345 South Pecos Road, Suite 202<br>Las Vegas, NV 89120<br>Telephone: (725) 666-8701<br>Facsimile: (725) 666-8710 | Thomas A. Brady<br>tab@clydesnow.com<br>Timothy R. Pack<br>trp@clydesnow.com<br>Aaron D. Lebenta<br>adl@clydesnow.com<br>Keith M. Woodwell<br>kmw@clydesnow.com<br>**Clyde Snow & Sessions PC**<br>201 South Main Street, Suite 2200<br>Salt Lake City, UT 84111<br>Telephone: (801) 322-2516 |
| James E. Magleby<br>magleby@mcpc.law<br>**MAGLEBY CATAXINOS, PC**<br>141 W. Pierpont Ave.,<br>Salt Lake City, UT 84101<br>Telephone: (801) 359-9000 | |

☑ **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: March 31, 2025

_____
Sonja L. Gray

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS — 5 — Case No.: 2:22-cv-01324-MMD-EJY

Page 6 of 6