Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701

Aaron D. Lebenta (UT Bar # 10180)
adl@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516

James E. Magleby (UT Bar # 7247)
magleby@mcpc.law
**MAGLEBY CATAXINOS PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**DEFENDANTS' SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION** |

Pursuant to Local Rule 26-6, Defendants file this Second Motion to Compel Plaintiff TO Appear at a Deposition.

### THE DISCOVERY DISPUTE

Plaintiff Tetsuya Nakamura ("Nakamura") is a citizen of Japan and elected to initiate this action in Nevada. Defendants have made repeated requests to take his in-person deposition in Nevada. While Nakamura has stipulated to appear in person for his deposition, he has refused to

1

Case No: 2:22-cv-01324-MMD-EJY

**DEFENDANTS' SECOND MOTION TO COMPEL NAKAMURA'S DEPOSITION**

participate in the scheduling of that deposition on the grounds that Defendants' document production obligations are not complete. Defendants maintain that they have completed their document production responsibilities and that, even if there are lingering disputes, those should not prevent the scheduling of Nakamura's deposition. For the reasons stated below, the Court should order Nakamura to appear at his in-person deposition prior to August 1, 2025, the deadline for the end of fact discovery most recently proposed by the parties.

## BACKGROUND FACTS

1. According to his Complaint, the Nakamura is "a prominent Japanese medical industry professional and executive." [Complaint, ¶ 2, Dkt. 1.]

2. Nakamura alleges that in 2015 he became a shareholder in Defendant Sunday Group, Inc., a Nevada corporation. [*Id*. at ¶ 20.]

3. Nakamura alleges that in 2017 he entered into a contract with Sunday Group, referred to in the Complaint as the "Mobby MOU", wherein Sunday Group agreed to develop and create a digital currency known as "Mobby Tokens" and thereafter deliver a certain amount of Mobby Tokens to Nakamura. [*Id*. at ¶¶ 25-27.]

4. Nakamura alleges that in 2018, Defendant Todd Mitsuishi, a resident of Nevada, assisted Nakamura to invest in a U.S. cryptocurrency mining company named BitClub Network. [*Id*. at ¶ 29.]

5. Nakamura's Complaint alleges that "[a] substantial part of the events giving rise to Dr. Nakamura's claims occurred in this district [i.e., Nevada]." [Complaint at ¶ 16.]

6. On September 12, 2023, Defendants made their first request to Nakamura to take his deposition in the United States. [Declaration of Timothy R. Pack ("Pack Decl.") ¶ 3; September 12, 2023 Email Between Counsel, Ex. 1 to Pack Decl.]

7. On October 23, 2023, Defendants made their second request to take Nakamura's deposition in the United States. [Pack Decl., ¶ 4; October 23, 2023 Email Between Counsel, Ex. 2 to Pack Decl.]

8. On November 29, 2023, counsel for the parties met and conferred by telephone regarding Nakamura's deposition. The parties agreed to revisit the issue after additional discovery and document production had taken place. [Pack Decl., ¶ 5.]

9. On July 25, 2024, Defendants made their third request to take Nakamura's deposition. [*Id*. at ¶ 6; July 25, 2024 Email Between Counsel, Ex. 3 to Pack Decl.]

10. On July 30, 2024, counsel for the parties held a second meet and confer telephone call regarding Nakamura's deposition. [Pack Decl., ¶ 7.] Plaintiff's counsel represented they had never objected to Nakamura appearing in the United States for his deposition, but would nevertheless discuss the issue with Nakamura and then confirm whether he would in fact appear for his deposition. *Id*.

11. About twenty days later on August 20, 2024, Nakamura's counsel finally responded, but unfortunately did not confirm that Nakamura would appear for his deposition. *Id*. at ¶ 8.

12. Because Nakamura is Japanese, a professional interpreter will be required to interpret the examination questions and Nakamura's responses. *Id*. at ¶ 9.

