Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701

Aaron D. Lebenta (UT Bar # 10180)
adl@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516

James E. Magleby (UT Bar # 7247)
magleby@mcpc.law
**MAGLEBY CATAXINOS PC**
141 W. Pierpont Avenue
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**DECLARATION OF TIMOTHY R. PACK SUPPORTING SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION** |

I, Timothy R. Pack declares as follows:

1. I am admitted *pro hac vice* to this Court, I am a partner at Clyde Snow & Sessions based in Salt Lake City, Utah, and I am counsel for Defendants in this matter.

2. I submit this declaration in support of Defendants' Second Motion to Compel Plaintiff to Appear for a Deposition.

3. On September 12, 2023, Defendants made their first request to Nakamura to take his deposition in the United States. September 12, 2023 Email Between Counsel, Ex. 1.

4. On October 23, 2023, Defendants made their second request to take Nakamura's deposition in the United States. October 23, 2023 Email Between Counsel, Ex. 2

5. On November 29, 2023, counsel for the parties met and conferred by telephone regarding Nakamura's deposition. The parties agreed to revisit the issue after additional discovery and document production had taken place.

6. On July 25, 2024, Defendants made their third request to take Nakamura's deposition. July 25, 2024 Email Between Counsel, Ex. 3.

7. On July 30, 2024, counsel for the parties held a second meet and confer telephone call regarding Nakamura's deposition. Plaintiff's counsel represented they had never objected to Nakamura appearing in the United States for his deposition, but would nevertheless discuss the issue with Nakamura and then confirm whether he would in fact appear for his deposition.

8. About twenty days later on August 20, 2024, Nakamura's counsel finally responded, but unfortunately did not confirm that Nakamura would appear for his deposition.

9. Because Nakamura is Japanese, a professional interpreter will be required to interpret the examination questions and Nakamura's responses.

10. On August 21, 2024, Defendants filed their first Motion to Compel Nakamura's Appearance at a Deposition [Dkt. 88.]

11. On September 16, 2024, the parties resolved the first Motion to Compel by Stipulation [Dkt. 91] (the "September 16 Stipulation"), which provided in relevant part as follows:

> WHEREAS, Defendants hereby withdraw their Motion to Compel Plaintiff's Appearance at a Deposition (Dkt. No. 88).
>
> WHEREAS, Plaintiff stipulates that he shall appear in person in California, Nevada, or another mutually agreeable location in the continental United States for his deposition. The parties will meet and confer regarding the scheduling of

that deposition upon completion of document discovery (including Defendants' responses to Plaintiff's requests that Defendants supplement their document productions (*see* Dkt. Nos. 89-2, 89-3)).

WHEREAS, the parties reserve all rights as to the sequencing of the parties' depositions and any non-party depositions.

**IT IS ACCORDINGLY STIPULATED**, pursuant to Civil L.R. 6-2, by and between the undersigned counsel for the parties, that: Defendants' Motion to Compel Plaintiff's Appearance at a Deposition (Dkt. No. 88) is hereby withdrawn without prejudice.

September 16, 20245 Stipulation.

12. On April 2, 2025, Defendants completed their responses to Plaintiff's discovery requests referenced in Dkt. Nos. 89-2 and 89-3. April 2, 2025 production letter, Ex. 4. As of that date, Defendants have produced 67,864 pages of documents, including emails, text and other chat messages, and financial records. *Id*.

13. On April 18, 2025, Defendants counsel sent the following email to Plaintiff's counsel requesting for a third time that Nakamura participate in the scheduling of his deposition:

> Casey, Claire:
>
> We write regarding scheduling the Nakamura deposition. We ask that you provide available dates in the first two weeks in June or the weeks starting June 30 or July 7, for a two-day deposition in Las Vegas, Nevada. Among other things, we anticipate that scheduling will be a challenge between Nakamura's schedule and that of counsel for the parties.
>
> We understand that Nakamura's position is that the deposition should not take place until all document discovery has been completed. We have a number of responses to this position.
>
> First, a dispute over document production should not delay <u>scheduling</u>. The parties should work together to get the deposition on the calendar, to avoid unnecessary delay due to scheduling conflicts.
>
> Second, it does not make sense to delay Nakamura's deposition simply because there are disputes over unrelated documents from Defendants. That is, for example, there are no communications with Nakamura that Defendants have not produced. If Plaintiffs' position is that the production of additional documents are necessary for the Nakamura deposition, then we ask that i) you identify which

> specific documents you believe are needed and have not been produced; and ii) you explain how/why they are needed for Nakamura's deposition.
>
> Third, Defendants' document production is complete, except for a few lingering issues. Our side has produced over 65,000 documents. Further delay, at least of Nakamura's deposition, cannot in god faith be based upon an argument that Plaintiffs' document production is not complete.
>
> In closing, please provide available deposition dates by end of business by next Wednesday, April 23, 2025. If you have not done so by that date, then we will issue a notice at a time convenient for our side and approach the Court for an order setting Nakamura's deposition.
>
> And, if you would like to discuss, we can do so on Tuesday.
>
> Thanks.
>
> James E. Magleby
> MAGLEBY CATAXINOS, PC
> 141 W. Pierpont Ave.
> Salt Lake City, Utah 84101
> Telephone: 801.359.9000
> Facsimile: 801.359.9011

April 18, 2025 email, attached as Ex. 5.

14. Nakamura failed to respond or otherwise identify, specifically or generally, and document he needed from Defendants prior to sitting for his deposition.

15. On April 22, 2025, the parties met and conferred by telephone regarding the scheduling of Plaintiff's deposition. Plaintiff's counsel again unequivocally refused to agree to schedule's Plaintiff's deposition on the grounds that documents discovery was not complete.

16. On April 24, 2025, the refusal to set a date for Nakamura's deposition was confirmed by e-mail to Plaintiff's counsel. April 24 email, Ex. 5.

17. Defendants have in good faith attempted to accommodate Nakamura's excessive demands, having produced nearly 30,000 separate documents and communications (over 67,000 pages) thus far, and incurring over $19,000 in charges from e-discovery vendors, plus far more in

legal fees to review the documents. Nakamura, by contrast, has produced only 1,813 pages of documents.

DATED: May 2, 2025

**CLYDE SNOW & SESSIONS**

By: */s/Timothy R. Pack*
Timothy R. Pack

Attorneys for Defendants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
AND JAMES PACK

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May 2025, I caused a true and correct copy of the foregoing DECLARATION OF TIMOTHY R. PACK SUPPORTING SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION to be served upon the parties by the Court's electronic filing system, via CM/ECF.

  /s/ *Sabrina Afridi*
Sabrina Afridi
Legal Assistant