| | |
|---|---|
| Felix S. Lee (CA Bar No. 197084) | Aaron D. Lebenta (UT Bar No. 10180) |
| flee@fenwick.com | adl@clydesnow.com |
| Christopher J. Steskal (CA Bar No. 212297) | Timothy R. Pack (UT Bar No. 12193) |
| csteskal@fenwick.com | trp@clydesnow.com |
| Casey O'Neill (CA Bar No. 264406) | CLYDE SNOW & SESSIONS PC |
| coneill@fenwick.com | 201 South Main Street, Suite 2200 |
| Claire Mena (CA Bar No. 339324) | Salt Lake City, UT 84111 |
| cmena@fenwick.com | Telephone: 801.322.2516 |
| FENWICK & WEST LLP | |
| Silicon Valley Center | James E. Magleby (UT Bar No. 7247) |
| 801 California Street | magleby@mcpc.law |
| Mountain View, CA 94041 | MAGLEBY CATAXINOS PC |
| Telephone:    650.988.8500 | 141 W. Pierpont Avenue |
| Facsimile:    650.938.5200 | Salt Lake City, Utah 84101-3605 |
| | Telephone: 801.359.9000 |

*Attorneys for Plaintiff and Counterdefendant*

*Attorneys for Defendants and Counter-Complainants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, | Case No.: 2:22-cv-01324-MMD-EJY |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| SUNDAY GROUP INCORPORATED, *et al.*, | |
| Defendants. | |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI | |
| Counterclaimants, | |
| v. | |
| TETSUYA NAKAMURA, | |
| Counterdefendant. | |

Plaintiff Tetsuya Nakamura ("Dr. Nakamura") and Defendants Sunday Group Incorporated, SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack ("Defendants," and together with Dr. Nakamura, the "Parties") submit this Joint Status Report in accordance with the Court's April 11, 2025 minute order requiring the same, identifying issues originally raised in the Motions to Compel at ECF Nos. 100 and 110 which remain to be resolved by the Court.

**I.    Dr. Nakamura's Motion to Compel**

Dr. Nakamura's Motion to Compel (ECF Nos. 99, 100) presents the following issues in need of resolution:

    **1.    Production of Signal Messages:**

        a.    <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Dr. Nakamura moved to compel production of Signal messages within Defendants' possession, custody, or control. Defendants opposed the motion, arguing that a forthcoming production would moot the motion. That production was made on March 28, 2025 (and April 2, 2025). It appeared to include Signal messages from only *one* custodian, Todd Mitsuishi. It notably did not appear to include any Signal messages from the other individual defendant, James Pack, or any other custodian. On April 22, 2025, the Parties met and conferred regarding Signal messages. Defendants began by representing that Signal messages from James Pack's devices have been collected and produced, but when confronted by the fact that Plaintiff had not seen any Signal messages from Mr. Pack in Defendants' production, counsel stated they would confirm which custodians were included in the productions, and that if they omitted Mr. Pack's Signal messages from their productions, they would produce them. Defendants have not provided this confirmation, and have ignored repeated inquiries from Plaintiff's counsel on this issue over the past two weeks. The day before the date of this filing, Defendants produced additional documents, including additional messages. Counsel for Dr. Nakamura is still reviewing this production, but it does not

appear to include all responsive Signal messages. As a result, the issue is not moot.

      b. <u>Defendants' Statement</u>: Defendants produced Signal messages to and from James Pack on January 15, 2025, and supplemented that production on May 13, 2025. Defendant believe they have fulfilled their obligation to produce responsive Signal messages.

2. **Production of Mr. Hashimoto's communications:**

      a. <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff moved to compel production of Mr. Hashimoto's communications. Defendants opposed Plaintiff's motion and have not subsequently produced any additional responsive documents.

      b. <u>Defendants' Statement</u>: Defendants continue to object to the production of Mr. Hashimoto's communications for the reasons set forth in Defendants' opposition to Plaintiff's motion to compel, including that Plaintiff has not served a discovery request for these communications, and has not articulated the relevance and that the more than 20,000 documents/60,000 pages of documents that would need to be reviewed include Japanese communications impossible to search in Japanese, and difficult and expensive to translate. [Dkt. 108.]

