FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

*Attorneys for Plaintiff and Counterdefendant*
*TETSUYA NAKAMURA*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>        Plaintiff,<br><br>   v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>        Defendants.<br><br>―――――――――――――――――――<br>SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI<br><br>        Counterclaimants,<br>   v.<br><br>TETSUYA NAKAMURA,<br><br>        Counterdefendant. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**DR. NAKAMURA'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT DEPOSITION** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. FACTS AND PROCEDURAL HISTORY ..................................................................... 2
III. LEGAL STANDARD ...................................................................................................... 5
IV. ARGUMENT .................................................................................................................... 5
    A. There is No Basis or Reason to Compel Deposition Testimony ............................ 5
V. CONCLUSION ................................................................................................................. 7

FENWICK & WEST LLP

DR. NAKAMURA'S OPP. TO SECOND MOT. TO COMPEL APPEARANCE

i

Case No.: 2:22-cv-01324-MMD-EJY

1

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Crawford-El v. Britton*,
    523 U.S. 574 (1998) .................................................................................................... 5

*Zubulake v. UBS Warburg LLC*,
    229 F.R.D. 422 (S.D.N.Y. 2004) ............................................................................ 6, 7

**RULES**

Fed. R. Civ. P. 26 ................................................................................................................ 5

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FENWICK & WEST LLP

Plaintiff Tetsuya Nakamura ("Dr. Nakamura") respectfully submits this memorandum in opposition to the May 2, 2025 second motion to compel Dr. Nakamura's appearance at a deposition filed by defendants Sunday Group Incorporated ("Sunday Group"), SGI Trust, Toshiki (Todd) Mitsuishi, and James Pack (collectively, "Defendants"). Dkt. No. 122.

## I.     INTRODUCTION

Dr. Nakamura commenced this action to recover the value of certain investments he made in and through Defendants. Dr. Nakamura is a Japanese citizen residing in Japan. Sunday Group is a purported blockchain industry startup formed and operating in Nevada. Dr. Nakamura alleges that Defendants induced his investments with false representations and breached fiduciary, contractual and other legal duties owed to Dr. Nakamura.

In September 2024, the parties entered a Court-approved stipulation that they would "meet and confer regarding the scheduling of [Dr. Nakamura's] deposition upon completion of document discovery . . . ." Dkt. No. 91. To date, document discovery is not complete. Defendants have repeatedly delayed collecting and producing relevant and responsive documents. As a result, on February 21, 2025, Dr. Nakamura was forced to move to compel Defendants to complete document discovery in this matter. That motion is pending and will be heard by the Court on May 23, 2025. In addition, given the pending discovery disputes, the parties have filed a joint motion to extend the discovery deadlines in this case, which will also be heard on May 23. As stipulated in that motion, the parties request a fact discovery deadline of August 1, 2025 or such later date ordered by the Court.

Defendants' motion to compel Dr. Nakamura to appear for a deposition is unnecessary and meritless. Dr. Nakamura will abide by the terms of the parties' September 2024 stipulation by conferring on scheduling upon completion of document discovery. Dr. Nakamura's deposition will occur before the close of fact discovery, unless otherwise ordered by the Court. As agreed by the parties, the deposition will occur on a date and in a venue in the United States that is mutually convenient and agreed upon by the parties. There is no reason for the Court to compel anything with respect to Dr. Nakamura's deposition. Rather, Defendants should do as Dr. Nakamura –

FENWICK & WEST LLP

follow the agreed upon terms of the parties' September 2024 stipulation. The Court should deny Defendants' motion to compel.

