FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
CHRISTOPHER J. STESKAL (CSB No. 212297)
csteskal@fenwick.com
CASEY O'NEILL (CSB No. 264406)
coneill@fenwick.com
CLAIRE MENA (CSB No. 339324)
cmena@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

JOHN D. TENNERT III (Nevada Bar No. 11728)
jtennert@fennemorelaw.com
WADE BEAVERS (Nevada Bar No. 13451)
wbeavers@fennemorelaw.com
FENNEMORE CRAIG, P.C.
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: 775.788.2212
Facsimile: 775.786.1172

*Attorneys for Plaintiff and Counterdefendant
Tetsuya Nakamura*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA,<br><br>    Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, *et al.*,<br><br>    Defendants. | Case No.: 2:22-cv-01324-MMD-EJY |
| SUNDAY GROUP INCORPORATED AND TOSHIKI (TODD) MITSUISHI,<br><br>    Counterclaimants,<br><br>v.<br><br>TETSUYA NAKAMURA,<br><br>    Counterdefendant. | |

# DECLARATION OF CLAIRE MENA IN SUPPORT OF OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL DEPOSITION OF DR. NAKAMURA

I, Claire Mena, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am admitted *pro hac vice* to this Court, and am an associate at Fenwick & West LLP, counsel for Plaintiff and Counterdefendant Tetsuya Nakamura ("Dr. Nakamura").

2. I submit this declaration in support of Dr. Nakamura's Opposition to Defendants' Second Motion to Compel Dr. Nakamura to Appear at a Deposition.

## The Parties' Agreement Regarding Deposition Testimony

3. Dr. Nakamura is a citizen of Japan and resides in Japan. On September 16, 2024, the parties entered a Court-approved stipulation regarding Dr. Nakamura's deposition testimony in this matter. Dkt. Nos. 91, 92. The parties agreed Dr. Nakamura will "appear in person in California, Nevada, or another mutually agreeable location in the continental United States for his deposition." Dkt. No. 91. The parties also agreed to "meet and confer regarding the scheduling of [Dr. Nakamura's] deposition upon completion of document discovery (including Defendants' responses to Plaintiff's requests that Defendants supplement their document productions)." *Id*.

## Document Discovery Is Not Complete

4. Document discovery is not complete in this matter. On February 21, 2025, Dr. Nakamura filed a motion to compel based on deficiencies in Defendants' document productions, including failure to produce Signal messages and communications from non-Sunday Group domain email accounts as well as potential document preservation failures. Dkt. Nos. 99, 100. On March 31, 2025, Defendants filed a motion to compel based on alleged deficiencies in Dr. Nakamura's document collection efforts and productions. Dkt. No. 110. The motions are pending and will be heard by the Court on May 23, 2025.

5. The following describes the procedural history relating to document discovery issues and disputes in this matter:

    a. From the fall of 2023 through March 2025, Dr. Nakamura and Defendants served discovery requests to one another and responded and objected to these

        discovery requests.

    b. On November 29, 2023, counsel for the parties met and conferred regarding the Requests for Production ("RFPs").

    c. On July 30, 2024, counsel for the parties met and conferred regarding the status of document discovery and regarding prospective deposition practice. In that discussion, counsel for Dr. Nakamura identified certain missing document sources in Defendants' productions (e.g., communications from messaging applications like WhatsApp). Defendants' counsel confirmed on the call their intention to take Dr. Nakamura's deposition before any other depositions occur in the case. Counsel for Dr. Nakamura, Casey O'Neill, summarized the July 30, 2024 meet-and-confer discussion by letter to Defendants' counsel dated August 20, 2024. Dkt. No. 99-2. Mr. O'Neill sent an additional letter to Defendants' counsel on September 3, 2024, following up regarding missing document sources and other perceived deficiencies (e.g., missing financial statements) in Defendants' productions. Dkt. No. 99-3. Mr. O'Neill sent an additional letter to Defendants' counsel on September 27, 2024, reiterating the same document deficiency concerns. Dkt. No. 99-4.

    d. On October 4 and October 7, 2024, counsel for the parties met and conferred regarding the status of document discovery. In that discussion, counsel for Dr. Nakamura, Felix Lee, raised the issue that only certain communications from James Pack and Todd Mitsuishi were produced and reminded counsel of their obligation to identify, collect, and produce from all custodians reasonably likely to have responsive documents and communications. Following the meet and confer, Defendants did not respond to requests for confirmation that Defendants had preserved and collected all responsive communications. Dkt. No. 99-5.

    e. On November 5, 2024, counsel for the parties further met and conferred regarding the status of document discovery. Counsel for Defendants estimated

      that a text message production would occur before Thanksgiving. On November 27, 2024, counsel for Defendants emailed counsel for Dr. Nakamura and wrote that they "hope to produce these by December 13, but December 20 is more realistic." Dkt. No 99-6. On December 26, counsel for Defendants emailed counsel for Dr. Nakamura and wrote that the production of text messages was delayed. Dkt. No 99-7.

f. On November 26, 2024, Defendants served their second supplemental initial disclosures which identified Ken Hashimoto as a relevant witness. The disclosures stated that Mr. Hashimoto has "information and knowledge about the Mobby Project, including information related to finances and accounting." Dkt. No. 99-11. Additionally, communications produced to date indicate that Mr. Hashimoto discussed Dr. Nakamura's investment.

g. On January 10 and 15, 2025, Defendants produced a combined total of 1,525 pages of heavily redacted text messages and other messaging traffic from Mr. Pack and Mr. Mitsuishi.

