Mark L. Smith (NV Bar #14762)
msmith@sffirm.com
Jacob L. Fonnesbeck (NV Bar #11961)
jfonnesbeck@sffirm.com
**SF FIRM, LLP**
6345 South Pecos Road, Suite 202
Las Vegas, NV 89120
Telephone: (725) 666-8701

Aaron D. Lebenta (UT Bar # 10180)
adl@clydesnow.com
Timothy R. Pack (UT Bar # 12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS, PC**
201 South Main Street, Suite 2200
Salt Lake City, UT 84111
Telephone: (801) 322-2516

James E. Magleby (UT Bar # 7247)
magleby@mcpc.law
**MAGLEBY CATAXINOS, PC**
141 W. Pierpont Avenue
Salt Lake City, UT 84101-3605
Telephone: (801) 359-9000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TETSUYA NAKAMURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNDAY GROUP INCORPORATED, a Delaware corporation, *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-01324-MMD-EJY<br><br>**DEFENDANTS' REPLY MEMORANDUM SUPPORTING SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION** |

Defendants submit this reply memorandum supporting their Second Motion to Compel Plaintiff to Appear at a Deposition.

## **ARGUMENT**

Defendants' counsel has never encountered a case where a plaintiff has so vigorously resisted the taking of his deposition. Defendants requested to take Nakamura's deposition over twenty-one (21) months ago; nevertheless, he tells the Court that Defendants must continue to wait. Nakamura cannot commence a lawsuit, force the Defendants to appear and defend against

his claims, and then block them from engaging in perhaps the most important tool available to a defendant in the discovery process – the taking of the plaintiff's deposition. Nakamura has leveled serious (although inaccurate) charges against Defendants and he seeks millions of dollars in damages. The Defendants have a right to defend themselves and confront their accuser. The right is core to U.S. law, in every jurisdiction.

Nakamura has requested every document under the sun and Defendants have done their best to accommodate and appease his unreasonable demands. But during these last twenty-one months Nakamura's strategy has become clear: he will continue to hide behind the September 16 Stipulation as a means to permanently block his own deposition from ever happening.

In his opposition, Nakamura claims that Defendants must fully complete their own document production so that he can "refresh" his recollection prior to the deposition. This makes no sense. First, Nakamura has in his possession his own documents – the documents he relied on when he alleged claims against Defendants. Second, Nakamura still cannot identify any specific documents from Defendants that he must review before his deposition. Defendants directly asked Nakamura to identify those documents and he failed to respond. And his opposition brief continues to ignore the question.

At the upcoming May 23, 2025 hearing, the Court may order one or both parties to produce additional information and documents. But that should not act as an impediment to scheduling Nakamura's deposition. Therefore, in the interests of justice and efficiency, Defendants request an order compelling Nakamura to schedule and sit for his deposition.

## CONCLUSION

For the reasons noted, Defendants request an order that Nakamura be ordered to appear for his deposition in Nevada, and that he and his counsel cooperate in scheduling the deposition.

DATED: May 21, 2025  **MAGLEBY CATAXINOS, P.C.**

By: */s/James Magleby*
James Magleby (UT Bar 7247)

Attorneys for Defendants
SUNDAY GROUP INCORPORATED,
SGI TRUST, TOSHIKI (TODD) MITSUISHI
and JAMES PACK

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May 2025, I caused a true and correct copy of the foregoing DEFENDANTS' REPLY MEMORANDUM SUPPORTING SECOND MOTION TO COMPEL PLAINTIFF TO APPEAR AT A DEPOSITION to be served upon the parties by the Court's electronic filing system, via CM/ECF.

                                       */s/ Sabrina Afridi*
                                       Sabrina Afridi
                                       Legal Assistant