13. On August 21, 2024, Defendants filed their first Motion to Compel Nakamura's Appearance at a Deposition [Dkt. 88.]

14. On September 16, 2024, the parties resolved the first Motion to Compel by Stipulation [Dkt. 91] (the "September 16 Stipulation"), which provided in relevant part as follows:

> WHEREAS, Defendants hereby withdraw their Motion to Compel Plaintiff's Appearance at a Deposition (Dkt. No. 88).
>
> WHEREAS, Plaintiff stipulates that he shall appear in person in California, Nevada, or another mutually agreeable location in the continental United States for his deposition. The parties will meet and confer regarding the scheduling of that deposition upon completion of document discovery (including Defendants' responses to Plaintiff's requests that Defendants supplement their document productions (*see* Dkt. Nos. 89-2, 89-3)).
>
> WHEREAS, the parties reserve all rights as to the sequencing of the parties' depositions and any non-party depositions.
>
> **IT IS ACCORDINGLY STIPULATED**, pursuant to Civil L.R. 6-2, by and between the undersigned counsel for the parties, that: Defendants' Motion to Compel Plaintiff's Appearance at a Deposition (Dkt. No. 88) is hereby withdrawn without prejudice.

[September 16, 20245 Stipulation, Dkt. 91.]

15. On April 2, 2025, Defendants completed their responses to Plaintiff's discovery requests referenced in Dkt. Nos. 89-2 and 89-3. [Pack Decl., ¶ 12.]

16. As of that date, Defendants have produced 67,864 pages of documents, including emails, text and other chat messages, and financial records. *Id*.

17. On April 18, 2025, Defendants counsel sent the following email to Plaintiff's counsel requesting for a third time that Nakamura participate in the scheduling of his deposition:

> Casey, Claire:
>
> We write regarding scheduling the Nakamura deposition. We ask that you provide available dates in the first two weeks in June or the weeks starting June 30 or July 7, for a two-day deposition in Las Vegas, Nevada. Among other things, we anticipate that scheduling will be a challenge between Nakamura's schedule and that of counsel for the parties.
>
> We understand that Nakamura's position is that the deposition should not take place until all document discovery has been completed. We have a number of responses to this position.
>
> First, a dispute over document production should not delay <u>scheduling</u>. The parties should work together to get the deposition on the calendar, to avoid unnecessary delay due to scheduling conflicts.

Second, it does not make sense to delay Nakamura's deposition simply because there are disputes over unrelated documents from Defendants. That is, for example, there are no communications with Nakamura that Defendants have not produced. If Plaintiffs' position is that the production of additional documents are necessary for the Nakamura deposition, then we ask that i) you identify which specific documents you believe are needed and have not been produced; and ii) you explain how/why they are needed for Nakamura's deposition.

Third, Defendants' document production is complete, except for a few lingering issues. Our side has produced over 65,000 documents. Further delay, at least of Nakamura's deposition, cannot in god faith be based upon an argument that Plaintiffs' document production is not complete.

In closing, please provide available deposition dates by end of business by next Wednesday, April 23, 2025. If you have not done so by that date, then we will issue a notice at a time convenient for our side and approach the Court for an order setting Nakamura's deposition.

And, if you would like to discuss, we can do so on Tuesday.

Thanks.

James E. Magleby
MAGLEBY CATAXINOS, PC
141 W. Pierpont Ave.
Salt Lake City, Utah 84101
Telephone: 801.359.9000
Facsimile: 801.359.9011

[April 18, 2025 email, attached as Ex. 5 to Pack Decl.]

18.   Nakamura failed to respond or otherwise identify, specifically or generally, and document he needed from Defendants prior to sitting for his deposition. [Pack Decl. ¶ 14.]

19.   On April 22, 2025, the parties met and conferred by telephone regarding the scheduling of Plaintiff's deposition. Plaintiff's counsel again unequivocally refused to agree to schedule's Plaintiff's deposition on the grounds that documents discovery was not complete. [*Id.* at ¶ 15.]

20. On April 24, 2025, the refusal to set a date for Nakamura's deposition was confirmed by e-mail to Plaintiff's counsel. [April 24, 2015 email, attached as Ex. 5 to Pack Decl.]