3. **Communications from Non-Sunday Group Domain Accounts:**

      a. <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff moved to compel production of emails from non-Sunday Group domain accounts that Defendants' prior productions show were used in the conduct of Sunday Group business (*e.g.*, @hotmail.com; @cs.ucla.edu). Defendants opposed Plaintiff's motion and have not subsequently produced any additional responsive documents.

      b. <u>Defendants' Statement</u>: Defendants continue to object to the production non-Sunday Group domain account communications for the reasons set forth

in Defendants' opposition to Plaintiff's motion to compel, including that Defendants do not have control over employee or independent contractors personal property. [Dkt. 108.]

4. **Factual Proffer Concerning Document Preservation:**

   a. <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff requested that the Court order Defendants to submit a declaration from all Sunday Group personnel known to have communicated on responsive topics, and confirm that communications have not been deleted or identify the deleted communications. Defendants opposed the motion. To date, Defendants have not provided satisfactory confirmation.

   b. <u>Defendants' Statement</u>: Defendants continue to object to this request for the reasons set forth in Defendants' opposition to Plaintiff's motion to compel [Dkt. 108.] Since the filing of his Motion, Plaintiff has still not served an actual written discovery request for this information and has still not provided Defendants with any authority that would compel a party or his counsel to respond to informal discovery requests. Furthermore, Plaintiff has still failed to identify when he believes the Defendants' duty to preserve arose in this case, which is necessary to even begin to analyze and answer Plaintiff's question.

II. **<u>Defendants' Motion to Compel</u>**

Defendants' Motion to Compel (ECF No. 110) presents the following issues in need of resolution:

1. **Communications with Other Sunday Group Investors (RFP Nos. 2 and 15):**

   a. <u>Defendants' Statement</u>: This remains a live issue to be resolved by the Court. Although Plaintiff produced some additional communications, the production is incomplete, as demonstrated by references within the production itself to numerous other communications which have <u>not</u> been produced. The references to other communications that have not been

produced establishes that Plaintiff has not produced all communications, that his "self-collection" has been inadequate, and that if the representation by Plaintiff that he has produced "all" documents is true then a substantial number of communications have been lost or destroyed.

    b.    <u>Plaintiff's Statement</u>: The motion is moot as it relates to these requests. Plaintiff has produced all responsive documents in his possession, custody, or control identified after a reasonably diligent search.

**2.**    **Dr. Nakamura's Investment History (RFP Nos. 10, 19, 20 and Interrogatory Nos. 6 and 12):**

    a.    <u>Defendants' Statement</u>: This remains a live issue to be resolved by the Court. Plaintiffs chose to bring claims under Japanese law. Defendants have provided on-point Japanese case law describing the types of evidence relevant to the claims that Nakamura chose to bring, which include the plaintiff's investment experience, net worth and wealth, annual income, and analogous transactions. *See, e.g.*, Tōkyō Chihō Saibansho [Tokyo Dist. Ct.] April 13, 2022, Rei 2 (wa) no. 7287, Westlaw Japan, 2022WLJPCA04138005 (Japan); Tōkyō Chihō Saibansho [Tokyo Dist. Ct.] September 16, 2011, Hei 21 (wa) no. 37069, Westlaw Japan, 2011WLJPCA09169012 (Japan); (Motion at 19-20). Plaintiff did not provide contrary case law, or even attempt to distinguish these cases. Plaintiff has refused to produce any documents responsive to the relevant requests. A chart of Nakamura's investment history, as proposed by Plaintiff, is wholly inadequate for obvious reasons, including that it is not a business record and Defendants are entitled to ordinary-course documents that would prove or disprove the disputed issue.

    b.    <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff opposed Defendants' motion and has not produced any additional documents in response to these requests. Plaintiff respectfully requests for

Defendants' motion to be denied with respect to all RFPs or interrogatories relating to Dr. Nakamura's investment history including those Defendants place at issue in the Motion (RFP Nos. 10, 19, and 20 and Interrogatory Nos. 6 and 12) and others (RFP Nos. 21 and 30 and Interrogatory Nos. 17 and 21) which Defendants do not place at issue in the motion but relate to Dr. Nakamura's investment history, provided that within thirty (30) days of the Court's order on the Motion, Dr. Nakamura supplements his interrogatory responses with a chart describing any cryptocurrency-related venture investments he made from January 1, 2010 to March 1, 2018.