## II.  FACTS AND PROCEDURAL HISTORY

Dr. Nakamura commenced this action on August 16, 2022 to recover certain investments he made in and through Defendants. Dkt. No. 1. Dr. Nakamura is a Japanese citizen residing in Japan. Sunday Group is a purported blockchain industry startup formed and operating in Nevada. Dr. Nakamura alleges that Defendants induced his investments with false representations and breached fiduciary, contractual and other legal duties.[1]

After initial motion practice, discovery commenced in earnest in 2023. From the fall of 2023 through March 2025, Dr. Nakamura and Defendants served requests for production ("RFPs"), responded and objected to those requests, and met and conferred as necessary. *See* Declaration of Claire Mena ("Mena Decl.") ¶¶ 5(a)-(b). On July 30, 2024, the parties met and conferred regarding the status of document discovery. *Id.* ¶ 5(c). Dr. Nakamura identified certain missing document sources in Defendants' productions (*e.g.*, communications from messaging applications like WhatsApp). *Id.*

On August 21, 2024, Defendants filed a motion to compel Dr. Nakamura's appearance at a deposition. Dkt. No. 88. On September 16, 2024, Defendants withdrew their motion to compel. Dkt. No. 91. The parties entered a Court-approved stipulation agreeing to "meet and confer regarding the scheduling of that deposition upon completion of document discovery (including Defendants' responses to [Dr. Nakamura's] requests that Defendants supplement their document productions (*see* Dkt. Nos. 89-2, 89-3))." *Id*.

On September 3, 2024 and September 27, 2024, Dr. Nakamura followed up by letter

---

[1] Defendants solicited three investments from Dr. Nakamura over a course of several years, which are worth millions of dollars: (1) an initial equity investment in Sunday Group; (2) a digital currency-based investment whereby Dr. Nakamura purchased the right to receive "M-Tokens" from a "Mobby Project" Sunday Group claimed to be developing; and (3) another digital currency-based investment in which Defendants Mitsuishi and SGI Trust promised to place funds with a third-party digital currency "mining" operation, BitClub Network ("BCN"), that turned out to be a Ponzi scheme. *Id.* ¶¶ 3-5, 20-33.

FENWICK & WEST LLP

regarding the July 30, 2024 meet-and-confer, detailing the missing document sources and other observed deficiencies in Defendants' productions (*e.g.*, missing financial statements), and requested confirmation that Defendants had preserved and collected all communications. Mena Decl. at ¶ 5(c).

On October 4 and October 7, 2024, the parties met and conferred further. *Id*. ¶ 5(d). Dr. Nakamura identified additional missing document sources in Defendants' productions (*e.g.*, documents and communications from custodians other than Defendants Pack and Mitsuishi) and requested confirmation that Defendants had preserved and collected all responsive communications. *Id*. At a subsequent November 5, 2024, meet-and-confer, Defendants represented that a text message production would occur before Thanksgiving. *Id*. ¶ 5(e). That did not occur. Defendants moved the agreed upon deadline two more times, and it was not until the Court-approved January 15, 2025 deadline that text messages were produced. *Id*. ¶¶ 5(e), 5(g). Significantly, however, the productions did not include Signal messages. *Id*. ¶ 5(i). Then, on January 29, 2025, Defendants belatedly produced email correspondence from custodians other than Defendants Pack and Mitsuishi, having finally acknowledged that they have an obligation to identify and produce from all custodians with responsive documents, not just the individual Defendants. *Id*. ¶ 5(h). Even that production fell short—for example, emails from certain Sunday Group email domain accounts likely to contain responsive communications, including Stephanie Vaughan's (key leader of the Mobby project) and Ken Hashimoto's (Sunday Group's "International Financial Manager" who has knowledge of Dr. Nakamura's investment) were not produced. *Id*. ¶¶ 5(f), 5(h).

On January 29, 2025—two weeks after the Court approved deadline by which Defendants had agreed to complete their document production—the parties met and conferred again regarding the status of document discovery. *Id*. ¶ 5(i). In that discussion, Defendants said they were still attempting to collect and produce responsive Signal messages. *Id*. When asked when those messages would be produced, Defendants were unwilling to provide a deadline, agreeing only to target three weeks from the date of the meet-and-confer—a deadline which they did not meet. *Id*. Additionally, Defendants confirmed that they had not collected, and did not intend to

produce, communications from Sunday Group personnel—whether they be co-founders, employees, advisors, or contractors—to the extent that those individuals used non-company accounts (*e.g.*, @hotmail.com) to communicate regarding Sunday Group business. *Id.* ¶ 5(j). This was despite Defendants' acknowledgement in initial disclosures that those personnel are material witnesses in this case and that some or all should be contacted through Defendants' counsel. *Id.* ¶ 5(k).