h. On January 29, 2025, Defendants produced 14,585 pages of emails from additional Sunday Group email domain accounts. Certain Sunday Group email domain accounts containing responsive communications, including accounts for Stephanie Vaughan (key leader of the Mobby project) and Mr. Hashimoto, were not produced.

i. On January 29, 2025, counsel for the parties met and conferred regarding the status of document discovery. Counsel for Defendants confirmed that they had yet to collect or produce responsive Signal messages. When asked when Signal messages would be produced, counsel for Defendants were unwilling to provide a deadline, but agreed to target three weeks from the date of the meet and confer.

j. Counsel for Defendants confirmed that they had not, and did not intend to, collect or produce responsive communications from Sunday Group

personnel—whether they be co-founders, advisors, or contractors—who did not have Sunday Group domain email addresses but rather used other domain accounts (e.g., @hotmail.com; @cs.ucla.edu) to communicate regarding Sunday Group business.

k. The evidence produced to date suggests that Sunday Group personnel for whom communications have not been produced include critical witnesses in this case (e.g., Karl Roller (Sunday Group co-founder), Leonard Kleinrock (member and Chairman of Sunday Group's Advisory Board), and other individuals listed on Defendants' initial disclosures as persons with knowledge relevant to Defendants' claims or defenses (including Fred Almeida, Petros Drineas, Michele Ciampi, and Crystal Lilly)). Defendants' initial disclosures indicate that certain Sunday Group personnel, including Dr. Kleinrock, Mr. Roller, and Crystal Lily, should be contacted through Defendants' counsel. Dkt. Nos. 99-13, 14, 15.

l. On March 6 and March 7, 2025, Defendants produced 6,583 pages communications from Ms. Vaughan's Sunday Group accounts.

m. On March 28, 2025 and April 2, 2025, Defendants produced 256 pages of Signal messages. The productions appeared to include Signal messages from Mr. Mitsuishi, and did not appear to include Signal messages from Mr. Pack or any other custodian. Signal messages produced by Defendants demonstrate that Mr. Mitsuishi used Signal to communicate with Sunday Group personnel including Mr. Pack, Ms. Vaughan, Karl Roller, Muhammed Ishaq, and Vassilis Zikas.

n. On April 11, 2025, counsel for Dr. Nakamura emailed counsel for Defendants and requested to meet and confer regarding Defendants' Signal messages production. On April 15, 2025, counsel for Defendants asked counsel for Dr. Nakamura to "provide more details on [the] concern with the Signal messages, so that [they could] be better prepared to answer [the] questions."

On April 18, 2025, the undersigned emailed counsel for Defendants and wrote that the topics would concern (1) Signal custodians and (2) technical issues regarding the Signal messages production. A true and correct copy of this correspondence is attached to this declaration as **Exhibit A**.

o. On April 22, 2025, counsel for the parties met and conferred regarding the Signal productions. Counsel for Dr. Nakamura asked counsel for Defendants to identify the custodians in their Signal productions. First, counsel for Defendants represented that they produced Signal messages from both Mr. Mitsuishi and Mr. Pack. Counsel for Dr. Nakamura explained that the productions appeared to only include Signal communications from Mr. Mitsuishi. Counsel for Defendants agreed to confirm whether they collected and produced Signal messages from Mr. Pack. Counsel for Defendants also represented that if they omitted Mr. Pack's Signal messages, they would produce them. Counsel for Defendants indicated that Mr. Pack did not use the "disappearing messages" function on Signal, but indicated that they did not know whether other custodians had preserved their messages or used the disappearing messages function.

p. Counsel for Defendants indicated that they might be willing to meet and confer about producing communications for a few Sunday Group personnel, but stated that "the broad request for all communications of personal devices is a lot." Counsel for Dr. Nakamura reminded counsel for Defendants of their obligation to identify custodians with responsive communications. Counsel for Dr. Nakamura also pointed out that Mr. Mitsuishi collected Signal communications from a desktop version, and if other custodians used Signal on their work computers, these communications would unarguably be within Defendants' possession, custody, and control.

q. Counsel for Defendants also requested to schedule Dr. Nakamura's deposition. Counsel for Dr. Nakamura explained that Dr. Nakamura's

            deposition is contingent on the completion of document discovery pursuant to the stipulation between the parties. *See* Dkt. No. 91.

r. On April 29, 2025, counsel for Dr. Nakamura emailed counsel for Defendants and asked Defendants to confirm whether they have collected and produced Mr. Pack's Signal messages as well as Signal messages from any other custodian. Counsel for Defendants did not respond. *See* **Exhibit A**.

s. On May 7, 2025, Dr. Nakamura emailed counsel for Defendants a second time, requesting confirmation as to whether Defendants collected and produced Mr. Pack's Signal messages or Signal messages from any other custodian. Counsel for Defendants did not respond. *Id*.

t. On May 13, 2025, Defendants produced 275 pages of documents and communications, which included Signal messages. Dr. Nakamura is in the process of reviewing these communications. Counsel for Defendants have still not responded to requests regarding the custodians that were collected and produced.

## Discovery Deadlines

6. Partly in light of the above-described discovery issues, on April 2, 2025, the parties filed a Joint Motion for an Extension of Discovery Deadlines and/or Request for a Status Conference. Dkt. No. 114. The parties requested that the Court enter an Order extending the scheduled fact discovery deadline to August 1, 2025, which is intended to encompass completion of document discovery and depositions. That motion remains pending and may be heard on May 23.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed this 16th day of May 2025, at Washington, District of Columbia.

                                                  */s/ Claire Mena*
                                                  Claire Mena

# **EXHIBIT INDEX**

| Exhibit | Description | Pages |
|---|---|---|
| A. | 2025 05 07 – Claire Mena email re Signal Messages | 5 |