## **ARGUMENT**

### **THE COURT SHOULD ORDER NAKAMURA TO APPEAR FOR HIS DEPOSITION NO LATER THAN AUGUST 1, 2025.**

Nakamura continues to evade his deposition. He claims that he is not required to be deposed because he believes Defendants have not fully complied with all of their document production obligations. Defendants disagree. Defendants have in good faith attempted to accommodate Nakamura's excessive demands, having produced nearly 30,000 separate documents and communications (over 67,000 pages) thus far, and incurring over $19,000 in charges from e-discovery vendors, plus far more in legal fees to review the documents. [Pack Decl., ¶ 17.] Nakamura, by contrast, has produced only 1,813 pages of documents. *Id*.

Defendants have spent substantial amounts of time and money to accommodate Nakamura's unreasonable demands. But it is now clear that Nakamura will never consider Defendants' document production complete, and instead will continue to claim the production is inadequate in order to avoid his deposition. While the parties can have reasonable disagreements about discovery, Nakamura should not be able to hide behind the September 16 Stipulation as a means shield himself from his own discovery obligations. He chose to file this lawsuit, including the bringing of fraud and other very serious claims. Defendants are entitled to ask him questions about these claims.

At the upcoming May 23, 2025 hearing, the parties and the Court will discuss the parties' joint request to extend the fact discovery period. The Court will also make rulings as to whether the parties are required to supplement their document production. Therefore, it will be

appropriate for the Court to order Nakamura to sit for his deposition no later than August 1, 2025 for the following reasons:

First, a dispute over document production should not delay the scheduling of Nakamura's deposition. This is especially true given that the scheduling of the deposition in Nevada[1] will be challenging. Nakamura's resides in Japan, the parties' lead counsel reside outside of Nevada, and the parties must engage and schedule an interpreter to attend. Early planning and scheduling of Nakamura's deposition is therefore necessary.

Second, it does not make sense to continue to delay Nakamura's deposition because of disputes over documents he wants from Defendants. If Nakamura desires to wait to take the Defendants' depositions until he has received additional documents then that is his choice. But this is not a logical reason to delay his own deposition. Indeed, Defendants directly asked Nakamura to identify any documents he believed he needed in his possession prior to the taking of his before deposition, and he failed to respond. As a result, Defendants strongly believe that Nakamura is raising discovery disputes as a pretext to avoid his deposition.[2]

In sum, Defendants believe they have completed their document production obligations. And even if the Court orders Defendants to produce additional documents at the May 23, 2025 hearing, that should not act as an impediment to scheduling Nakamura's deposition. In the

---

[1] *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) ("As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.")

[2] It perhaps need not be said, but even billionaires and presidents have to sit for depositions, if their testimony is relevant and needed. *See, e.g.*, *ZeniMax Media, Inc. v. Oculus VR, LLC*, No. 3:14-CV-1849-P (BF), 2015 WL 13949662, at *2 (N.D. Tex. Dec. 7, 2015) ("Mr. Zuckerberg's deposition shall proceed . . . "); *United States v. Poindexter*, 732 F. Supp. 142, 146 (D.D.C. 1990) ("courts may and have required former as well as incumbent Presidents to testify in appropriate cases").

interests of justice and efficiency, Defendants request an order compelling Nakamura to schedule and sit for his deposition prior to August 1, 2025.

## CONCLUSION

For the reasons noted, Defendants request an order that Nakamura be ordered to appear for his deposition in Nevada, and that he and his counsel cooperate in scheduling the deposition.

DATED: May 2, 2025                     **CLYDE SNOW & SESSIONS, P.C.**

By: */s/Timothy R. Pack*
Timothy R. Pack (UT Bar # 12193)
Aaron D. Lebenta (UT Bar # 10180)

**MAGLEBY CATAXINOS, P.C.**

By: */s/James Magleby*
James Magleby (UT Bar 7247)

Attorneys for Defendants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
and JAMES PACK

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May 2025, I caused a true and correct copy of the foregoing DEFENDANTS' SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION to be served upon the parties by the Court's electronic filing system, via CM/ECF.

　　　　　　　　　　　　　　　　　　　　　*/s/ Sabrina Afridi*
　　　　　　　　　　　　　　　　　　　　　Sabrina Afridi
　　　　　　　　　　　　　　　　　　　　　Legal Assistant