3. **Request to Image Phone and Export Emails:**

    a. <u>Defendants' Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff's first and second productions of communications with Mobby investors demonstrate that Nakamura's "self-collection" cannot be trusted, as in both instances he has failed to produce relevant documents. In the first production, Nakamura failed to produce an incrimination communication with a Japanese celebrity, but which Defendants were able to obtain from a non-party. But for the non-party, Defendants would never have known about the document, because Plaintiff had not produced it. After Defendants filed their motion to compel, Plaintiff made a second production. However, and as noted, the second production was also inadequate, including because the limited communications produced made reference to other communications which have not been produced. Defendants sent a detailed, 11-page meet-and-confer letter on April 28, 2025, asking for a response as to whether Nakamura would make a supplemental production by May 5, 2025 (and, asking Plaintiff to estimate when it would produce any documents it agreed to produce). Plaintiff has ignored the letter.

b. <u>Plaintiff's Statement</u>: This remains a live issue to be resolved by the Court. Plaintiff opposed Defendants' motion on the ground that the requested relief is not supported by law.

### III. Joint Motion to Extend Time

In addition to the foregoing, the Parties have filed a Joint Motion to Extend Time (Fifth Request) of Discovery Deadlines and/or Request for a Status Conference re Motion to Compel (ECF No. 114), in which the Parties agreed that good cause exists to extend scheduled deadlines as follows:

- Fact discovery deadline: August 1, 2025
- Initial expert disclosures deadline: August 29, 2025
- Rebuttal expert disclosures deadline: September 30, 2025
- Dispositive motion deadline: October 31, 2025
- Joint pretrial order deadline: November 28, 2025, unless dispositive motions are pending on that date, in which case the due date for the joint pretrial order is automatically extended to 30 days after a decision is issued on such motions.

Plaintiff notes, however, that the schedule above was premised on the assumption that document production would be complete before scheduling depositions. Defendants, however, are *still* producing (among other documents) Signal messages that they promised would be produced by January 15, 2025 (and had originally promised by last December). In light of this fact, additional modifications to the schedule may be required.

Defendants are not opposed to additional extensions of the schedule, depending upon the circumstances, but given the current proposed deadlines requested available deposition dates for Plaintiff Nakamura within the current, proposed fact deadline. Plaintiff has refused to provide any dates, and as noted *infra*, Defendants have filed a motion to compel Nakamura's deposition.

### IV. Positions on Additional Written Discovery and Deposition Timing

The Parties also agreed that there should be no pre-set limits on any third-party discovery, subject to their respective rights to object to, or otherwise challenge, any such third-party discovery under Rules 26(b) and 45 of the Federal Rules of Civil Procedure. As discussed in the Joint Motion

to Extend Time, however, the Parties have been unable to agree on (1) whether there should be limits on the number of additional written discovery requests, or (2) whether depositions should be further delayed by written discovery.

Additionally, on May 2, 2025, Defendants filed a Second Motion to Compel Plaintiff to Appear at a Deposition (ECF No. 122), which Dr. Nakamura anticipates opposing on May 16, 2024.

Dated:   May 14, 2025

**FENWICK & WEST LLP**

By: /s/ *Felix S. Lee*
    Felix S. Lee

    Attorneys for Plaintiff and Counterdefendant
    TETSUYA NAKAMURA

**CLYDE SNOW & SESSIONS**

By: /s/ *James E. Magleby*
    James E. Magleby

    Attorneys for Defendants
    SUNDAY GROUP INCORPORATED,
    SGI TRUST, TOSHIKI (TODD) MITSUISHI
    AND JAMES PACK

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the May 14, 2025, he caused a copy of the foregoing Joint Status Report to be served electronically to counsel of record for all parties who have appeared in this action through the Court's CM/ECF system (as all such counsel appear to be registered CM/ECF users).

By: /s/ *Felix S. Lee*
    Felix S. Lee