Given Defendants' significant discovery failures, Dr. Nakamura was forced to move this Court to compel Defendants to complete document discovery. On February 21, 2025, Dr. Nakamura filed a motion to compel documents responsive to discovery requests, requesting an order for Defendants to produce (1) responsive Signal messages, (2) all other responsive communications including communications from Ms. Vaughan's Sunday Group accounts, Mr. Hashimoto's Sunday Group account, and non-Sunday Group domain accounts, and (3) a factual proffer regarding document preservation, given Defendants' confirmation that no custodians other than Defendants Pack and Mitsuishi ever received a preservation notice in this case and other concerns regarding spoliation of messages. Dkt. No. 99.

On March 6 and March 7, 2025, Defendants belatedly produced communications from Ms. Vaughan's Sunday Group accounts. Mena Decl. ¶ 5(l).

In Defendants' opposition filed on March 14, 2025, Defendants "committed to providing the Signal messages." Dkt. No. 107 at 10. On March 28, 2025 and April 2, 2025, Defendants produced Mr. Mitsuishi's Signal communications. Mena Decl. ¶ 5(m). The productions did not appear to include Signal communications from any other custodian, including Signal communications from Mr. Pack, despite the fact that Mr. Pack and other Sunday Group personnel possess responsive communications. *Id.*

On April 22, 2025, the parties met and conferred regarding the production of Signal messages. Defendants' counsel first represented that they produced Signal messages from both Mr. Mitsuishi and Mr. Pack. Mena Decl. ¶ 5(o). Defendants' counsel subsequently represented that if they omitted Mr. Pack's Signal messages, they would produce them. *Id.* Additionally, Defendants' counsel requested to schedule Dr. Nakamura's deposition. *Id.* ¶ 5(q). Counsel for

FENWICK & WEST LLP

Dr. Nakamura explained again that the scheduling of the deposition is contingent on the completion of document discovery. *Id*. Following the meet-and-confer, Defendants have not responded to requests for confirmation that they collected and produced Mr. Pack's Signal messages, and if not, when the production of Mr. Pack's (or any other custodian's) Signal messages will occur. *Id*. ¶¶ 5(r), 5(s).[2]

As it stands, the Court will hear argument on outstanding discovery disputes on May 23, 2025. The parties have also submitted a Joint Motion for Extension of Discovery Deadlines. Pursuant to that motion, the parties request a new fact discovery deadline of August 1, 2025 or such later date ordered by the Court. Dr. Nakamura requested an extension due to Defendants' continual delays in document production. Dkt. No. 114. In fact, Defendants have repeatedly set and missed agreed-upon deadlines and have failed to produce: (1) all responsive Signal communications; (2) responsive documents from Mr. Hashimoto's account; and (3) responsive documents from non-Sunday Group domain accounts. *Id*. (citing Dkt. No. 100). Because Defendants have not completed document discovery, Dr. Nakamura has not seen all of the evidence in this case, and he cannot rule out the need for a further extension of the discovery deadlines.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 vests the Court with "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). The Court may set the timing and order of the discovery methods used. *Id.* at 599.

### IV.   ARGUMENT

#### A.   There is No Basis or Reason to Compel Deposition Testimony.

There is nothing for the Court to compel here. Dr. Nakamura will sit for a deposition on a mutually agreed upon date and in a mutually agreed upon venue in the United States before the close of fact discovery in this case. The Defendants' motion seeking to compel Dr. Nakamura's

---

[2] On May 14, 2025, Defendants produced documents which appear to include Signal messages. Dr. Nakamura is still in the process of reviewing Defendants' production. Defendants have not provided any confirmation as to the custodians that were collected and produced.

deposition before the close of discovery is pointless.

Defendants agreed in a court-approved stipulation to meet and confer regarding the scheduling of Dr. Nakamura's deposition *upon completion of document discovery*. Dkt. No. 91. This has not occurred. As set forth in Dr. Nakamura's Motion to Compel Documents Responsive to Discovery Requests, Defendants have repeatedly delayed producing relevant documents and refused to respond to Dr. Nakamura's reasonable and appropriate document requests in several material respects. The Court will hear Dr. Nakamura's motion on May 23, 2025. Upon the completion of document discovery, Dr. Nakamura will confer with Defendants regarding deposition scheduling, which is exactly the agreed-upon process set forth in the Court-approved September 2024 stipulation between the parties.

Defendants' argument that document discovery is now complete is wrong and belied by the fact that both Dr. Nakamura and Defendants have filed motions to compel document discovery. It is also belied by the fact that Defendants have continued to produce documents as late as May 14, 2025 – twelve days after they filed their motion to compel deposition testimony on the purported ground that document discovery is complete. Defendants' assertion in their motion that they "believe they have completed their document production obligations" (Dkt. No. 122 at 7) is contrary the facts set forth in Dr. Nakamura's motion to compel and their repeated delays in producing documents, including the documents produced after they filed the motion at issue here.[3]

Defendants are also incorrect in asserting that there is no reason to delay Dr. Nakamura's deposition until Defendants have completed their productions. Defendants assert cross claims against Dr. Nakamura including claims involving defamation, interference with contractual relations, and intentional infliction of emotional distress. Dkt. No. 84. Dr. Nakamura should have the opportunity to prepare for his deposition with the aid of all documentary evidence before he is deposed. And this belated production of communications effects both parties: Defendants would

---

[3] As explained above, Defendants produced documents which appear to include Signal messages shortly before this filing. Dr. Nakamura is still in the process of reviewing Defendants' production. Defendants have not provided any confirmation as to the custodians that were collected and produced.

DR. NAKAMURA'S OPP. TO SECOND MOT. TO
COMPEL APPEARANCE                                          6                                  Case No.: 2:22-cv-01324-MMD-EJY

1  also be unable to question Dr. Nakamura with the aid of these communications. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 436-37 (S.D.N.Y. 2004) (ordering UBS to pay the costs of any depositions or re-depositions required by the late production explaining that the "effect of late production cannot be underestimated"). Documentary evidence will inform and refresh the recollections of all prospective deponents, thereby sharpening the expected deposition testimony and providing counsel a full written record against which to compare the testimony. Although Defendants' attempt to portray Dr. Nakamura's insistence on document productions and request to schedule depositions post-document productions "as evidence that [Dr. Nakamura] is being overly litigious, it is in fact a testament to the time wasted by [Defendants'] failure to timely produce all relevant and responsive information." *Id*. at 436.

Thus, Dr. Nakamura requests for the Court to uphold the agreed upon discovery schedule which provides for Defendants to complete document productions prior to the scheduling of depositions. Dkt. No. 91.

## V.  CONCLUSION

The Court should deny the motion to compel without prejudice to Defendants' right to refile the motion, as needed, at an appropriate time.

| | |
|---|---|
| Dated: May 16, 2025 | **FENWICK & WEST LLP** |
| | By: */s/ Felix S. Lee* |
| | Felix S. Lee |
| | |
| | *Attorneys for Plaintiff and Counterdefendant TETSUYA NAKAMURA* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the May 16, 2025, he caused a copy of the foregoing Plaintiff's Opposition to Defendants' Second Motion to Compel Plaintiff To Appear at a Deposition be served electronically to counsel of record for all parties who have appeared in this action through the Court's CM/ECF system (as all such counsel appear to be registered CM/ECF users).

By: */s/ Felix S. Lee*
Felix S. Lee